

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

July 25, 2022

**Via ECF**
Honorable Eric Komitee
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Women of Color for Equal Justice et. al. v. City of New York, et. al.
             Civil Action No.: 22-CV-02234
             LM No.:  2022-021670

Dear Judge Komitee:

      I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Municipal Defendants City of New York, Mayor Eric Adams, Department of Health and Mental Hygiene ("DOHMH"), and Commissioner Ashwin Vasan (collectively, "Municipal Defendants"), in the above-referenced matter.[1] Municipal Defendants write, pursuant to Rule III(B)(1) of your Honor's Individual Practices and Rules, to respectfully request a pre-motion conference, seeking leave to file a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

      Plaintiffs assert individual and purport to bring class claims arising from the enactment and implementation of vaccine mandates (the DOE Order and the City Order) instituted by the former Commissioner of DOHMH, Dave A. Chokshi, to combat the spread of COVID-19. Since September 2021, there have been nearly a dozen lawsuits commenced in both state and federal courts challenging the validity of the City and DOE Orders. All of these challenges have included requests for preliminary injunctions and all have been rejected. See, e.g., Kane v. de Blasio, 21-CV-7863, 2021 U.S. Dist. LEXIS 210957 (S.D.N.Y. Oct. 12, 2021) (DOE Order); Keil v. The City of New York, et al., 21-CV-8773 (S.D.N.Y.), aff'd 2022 U.S. App. LEXIS 5791 (2d Cir. Mar. 3, 2022) (DOE Order); Marciano v. De Blasio, No. 21-CV-10752 (JSR) (S.D.N.Y.) (City Order); Garland v. N.Y.C. Fire Dep't, No. 21-CV-6586, 2021 U.S. Dist. LEXIS 233142 (E.D.N.Y. Dec. 6, 2021); Broecker v. N.Y.C. Dep't of Educ., No. 21-CV-6387, 2022 U.S. Dist. LEXIS 25104 (E.D.N.Y. Feb. 11, 2022); O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op.

---

[1] Upon information and belief, the Department of Education ("DOE") has not yet been served with a Summons and Complaint and so are not yet represented by this Office.

30173(U) (N.Y. Sup. Ct. Jan. 20, 2022); Maniscalco v. BOE, et al., Index No. 160725/2021, 2022 N.Y. Misc. LEXIS 1367, 2022 N.Y. Slip. Op. 30893[U] (N.Y. Sup., N.Y. Cnty Mar. 15, 2022).

Municipal Defendants intend to move on the grounds that: (1) there is no private right of action under OSHA and the Supremacy Clause; (2) Plaintiffs failed to file timely or sufficient notices of claim for CHRL claims; (3) Plaintiffs' fail to state a claim under all federal, state, and city statutes; (4) Plaintiffs' as-applied challenges should be brought as Article 78 proceedings; (5) Plaintiffs' proposed class actions fail because their individual claims fail; and (6) Plaintiff Women of Color for Equal Justice ("WOC") lack standing to sue. Municipal Defendants also intend to move for dismissal of various plaintiffs because they are currently challenging the vaccine mandates in concurrent federal lawsuits or on the grounds of *res judicata* and collateral estoppel because their prior challenges to the vaccine mandates were already adjudicated. Municipal Defendants also intend to request a stay pending the outcome of the multiple concurrent vaccine litigations.

### A. Some of the Plaintiffs' Claims Should be Dismissed, and the Rest Should be Stayed, Due to Claim Splitting

Federal district courts have a general principal to avoid duplicative litigation. See Colorado Riv. Water Conservation Dist. V. United States, 424 U.S. 800, 817 (1976). As part of its ability to administer its docket, "a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Here, all of the claims in the present lawsuit arise from and challenge the vaccine mandates. The following Plaintiffs are currently litigation some of the same claims in the Eastern District in Broecker, No. 21-CV-6387 (motion to dismiss pending): (1) Elizabeth Loiacono, (2) Maritza Romero, (3) Julia Harding, (4) Ayse P. Ustares, (5) Sara Coombs-Moreno, (6) Angela Velez, (7) Aura Moody, (8) Monique Moore, and (9) Amoura Bryan. Amoura Bryan is also a plaintiff in the later consolidated Kane, 21-Civ.-7863, and Keil, 21-CV-8773 (motion to dismiss pending), in the Southern District. As such, the aforementioned Plaintiffs should be dismissed from the present lawsuit for their participation in Broecker and/or Kane/Keil.

The present claims are inextricably tied into the plethora of litigation ongoing in both the Eastern and Southern Districts. The outcome of these parallel lawsuits will necessarily determine the outcome in the present litigation. Therefore, the Court should stay the present lawsuit until the other legal challenges to the vaccine mandates reach their final conclusion. See, e.g., Curtis, 226 F.3d at 138 ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.")

### B. Plaintiffs Christine O'Reilly and Elizabeth Loiacono are Barred by *Res Judicata* and Collateral Estoppel

Collateral estoppel, or issue preclusion, prevents a plaintiff from relitigating an issue that was raised in a prior action and decided against them. See Washington v. United States Tennis Assn., 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003); Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997) (elements of collateral estoppel). Under, *res judicata*, "a final

judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).

Plaintiff Elizabeth Loiacono filed a joint Article 75-Article 78 proceeding in state court challenging implementation of the DOE Order and her placement on leave without pay. The Honorable Laurence Love dismissed Loiacono's petition on January 18, 2022 and specifically found that public health officials are permitted to issue mandatory vaccine requirements, that Education Law § 3020-a does not apply, and that Lociacono was given all the process she was owed. See Loiacono v Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 N.Y. Slip. Op. 30758[U] (Sup. Ct., N.Y. County 2022). Loiacono's attorney filed a notice of appeal on April 13, 2022, see Index No. 161076/2021, NYSCEF Doc. No. 37, and a notice of motion to renew, reargue, and reconsider on May 6, 2022, see NYSCEF Doc. No. 28, which are pending in state court. Loiacono also filed an Order to Show Cause and a second Article 78 petition regarding the denial of her religious accommodation request. See Loiacono v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., et. al., Index No. 154875/2022, filed June 9, 2022. As such, Loicano's claims in the present lawsuit are precluded by her prior lawsuits.

Similarly, Plaintiff Christine O'Reilly also filed a joint Article 75-Article 78 petition alleging the same and her proceeding was dismissed on the merits. See O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op. 30173(U), (N.Y. Sup. Ct. Jan. 20, 2022). Specifically, Honorable Judge Arlene Bluth found that: (1) the DOE Order created a condition of employment, and (2) N.Y. Educ. Law Section 3020-a does not apply because the leave without pay was not discipline. See id. O'Reilly also filed a notice of appeal, see NYSCEF Doc. No. 34, and a notice of motion to renew, reargue, and reconsider, see NYSCEF Doc. No. 36, which was dismissed on March 25, 2022, see NYSCEF Doc. No. 46. As such, O'Reilly's claims have already been adjudicated in New York Supreme Court, her current claims should be dismissed.

### C. Plaintiff WOC Lacks Standing to Sue

Plaintiff WOC lacks a personal stake in the outcome of the litigation and should be dismissed from the lawsuit. To satisfy the "irreducible constitutional minimum of standing . . . the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Satisfying the injury-in-fact requirement is "a low threshold which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017). Plaintiff WOC lacks injury-in-fact or any conduct directed against Plaintiff WOC that is traceable to Municipal Defendants. Plaintiff WOC is an non-profit organization incorporated in Alabama. See Sec. Am. Compl. ¶ 10. As such, Plaintiff WOC is not an employee of Municipal Defendants, the DOE and City Orders do not apply to Plaintiff WOC, and so WOC has not been allegedly harmed by the vaccine mandates.

### D. No Private Right of Action under OSHA and Supremacy Clause

There is no private right under the Occupational Safety Health Act ("OSHA") or the Supremacy Clause. See 29 U.S.C. § 653(b)(4); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063,

at *12 (S.D.N.Y. Jan. 28, 2022) (OSHA); Armstrong v Exceptional Child Ctr., Inc., 575 U.S. 320, 324-325 (2015) (Supremacy Clause).

### E. Defendant City Cannot be Held Liable for Actions of the DOE

Plaintiffs allege that the lawsuit is brought against, "[t]he City including all applicable agencies which are approximately 50 agencies, including but not limited to…Department of Education[.]" See Sec. Am. Compl. ¶ 40. However, it is well settled law that the City and the DOE are separate legal entities and so the City cannot be held liable for the alleged torts of DOE employees. See Sotomayor v City of NY, 862 F Supp 2d 226, 248 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013). Therefore, to the extent that Plaintiffs are suing Defendant City for the actions allegedly taken or not taken by the DOE, those claims must be dismissed.

### F. Plaintiffs Failed to File Timely or Sufficient Notice of Claims for CHRL Claims

New York Education Law § 3813(1) requires DOE employees to file a timely notice of claim for CHRL claims. See Birkholz v. City of New York, 2012 U.S. Dist. LEXIS 22445 at *41 (E.D.N.Y. 2012). In addition, "[New York] Education Law requires that it appear from the face of the complaint that the plaintiff filed a timely notice of claim." See Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006). Here, Plaintiffs Ioio, Romero, Loiacono, Deegan, Harding, O'Reilly, Ustars, Coombs-Mereno, Brown, Bryan, Wouadjou, Zapata, Weber, Ridulfo, Velez self-identify as current and/or former DOE employees, see Sec. Am. Compl. ¶¶ 13-24, 30, 37,[2] but fail to allege that they filed a notice of claim. Plaintiffs' self-conclusory statement that they have satisfied the notice of claim requirement is not sufficient. See Sec. Am. Compl. ¶ 39. Plaintiffs' reference to Exhibit 2 is insufficient because the annexed exhibit, is an affidavit from Bruce Miller, and has no relevance as to whether or when a notice of claim was filed. See Exhibit 2, ECF Doc. No. 10-2, filed July 11, 2022.

Upon information and believe, Plaintiffs Romeo and Ioio filed a notice of claim against the DOE. It is well settled law that the City and DOE are separate legal entities and that the City cannot be held liable for torts committed by DOE employees. See supra E. As such, Romero and Ioio's notice of claims against the DOE cannot be imputed onto Defendant City and they have failed to satisfy the notice of claim requirements. See, e.g., C.G. v. Bronx Learning Inst., 2019 N.Y. Misc. LEXIS 23886, at *6 (Sup Ct, Bronx County 2019); Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 306 (E.D.N.Y. 2012). Upon information and belief, on or about May 11, 2022, Plaintiffs' counsel sent a letter titled "notice of claim and offer to confess" to the New York City Comptroller and attached an illegible spreadsheet listing individuals for whom counsel was filing the letter. Such a letter fails to satisfy the notice of claim requirement. See Rosenbaum v. City of N.Y., 8 N.Y.3d 1, 11-12 (2006); Martinez v. City of N.Y., 2021 U.S. Dist. LEXIS 189136, at *26 (E.D.N.Y. 2021). As such, the CHRL claims must be dismissed.

---

[2] Plaintiffs Curtis Boyce, Joesph Saviano, Monique More, Natalya Hogan, Jessica Csepku, Roseanne Mustacchia, Yulonda Smith, Maria Figaro, Rasheen Odom, Frankie Trotman, Georgianne Gratsley, Edward Weber, Merylyn Wallen, and Paula Smith, fail to allege which agency allegedly employed them. See Sec. Am. Compl. ¶ 36.

### G. City and DOE Orders are Lawful and Enforceable

The Second Circuit held that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." Kane, 19 F.4th at 166.

### H. Plaintiffs Fail to State a Claim under Federal, State, and City Law[3]

#### 1. NY Public Health Law § 206(1)(1)

The Appellate Division explicitly rejected the argument that the state Public Health Law preempted the Commissioner's authority to issue a vaccine mandate applicable to adults. See C.F. v. New York City Dept. of Health & Mental Hygiene, 191 A.D.3d 52, 67 (2d Dep't 2020). Furthermore, in Marciano, the Southern District also held that the City Order was not preempted by state law. See Marciano, 2022 U.S. Dist. LEXIS 41151, at *21.

#### 2. First Amendment Free Exercise Clause

"In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose . . . is the suppression of religion or religious conduct.'" Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003). "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." Id. As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002). In addition, the Supreme Court has held that when the government acts as an employer, it has more leeway in regulating its employees and curtailing their rights than it does when it acts as a sovereign. See Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 598-600 (2008). An employee is not entitled to the accommodation of his or her choice. Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002). Courts have also declined to find an employer's "failure to accommodate" an employee's religious activity, without more, to constitutes a violation of the Free Exercise clause. See Employment Div. v. Smith, 494 U.S. 872, 879-880 (1990).

Plaintiffs claim that their first amendment rights were violated by the mere *issuance* of the vaccine mandates, see Sec. Am. Compl. ¶ 12, and by the requirement for Plaintiffs to "disclose their religious beliefs" in order to get a religious accommodation, see Sec. Am. Compl. ¶¶ 122-123. Both of these are nonsensical arguments. Because the vaccine mandates apply equally

---

[3] Plaintiffs' allegation that the COVID-19 vaccines are "unauthorized" and "experimental", see Sec. Am. Compl.¶ 130, is flatly wrong. The FDA granted full approval for the Pfizer BioNTech COVID-19 vaccine for individuals over the age of 16 on August 23, 2021. See https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine. Similarly, Moderna's COVID-19 vaccine, was also fully-approved by the FDA. See https://www.fda.gov/ emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/spikevax-and moderna-covid-19-vaccine.

to all City employees, the relevant inquiry is whether there is a rational basis for enforcement of the vaccine mandates. As explained supra, Point G, the Second Circuit Court of Appeals already found the vaccine mandates to be constitutional on its face. Courts have ruled time and again that compulsory vaccination is constitutional. See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905); see also Phillips v. City of N.Y., 775 F.3d 538, 542-43 (2d Cir. 2015); Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp 81, 83 (E.D.N.Y. 1987) ("It has long been settled that one area in which religious freedom must be subordinated to the compelling interests of society involves protection against the spread of disease.").

### 3. First Amendment Establishment Clause[4]

To survive an Establishment Clause challenge, Municipal Defendants' conduct in issuing the vaccine mandates: (1) must have a secular purpose; (2) must neither advance nor inhibit religion as its primary effect, and (3) must not foster an excessive government entanglement with religions. See Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971). Here, the vaccine mandates adhere to all three of these requirements. First, the purpose of the Mandate is secular in nature and there can be no legitimate dispute that the vaccine mandates were created to address the enormous public health concern posed by COVID-19, consistent with federal, state and local guidance. See, e.g., Berkowitz v. E. Ramapo Cent. Sch. Dist., 932 F. Supp. 2d 513, 523 (S.D.N.Y. 2013) ("[a] governmental action will only be found to lack a secular purpose where 'there [is] no question that the statute or activity was motivated wholly by religious considerations.'"). Second, the vaccine mandates do not have the primary effect of advancing or inhibiting religion. Id. at 524. Moreover, the vaccine mandates expressly permits for religious accommodation. Finally, the vaccine mandates do not foster any level of interaction between the church and state, much less "intolerable levels of interaction[.]" See Id. at 525. Plaintiffs have failed to allege any facts that to meet any of the prongs of the Lemon test, opting instead to complain about OSHA compliance and conclusory claim that some religions forbid pharmacological medicine – all without alleging *any* facts specific to Plaintiffs. See, e.g., Sec. Am. Compl. ¶¶ 132-161.

### 4. Plaintiffs' Section 1983 and CHRL Discrimination Claims

Plaintiffs fail to allege a *prima facie* claim of discrimination even under the CHRL's more lenient standard because Plaintiffs fail to allege that they are members of a protected class. Plaintiffs allege religious discrimination in a conclusory fashion but fail to allege what religious beliefs Plaintiffs held or how they were discriminated against based on the unnamed beliefs. Such conclusory allegations are insufficient to support a claim of discrimination. See, e.g., Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011). In addition, it is well settled law that the DOE and City Orders created lawful conditions of employment. See, e.g., Garland 2021 U.S. Dist. LEXIS 233142 at * 14; Broecker 2022 U.S. Dist. LEXIS 25104, at *22; Marciano, 2022 U.S. Dist. LEXIS 41151, at *25-26. A majority of the Plaintiffs concede that they did not meet this employment qualification and as such, they are not qualified for their respective positions. Plaintiffs also fail to allege any specifics as to the alleged adverse employment actions and fail to

---

[4] To the extent that Plaintiffs take umbrage with the former Mayor De Blasio, or Governor Hochul's statements to the media, the Second Circuit Court of Appeals has already ruled that such statements do not render the vaccine mandates non-neutral. See Kane v. De Blasio, 19 F.4th 152, 165 (U.S. 2d Cir. 2021).

allege that they took place under circumstances giving rise to an inference of discrimination. Plaintiffs offer nothing more than conclusory allegations that religion was a motivating factor, which is insufficient to sustain a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).[5]

### 5. Plaintiffs' Failure to Accommodate Claims

To the extent that Plaintiffs are alleging a failure to accommodate claim arising out of the vaccine mandates, Plaintiffs have failed to sufficiently plead such a claim. See Pilligian v. Icahn Sch. Of Medicine at Mount Sinai, 490 F. Supp. 3d 707, 716-17 (S.D.N.Y. 2020). Plaintiffs fail to identify the type of request made, the date the request was made, the date they were notified of any alleged denial, date they filed appeals of alleged denial, and the outcomes of those appeals.

### 6. Plaintiffs' Hostile Work Environment and Constructive Discharge Claims

Plaintiffs fail to allege any complained of behavior that was severe or pervasive to create a hostile work environment. See Robinson v. Harvard Prot. Servs., 495 F. App'x 140, 141 (2d Cir. 2012). Generalized allegations of harassment, without specificity tying alleged conduct to a protected class, are insufficient. See Xiang v. Eagle Enters., LLC, 2020 U.S. Dist. LEXIS 7909, *33, n.3 (S.D.N.Y. 2020). There is no evidence Plaintiffs were subjected to any discriminatory or harassing conduct, let alone for unidentified characteristics. As such, the constructive discharge claims fail. See, e.g., Chenette v. Kenneth Cole Prods., Inc., 345 F. App'x 615, 620 (2d Cir. 2009); Polidori v. Societe Generale Groupe, 39 A.D.3d 404, 405 (1st Dep't 2007).

### I. Plaintiffs' As-Applied Challenges Should be Brought as Article 78 Proceedings

Plaintiffs' are seeking to overturn agency determinations and reinstatement. See Sec. Am. Compl. ¶ 181. Article 78 is the only vehicle through which to challenge an administrative determination. See Hughey v. Metropolitan Transp. Auth., 159 A.D.3d 596, 596 (1st Dep't 2018); Sindone v. Kelly, 439 F. Supp. 2d 268, 278 (S.D.N.Y. 2006). As such, an Article 78 in New York Supreme Court is the proper forum for Plaintiffs' individual challenges.

### J. Plaintiffs' Purported Class Action Claims Fail

As none of the Plaintiffs are able to maintain their individual claims, the purported class action claims also fail and should be dismissed. See, e.g., In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 122 (S.D.N.Y. 2002); Funderburke v. Uniondale Union Free Sch. Dist., 172 Misc. 2d 963, 967 (Sup. Ct., Nassau County 1997).

Thus, Municipal Defendants respectfully request that the Court schedule a pre-motion conference to discuss the anticipated motion to dismiss the Second Amended Complaint.

Thank you for your consideration of this matter.

---

[5] To the extent that the Plaintiffs are upset that the New York State Department of Labor denied their respective unemployment claims, such a matter must be taken up with the New York State Department of Labor. See Sec. Am. Compl. ¶ 170. Municipal Defendants cannot be held liable for a state government agency decision.

Respectfully submitted,

/s/ Elisheva L. Rosen_____
Elisheva L. Rosen
Assistant Corporation Counsel

cc: **Jo Saint-George** (by ECF)
Women of Color For Equal Justice
Attorney for Plaintiffs
Maryland 350 E. Diamond Ave.
Suite 4077 Ste Unit 4205
Gaithersburg, MD 20877
602-326-8663
jo@woc4equaljustice.org

**Honorable Lois Bloom** (by ECF)
United States Magistrate Judge