

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ELISHEVA L. ROSEN**<br>Phone:(212) 356-3522<br>Fax:(212) 356-2089<br>E-mail: erosen@law.nyc.gov |

July 27, 2022

**Via ECF**
Honorable Eric Komitee
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Women of Color for Equal Justice et. al. v. City of New York, et. al.
       Civil Action No.: 22-CV-02234
       LM No.:  2022-021670

Dear Judge Komitee:

  I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Municipal Defendants City of New York, Mayor Eric Adams, Department of Health and Mental Hygiene ("DOHMH"), and Commissioner Ashwin Vasan (collectively, "Municipal Defendants"), in the above-referenced matter.[1] Municipal Defendants write in opposition to Plaintiffs' pre-motion letter requesting permission to file a motion for summary judgment. Such a motion is premature.

  As an initial matter, no responsive pleadings are on the docket. Municipal Defendants have yet to file an Answer and have requested permission to file a motion to dismiss. In addition, discovery has not commenced. Therefore, a motion for summary judgment is premature. See, e.g., Murphy v. Murphy, 2022 U.S. Dist. LEXIS 80153, at *5 (E.D.N.Y. 2022) ("The parties have not engaged in any discovery. Accordingly, the motion for summary judgment is premature."); Doe v. Trustees of Columbia Univ. in N.Y., 2021 U.S. Dist. LEXIS 178868 (S.D.N.Y. 2021) (holding that a motion for summary judgment was premature because discovery was stayed and a motion to dismiss was pending); Sanchez v. Nassau County, 2019 U.S. Dist. LEXIS 34160 (E.D.N.Y. 2019) (denying plaintiff's motion for summary judgment as premature because no discovery had occurred and granting defendant's motion to dismiss); Wilson v. New York, 2017 U.S. Dist. LEXIS 10492, at *92 (E.D.N.Y. 2017) (declining to convert a motion to dismiss into a motion for summary judgment because "where no discovery has occurred, would be premature."), adopted 2018 U.S. Dist. LEXIS 49609 (E.D.N.Y. 2018); Helios Intl. S.A.R.L. v.

---

[1] Upon information and belief, the Department of Education ("DOE") has not yet been served with a Summons and Complaint and so are not yet represented by this Office.

Cantamessa USA, Inc., 23 F. Supp. 3d 173 (S.D.N.Y. 2014) (denying plaintiff's motion for summary judgment, granting defendant's motion to dismiss, and denying defendant's motion for sanctions) (citing Cusamano v. Alexander, 691 F Supp 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint."); Williams v. Rosenblatt Sec. Inc., 136 F. Supp. 3d 593, 615-616 (S.D.N.Y. 2015) (holding that the partial motion for judgment on the pleadings "is plainly premature because the defendants have not filed their answers.") (citing Grodzian v. Computer Credit, Inc., 2009 U.S. Dist. LEXIS 127349, at *2 (E.D.N.Y. 2009) ("Plaintiff's motion for a judgment on the pleadings is premature because Defendant has not filed an Answer, and thus the pleadings are not closed.").

In addition, the Second Circuit already held that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." Kane v. De Blasio, 19 F.4th 152, 166 (U.S. 2d Cir. 2021). The Appellate Division also explicitly rejected the argument that the state Public Health Law preempted the Commissioner's authority to issue a vaccine mandate applicable to adults. See C.F. v. New York City Dept. of Health & Mental Hygiene, 191 A.D.3d 52, 67 (2d Dep't 2020). In Marciano, the Southern District also held that the City Order was not preempted by state law. See Marciano v. De Blasio, 2022 U.S. Dist. LEXIS 41151, at *21 (S.D.N.Y. 2022)

Furthermore, there is no private right under the Occupational Safety Health Act ("OSHA") or the Supremacy Clause. See 29 U.S.C. § 653(b)(4); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063, at *12 (S.D.N.Y. 2022) (OSHA); Armstrong v Exceptional Child Ctr., Inc., 575 U.S. 320, 324-325 (2015) (Supremacy Clause).

Thus, Municipal Defendants respectfully request that the Court deny Plaintiffs' request to file a motion for summary judgment.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen_____
Elisheva L. Rosen
Assistant Corporation Counsel

cc:   **Jo Saint-George** (by ECF)
Women of Color For Equal Justice
Attorney for Plaintiffs
Maryland 350 E. Diamond Ave.
Suite 4077 Ste Unit 4205
Gaithersburg, MD 20877
602-326-8663
jo@woc4equaljustice.org

**Honorable Lois Bloom** (by ECF)
United States Magistrate Judge