

*Jo Saint-George*
*Phone: 602-326-8663*
*E-mail: jo@woc4equaljustice.org*

**VIA ECF**
July 29, 2022

Honorable Eric Komitee United States District
Court Easter District of New York 225 Cadman
Plaza East, Courtroom 6G North Brooklyn,
New York, NY 10007

      Re:   <u>Women of Color for Equal Justice et al. v. New York, et. al</u>
              Civil Action No: 22-cv-02234 - LM No. 2022-021670
              **Pre-Motion Letter In Support of Plaintiffs' Motion For Summary Judgement**

Dear Judge Komitee:

    Plaintiffs hereby responds to Municipal Defendants (the "City") Letter Motion to Dismiss dated July 25, 2022 on each point raised as listed on the following page. As a preliminary matter, Plaintiffs request leave to file a Third Amended Complaint within three (3) days of this Court's order to correct any deficiencies. However, the leave to amend should not preclude Plaintiffs Partial Motion for Summary Judgement and in no way concedes that dismissal or stay of this case is appropriate. Plaintiffs request an expedited hearing on is Partial Motion for Summary Judgment.

    The City's request for dismissal and stay should be denied, or at minimum the dismissal motion should be stayed so that this Court can address the substantive federal question of OSH Act preemption over the City's Vaxx Orders. Nowhere in the City's Letter Motion or Response to Plaintiffs Letter Motion for Summary Judgment does the City provide any controverting facts to refute Plaintiff's federal question claims regarding the complete "preemption" of the City's Vaxx Orders by the OSH Act. The City does not dispute the fact that it has not obtained OSHA approval of a variance from existing OSHA standards to permit the City's Covid-19 Vaxx Orders as a "new safety standard." The City merely claims that summary judgment is "premature" because discovery has not begun. Discovery is not needed on a federal question preemption claim. Nothing in the City's proposed dismissal provides any substantive grounds for this Court to dismiss Plaintiffs claims or to deny Plaintiffs partial motion for summary judgment, other than a few technical issues for which Plaintiffs provide responses to below.

    To effectively utilize this Court's judicial resources, Plaintiff's partial motion for summary judgment on the undisputed federal preemption legal issues should go forward because its resolution will streamline Plaintiffs damages claim and could facilitate the joinder of the other pending cases with this case as a class action, which Plaintiffs also seek. Plaintiffs request this Court provide on summary judgment Federal R.C.P §57 declaratory relief[1] to determine the legal rights of Plaintiffs and the obligations of the City, specifically a declaration that: **1.)** the OSH Act has existing standards and regulations, specifically Infectious Disease standards, that can effectively control all airborne communicable diseases and keep employees safety from Covid-19; **2.)** the City and all employers have an absolute duty to comply with all OSHA existing safety standards, specifically to comply with the Respiratory Standards by providing employees who cannot work remote Powered Air Purifying Respirators or by allowing "remote at home work" for those who can do their jobs remotely in order to prevent employee exposure to and prevent the spread of the Covid-19 virus in the workplace; **3.)** the Covid-19 Vaccine is a medical treatment not approved by OSHA as safety standard and that all employers who seek to require any employee to submit to any immunization as part of their

---

[1] Plaintiffs have not moved for a complete Rule 57 because the resolution of the OSHA federal question preemption claim will not completely resolve the entire case because Plaintiffs seek emotional distress and punitive damages available under §1983 and the New York City Human Rights Act.



employment policy, including the Covid-19 vaccine, has the duty to first seek and obtain approval of a variance from existing OSHA standards pursuant to 29 USC 655(b); **4.)** the City's failure to obtain a variance approval from OSHA renders all of the City's Vaxx Orders void, and **5.)** employees have the absolute right under 29 U.S.C. 669 Section 20(a)(5) of the OSH Act to object to any immunization without having to disclose the details of their religious beliefs or practices, which employers do not have the right to deny, unless the employer first proves to OSHA by a preponderance of the evidence that any proposed immunization is more effective at removing airborne contaminants from the workplace atmosphere than the existing OSHA Infectious Disease standards.

This Court has a strong interest in resolving the federal rights and duties of employers and employees under the federal OSHA Act. See *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 (1986)..." *Pickern v. Best Western Timber Cove Lodge Marina Resort,* No. CIV. S-00-1637 WBS/DAD (E.D. Cal. 3/29/2002) (E.D. Cal. 2002) "[T]he possibility that the federal law will be incorrectly interpreted in the context of adjudicating cases involving federal questions implicates the concerns that led Congress to grant the district courts power to adjudicate federal questions. . . ."). Pickern v. Best Western Timber Cove Lodge Marina Resort, No. CIV. S-00-1637 WBS/DAD (E.D. Cal. 3/29/2002) (E.D. Cal. 2002)

Plaintiffs are not seeking a private right of action under OSHA because they are not claiming that the City's breach of the OSHA standards "caused" Plaintiffs to get sick or die from Covid-19. Plaintiffs are claiming that the City's enactment of its Vaxx Orders in violation of the OSHA approval requirements "caused" Plaintiffs and similarly situated employees to suffer "civil rights" deprivations in violation of the First Amendment, which is protected by the OSHA Religious Objection Protection Clause that applies a "strict scrutiny" standard and not a "rational basis" standard for religious objection exceptions. The City had no compelling reason nor a rational basis for refusing to comply with the OSHA standards and the religious objection protection standards in order to keep employees safe.

The City fraudulently claims that "employers have the right to coerce employees to take a vaccine" by withholding pay, which conflicts with the very purpose and objectives of the OSHA Act. Rather than comply with the objectives of OSHA, the City has ruthlessly and unnecessarily denied employees their First Amendment rights by recklessly applying Title VII "religious accommodation" law that applies a "rational basis" standard to the federal OSHA statute contrary to the OSHA mandate that a "strict scrutiny" standard be followed to protect employees right to object to immunization.[2]  The City and all employers cannot use Title VII to escape their obligations under OSHA by claiming that they have the right to unilaterally create "a new safety standard of vaccines" and then claim it would be a Title VII "undue burden" to provide employees the OSHA approved mandated safety equipment or precautions.  The City argued the flawed "undue burden" argument without reference to the OSHA requirements in the *Loiacono v Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, 2022 N.Y. Slip. Op. 30758[U] (Sup. Ct., N.Y. County 2022) case and lost.

The City's Letter Motion cherry picks insignificant and correctable superficial procedural issues in an attempt to escape addressing the substantive legal issues that they have intentionally and willfully ignored. Below are Plaintiffs responses to each substantive issue raised in the City's Letter Motion to Dismiss:

1. **<u>Prior Ruling for Injunctive Relief on the Validity of the City's Vaxx Orders Are Not Binding Law</u>**

It is axiomatic, that "[t]he ruling on a motion for a preliminary injunction . . . does not establish the law of the case nor is it an adjudication on the ultimate merit[s] of the underlying action" *Rural Community Coalition, Inc. v Village of Bloomingburg*, 118 A.D.3d 1092 (N.Y. App. Div. 2014. All of the cases cited by the City as establishing that the Vaxx Orders were constitutional were all claims for injunctive relief from the City's Covid-19 vaccine Orders on constitutional due process claims. None of those cases addressed OSHA preemption and none of the cases addressed the merits of the "due process" claims. Therefore, none of those cases are binding law and cannot be relied upon as law for a determination of whether the City's Vaxx Orders are constitutional "generally applicable" laws under OSH Act standards.

---

[2] which gives employers discretion to deny an employee requests to "practice their religion" in the workplace as an exception to an employment policy if the requested practice places an "undue hardship" on an employer.  In all of those case, the "religious practice" did not involve "work place safety" and involved employer uniform requirements, or scheduling requirements (required work on Saturday).



2. **No Claim Splitting & No Res Judicata or Collateral Estoppel**

Under federal law, a party is collaterally estopped from relitigating an issue if the following four-part test is met: "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998). The party raising issue preclusion bears the burden of showing that identical issue were presented in the previous case while the party challenging collateral estoppel is obligated to show the absence of a full and fair opportunity to litigate in the prior proceeding. *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995)   New York law governs the preclusive effect of a court's Article 78 judgment. *Blasi v. New York City Bd. of Educ.*, 2012 WL 3307227, at *7 (E.D.N.Y. Mar. 12, 2012). Under New York law, the doctrine of collateral estoppel applies to a prior Article 78 proceeding, precluding the relitigating in a subsequent action an issue clearly raised therein. *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349-50 (N.Y. Ct. App. 1999). Because "an Article 78 court does not have the power to award the type of relief available in a § 1983 action, res judicata - a bar of the litigation - would not be applicable." *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004).

None of the pending cases and neither did the Loiacono nor the O'Reilly Article 78 cases addressed the federal question of OSH Act preemption of the City's Vaxx Orders. Neither did the Loiacono nor the O'Reilly cases make personal injury claims under Section 1983 and a punitive damages claim under the New York City Human Rights Act. While the court did award Ms. Loiacono reinstatement and back pay, she has conceded to the City's counsel that she will not seek double recovery.

3. **Plaintiffs Have Filed Timely And Sufficient Notices of Claims**

Over a month ago, the notices of claims were federal expressed to the City's counsel, and subsequently an email including the City's acknowledgement of the claims was sent to the City's Counsel. Plaintiffs are shocked that the City would make such false allegations about the insufficiency of notice. Attached are the complete Notices of Claims redacted as **Exhibit A**.

4. **Request for Waiver of Service on the DOE**

Plaintiffs' Second Amended Complaint names the Department of Education. Plaintiffs requests a courtesy waiver of "service of process" since the Notices of Claims all list the DOE and Plaintiffs were never notified by the City's counsel back in June of any need to separately serve the DOE when the City's website states all notices shall go to the Comptroller and service is to be made on the City.

5. **Stay Is Not Warranted -  OSHA Preemption Federal Question Not Before Any Court:**

Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ." *Colorado Riv. Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976) As "between federal district courts, however, the general principle is to avoid duplicative litigation." Id. There is no duplication.

6. **WOC Standing to Sue:**

"Organizations….may have standing in one of two ways: by establishing so-called 'associational' or 'representational' standing to sue on behalf of its members, or by establishing that it was directly injured as an organization.17..." *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167 (2nd Cir. 2021). Representational standing is when an organization has standing to bring suit on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Faculty v. N.Y. Univ.*, 11 F.4th 68 (2nd Cir. 2021). The Second Amended Complaint alleges that all plaintiffs are paid members of the Women of Color for Equal Justice, that the organization's mission is to seek redress of discrimination that causes economic harm to communities of color and all who suffer discrimination.  The complaint seeks declaratory and injunctive relief challenging the validity of the City's Vaxx Orders, which does not need individual members to obtain.



      If this Court disagrees with WOC4EJ's standing claim, Plaintiffs will amend the complaint to remove WOC4EJ as a plaintiff so that the claims can go forward.

Respectfully Submitted,

/s/ **Jo Saint-George, Esq.**
Jo Saint-George, Esq.
Chief Legal Officer

cc:      Elisheva L. Rosen
          Assistant Corporation Counsel
          Office of Hon. Sylvia O. Hinds-Radix
          The City of New York Law
          Department 100 Church Street
          New York, New York 10007
          Phone: (212) 356-3522
          E-mail: erosen@law.nyc.gov