22-CV-02234

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WOMEN OF COLOR FOR EQUAL JUSTICE, ET. AL.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMMISSIONER ASHWIN VASAN, MD. PHD, DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20,

Defendants.

**CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for the City Defendants
100 Church Street, Room 2-316
New York, N.Y. 10007

*Of Counsel:* Elisheva L. Rosen
*Tel:* (212) 356-3522

Matter No. 2022-021670

# TABLE OF CONTENTS

TABLE OF CONTENTS _____ i

PRELIMINARY STATEMENT _____ 1

PRIOR LITIGATION OF THE VACCINE MANDATES _____ 3

ARGUMENT _____ 5

**POINT I** _____ **5**

PLAINTIFFS ARE NOT SUFFERING IRREPARABLE HARM _____ 5

**POINT II** _____ **10**

THE VACCINE MANDATES ARE LAWFUL AND ENFORCEABLE_____ 10

**POINT III** _____ **13**

OSHA DOES NOT PREEMPT THE CITY DEFENDANTS FROM ENACTING THE VACCINE MANDATES _____ 13

    A.   There is No Private Right of Action _____ 13

    B.   No Preemption _____ 13

    C.   No "Automatic Religious Exemption Protection Clause" _____ 14

    D.   New York State has an OSHA-approved Plan_____ 15

    E.   OSHA Encourages Vaccination Against COVID-19 and Instituting Policies to Vaccinate Unvaccinated Employees_____ 15

    F.   City Defendants Have An Obligation under PESHA to Maintain a Safe Workplace _____ 16

**POINT IV** _____ **18**

PLAINTIFFS' SEEK A MANDATORY INJUNCTION AND FAIL TO MEET THE ASSOCIATED BURDEN _____ 18

**POINT V** _____ **20**

THERE IS NO LIKELIHOOD OF SUCCESS ON THE MERITS _____ 20

    A.   Plaintiffs' Free Exercise Clause Claim Fails_____ 20

    B.   Plaintiffs' Establishment Clause Claim Fails_____ 21

    C.   Arguments Not Addressed in Plaintiffs' Motion _____ 22

**POINT VI** _____ **23**

THE BALANCE OF THE EQUITIES TIPS IN FAVOR OF CITY DEFENDANTS _____ 23

**POINT VII** _____ **24**

AN INJUNCTION IS NOT IN THE PUBLIC INTEREST _____ 24

CONCLUSION_____ 25

# TABLE OF AUTHORITIES

**Cases**

Abdul Wali v. Coughlin, 754 F.2d 1015 (2d Cir. 1985).............................................................. 18

Almontaser v. N.Y. City Dep't of Educ., 519 F.3d 505 (2d Cir. 2008). ..................................... 20

Broecker v. N.Y. City Dep't. of Educ., 2022 U.S. Dist. LEXIS 25104
  (E.D.N.Y. Feb. 11, 2022)..................................................................................... 1, 3, 12, 17

Broecker v. N.Y. City Dep't. of Educ., 573 F. Supp. 3d 878 (E.D.N.Y. 2021) ................... passim

Brown & Williamson Tobacco Corp. v. Engman, 527 F.2d 1115 (2d Cir. 1975)........................ 24

C.F. v. New York City Department of Health & Mental Hygiene, 191 A.D.3d 52
  (N.Y. App. Div. 2d Dep't 2020) ......................................................................................... 11

Citibank, N.A. v. Citytrust, 756 F.2d 273 (2d Cir. 1985)........................................................... 19

Cosme v. Henderson, 287 F.3d 152 (2d Cir. 2002) .................................................................... 22

Dexter 345 Inc. v. Cuomo, 663 F.3d 59 (2d Cir. 2011)................................................................ 6

Doninger v. Niehoff, 527 F.3d 41 (2d Cir. 2008) ................................................................. 9, 18

Donohue v. Mangano, 886 F. Supp. 2d 126 (E.D.N.Y. 2012)...................................................... 8

E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of the Elec. Indus.,
  164 F.3d 89 (2d Cir. 1998)..................................................................................................... 9

Elrod v. Burns, 427 U.S. 347 (1976) ............................................................................................ 8

Employment Div. v. Smith, 494 U.S. 872 (1990)......................................................................... 22

Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008).................................................... 10, 11

Envtl. Encapsulating Corp. v New York, 855 F2d 48 (2d Cir. 1988) .......................................... 13

Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110 (2d Cir. 2009) ............................... 6

Ferrelli v. State Unified Court Sys., 2022 U.S. Dist. LEXIS 39929 (N.D.N.Y. Mar. 7, 2022).... 13

Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570 (2d Cir. 2002) ................... 21

Ford v. Reynolds, 316 F.3d 351 (2d Cir. 2003).......................................................................... 8

Fulton v. City of Phila., 141 S. Ct. 1868 (2021)........................................................................ 12

Garcia v. New York City Department of Health & Mental Hygiene, 31 N.Y.3d 601 (2018)...... 11

Garland v. N.Y. City Fire Dep't., 574 F. Supp. 3d 120 (E.D.N.Y. 2021) ........................... passim

Hamilton v. City of N.Y., 2021 U.S. Dist. LEXIS 185855 (E.D.N.Y. Sep. 2021)...................... 12

Hanson Trust PLC v. ML SCM Acquisition, Inc., 781 F.2d 264 (2d Cir. 1986) ......................... 18

Hillsborough County v. Automated Medical Laboratories, Inc., 471 U.S. 707 (1985).............. 13

Impax Media Inc. v. Northeast Adver. Corp., 2018 U.S. Dist. LEXIS 4940 (S.D.N.Y. 2018)...... 6

In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters
  Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty.).................... 3

In the matter of the Application of Correction Officers' Benevolent Association, Inc v. City of
  New York, Index No. 161034/2021 (N.Y. Sup, N.Y. Cnty) ...................................................... 3

Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905) ...................................... 5, 21

Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021) ...................................................... 10, 21, 22

Kane v. de Blasio, 2021 U.S. Dist. LEXIS 210957 (S.D.N.Y. 2021) .......................................... 2

Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022)................... passim

Kennedy v. Bremerton Sch. Dist., 142 S. Ct. 2407 (2022)......................................................... 22

Lanzer v. BOE, et al., Index No. 160017/2021 (N.Y. Sup., N.Y. Cnty) ..................................... 17

LaRouche v. Kezer, 20 F3d 68 (2d Cir. 1994)............................................................................ 18

Latino Officers Association v. Safir, 170 F.3d 167 (2d Cir 1999) .................................................. 9

Le Sportsac, Inc. v. Dockside Research, Inc., 478 F. Supp. 602 (S.D.N.Y. 1979) ....................... 7

Loiacono v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 N.Y. Slip. Op.
 30758(U) (N.Y. Sup. Ct., N.Y. Cnty. 2022) ............................................................................ 10

Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021)
 aff'd, 2021 U.S. App. LEXIS 30967 (2d Cir. 2021) ........................................................... 3, 10

Marciano v. De Blasio, 2022 U.S. Dist. LEXIS 41151 (S.D.N.Y. Mar. 8, 2022) ......... 3, 5, 11, 17

Medicrea USA, Inc. v. K2M Spine, Inc., 2018 U.S. Dist. LEXIS 110286 (S.D.N.Y. 2018) ....... 18

Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506 (2d Cir. 2005) ..................................... 8

Nat'l Fed'n of Indep. Bus. v. DOL, OSHA, 142 S. Ct. 661 (Jan. 31, 2022) ................................ 14

New York City Mun. Labor Comm. v. City of New York, 156 N.Y.S.3d 681
 (Sup. Ct. N.Y. Co. 2021) ........................................................................................................ 17

New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo,
 64 N.Y.2d 233 (1984) ............................................................................................................. 16

Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr., 697 F.3d 209
 (2d Cir. 2012) ........................................................................................................................... 9

O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op. 30173(U)
 (N.Y. Sup. Ct. Jan. 20, 2022) ................................................................................................. 17

Okwedy v. Molinari, 69 Fed. Appx. 482 (2d Cir. 2003) ............................................................. 21

Peck v. Montefiore Med. Ctr., 987 F. Supp. 2d 405 (S.D.N.Y. 2013) ......................................... 6

Phillips v. City of New York, 775 F.3d 538 (2d Cir. 2015) .................................................... 5, 21

Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio, et al.,
 Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.) ..................................................................... 3

Prince v. Massachusetts, 321 U.S. 158 (1944) ............................................................................ 5

Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063 (S.D.N.Y. Jan. 28, 2022) ............................... 13

Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63 (2020) .................................................... 17, 24

Romero v. BOE, et al., Index No. 160353/2021 (N.Y. Sup., N.Y. Cnty) .................................... 17

Sampson v. Murray, 415 U.S. 61 (1974) ...................................................................................... 6

Savage v. Gorski, 850 F.2d 64 (2d Cir. 1988) .............................................................................. 6

Score, Inc. v. Cap Cities/ABC, Inc., 724 F. Supp. 194 (S.D.N.Y. 1989) ...................................... 6

Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp 81 (E.D.N.Y. 1987) ...... 21

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et
 al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) ............................................................... 3

Tom Doherty Assocs. v. Saban Entm't, Inc., 60 F.3d 27, (2d Cir. 1995) .................................... 18

Tough Traveler, Ltd. v. Outbound Prod., 60 F.3d 964 (2d Cir. 1995) .......................................... 7

Trump v. Deutsche Bank AG, 943 F.3d 627 (2d Cir. 2019) ........................................................ 24

Turley v. Giuliani, 86 F. Supp. 2d 291 (S.D.N.Y. 2000) .............................................................. 9

Washington v. United States Tennis Assn., 290 F. Supp. 2d 323 (E.D.N.Y. 2003) ..................... 20

Waters v. Churchill, 511 U.S. 661 (1994) (plurality opinion) ..................................................... 11

We The Patriots USA, 17 F.4th 266 (2d Cir. 2021) ............................................................... 4, 17

Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982) ................................................................ 23

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008) ............................................... 20, 23

Wisdom Imp. Sales Co. v. Labatt Brewing Co., 339 F.3d 101 (2d Cir. 2003) .............................. 6

United States v. Elias, 2022 U.S. Dist. LEXIS 7002 (E.D.N.Y. Jan. 13, 2022) .................... 17, 24

Statutes

29 U.S.C. § 653(b)(4) ................................................................................. 13, 15

29 USC § 669 ....................................................................................................... 15

N.Y.C. Admin. Code § 17-104 ........................................................................... 14

N.Y.C. Admin. Code §17-109(b) ........................................................................ 14

Public Employee Safety and Health Act ("PESHA"), N.Y. Labor Law § 27-a ................... 15, 16

## PRELIMINARY STATEMENT

Defendants City of New York ("City"), Mayor Eric Adams, Department of Health and Mental Hygiene ("DOHMH"), Department of Education ("DOE"), and Commissioner Ashwin Vasan (collectively, "City Defendants"), respectfully submit this opposition to Plaintiffs' six-hundred and ten (610) page motion for a temporary restraining order ("TRO") and preliminary injunction.

The present lawsuit is yet another challenge to the DOHMH order requiring all City employees to show proof of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021, ("City Order") and a parallel DOHMH vaccination order for DOE employees ("DOE Order") (collectively, "Vaccine Mandates"). See City Order, a copy of which is annexed to the Rosen Affirmation as Exhibit B; see also DOE Order, a copy of which is annexed to the Rosen Affirmation as Exhibit A. On September 2, 2022, over four months after initiating the lawsuit, and over a year after the Vaccine Mandates took effect, Plaintiffs belatedly filed a motion for an emergency TRO and preliminary injunction. See ECF Dkt. No. 17. On September 6, 2022, the Court rejected the request and noted that the Plaintiffs failed to establish a sufficient likelihood of success on the merits. See ECF Dkt., issued September 6, 2022.

This Circuit has already held the Vaccine Mandates to be lawful and enforceable. Each and every request in this Circuit to enjoin enforcement of the Vaccine Mandates has been denied. Each court that considered the validity of the Vaccine Mandates found them to be legally sound and enforceable. Plaintiffs Elizabeth Loiacono, Maritza Romero, Julia Harding, Ayse P. Ustares, Sara Coombs-Moreno, Angela Velez, Aura Moody, Monique Moore, and Amoura Bryan requested, and were denied, two preliminary injunctions in Broecker. See Broecker v. N.Y. City Dep't. of Educ., 573 F. Supp. 3d 878 (E.D.N.Y. 2021) (preliminary injunction #1 denied) (DOE

Order); Broecker v. N.Y. City Dep't. of Educ., 2022 U.S. Dist. LEXIS 25104 (E.D.N.Y. Feb. 11, 2022) (preliminary injunction #2 denied) (DOE Order). Plaintiffs Amoura Bryan and Edward Weber requested, and were denied, four preliminary injunctions in Kane/Keil. See, Kane v. de Blasio, 2021 U.S. Dist. LEXIS 210957 (S.D.N.Y. 2021) (DOE Order); Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022) (preliminary injunction #4 denied and motion to dismiss granted) (DOE Order).

Furthermore, in accordance with the Impact Arbitration Award, DOE employees who had opted for the extended leave without pay ("LWOP") and did not inform the DOE before September 5, 2022 that they had complied with the DOE Order, and sought to return were deemed to have voluntarily resigned. See In the Matter of the Arbitration between Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO, re: Impact Bargaining ("Impact Arbitration Award"), dated September 10, 2021, annexed to the Rosen Aff. as Exhibit D, at pg. 17. As part of obtaining extended LWOP, the employees were required to sign a form that included a waiver of their right to challenge any subsequent voluntary resignation. Id. There is no irreparable harm because the type of harm that Plaintiffs allege, namely the loss of employment, is the quintessential reparable harm.

Finally, the Occupational Safety & Health Administration ("OSHA"), part of the United States Department of Labor, issued COVID-19 guidelines that state, in relevant part, "OSHA emphasizes that vaccination is the most effective way to protect against severe illness or death from COVID-19...OSHA suggests that employers consider adopting policies that require workers to get vaccinated[.]" See "Protecting Workers: Guidance on Mitigating and Preventing the Spread of COVID-19 in the Workplace", OSHA, ("OSHA COVID Guidelines"), posted January 29, 2021, last updated August 13, 2021, last accessed: September 14, 2022, a copy of

which is annexed to the Rosen Affirmation as Exhibit C.[1] Therefore, Plaintiffs present no basis

whatsoever for a preliminary injunction and this motion should be denied.[2]

<u>**PRIOR LITIGATION OF THE VACCINE MANDATES**</u>

Since September 2021, there have been nearly a dozen lawsuits commenced in state

and federal courts challenging the validity of the Vaccine Mandates. All of these challenges have

included requests for preliminary injunctions and all have been rejected. <u>See</u>, <u>e.g.</u>, <u>Garland v. N.Y.</u>

<u>City Fire Dep't</u>., 574 F. Supp. 3d 120 (E.D.N.Y. 2021) (City Order); <u>Broecker</u>, 573 F. Supp. 3d

878; <u>Broecker</u>, 2022 U.S. Dist. LEXIS 25104; <u>Kane</u>, 2022 U.S. Dist. LEXIS 154260; <u>Maniscalco</u>

<u>v. New York City Dep't of Educ</u>., 563 F. Supp. 3d 33 (E.D.N.Y. 2021) (DOE Order) aff'd, 2021

U.S. App. LEXIS 30967 (2d Cir. 2021); <u>Marciano v. De Blasio</u>, 2022 U.S. Dist. LEXIS. 41151

(S.D.N.Y. Mar. 8, 2022) (motion to dismiss granted) (City Order); <u>The New York City Municipal</u>

<u>Labor Committee ("MLC"), et al. v. The City of New York, et al</u>., Index No. 158368/2021 (N.Y.

Sup., N.Y. Cnty.) (DOE Order); <u>Police Benevolent Association of the City of New York, Inc., et</u>

<u>al. v. de Blasio, et al</u>., Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.) (City Order); <u>In the matter</u>

<u>of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v.</u>

<u>de Blasio, et al.,</u> Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty.) (City Order); <u>In the matter of the</u>

---

[1] The website can also be accessed here: https://www.osha.gov/coronavirus/safework#ftn4

[2] To the extent that Plaintiffs are seeking to challenge the vaccine mandates that govern private employers, as Plaintiffs are not subject to the private employer mandates, Plaintiffs lack standing to sue. <u>See</u> Notice of Motion, ECF Dkt. No. 17, filed September 2, 2022, at ¶ 3(a)(i); <u>see also</u> Memorandum of Law in Support of Plaintiffs' Application for A Temporary Restraining Order and Preliminary Injunction ("Pl. MOL"), ECF Dkt. No. 17-1, filed September 2, 2022, at pg. 1. Furthermore, any challenge to the private employer vaccination mandates is moot because, as of September 20, 2022,  the vaccine mandate for private employers has expired. <u>See</u> https://www1.nyc.gov/office-of-the-mayor/news/686-22/mayor-adams-launches-covid-19-booster-campaign-additional-flexibility-nyc#/0

3

_Application of Correction Officers' Benevolent Association, Inc v. City of New York_, Index No. 161034/2021 (N.Y. Sup, N.Y. Cnty) (City Order).

      The most recent court decision regarding the DOE Order was the consolidated _Kane/Keil_ lawsuit. In _Kane_ and _Keil_, plaintiffs brought thirty (30) causes of action, including six (6) constitutional claims alleging that the City and DOE Orders violate their fundamental religious and constitutional rights – including claims under the Free Exercise, Establishment, Procedural Due Process, Substantive Due Process, Equal Protection and Supremacy clauses of the United States Constitution. See _Kane_, 2022 U.S. Dist. LEXIS 154260. On August 26, 2022, the Honorable Naomi Reice Buchwald denied the fourth requested preliminary injunction, granted the City's motion to dismiss, and dismissed the _Kane/Keil_ proceeding with prejudice. See _Kane_, 2022 U.S. Dist. LEXIS 154260.

      Specifically, the _Kane/Keil_ Court ruled as follows: (1) the DOE Order does not violate the Free Exercise Clause because it is facially neutral and generally applicable and the City had a rational basis for instituting the DOE Order, _id._ at 19-28; (2) the DOE Order does not violate the Establishment Clause, _id._ at 28-30; (3) the Equal Protection claim fails, _id._ at 30-31; (4) the Substantive Due Process claim fails because "[b]oth [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional", _id._ at *31-32 (quoting _We The Patriots USA_, 17 F.4th 266, 293 (2d Cir. 2021)), "the Second Circuit has also held that the "[p]laintiffs are not required [by the Vaccine Mandate] to perform or abstain from any action that violates their religious beliefs", _id._ at *32, and that there is no constitutional right to work with children in the New York City public school system, _id._; (5) the Procedural Due Process claim fails because the non-tenured employees

did not have a protected liberty interest in their employment, the plaintiffs were given pre-deprivation notice and had the ability to remedy the deprivation through the relevant collective bargaining agreement ("CBA") grievance procedures, id. at *33-35; (6) the DOE Order was not unconstitutional as-applied to plaintiffs, id. at *35-38; and (7) COVID-19 vaccination is valid condition of employment, id. at *38-39.[3]

The Kane/Keil Court also noted that "there is a long history of vaccination requirements in this country and in this Circuit." Id. at 29-30 citing Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 38 (1905) (upholding smallpox vaccination mandate); Prince v. Massachusetts, 321 U.S. 158, 166-67, (1944) ("[A parent] cannot claim freedom from compulsory vaccination for the child more than for himself on religious grounds. The right to practice religion freely does not include liberty to expose the community or the child to communicable disease[.]"); Phillips v. City of New York, 775 F.3d 538, 543 (2d Cir. 2015) (per curiam) (holding that "New York could constitutionally require that all children be vaccinated in order to attend public school" and that "New York law goes beyond what the Constitution requires by allowing an exemption for parents with genuine and sincere religious beliefs").

## ARGUMENT[4]

### POINT I

### PLAINTIFFS ARE NOT SUFFERING IRREPARABLE HARM

"[I]rreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" Impax Media Inc. v. Northeast Adver. Corp., 2018 U.S. Dist. LEXIS

---

[3] The Kane/Keil Court declined to exercise supplemental jurisdiction over the state law claims.

[4] Plaintiffs' allegation that the COVID-19 vaccines are "unauthorized" and "experimental" is flatly wrong. See Third Amended Complaint ("Compl."), ECF Dkt. No. 22, filed September 15, 2022, at Compl.¶ 132. The FDA granted full approval for the Pfizer BioNTech COVID-19 vaccine for

4940 at *10 (S.D.N.Y. 2018) (quoting Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). To show irreparable harm, Plaintiffs must demonstrate that there is a threat of actual injury for which available legal remedies are inadequate. See Score, Inc. v. Cap Cities/ABC, Inc., 724 F. Supp. 194, 198 (S.D.N.Y. 1989). An irreparable injury is one "for which a monetary award cannot be adequate compensation." Dexter 345 Inc. v. Cuomo, 663 F.3d 59, 63 (2d Cir. 2011). Additionally, the Plaintiffs must establish an injury that is not remote or speculative but "certain and imminent harm for which a monetary award does not adequately compensate." Wisdom Imp. Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 113 (2d Cir. 2003). None of these Plaintiffs are facing irreparable harm because any employment consequences they may face by refusing to vaccinated are fully compensable by money damages or reinstatement.

      "[T]he law is clear that a discharge from employment and the injuries that may flow therefrom (e.g. lost income, damage to reputation, and difficulty finding future employment) do not constitute the irreparable harm necessary to obtain a preliminary injunction." Peck v. Montefiore Med. Ctr., 987 F. Supp. 2d 405, 412 (S.D.N.Y. 2013); see also Savage v. Gorski, 850 F.2d 64, 68 (2d Cir. 1988) ("Since reinstatement and money damages could make appellees whole for any loss suffered during this period, their injury is plainly reparable and appellees have not demonstrated the type of harm entitling them to injunctive relief."); see also Sampson v. Murray, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . [m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that

---

individuals over the age of 16 on August 23, 2021. See https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine. Similarly, Moderna's COVID-19 vaccine, was also fully-approved by the FDA. See https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/spikevax-and moderna-covid-19-vaccine; see also Kane, 2022 U.S. Dist. LEXIS 154260, at *33, fn. 24.

adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Plaintiffs complain that they have suffered financial hardships (see Pl. MOL at pg. 2, 24), however, these damages clearly fall under the standards set forth in Peck and Savage and as such do not constitute irreparable harm.

Furthermore, the extraordinary delay in seeking to enjoin an action that already occurred nearly a year ago, further forecloses the validity of any professed "urgent need for speedy action to protect the plaintiffs' rights." Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985). Indeed, the Second Circuit has explained that a party's "failure to act sooner 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'" Id. at 277 (quoting Le Sportsac, Inc. v. Dockside Research, Inc., 478 F. Supp. 602, 609 (S.D.N.Y. 1979)). A delay "may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." Tough Traveler, Ltd. v. Outbound Prod., 60 F.3d 964, 968 (2d Cir. 1995). While Courts have not imposed rigid deadlines by which a request for preliminary injunctive relief must be made, even a relatively brief delay may be deemed too long. See, e.g., Citibank, 756 F.2d at 276-77.

Here, Plaintiffs allege they have all been on LWOP; however Plaintiffs Ustares, Velez, and J. Coombs have complied with the Vaccine Mandates and have since been restored to payroll. See Compl. ¶¶ 19, 37-38. In addition, as noted, DOE employees who had opted for the extended LWOP, and did not inform the DOE before September 5, 2022 that they had complied with the DOE Order, and sought to return were deemed to have voluntarily resigned. See Impact Arbitration Award, Ex. D. Plaintiffs nevertheless waited to seek this "emergency" relief from the

Court. This delay is both lengthy and completely unexplained thereby severely undercutting any "urgency" associated with this application. Also, Plaintiffs' instant application completely ignores the fact that several of the Plaintiffs have returned to work or separated from employment.

This Court found in Broecker that the "Plaintiffs' inaction does not convey a looming irreparable harm, and does not invoke the urgent need for speedy action to protect the plaintiffs' rights[,] as is typical when injunctions are sought on an expedited basis." Broecker, 573 F. Supp. 3d at 890 (internal quotation and citation omitted). Here, Plaintiffs' similar inaction, which they fail to even explain, cuts sharply against the need for emergency relief.

Moreover, contrary to Plaintiffs' contention that any time a party alleges a constitutional right violation, a preliminary injunction must follow, see Pl. MOL at pg. 6, an allegation of a constitutional violation "is insufficient to automatically trigger a finding of irreparable harm," unless "the constitutional deprivation is convincingly shown and that violation carries **noncompensable** damages...[.]" Donohue v. Mangano, 886 F. Supp. 2d 126, 150 (E.D.N.Y. 2012) (emphasis added). Here, the claimed harms that allegedly flow from the claimed constitutional violations, i.e. the continued loss of pay and projected separation from employment, are quintessential reparable harms. See Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005); Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir. 2003).

City Defendants acknowledge that the Supreme Court observed that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Yet "[e]ven when a complaint alleges First Amendment injuries, . . . irreparable harm is not presumed and must still be shown." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). Plaintiffs are still required to present evidence that they have sustained a loss of their First Amendment freedoms and will suffer another loss of

such freedoms if the injunction is not granted. A showing of theoretical or conjectural harm is insufficient. See Latino Officers Association v. Safir, 170 F.3d 167, 171 (2d Cir. 1999). Thus, Plaintiffs' ability to establish irreparable harm turns on whether they can demonstrate that City Defendants have impaired their Free Exercise rights or Establishment Clause rights by implementing the Vaccine Mandates. In other words, "[b]ecause the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, Plaintiff must show a likelihood of success on the merits." Turley v. Giuliani, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000). As set forth thoroughly below, Plaintiffs have not shown a likelihood of success on the merits.

Finally, in examining the DOE Order, in Broecker, this Court held that the "pecuniary harms" alleged by the plaintiffs "are neither irreparable nor sufficient to justify the presently requested injunctive relief." See Broecker, 573 F. Supp. 3d at 889. Also, in Kane/Keil, the requested preliminary injunction on the basis of purported Free Exercise and Establishment Clause violations was rejected four times by the Court. See Kane, 2022 U.S. Dist. LEXIS 154260.

Indeed, even a loss of "benefits" attendant to employment does not constitute irreparable harm. See Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012) (back pay includes lost fringe benefits such as vacation pay and pension benefits); E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of the Elec. Indus., 164 F.3d 89, 101 (2d Cir. 1998) (holding same). Because Plaintiffs are unable to demonstrate irreparable harm, their motion for a preliminary injunction must be denied.

Finally, as to Plaintiffs' allegations that they have a "legal right to be" at their places of employment, see Pl. MOL at pg. 24, no such right exists. See Kane, 2022 U.S. Dist. LEXIS 154260, at *32 ("plaintiffs have no constitutional right to work in person with children in the New

York City public schools.") (citing Maniscalco, 563 F. Supp. 3d at 39 (holding no fundamental constitutional right is infringed by the DOE Order because, "plaintiffs may pursue teaching or paraprofessional jobs at private schools in New York City, public and private schools outside of New York City, daycares or early childhood education centers, tutoring centers, adult or continuing education centers, virtual institutions, or within home settings")).

**POINT II**

**THE VACCINE MANDATES ARE LAWFUL AND ENFORCEABLE**

It is well established that the Vaccine Mandates for City employees are lawful and enforceable. The Second Circuit declared that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). As courts in the Second Circuit and New York State have agreed throughout the last year, the object of the Vaccine Mandates is to reduce the spread and impact of COVID-19. See, e.g., Broecker, 573 F. Supp. 3d 878; Loiacono v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 N.Y. Slip. Op. 30758(U) (N.Y. Sup. Ct., N.Y. Cnty. 2022); Garland, 574 F. Supp. 3d 120.

When the government acts as an employer, it has more leeway in regulating its employees than it does when it acts as sovereign. See Kane, 2022 U.S. Dist. LEXIS 154260 citing Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 598-600 (2008)). "Although government employees do not lose their constitutional rights when they accept their positions, those rights must be balanced against the realities of the employment context." Engquist, 553 U.S. at 600. This is because "'[t]he government's interest in achieving its goals as effectively and efficiently as possible is elevated from a relatively subordinate interest when it acts as sovereign to a significant one when it acts as employer.'" Id. (citing Waters v. Churchill, 511 U.S. 661, 675 (1994) (plurality opinion)).

10

It is similarly settled law that the Commissioner of DOHMH has the authority to issue mandatory vaccination requirements. See Marciano, 2022 U.S. Dist. LEXIS 41151, at *20; C.F. v. New York City Department of Health & Mental Hygiene, 191 A.D.3d 52 (2d Dep't 2020) (upholding the Commissioner's authority to promulgate a vaccination order pursuant to Section 3.01(d) of the New York City Health Code); see also Garcia v. New York City Department of Health & Mental Hygiene, 31 N.Y.3d 601 (2018). Therefore, Plaintiffs cannot continue to challenge the legitimacy of the Vaccine Mandates.

Plaintiffs argue that the Vaccine Mandates are not generally applicable because the City has "instructed" that religious exemption requests be evaluated under the "EEOC Title VII religious exemption standard that takes into consideration the 'sincerity' of employees' religious request[.]" Pl. MOL at pg. 20-21. This argument is nonsensical. The City is required by law to comply with Title VII. Furthermore, the City established the Citywide Panel to evaluate religious accommodation claims because the Second Circuit ordered the City to do so. See Kane, 2022 U.S. Dist. LEXIS 154260 at *25. It would be paradoxical to now penalize the City for complying with a Court order – an order that was issued in a lawsuit in which two of the present Plaintiffs – Bryan and Weber – were also litigants.

Plaintiffs' argument that the Vaccine Mandates are "not laws of general applicability because they do not apply to all City residents like the unemployed, retired, disabled, or children and in no way regulates the conduct of nonworkers the same as workers" is similarly nonsensical. See Pl. MOL at pg. 21. The Vaccine Mandates were issued by the City's DOHMH in the context of the City as an employer and not as a sovereign. The Vaccine Mandates apply to all City employees equally and a process was provided to seek medical and religious exemptions. Finally, Plaintiffs do not allege what religious group or activity they believe the government meant

to target with the Vaccine Mandates and instead appear to argue that the mere existence of the Vaccine Mandates is offensive to religion generally.

As courts have consistently found, the Vaccine Mandates were issued for compelling public health reasons, including to support the conditions for safely conducting in-person public education during the pandemic and to protect City employees and the public who come in contact with them. Plaintiffs' allegation that their religious beliefs are burdened, without more, does not entitle them to suspend the Vaccine Mandates. Plaintiffs' placement on LWOP and/or termination was not based on their religion, but based on their failure to meet a lawful condition of employment. See Broecker, 2022 U.S. Dist. LEXIS 25104, at *33 (finding "that receiving a vaccination against COVID-19 is a condition of employment for NYC DOE employees"); see also Hamilton v. City of N.Y., 2021 U.S. Dist. LEXIS 185855 (E.D.N.Y. 2021) (FDNY's facial hair policy applied complied with the First Amendment because the determining factor was facial hair, not religion).

Plaintiffs appear to argue, relying on Fulton, that because DOE and the City have provided a process to request religious exemptions, that the Vaccine Mandates are not neutral and generally applicable. See Fulton v. City of Phila., 141 S. Ct. 1868 (2021); see Pl. MOL at pg. 20. This is incorrect. Fulton, involved an exemption process which favored secular exemptions over religious ones, a scenario not at issue here. Id. Furthermore, the mere existence of a religious exemption process does not trigger strict scrutiny. See Ferrelli v. State Unified Court Sys., 2022 U.S. Dist. LEXIS 39929 (N.D.N.Y. Mar. 7, 2022). Indeed, the Kane/Keil Court squarely held that Fulton was inapplicable, that strict scrutiny does not apply, and that the DOE Order was neutral and generally applicable. See Kane, 2022 U.S. Dist. LEXIS 154260 at *24-28, *42 fn. 33.

**POINT III**

**OSHA DOES NOT PREEMPT THE CITY
DEFENDANTS FROM ENACTING THE
VACCINE MANDATES**

**A.      There is No Private Right of Action**

As an initial matter, it is well established that there is no private right of action under the Occupational Safety Heath Act ("OSH Act"). See 29 U.S.C. § 653(b)(4); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063, at *12 (S.D.N.Y. Jan. 28, 2022) (citing Donovan v. Occupational Safety & Rev. Comm'n, 713 F.2d 918, 926 (2d Cir. 1983)). For this reason alone, the Court must reject Plaintiffs' preemption argument.

**B.      No Preemption**

OSH Act expressly states that it does not "enlarge or diminish or affect in any other matter" a common law or statutory right or duty that governs employers. See 29 U.S.C. § 653(b)(4). In addition, there is a "presumption that state or local regulation of matters related to health and safety is not invalidated under the Supremacy Clause." Envtl. Encapsulating Corp. v New York, 855 F2d 48, 53 (2d Cir. 1988) (citing Hillsborough County v. Automated Medical Laboratories, Inc., 471 U.S. 707, 715 (1985)). "Local legislation enacted for the sole purpose of protecting the public health would not, on its face, be preempted by the [OSH] Act." Id. at 55. The Vaccine Mandates on their face expressly state, and courts have recognized, that they are to protect public health and safety during the COVID-19 pandemic. See DOE Order; City Order.

Furthermore, the United States Supreme Court has held that OSHA's authority is limited to areas of occupational safety and OSHA cannot regulate in areas concerning public health. See Nat'l Fed'n of Indep. Bus. v. DOL, OSHA, 142 S. Ct. 661, 665 (Jan. 31, 2022) (staying enforcement of OSHA's vaccine mandate because the mandate exceeded OSHA's congressional grant of authority). The Supreme Court specifically noted that,

13

> [a]lthough **COVID-19** is a risk that occurs in many workplaces, it **is not an occupational hazard** in most. **COVID-19 can and does spread** at home, in schools, during sporting events, and **everywhere else that people gather**. **That kind of universal risk is no different from** the day-to-day dangers that all face from crime, air pollution, or **any number of communicable diseases**. Permitting OSHA to regulate the hazards of daily life—simply because most Americans have jobs and face those same risks while on the clock—would significantly expand OSHA's regulatory authority without clear congressional authorization.

Id. (emphasis added). Vaccination, and specifically COVID-19 vaccination, falls into the category of public health and the power to regulate in this area was **<u>not</u>** given to OSHA. Therefore, OSHA does not, indeed cannot, preempt City Defendants from enacting the Vaccine Mandates.

Under Section 556 of the New York City Charter and Section 3.01(c) of the Health code, the DOHMH "is authorized to supervise the control of communicable diseases and conditions hazardous to life and health and take such actions as may be necessary to assure the maintenance of the protection of public health[.]" <u>See</u> DOE Order; <u>see also</u> City Order. Similarly New York City Administrative Code § 17-104 requires the DOHMH to "adopt prompt and effective measures to prevent the communication of infectious diseases[.]" <u>Id.</u> Additionally, pursuant to Admin. Code §17-109(b), the DOHMH "may adopt vaccination measures to effectively prevent the spread of communicable diseases[.]" <u>Id.</u> Therefore, the City's ability to enact the Vaccine Mandates is not preempted by the OSH Act and City Defendants have the authority to enact the Vaccine Mandates.

## C.     No "Automatic Religious Exemption Protection Clause"

Plaintiffs erroneously claim that the OSH Act contains an "Auto Religious Exemption Clause" in "29 USC 669 Section 20(a)(5)" which requires "all employers to <u>automatically</u> grant all employee requests for a religious exemption (without employer review and approval) from any immunization or vaccine without need for an employee to provide a detailed

explanation of their religious practice." See Pl. MOL at pg. 4. Plaintiffs cite to no caselaw to support this dubious assertion. No such clause exists. Section 669 of the OSH Act discusses research and related activities and does not discuss the authorization or implementation of vaccination requirements. See 29 USC § 669. This section only has five subsections – (a) through (e). Id. Plaintiffs allege to have attached the non-existent clause as "Exhibit 10". See Declaration of Jo Saint-George, ECF Dkt. No. 17-3, filed September 2, 2022. "Exhibit 10" is a print out of a webpage from the United States Department of Labor that contains the OSH Act only as amended through January 1, 2004 – eighteen years out of date. See Exhibit 10, ECF Dkt. No. 17-28, filed September 2, 2022. Plaintiffs cherry-pick a sentence within the out-of-date OSH Act's section regarding research activities and the Secretary of Health and Human Services' responsibility to develop information about potentially toxic substances. See id. at pg. 15. Plaintiffs' gross mischaracterization of the outdated provision has nothing to do with the implementation of vaccination requirements, much less automatic religious exemptions.

## D. New York State has an OSHA-approved Plan

Plaintiffs concede that New York State has an OSHA-approved workplace safety and health programs that cover state and local government workers. See Pl. MOL ¶¶ 24-26. The relevant law that governs the City as an employer is the Public Employee Safety and Health Act ("PESHA"), N.Y. Labor Law § 27-a. As such, PESHA and not the OSH Act is the operative law.

## E. OSHA Encourages Vaccination Against COVID-19 and Instituting Policies to Vaccinate Unvaccinated Employees

OSHA published its own guidelines for mitigating the spread of COVID-19 in the workplace. See OSHA COVID Guidelines, Ex. C. OSHA states:

> OSHA emphasizes that vaccination is the most effective way to protect against severe illness or death from COVID-19. . . Employers should also consider working with local public health authorities to provide vaccinations for unvaccinated workers in the

> workplace. Finally, OSHA suggests that employers consider
> adopting policies that require workers to get vaccinated. . .[.]

Id. at pg. 2. Therefore, even if the OSH Act preempted in the realm of vaccination, which it does not, OSHA clearly emphasizes that vaccination against COVID-19 is the most effective way to combat COVID-19 and recommended that employers, such as City Defendants, work with local health authorities, such as the DOHMH, to provide vaccination for unvaccinated workers. OSHA also recommended that employers, such as City Defendants, adopt "policies that require workers to get vaccinated" – something that City Defendants expressly did via the Vaccine Mandates. Id. The OSHA COVID Guidelines emphasize that vaccination is "**the key element** in a multi-layered approach to protect workers." Id. at pg. 4 (emphasis added). Therefore, the Vaccine Mandates comply with OSHA's recommendations for combatting COVID-19 in the workplace.

**F.     City Defendants Have An Obligation under PESHA to Maintain a Safe Workplace**

The City, as a government employer, has a duty to maintain a safe workplace. See generally PESHA, N.Y. Labor Law § 27-a. The obligation of how best to do so is within the discretion of the employer. See New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo, 64 N.Y.2d 233, 237-40 (1984).

City Defendants have a compelling – indeed, overwhelming – public interest in limiting the spread of COVID-19 in the community at large. This Court has held that vaccines "are an important and effective tool for furthering that interest." United States v. Elias, 2022 U.S. Dist. LEXIS 7002 at *6 (E.D.N.Y. Jan. 13, 2022) (citing Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63, 67 (2020). Federal, state and local laws also confirm, in the context of the COVID-19 pandemic, that employers can refuse to allow employees to work who are not fit for work under the applicable medical standards set forth by the public health authorities. See e.g. EEOC Guidance, What You Should Know About Covid-19 and the ADA, the Rehabilitation Act, and

Other EEO Laws, at K.1. (https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws, last visited Nov. 18, 2021).  As explained supra, the Commissioner of DOHMH has the authority to promulgate vaccination requirements. Further, OSHA itself recommends vaccination against COVID-19.

In addition, the Second Circuit has upheld vaccination as a condition of employment and found that disciplinary measures are therefore not required to place non-compliant employees on LWOP or seek their separation. See, e.g., We the Patriots, 2021 U.S. App. LEXIS 32880 at *52-53; Kane, 2022 U.S. Dist. LEXIS 154260 at *38-39; Garland, 2021 U.S. Dist. LEXIS 233142 at * 14; Broecker, 2022 U.S. Dist. LEXIS 25104, at *22; Marciano, 2022 U.S. Dist. LEXIS 41151, at *25-26. New York State courts have also held similarly. See, e.g., O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op. 30173(U), (N.Y. Sup. Ct. Jan. 20, 2022); New York City Mun. Labor Comm. v. City of New York, 156 N.Y.S.3d 681 (Sup. Ct. N.Y. Co. 2021); Lanzer v. BOE, et al., Index No. 160017/2021 (N.Y. Sup., N.Y. Cnty).

Finally, the Court in Garland held that "[u]ltimately, it is up to local government, not the courts, to balance the competing public health and business interests, and here, the New York City government and the FDNY have done so in issuing and enforcing the vaccination requirement for employees of the FDNY." See Garland, 2021 U.S. Dist. LEXIS 233142 at *26. This Court should similarly defer to the City in its determination to issue and enforce a vaccination requirement for City employees.

**POINT IV**

**PLAINTIFFS' SEEK A MANDATORY INJUNCTION AND FAIL TO MEET THE ASSOCIATED BURDEN[5]**

A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies." Hanson Trust PLC v. ML SCM Acquisition, Inc., 781 F.2d 264, 273 (2d Cir. 1986). A typical injunction seeks to maintain the status quo pending a trial on the merits. See Abdul Wali v. Coughlin, 754 F.2d 1015 (2d Cir. 1985). Here, because Plaintiffs seek to halt the ongoing implementation of the Vaccine Mandates, they are required to meet the higher standard of a mandatory injunction, since: (1) the injunction would alter, rather than maintain the status quo, and (2) the injunction would grant Plaintiffs substantially all the relief sought. See Tom Doherty Assocs. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995). The status quo in a preliminary injunction is the "last, peaceable uncontested status which preceded the pending controversy." LaRouche v. Kezer, 20 F3.d 68, 74 n.7 (2d Cir. 1994). Where a party such as Plaintiffs seeks a mandatory injunction, they must show a "clear" or "substantial" likelihood of success on the merits. See Doninger v. Niehoff, 527 F.3d 41, *47 (2d Cir. 2008).

First, an injunction would alter the status quo. The Vaccine Mandates required employees to submit proof of vaccination by October 1, 2021 for DOE staff and October 29, 2021 for other City agencies –  deadlines that passed over eleven months ago. Since that date, most Plaintiffs have either complied with or were terminated for failing to comply with Vaccine Mandates. Furthermore, Plaintiffs Elizabeth Loiacono, Maritza Romero, Julia Harding, Ayse P. Ustares, Sara Coombs-Moreno, Angela Velez, Aura Moody, Monique Moore, Amoura Bryan, and

---

[5] The elements of a TRO and a preliminary injunction are indistinguishable. See, e.g., Medicrea USA, Inc. v. K2M Spine, Inc., 2018 U.S. Dist. LEXIS 110286, at *11-12 (S.D.N.Y. 2018).

Edward Weber have already requested, and were denied, several preliminary injunctions in other litigations challenging the Vaccine Mandates. See Broecker, No. 21-CV-6387; Kane, No. 21-CV-7863; Keil, No. 21-CV-8773. In particular, the Kane/Keil preliminary injunction denial was affirmed by the Second Circuit, and the Supreme Court has twice refused to hear their appeal. Therefore, granting an injunction now would clearly alter the status quo of Plaintiffs' employment.

Plaintiffs' application is completely silent as to why Plaintiffs waited until September 2, 2022 to seek this "emergency" relief from the Court. This is despite the fact that the Third Amended Complaint and the present application confirms that Plaintiffs were already placed on LWOP prior to the filing of the lawsuit and that the deadlines to comply with the Vaccine Mandates have passed. Plaintiffs' own delay strongly counsels against the extraordinary equitable relief they seek. See Broecker, 573 F. Supp. 3d at 890; Citibank, 756 F.2d at 276.

With respect to the second prong, the harm that would result from an injunction could not be undone if City Defendants ultimately prevail on the merits. An injunction suspending the DOE Order would allow unvaccinated staff to have prolonged contact with children in DOE's care, exposing them to an increased and unnecessary risk of contracting and spreading COVID-19, increasing the likelihood of children or their families getting sick, and potentially interrupting the in-person learning which has been prioritized for DOE's over one million school children. Similar concerns arise from suspending the City Order which affects all City agencies.

Furthermore, it is clear that Plaintiffs will not be able to meet the high burden or a clear or substantial likelihood of success on the merits because the only harm associated with their placement on LWOP is removal from payroll and/or termination. This type of alleged harm is – by definition – reparable. For the reasons stated below and in City Defendants' pre-motion letter (ECF Dkt. No. 13), it is clear that Plaintiffs will not be able to meet this heightened burden as their

challenge to the Vaccine Mandates will not succeed on the merits. Accordingly, Plaintiffs cannot meet the mandatory injunction standard and their application should be denied.

Nor can Plaintiffs meet the lower, more permissive standard of a prohibitory injunction, which requires Plaintiffs to demonstrate: 1) irreparable harm absent injunctive relief; 2) a likelihood of success on the merits; 3) the balance of equities tips decidedly in their favor; and 4) that the public interest weighs in favor of granting an injunction. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25 (2008); Almontaser v. N.Y. City Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008). As such. an injunction is unwarranted.

## POINT V

## THERE IS NO LIKELIHOOD OF SUCCESS ON THE MERITS

In their motion papers, Plaintiffs do not advance any new legal arguments regarding the likelihood of success prong, opting instead to repeat some, but not all, of the claims raised in the Third Amended Complaint. See ECF Dkt. No. 17. Plaintiffs again contend that the DOE and City Orders are unlawful and violate Plaintiffs' First Amendment rights.

### A.    Plaintiffs' Free Exercise Clause Claim Fails

The Second Circuit Court of Appeals found the DOE Order to be constitutional on its face. Kane, 19 F.4th at 166. The Kane/Keil Court rejected a Free Exercise Clause claim, holding that the DOE Order was facially neutral and generally applicable, and that the City had a rational basis for instituting the DOE Order. See Kane, 2022 U.S. Dist. LEXIS 154260, at *19-28. Therefore, Plaintiffs' Free Exercise Clause claim fails for the same reasons.

"It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an

incidental effect, rather than the object, of the law." Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (internal quotations omitted). As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002). The Vaccine Mandates apply equally to all City employees, so the relevant inquiry is whether there is a rational basis for enforcement of the Vaccine Mandates.[6] Courts have ruled that compulsory vaccination is constitutional. See Jacobson, 197 U.S. 11; Phillips, 775 F.3d at 542-43; Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp 81, 83 (E.D.N.Y. 1987) ("It has long been settled that one area in which religious freedom must be subordinated to the compelling interests of society involves protection against the spread of disease.").

In *arguendo* that the Plaintiffs had requested religious exemptions to the Vaccine Mandates, an employee is not entitled to the accommodation of their choice. Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002). Courts have also declined to find an employer's failure to accommodate an employee's religious activity, without more, constitutes a violation of the Free Exercise clause. See Employment Div. v. Smith, 494 U.S. 872, 879-880 (1990). Therefore, Plaintiffs' Free Exercise Clause claim fails.

**B.      Plaintiffs' Establishment Clause Claim Fails**

The Kane/Keil Court rejected a similar Establishment Clause argument against the DOE Order. See Kane, 2022 U.S. Dist. LEXIS 154260 at *28-30. Plaintiffs' Establishment Clause claims against the Vaccine Mandates similarly fail. In Kennedy v. Bremerton Sch. Dist., the

---

[6] The Kane/Keil Court held that strict scrutiny did not apply because there was no evidence of animus, working in a public school is not a religious activity, and the DOE Order was generally applicable. The Court also noted that the number of vaccine mandates did not change this analysis. See Kane, 2022 U.S. Dist. LEXIS 154260, at *19-28.

Supreme Court recently instructed courts "that the Establishment Clause must be interpreted by reference to historical practices and understandings." <u>Kennedy v. Bremerton Sch. Dist</u>., 142 S. Ct. 2407, 2428 (2022) (internal quotation marks and citation omitted). The Supreme Court and the Second Circuit both have a long history of upholding vaccination requirements. <u>Kane</u>, 2022 U.S. Dist. LEXIS 154260, at *29-30.  To the extent that Plaintiffs take umbrage with former Mayor De Blasio's statements to the media, <u>see</u> Compl. ¶¶ 50-52, the Second Circuit has already ruled that such statements do not render the vaccine mandates non-neutral. <u>See</u> <u>Kane</u>, 19 F.4th at 165. Therefore, Plaintiffs' Establishment Clause claim fails.

**C.      Arguments Not Addressed in Plaintiffs' Motion**

Plaintiffs' motion for a preliminary injunction only addresses OSHA and the First Amendment. <u>See</u> <u>generally</u> Pl. MOL. For the following arguments regarding Plaintiffs' Third Amended Complaint, but not raised in the motion for a preliminary injunction, City Defendants respectfully refer the Court to the previously filed pre-motion letter in support of City Defendants' proposed motion to dismiss: (1) Plaintiff Women of Color for Equal Justice ("WOC") lacks standing to sue; (2) some of the Plaintiffs' claims should be dismissed, and the rest should be stayed due to claim splitting; (3) Plaintiffs O'Reilly, Loiacono, Bryan, and Webber are barred by *res judicata* and collateral estoppel; (4) Plaintiffs failed to file timely or sufficient notices of claim for their New York City Human Rights Law claims; (5) Plaintiffs' discrimination and failure to accommodate claims fail; (6) Plaintiffs' hostile work environment and constructive discharge claims fail; (7) Plaintiffs' as-applied challenges should be brought as Article 78 proceedings; (8) the  purported class action fails; (9) there is no private right of action under the Supremacy Clause or the Commerce Clause; and (10) N.Y. Public Health Law § 206(1)(1) claims fail. <u>See</u> ECF Dkt. No. 13, filed July 25, 2022.

## POINT VI

## THE BALANCE OF THE EQUITIES TIPS IN FAVOR OF CITY DEFENDANTS

Here, the balance of equities clearly favors City Defendants. Courts must balance the competing claims of injury on each party of either granting or withholding the requested relief. See Winter, 555 U.S. at 24. In exercising their discretion, courts should pay particular regard to the public consequences in employing the remedy of injunction. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

Amid a public health crisis, in which nearly one million people have lost their lives in the United States alone, with 41,000 of those deaths in New York City, and many more have become severely ill, certain City employees have made the personal decision to decline a vaccination that has full FDA approval. In this instant motion, Plaintiffs assert without further elaboration that the irreparable harm to employees is "self-evident" and attempt to minimize the harm to the public by stating that "[a]ny financial harm that may result . . . has been self-inflicting, especially when the City received billions from the Federal Cares Funding and the CDC to comply with OSHA requirements." See Pl. MOL at pg. 25. To the extent this statement is decipherable, it grossly misconstrues the City's responsibilities to the public, government funding, OSHA's own position on COVID-19 vaccination, and recklessly minimizes the risk that unvaccinated employees pose to the public. Ultimately, even if Plaintiffs had advanced good faith arguments on this factor, which they did not, "where good faith arguments can be made on both sides of the many issues raised by the pandemic, it is up to local government, not the courts, to balance the competing public health and business interests." Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 40 (E.D.N.Y. 2021), aff'd, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15,

2021), cert. denied, 212 L. Ed. 2d 578, 142 S. Ct. 1668 (2022) (internal quotation marks omitted). That is what the City has done here.

Against the bare "self-evident" harm put forth by Plaintiffs, City Defendants present the compelling—indeed, overwhelming—public interest in limiting the spread of COVID-19. Any purported abstract harm to Plaintiffs that could result from Vaccine Mandates, does not *decidedly* outweigh the public interest in limiting the spread of COVID-19. See Trump v. Deutsche Bank AG, 943 F.3d 627, 674 (2d Cir. 2019) ("Even if the balance of these hardships/equities tips in favor of Appellants, which is debatable, it does not do so 'decidedly'") (citations omitted).

## POINT VII

## AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

Courts must also consider whether the granting of the requested relief contravenes the public interest. Brown & Williamson Tobacco Corp. v. Engman, 527 F.2d 1115 (2d Cir. 1975). The Supreme Court has recognized that stemming the spread of COVID-19 is a compelling public interest. Roman Catholic Diocese, 141 S. Ct. at 67. Vaccines "are an important and effective tool for furthering that interest." Elias, 2022 U.S. Dist. LEXIS 7002 at *6. The CDC has also recommended that school teachers and staff be "vaccinated as soon as possible" because vaccination is "the most critical strategy to help schools safely resume full operations... [and] is the leading public health prevention strategy to end the COVID-19 pandemic." See DOE Order, Ex. A, at 1.  Addressing the threat to health and welfare of City residents, including students attending school, and taking steps to stem the illness and death that continue to result from the spread of COVID-19, is in the public interest. If granted, an injunction would undermine the City's ability to most effectively address the continued threat of COVID-19, to help schools safely

maintain full operations, and to protect students, the public seeking services from City employees, and employees themselves.

Finally, as noted above and as acknowledged by the <u>Garland</u> court, "[u]ltimately, it is up to local government, not the courts, to balance the competing public health and business interests[,] and here, the New York City government . . . [has] done so in issuing and enforcing the vaccination requirement for employees of the FDNY." 574 F. Supp. 3d  at \*26.  The same holds true here.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' motion for a TRO and preliminary injunction should be denied, that the Third Amended Complaint be dismissed in all respects, that judgment be entered for City Defendants, and that City Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           September  23, 2022

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street, Room 2-316
New York, New York 10007-2608
(212) 356-3522
erosen@law.nyc.gov

By:         /s/ Elisheva L. Rosen
               Elisheva L. Rosen
           Assistant Corporation Counsel