```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

WOMEN OF COLOR FOR EQUAL JUSTICE et
al.,
                                           MEMORANDUM & ORDER
                Plaintiffs,                22-CV-2234(EK)(LB)

        -against-

THE CITY OF NEW YORK et al.,

                Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The second application for a temporary restraining order, ECF No. 33, is denied, as Plaintiffs again have not established a sufficient likelihood of success on the merits.

Plaintiffs have not shown that a private right of action exists to sue under the Occupational Health and Safety Act of 1970, 29 U.S.C. §§ 651–678, on which they rely. Mem. of Law in Supp. of Pls.' Renewed Appl. for TRO 7, ECF No. 33-2; *see Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."); *see also Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022) ("The last of Quirk's federal law claims are for violations of OSHA regulations; these claims all fail because Quirk cannot bring a lawsuit under OSHA.").[1]

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations and internal quotation marks.

Nor have Plaintiffs shown that any of the City's vaccine orders were premised on New York Public Health Law § 206(1)(*l*), such that the withholding of authorization to conduct mandatory immunization would apply.  *See* Pls.' Renewed Mot. for TRO 2, ECF No. 33.  The limitation contained in the final sentence of that provision, by its terms, limits only the powers granted by Section 206(1)(*l*) itself.  *See Marciano v. de Blasio*, 589 F. Supp. 3d 423, 434 (S.D.N.Y. 2022) ("[A]s the [New York] Court of Appeals explained in *Garcia* [*v. N.Y.C. Dep't of Health & Mental Hygiene*, 106 N.E.3d 1187 (N.Y. 2018)], [Section 206(1)(*l*)] [is] directed to the powers and duties of the Commissioner of the New York State Department of Health and in no way limit[s] the New York City Department or *its* Commissioner from issuing separate and independent vaccine requirements."); *see also C.F. v. N.Y.C. Dep't of Health & Mental Hygiene*, 139 N.Y.S.3d 273, 284 (App. Div. 2d Dep't 2020) ("[Section 206(1)(*l*)] [is] directed to the powers and duties of the Commissioner of the State Department of Health, not of the New York City Board, and the legislative history reveals no intent to restrict the Board's authority to regulate vaccinations.").  Plaintiffs have not shown that any of the orders they challenge were promulgated under that section.

Plaintiffs' motion for a stay of this order pending appeal is denied, as they have not shown the requisite

likelihood of success.  *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641 (S.D.N.Y. 2012) ("[T]he movant cannot prevail by showing a mere possibility of success . . . .").

SO ORDERED.

                                          /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    November 15, 2022
          Brooklyn, New York