```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

WOMEN OF COLOR FOR EQUAL JUSTICE et
al.,
                                           MEMORANDUM & ORDER
                 Plaintiffs,               22-CV-2234(EK)(LB)

            -against-

THE CITY OF NEW YORK et al.,

                 Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The plaintiffs here — an organization called Women of Color for Equal Justice and a number of current and former employees of the City of New York — filed this lawsuit against the City, its Mayor and Commissioner of Public Health, and its Departments of Education and of Health and Mental Hygiene. Plaintiffs challenge the City's orders requiring certain employees to obtain a COVID-19 vaccine. They have applied for a preliminary injunction enjoining the City from enforcing those requirements. Because Plaintiffs have failed to show a sufficient likelihood on the merits, those applications are denied.[1]

---

[1] In denying the applications, the Court expresses no view on whether Women of Color for Equal Justice has organizational standing to participate in this lawsuit. Defendants have indicated that they intend to raise this issue in their forthcoming motion to dismiss. Defs.' PMC Request 3, ECF No. 13. Where the standing issue may "raise[] difficult issues, it need not detain the court on this expedited application for a preliminary injunction."

## I. Background

Between August and December 2021, in response to the COVID-19 pandemic, the New York City Commissioner of Health and Mental Hygiene issued a series of nine orders requiring certain individuals to be vaccinated against COVID-19. Vaccine Orders, ECF Nos. 17-19 to 17-27. These included employees and contractors of the New York City Department of Education, other City employees and contractors, childcare workers, nonpublic school staff, and employees of private businesses. *Id.*[2]

Plaintiffs are employees or former employees of various City agencies who allege they lost their jobs or were placed on unpaid leave for refusing the COVID-19 vaccine, or who were "coerced" into becoming vaccinated. Third Am. Compl. (TAC) ¶¶ 13-39, ECF No. 22. They filed this lawsuit alleging that the Vaccine Orders violate the Occupational Health and Safety Act of 1970 (OSHA), 29 U.S.C. §§ 651-678; the Supremacy Clause; the

---

*Fulani v. League of Women Voters Educ. Fund*, 684 F. Supp. 1185, 1194 (S.D.N.Y. 1988), *aff'd,* 882 F.2d 621 (2d Cir. 1989); *see also All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85, 87 (2d Cir. 2006) (Supreme Court's "ruling that a district court must generally . . . establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits," "seeks to guard only against a definitive ruling on the merits by a court that lacks jurisdiction because of the absence of an Article III requirement").

[2] The City subsequently lifted the Vaccine Order for private-sector employees effective November 1, 2022. *See* City of New York, *Transcript: Mayor Eric Adams Launches COVID-19 Booster Campaign, Announces Additional Flexibility for NYC Businesses, Parents* (Sept. 20, 2022), https://www.nyc.gov/office-of-the-mayor/news/688-22/transcript-mayor-eric-adams-launches-covid-19-booster-campaign-additional-flexibility.

First Amendment; and New York City law. *Id.* ¶¶ 88-188. They seek declaratory and injunctive relief and monetary damages. *Id.* ¶¶ 189-91.

On September 2, 2022, Plaintiffs filed a motion for a temporary restraining order (TRO) and a preliminary injunction. Pls.' Mot. for TRO & Prelim. Inj. ("Pls.' 1st Appl."), ECF No. 17. I denied the TRO on September 14, 2022. Plaintiffs then filed a second motion for a TRO and a preliminary injunction on October 26, 2022, this time packaged with a motion for class certification. Pls.' Renewed Mot. for TRO, Prelim. Inj. & Prelim./Conditional Class Certification ("Pls.' 2d Appl."), ECF No. 33. I denied the second TRO application on November 15, 2022. Memorandum & Order, ECF No. 37. Plaintiffs subsequently filed a motion seeking leave to amend its application for a preliminary injunction:

> to drop the request for injunctive relief pursuant to FRCP §65 and to make clear that Plaintiffs are **not** seeking a "cause of action" under the OSH Act, but rather Plaintiffs seek Declaratory and Injunctive Relief pursuant to FRCP §57 under 28 U.S.C. § 2201 and §2202, which authorizes this Court to award as a final judgment a declaration of rights and obligations between the Plaintiffs and [Defendants] and to issue an injunction pursuant to 28 U.S.C. §2202 . . . .

Pls.' Request for Leave to Amend Motion 1 (all typographical errors in original), ECF No. 38.

3

## II. Legal Standards

A party seeking a preliminary injunction must demonstrate (1) "a likelihood of success on the merits"; (2) "a likelihood of irreparable injury in the absence of an injunction"; (3) "that the balance of hardships tips in the plaintiff's favor"; and (4) "that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).[3] Where a preliminary injunction would alter the status quo, a heightened standard applies: the party seeking it must show "a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 36-37 (2d Cir. 2018). For the reasons discussed below, Plaintiffs have failed to demonstrate the requisite likelihood of success under either standard.

## III. Discussion

Plaintiffs' applications for a preliminary injunction, as they currently stand, are premised on the theories that the Vaccine Orders violate (1) the Supremacy Clause of the U.S. Constitution and OSHA; and (2) New York Public Health Law § 206. *See* Pls.' 1st Appl. 4-5; Pls.' 2d Appl. 2-4. Both arguments are

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

meritless. Additionally, Plaintiffs' motion for leave to amend their preliminary injunction papers is denied because such amendment would be futile.

**A.   Plaintiffs' Applications for a Preliminary Injunction Are Denied**

   1.   Neither the Supremacy Clause Nor the OSHA Act Provides a Private Right of Action

Plaintiffs rely first on the Supremacy Clause and OSHA, which they argue are inconsistent with, and preempt, the Vaccine Orders. Pls.' 1st Appl. 4-5; Pls.' 2d Appl. 2-4. But the Supremacy Clause does not provide a private right of action. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015) ("It is . . . apparent that the Supremacy Clause is not the source of any federal rights and certainly does not create a cause of action.").

Additionally, Plaintiffs have not shown that a private right of action exists to sue under OSHA. "Under OSHA, employees do not have a private right of action." *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983). The Second Circuit has explained that "it is apparent from [OSHA's] detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary and that enforcement of the Act is the sole responsibility of the Secretary." *Id.* at 927. Relying on that holding, a district court of the Southern District of New York recently

5

rejected a state employee's claims that his employer failed to implement adequate COVID-19 safety protocols under the OSHA Act. *See Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022) (citing *Donovan*, 713 F.2d at 926) ("The last of Quirk's federal law claims are for violations of OSHA regulations; these claims all fail because Quirk cannot bring a lawsuit under OSHA.").

Because no private right of action exists under either provision, the application for preliminary injunctive relief on this ground is denied. *See Joint Apprenticeship & Training Council of Loc. 363, Int'l Bhd. of Teamsters, & United Const. Contractors Ass'n v. N.Y. State Dep't of Lab.*, 829 F. Supp. 101, 104-05 (S.D.N.Y. 1993) (denying application for preliminary injunction where no private right of action existed under the relevant statute).

2. The Vaccine Orders Do Not Violate New York Public Law Section 206

Nor have Plaintiffs shown a likelihood of success on their argument that the Vaccine Orders violate New York Public Health Law § 206(1)(*l*). Pls. 2d Appl. 2. That statute provides that the Commissioner of Health of the State of New York "shall":

> establish and operate such adult and child immunization programs as are necessary to prevent or minimize the spread of disease and to protect the public health. Such programs may include the purchase and distribution of vaccines to providers and municipalities, the operation of public immunization

6

> programs, quality assurance for immunization related activities and other immunization related activities. The commissioner may promulgate such regulations as are necessary for the implementation of this paragraph. Nothing in this paragraph shall authorize mandatory immunization of adults or children, except as provided in [N.Y. Public Health Law §§ 2164-2165].

N.Y. Public Health Law § 206(1)(*l*). Although their papers in support of their applications for an injunction are sparse on the subject, the Complaint contains the assertion that this section "prohibits the [Commissioner] from establishing regulations that mandate adult vaccination." TAC ¶ 70(c).

But the prohibition in the last sentence of Section 206(1)(*l*) applies only to "this paragraph" — *i.e.*, to Section 206(1)(*l*) itself. Plaintiffs do not contend (and certainly have not shown) that the Vaccine Orders were issued under the authority of Section 206(1)(*l*). On the contrary, the Orders themselves cite the City's Charter and Health Code as authority for their issuance. For example, the August 24, 2021 order invokes (among other provisions) Section 3.01(d) of the New York City Health Code, which grants the City's Department of Health and Mental Hygiene the power to "issue necessary orders and take such actions as may be necessary for the health or the safety of the City and its residents" during a public health emergency. N.Y.C. Health Code § 3.01(d) (codified in Title 24 of the Rules of the City of New York). *See* August 24, 2021 Vaccine Order 1, ECF No. 17-19.

7

Thus, Section 206 is not relevant to the legality of those Orders. *See Marciano v. de Blasio*, 589 F. Supp. 3d 423, 434 (S.D.N.Y. 2022) ("[A]s the [New York] Court of Appeals explained in *Garcia* [*v. N.Y.C. Dep't of Health & Mental Hygiene*, 106 N.E.3d 1187 (2018)], [Section 206(1)(*l*)] [is] directed to the powers and duties of the Commissioner of the New York State Department of Health and in no way limit[s] the New York City Department or *its* Commissioner from issuing separate and independent vaccine requirements."); *see also C.F. v. New York City Dep't of Health & Mental Hygiene*, 139 N.Y.S.3d 273, 282, 284 (App. Div. 2d Dep't 2020) (holding that a City order mandating vaccination against measles did not exceed the City's authority, and observing that Section 206(1)(*l*) is "directed to the powers and duties of the Commissioner of the State Department of Health, not of the New York City Board," and accordingly does not "restrict the Board's authority to regulate vaccinations"). Therefore, Plaintiffs' request for injunctive relief is denied on this ground as well.[4]

---

[4] To the extent Plaintiffs seek to make out a claim under the Free Exercise Clause on the basis that the Vaccine Orders "are not laws of 'general applicability,'" Pls.' 2d Appl. 3, the Second Circuit has already considered and rejected that argument. *See Kane v. De Blasio*, 19 F.4th 152, 164 (2d Cir. 2021) ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable.").

8

### B. Plaintiffs' Motion for Leave to Amend Their Application for a Preliminary Injunction Is Denied

As noted above, Plaintiffs' most recent filing states their wish "to make clear" that they are seeking declaratory and injunctive relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, rather than OSHA itself. But "a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). As the Second Circuit explained:

> The Declaratory Judgment Act does not expand jurisdiction. Nor does it provide an independent cause of action. Its operation is procedural only — to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.

*Id.*; *see also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action."). Thus, even if permitted, such amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (even in the context of amending pleadings, "[w]here it appears that granting leave to amend is unlikely to be productive . . . , it is not an abuse of discretion to deny leave to amend"). To the extent Plaintiffs seek declaratory relief, that relief will be granted, if at all,

9

only at the conclusion of the litigation process. *See B. Braun Med., Inc. v. Abbott Lab'ys*, 124 F.3d 1419, 1428 (Fed. Cir. 1997) ("Given that the [Declaratory Judgment] Act merely provides a new noncoercive remedy, it should come as no surprise that the practice in declaratory judgment actions is, on almost every point, the same as in any civil action.").[5]

### IV.  Conclusion

For these reasons, Plaintiffs' applications for a preliminary injunction are denied, and their request for leave to amend their preliminary injunction papers is denied. Plaintiffs are warned that any further requests for emergency or preliminary relief premised on issues that the Court has already decided will expose them to sanctions for engaging in vexatious litigation.

---

[5] *See also* 10B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2768, Westlaw (4th ed. Apr. 2022 Update) ("Any doubt or difficulty about the procedure in actions for a declaratory judgment disappears if the action is regarded as an ordinary civil action, as Rule 57 clearly intends. . . .  As Rule 57 expressly provides, the procedure for obtaining a declaratory judgment must be in accordance with the federal rules. . . .  [T]he practice in [declaratory judgment] actions is, on almost every point, the same as in any civil action.").

The Court will reserve decision on the pending motion for class certification.  A briefing schedule for Defendants' motion to dismiss will be set by separate order.

SO ORDERED.

                                            /s/ Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:     November 18, 2022
           Brooklyn, New York