

*Jo Saint-George*
*Phone: 602-326-8663*
*Fax:   (202) 830-2005*
*E-mail: jo@woc4equaljustice.org*

**VIA- ECF**

March 29, 2023

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, New York 11201

      Re:    **LETTER OPPOSITION TO MOTION TO STRIKE**
                  Women of Color for Equal Justice et al. v. New York, et. al
                  Civil Action No: 22-cv-02234

Dear Judge Komitee:

In response to the City's Letter Motion to Strike, Plaintiffs hereby requests the Court to deny the motion, deny the request for an extension and deny the City's Motion to Dismiss. The City's Motion to Strike is reprehensible and downright dirty for several reasons and qualifies for Rule 11 sanctions. First, this Counsel notified the City of the "good cause/excusable neglect" a medical reason for the late filing, which when shown is a basis for accepting a late filed response along with other factors including the length of the delay. (See attached email to the City as **Exhibit 1**) At the end of the day, the City just wants to capitalize on Counsel medical hardships to delay the inevitable denial of the frivolous Motion to Dismiss, which must be denied.

The U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) (which the second circuit follows as stated in *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2nd Cir. 2003 and provides the basis for courts to excuse late filings) held that "prejudice" and the length of the delay are key factors to be determine by a court who has discretion to except the delay. The *Pioneer* Court held as follows:

> "the Supreme Court referred to "excusable neglect" as an "elastic concept," 507 U.S. at 392, 113 S.Ct. 1489 (internal quotation marks omitted), implying a determination that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," id. at 395, 113 S.Ct. 1489. Factors to be considered in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id.

  First, there is absolutely no prejudice to the City for a two (2) business day late filing. Second,



Plaintiff's counsel emailed the City's lawyer informing her of the ongoing medical issues that Counsel was facing. Specifically, the attached medical records were provided to show that on March 20th when this Court issued its order requiring the filing of the response to occur on March 24th, Counsel was undergoing a brain MRI and on March 21st Counsel underwent a spine MRI. Counsel explained that the painful bout of Shingles counsel had been experiencing for weeks had worsened and affected counsels brain which cause Counsel to go back in to ER the week before. Because of the history of two prior brain surgeries counsel had  - the brain surgery occurred in 2021, an urgent MRI of the brain and spine was ordered, which occurred on the day this court ordered the filing.

However, because counsel continued to experience horrific pain, counsel was in bed all week and couldn't lift her head. Consequently, Counsel did not see the pile of emails with this Court's notice of the required filing until the weekend While the MRI results were cleared for any brain mass (which was the biggest concern), counsel was notified of an a herniated disk and L4/L5 tear that was causing the additional horrible head and low back pain coupled with the never issues from the Shingles.  These facts clearly establish excusable neglect all of which was shared with the City's counsel who was asked to hold off on making the late filing a big issues as Counsel did not want to have to disclose personal medical information in the public records. Despite this request the City's counsel has taken advantage of the circumstances in a feeble attempt to get an extension to delay a ruling on the City's flagrantly disingenuous Motion to Dismiss.

Plaintiffs Responsive Motion clearly reveals that the City's motion to dismiss was frivolous at best, but rather a flat out fraud on the Court. The OSH Act clearly provides a private right of action at 29 USC §660 Section 11(c)(2) and the NY City Human Rights Act provides a private right of action against the City for its harassing, coercive and tyrannical tactic forcing employees to choose between an illegal vaccine and their jobs.  The City's flat out lied to this Court in their Motion to Dismiss when the City represented the law as follows:

> "**It is well established that there is no private right of action under OSHA** and the Supremacy Clause. See 29 U.S.C. § 653(b)(4); Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324-325 (2015); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063, at *12 (S.D.N.Y. 2022). Furthermore, the operative law for City Defendants is New York State's Public Employee Safety and Health Act ("PESHA"), N.Y. Labor Law § 27-a, and not OSHA."

Plaintiffs private right of action is clearly and unambiguously stated on the face of the OSH Act at 29 USC §660 Section 11(c)(2), which the City can read and comprehend as follows:

> Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection **may, ……..file a complaint** with the Secretary alleging such discrimination.  …. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.



Subsection 11(c)(1), which Section 11(c)(2) includes, states:

> No person shall discharge or in any manner discriminate against any employee because …. of the exercise by such employee on behalf of himself or others of any right afforded by this Act.

According to New York Rule of Professional Conduct, Rule 3.3 imposes on lawyers a "duty of candor to a tribunal", which includes correcting false statements to the court as follows:

> A lawyer **shall** not knowingly:
>
> 1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

It is clear that the above statement by the City in their Motion to Dismiss is absolutely false. A third-grader who reads 29 USC §660 Section 11(c) can see that there is a private right of action in the OSHA Act, and Plaintiffs made a clear claim under the OSH Act. In the initial phase of the case, Plaintiffs' counsel was first seeking to obtain an injunction just to get the City workers back to work, and the focus of the litigation was on obtaining declaratory and injunctive relief first and not damages. Nevertheless, the *Armstrong* and *Quirk* cases, when carefully reviewed - which lawyers are supposed to do – clearly are distinguishable and do not establish the law of the case as those cases had nothing to do with the OSH Act statutory protection of employees Free Exercise right to refuse immunization contained in in Section 20(a)(5) of the act. There is no way in h*ll (which many Bible believers thing the City and their Counsel is going to go if they keep up these horrendous lies before the world and the God of this universe who is watching them), anyone could stretch their minds to think that those two cases applied to prevent the express private right of action provided by the OSH Act for Plaintiffs claims.

Furthermore, the City absolutely knows that there is NO NEED to file a "notice of claim" for ongoing civil rights violations that vindicate the rights of the general public, and the City absolutely knows that Res Judicata does not preclude claims that could not be raised in a prior lawsuit, specifically Article 78 claims.  ALL of the issues raised in the City's Motion to Dismiss were addressed by Plaintiffs Letter Motion filed with this Court filed on March 16, 2023 and letter motion filed last year on July 29, 2022 in response to the City's request to file a Motion to Dismiss. The City does not need any more time to reply, they need time to be honest with their workers and do right.

Rather than correct their false representation of law to this Court as is their duty, the City has gas lighted Plaintiff's counsel to get an extension in hopes that they will never have to address their lies to this Court.

All I asked of City's counsel was courtesy in this matter. I should not have to be in my sick bed drafting this letter to this Court because of the unabashed and shameless "gotcha" tactics of the City. There is absolutely no prejudice and a two day delay is nothing and did not warrant such a vitious letter motion, when the email to the City's counsel offered to extend their deadline to reply to the two day late filed response.



Since there is absolutely no prejudice, there is clearly excusable neglect and the City's Motion to Dismiss is a fraud, Plaintiffs ask this court to: 1) deny the City's requests to strike Plaintiffs Response to the Motion to Dismiss; 2) deny the City's request for extension to response; 3) grant Plaintiffs the extension by declaring that the Response filed on March 28, 2023 is accepted and will be considered; and 3) grant any additional remedy available in this Court's discretion. April 3, 2023 is plenty of time for the City to figure out how they are going to clean up their lies.

It is time for the game playing with people's lives to stop!!!!!

Respectfully Submitted,
/s/ *Jo Saint-George*
Jo Saint-George



cc: Elisheva L. Rosen
Assistant Corporation Counsel Office
of Hon. Sylvia O. Hinds-Radix
The City of New York Law
Department 100 Church Street
New York, New York 10007
Phone: (212) 356-3522
E-mail: erosen@law.nyc.gov