

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

April 10, 2023

**Via ECF**
Honorable Eric Komitee
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Women of Color for Equal Justice et. al. v. City of New York, et. al.
              Civil Action No.: 22-CV-02234
              LM No.: 2022-021670

Dear Judge Komitee:

        I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. Defendants write in opposition to Plaintiffs' pre-motion letter requesting permission to file a motion for summary judgment and request for excess pages. Such a motion is premature.

        As an initial matter, no responsive pleadings are on the docket. Municipal Defendants have yet to file an Answer and have requested permission to file a motion to dismiss. In addition, discovery has not commenced. Therefore, a motion for summary judgment is premature. See, e.g., Murphy v. Murphy, 2022 U.S. Dist. LEXIS 80153, at *5 (E.D.N.Y. 2022) ("The parties have not engaged in any discovery. Accordingly, the motion for summary judgment is premature."); Doe v. Trustees of Columbia Univ. in N.Y., 2021 U.S. Dist. LEXIS 178868 (S.D.N.Y. 2021) (holding that a motion for summary judgment was premature because discovery was stayed and a motion to dismiss was pending); Sanchez v. Nassau County, 2019 U.S. Dist. LEXIS 34160 (E.D.N.Y. 2019) (denying plaintiff's motion for summary judgment as premature because no discovery had occurred and granting defendant's motion to dismiss); Wilson v. New York, 2017 U.S. Dist. LEXIS 10492, at *92 (E.D.N.Y. 2017) (declining to convert a motion to dismiss into a motion for summary judgment because "where no discovery has occurred, would be premature."), adopted 2018 U.S. Dist. LEXIS 49609 (E.D.N.Y. 2018); Helios Intl. S.A.R.L. v. Cantamessa USA, Inc., 23 F. Supp. 3d 173 (S.D.N.Y. 2014) (denying plaintiff's motion for summary judgment, granting defendant's motion to dismiss, and denying defendant's motion for sanctions) (citing Cusamano v. Alexander, 691 F Supp 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer

to the amended complaint."); Williams v. Rosenblatt Sec. Inc., 136 F. Supp. 3d 593, 615-616 (S.D.N.Y. 2015) (holding that the partial motion for judgment on the pleadings "is plainly premature because the defendants have not filed their answers.") (citing Grodzian v. Computer Credit, Inc., 2009 U.S. Dist. LEXIS 127349, at *2 (E.D.N.Y. 2009) ("Plaintiff's motion for a judgment on the pleadings is premature because Defendant has not filed an Answer, and thus the pleadings are not closed.").

Despite Plaintiffs' claim that this lawsuit is "one of the most complex cases in the history of America," all of Plaintiffs' allegations have already been addressed by this Circuit. The Second Circuit already held that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." Kane v. De Blasio, 19 F.4th 152, 166 (U.S. 2d Cir. 2021). The Appellate Division also explicitly rejected the argument that the state Public Health Law preempted the Commissioner's authority to issue a vaccine mandate applicable to adults. See C.F. v. New York City Dept. of Health & Mental Hygiene, 191 A.D.3d 52, 67 (2d Dep't 2020); see also Marciano v. De Blasio, 2022 U.S. Dist. LEXIS 41151, at *21 (S.D.N.Y. 2022).

This Circuit has also already held that the Vaccine Mandates do not violate due process rights or the Establishment Clause. See Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. 2022); Marciano v. De Blasio, 589 F. Supp. 3d 423 (S.D.N.Y. 2022); Honorable Kiyo A. Matsumoto's Memorandum and Order in Broecker, et. al. v. N.Y. City Dep't. of Educ., No. 21-CV-6387, ECF Dkt. No. 143, filed March 30, 2023; Honorable Kiyo A. Matsumoto's Memorandum and Order in Garland, et. al. v. N.Y. City Fire Dep't., No. 21-CV-6586, ECF Dkt. No. 87, filed March 30, 2023; Marciano v. De Blasio, 2022 U.S. Dist. LEXIS 41151, at *21 (S.D.N.Y. 2022).

It is well settled that there is no private right under the Occupational Safety Health Act ("OSHA") or the Supremacy Clause. See 29 U.S.C. § 653(b)(4); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063, at *12 (S.D.N.Y. 2022) (OSHA); Armstrong v Exceptional Child Ctr., Inc., 575 U.S. 320, 324-325 (2015) (Supremacy Clause); Women of Color For Equal Justice Plaintiffs v City of N.Y. Defendants, 2022 U.S. Dist. LEXIS 207164 (E.D.N.Y. 2022) (denying request to stay pending appeal); Women of Color For Equal Just. V. City of N.Y., 2022 U.S. Dist. LEXIS 209651, at *5 (E.D.N.Y. 2022) (denying preliminary injunction). Plaintiffs cannot bring a claim of retaliatory discharge under OSHA. The text of Section 660(c)(2) makes clear that the Secretary of Labor has the sole right to file unlawful discharge complaints.

For the reasons explained in Defendants' prior filings, Jacobson remains good law. See ECF Dkt. Nos. 51, 56 citing We the Patriots, 17 F.4th at 293, n.35 ("This Court cannot find an overriding privacy right when doing so would conflict with Jacobson [which] for over 100 years [] has stood firmly for the proposition that the urgent public health needs of the community can outweigh the rights of an individual to refuse vaccination."); Leb. Val. Auto Racing Corp. v. Cuomo, 478 F. Supp. 3d 389, 396 (N.D.N.Y. 2020) ("Jacobson has been called 'the controlling Supreme Court precedent that squarely governs judicial review of rights-challenges to emergency public health measures.'") (collecting cases).

Furthermore, it is well-established that punitive damages cannot be sought against the City or its agencies. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 261, 271 (1981).

- 3 -

For the reasons explained in Defendants' response to the Court's order to show cause (ECF Dkt. No. 51), the City's longstanding policies govern reinstatement of former employees. Furthermore, Plaintiffs concede in their Third Amended Complaint that many of them remain employed.

Finally, Plaintiffs purported challenge to the defunct vaccine mandate for private employers fails because none the named Plaintiffs are private employees and so have no standing to challenge the defunct vaccine mandates for private employers.

Thus, Defendants respectfully request that the Court deny Plaintiffs' request to file a motion for summary judgment and deny Plaintiffs' request for additional pages.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen_____
Elisheva L. Rosen
Assistant Corporation Counsel

cc:  **Jo Saint-George** (by ECF)
Women of Color For Equal Justice
Attorney for Plaintiffs
Maryland 350 E. Diamond Ave.
Suite 4077 Ste Unit 4205
Gaithersburg, MD 20877
602-326-8663
jo@woc4equaljustice.org

**Honorable Lois Bloom** (by ECF)
United States Magistrate Judge