UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

WOMEN OF COLOR FOR EQUAL JUSTICE, et al. and
on behalf of similarly situated individuals,

                            Plaintiffs,

                            v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS,
COMISSIONER ASHWIN VASAN, MD, PHD,
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
AND DEPARTMENT OF EDUCATION AND DOES 1-20

                            Defendants
_____

**PLAINTIFFS' NOTICE OF MOTION FOR RULE 60(B)(3) SET- ASIDE OF ORDER**

**REQUEST FOR EXPEDITED ORAL ARGUMENT & RULINGS**

INDEX No.: 1:22-cv-02234

TO: Elisheva L. Rosen
      Assistant Corporation Counsel Office of
      Hon. Sylvia O. Hinds-Radix
      The City of New York Law Department
      100 Church Street
      New York, New York 10007
      Phone: (212) 356-3522
      E-mail: erosen@law.nyc.gov

      PLEASE TAKE NOTICE that on the 24th day of August, 2023, Counsel for Plaintiffs filed a Motion for Rule 60(b)(3) To Set Aside November 18, 2022 Order regarding submission of false statements of law and fact to the Court contained in the Defendants' Opposition to Plaintiffs Motion for Preliminary Injunction and request for expedited scheduling for oral argument on this motion and Plaintiffs Rule 11 Sanctions motion and ruling with findings of fact and conclusion of law, if possible before **September 8, 2023 when NY City School starts**.

                                                RESPECTFULLY SUBMITTED,

DATE: August 24, 2023                        By: /s/ *Jo Saint-George*
                                                Jo Saint-George
                                              Women of Color for Equal Justice
                                              14216 Dunwood Valley Dr
                                              Bowie MD 20721-1246
                                              Email: jo@woc4equaljustice.org

CERTIFICATE OF SERVICE

I declare under penalty of perjury that on August, 24, 2023 I served the foregoing Notice of Filing of Plaintiffs Memorandum of Law for Rule 60(b)(3) Request to Set-Aside the November 18, 2022 Order on Defendants Attorney Elisha L. Rosen by electronic mail and U.S. mail, and City mail portal to:

Elisheva L. Rosen
Assistant Corporation Counsel Office
of Hon. Sylvia O. Hinds-Radix
The City of New York Law
Department 100 Church Street
New York, New York 10007
Phone: (212) 356-3522
E-mail: erosen@law.nyc.gov

Dated: _____8-24-2023_____        By: /s/    *Jo Saint-George*
                                                                                                 Jo Saint-George

Case 1:22-cv-02234-EK-LB   Document 74   Filed 08/24/23   Page 3 of 17 PageID #: 3936

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

WOMEN OF COLOR FOR EQUAL JUSTICE, et al.

                 Plaintiffs,

     v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

                 Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

_____

# MEMORANDUM OF LAW
# IN SUPPORT OF PLAINTIFFS MOTION FOR RULE 60(d)(3) TO VACATE OF ORDER FOR MISREPRESENTATION MISCONDUCT

# EXPEDITED ORAL ARGUMENT & RULING REQUESTED

Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 301-447-3600

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552

*Attorneys for Women of Color for Equal Justice Plaintiffs*

## TABLE OF CONTENT

I.     PRELIMINARY STATEMENT…………………………………………….....1

II    STANDARD OF REVIEW FOR LAWYER MISCONDUCT MEETS
      CLEAR & CONVINCING STANDARD FOR RULE 60(B)(3) …………………..6

III   ARGUMENT SUMMARY……………………………………………………7

    A.  200 Cases Provide Clear & Convincing Evidence of Misrepresentation
        of the law…………………………………………………………………….8

    B.  The Cities Interpretation Renders the OSHA Statute Section 20(a)(5)
        Meaningless ………………………………………………………………9

IV    CONCLUSION……………………………………………………………….10

TABLE OF AUTHORITIES

Statutes

OSHA 29 U.S.C. §660 Section 11(c)(1) & (2) ............................................................ 1,8,9

OSHA 29 U.S.C. §669 Section 20(a)(5) ..................................................................... 1,8,9

OSHA 29 U.S.C. §658 (a) Section 7,8,9 ......................................................................... 8

OSH Act in 1970 .............................................................................................................. 8

Rules

Fed.R.Civ.Pro Rule 11 ..................................................................................................... 5

Rule 60(b)(3) ......................................................................................................... 2,3,4,5,6

United States Supreme Court Cases

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 249-50, 64 S.Ct. 997, (1944)……2

*Jacobson v. Massachusetts*, 197 U.S. 11 (1905) ..................................................... 3,9,10

*Roman Catholic Diocese of Brooklyn, NY, v. Gov. Cuomo*, 592 U. S. (2020)……………………3

*United States v. Alpers*, 338 U.S. 680, 682, (1950) ........................................................ 9

*City of Milwaukee v.* Illinois and Michigan, 451 U.S. 304, 305 (1981)……………………………10

Federal Court Cases

*Bradley v. Sunbeam Corporation*, Civil Action No. 5:99CV144  (N.D. W.Va. 2003)…………..4

*Cobell v. Norton* CV 96-1285 (D. D.C. 2006)………………………………………………….4

*Collie v. Kendall, Civ. 3:98-CV-1678-G, 1999 U.S. Dist. LEXIS 10435 (N.D. Tex. July 6, 1999)* 7

*Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063 (S.D.N.Y. Jan. 28, 2022)* .................................. 8

Federal Court of Appeals

*Brubaker v. City of Richmond* , 943 F.2d 1363, 1385 (4th Cir. 1991) ........................................... 6

*Bradley v. Sunbeam Corporation*, Civil Action No. 5:99CV144 (N.D. W.Va. 2003)……………

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2nd Cir. 1990)………………………………..2

*Fife v. Hensley* (5th Cir. 2012) ………………………………………………………………..2

*Goodheart Clothing Co., Inc. v. Laura Goodman Enterprise, Inc. 962 F.2d 268 (2nd Cir. 1992)*..9

*Donovan v. Occupational Safety & Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983)……………8

*Hernandez v. Joliet Police Dep't*, 197 F.3d 256 (7th Cir. 1999)……………………………………7

*Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir.1975)………………………………………...3

*Leber-Krebs, Inc. v. Capitol Records*, 779 F.2d 895, 899 (2nd Cir. 1985)………………………2

*Norelus v. Denny's Inc.*, 628 F.3d 1270 (11th Cir. 2010)…………………………………………5

*Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030 (8th Cir. 2003).................................... 7

*U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988)……………………………………………………..6

*Van Hoven v. Buckles & Buckles, P. L.C.,* 947 F.3d 889 (6th Cir. 2020)………………………...6

*Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269 (2nd Cir. 1966)………………2

*Williams v United States*  (Fed Cir. 2011)……………….…………………………………...……2

*Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)……………………….2

I.  **PRELIMINARY STATEMENT**

Plaintiffs individually and as a proposed class (Plaintiffs) has brought this lawsuit against the City of New York, including all its agencies, and against the New York City Department of Education as a separate legal entity (collectively hereinafter the City) for the City's violation of Plaintiffs inherent fundamental right to refuse and choose their own medical treatment on religious and non-religious grounds protected by the Constitution's First Amendment Free Exercise Clause, the Substantive Process Clause of the Fourteenth Amendment and further protected by the federal OSH Act. The OSH Act expressly provides at 29 U.S.C. §669 Section 20(a)(5) that all employees the right to: 1) refuse medical treatments, medical exams, and immunizations/vaccine based on religious grounds; 2) obtain an automatic exemption from any requirement to submit to medical treatments, medical exams or immunizations, and 3) be free from wrongful discharge for exercising the aforementioned statutory OSH Act rights pursuant to 29 U.S.C. §660 Section 11(c)(1).  Plaintiffs maintain this private right of action pursuant to 29 U.S.C. §660 Section 11(c)(2) of the OSH Act and/or pursuant to 42 U.S.C. Section 1983, which provides a remedial remedy for violations by state or local government officials of the Constitution and laws, which in this case is the OSH Act.

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that a party to an action may by motion seek to vacate a "final order" on the grounds of ……… fraud, misrepresentation, or misconduct of an adverse party, within one year of the entry of a final judgment. Plaintiffs hereby requests the Court to vacate its final order of November 18, 2022 denying Plaintiffs injunctive relief based on the misrepresentation misconduct by the City of New York's (City) counsel in its opposing motion against Plaintiffs Motion for Preliminary Injunction. See Opposition ECF#25

1

A party seeking to set aside a <u>final order</u> is required to show by "clear and convincing evidence" that a defendant committed fraud, misrepresentation or misconduct to warrant relief under Rule 60(b)(3). *Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269 (2nd Cir. 1966) Evidence of "extraordinary circumstances" "which seriously affects the integrity of the normal process of adjudication" is <u>not</u> required when a litigant does not seek to set-aside a final judgement as "fraud on the court" at the end of litigation in a separate action pursuant to Fed.R.Civ.P. 60(d). See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 249-50, 64 S.Ct. 997, (1944).[1]  Rule 60(b)(3) motions may be brought during the course of litigation to prevent the ultimate harm from the misconduct by an opposing counsel. See *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2nd Cir. 1990)

This Rule 6(b)(3) motion is necessary in this case because the City's response to Plaintiff Rule 11 motion made clear that the City did in fact make material misrepresentations of law claims regarding whether Plaintiffs can maintain a "private right of action under the OSH Act" that this Court relied upon to wrongly deny Plaintiffs preliminary injunction relief.  The fact that the City not only failed to provide any evidence that their "legal claim" was true, coupled with the City's argument that this Court's holding in the Order - that Plaintiffs do not have a private right action under OSHA  - establishes the "controlling law" of this case, is evidence that it is imperative that this Court should not only set an expedited hearing on this and the Rule 11 motion, but should also vacate the November 18, 2022 Order.

---

[1] See also Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895, 899 (2nd Cir. 1985)The standard for fraud on the court in the context of the court exercising its inherent powers under the principles of *Hazel- Atlas Glass* is higher and distinct from the more general standard for fraud under FED.R.CIV.P. 60(b)(3). See also generally *Bell v. Carlson* (2nd Cir. 2021) (held: "The district court then denied the motion because Bell had not shown by clear and convincing evidence that the defendants committed fraud, misrepresentation, or other misconduct, as necessary to warrant relief under Rule 60(b)(3), and had not demonstrated extraordinary circumstances warranting relief under Rule 60(d)(6)." See also *Williams v United States*  (Fed Cir. 2011) (held Rule 60(d) motions requires evidence of "fraud on the court" the type that " requires a higher level of misconduct, such as 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision'. See *Fife v. Hensley* (5th Cir. 2012) citing *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (citation omitted)... Rule 60(d)(3) is…. only the most egregious misconduct…. will constitute fraud on the Court."

2

This motion is **not a rehash** of the issue because the issue was "never hashed" or even discussed appropriately before this Court in any oral argument on Plaintiffs emergency motion for preliminary injunctive relief (which oral arguments are generally provided for emergency motions for injunctive relief). The Judicial Canon 3(a)(1) & (4) admonishes judges to provide the right for litigants to be heard - including orally - to "avoid the appearance of impropriety."

It is important to note that this Eastern District Court and the U.S. Supreme Court in the *Roman Catholic Diocese of Brooklyn, NY, v. Gov. Cuomo*, 592 U. S. ____ (2020) (20-cv-04484 Eastern Dist. NY) did not dismiss the Roman Catholic Church's request for injunctive relief based on a lack of an expressed private right of action for the church and its members under its Section 1983 First Amendment Free Exercise claim. The Catholic church did not allege in conjunction with its First Amendment Constitutional claim a federal statutory violation that contained a separate private right of action for the church or its members. Plaintiffs in this case have also brought in their individual capacity a Section 1983 First Amendment Free Exercise Clause and substantive due process claims along with their OSH Act claim for which a private right of action for Plaintiffs does exists. Yet, this Court still denied Plaintiffs preliminary injunctive relief based on the false legal claim by the City that injunctive relief could be denied because there is no separate private right of action under OSHA, which was patently untrue.

Because this "district court bears the responsibility for the supervision of the members of its bar," and has "wide discretion to maintain **proper discipline**" See *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir.1975), Plaintiffs, therefore, humbly and respectfully requests -

3

consistent with Judicial Canon 2A[2] and Canon 3A(2) & 4[3] read in conjunction with this Courts Local Rule III(E)- that the Court prioritizes the scheduling of an expedited oral argument and ruling on this Rule 60(b)(3) Motion and Plaintiffs Rule 11 Sanction Motion so that oral argument and a ruling occur <u>before</u> this Court provides oral argument and a ruling on the City's pending Motion to Dismiss.

Judicial Canon 3B(6) also admonishes that a "judge should take <u>appropriate action</u> upon receipt of reliable information indicating the likelihood ……that a lawyer violated applicable rules of professional conduct." See *Cobell v. Norton* CV 96-1285 (D. D.C. 2006)[4] see also *Bradley v. Sunbeam Corporation*, Civil Action No. 5:99CV144 (N.D. W.Va. 2003) This Rule 60(b)(3) motion along with Plaintiffs Rule 11 provides "clear and convincing evidence" that the City has made two fraudulent legal claims in its Opposition to Plaintiffs Motion for Injunctive Relief. Despite having been given 60 days to recant their fraudulent misrepresentation of law during the Rule 11 "safe harbor" period, the City repeated its false legal claim in its response to the Rule 11 motion without shame. The City did not simply provide an "alternative interpretation" of the law, the City flat out claimed there is no private right of action for Plaintiffs under OSHA.

This proposed bifurcation of the fraudulent legal issues from the true legal and factual claims that "may" have merit in the City's Motion to Dismiss, is the only appropriate mechanism

---

[2] Canon 2A Commentary: An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. "A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen"

[3] Canon 3A(2) states: A judge should <u>hear and decide matters assigned</u>, unless disqualified, and should maintain order and decorum in all judicial proceedings. Canon 2A(4) states "A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the <u>full right to be heard</u>…

[4] The D.C. Circuit court swiftly made a ruling of lawyer misconduct in Cobell v. Norton (D. D.C. 2006) holding that the "Canon 3B(3) of the Code of Conduct for United States Judges directs this Court to "initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer" (emphasis added). In its December 23 opinion, the Court determined that reliable evidence existed "indicat[ing] that defense counsel's participation in the efforts to produce the statements of account constituted a violation of Rule 4.2(a)." Mem. and Order dated Dec. 23, 2002, at 17. Cobell v. Norton (D. D.C. 2006)

that will avoid, as the Judicial Canons 2 and 3 requires, any "appearance of impropriety" by the Court that will not "erode public confidence" in the Court's ability to provide unbiased rulings in this case that presents for the first time constitutional and federal statutory claims of great importance to thousands of similarly situated citizens.

      Plaintiffs are deeply concerned by this Court's decision, during the August 16, 2022 hearing See Transcript in <u>Exhibit 1</u>, to refuse oral argument on Plaintiffs extremely important Rule 11 motion and on the City's pending dispositive Motion to Dismiss. This Court has not afforded Plaintiffs the right to be heard in oral argument on any of their motions filed in this case since the Complaint was first filed over a year ago. Plaintiffs now have legitimate concern that this Court may again make the same error that occurred in the November 18, 2022 Order in the face of "clear and convincing evidence" that the City has made fraudulent legal claims relied upon by this Court. This Court should not allow the City to benefit from procedural "gotcha" by not allowing an expedited oral argument and findings of fact and conclusion of law decision on this motion and the Rule 11 before and any ruling on the Motion to Dismiss. See *Norelus v. Denny's Inc.*, 628 F.3d 1270 (11th Cir. 2010) (Held:"We give district courts latitude in in exercising their authority to manage litigation instead of looking for a chance to say "gotcha" procedurally.)

      Plaintiffs have provided this Court with over 200 cases and other evidence to support their claim that the City has clearly misrepresented a dispositive legal claim in its opposition motion to preclude injunctive relief (which is not flimsy evidence that remotely sounds frivolous). Therefore, setting an expedited oral argument on Plaintiffs very important pending misconduct motions first – to extricate the true legal issues from the false- is the only means that Plaintiffs will be guaranteed the "full right to be heard" as directed by Judicial Canon 3A(2)

5

& (3), which Cannons are specifically aimed at assisting judges with avoiding the appearance of impropriety.

Finally, Plaintiffs Rule 60(b)(3) motion, along with the Rule 11 Motion, have been filed to meet Plaintiffs' Counsel of record compliance with the New York Rules of Professional Conduct Rule 3.3(b), which requires a "lawyer who represents a client before a tribunal and who knows that a person …..is engaging or has engaged in …fraudulent conduct related to the proceeding shall take reasonable remedial measures, including… disclosure to the tribunal." See Grievance Committee of U.S. Dist. Court, Dist. of Connecticut, In re, 847 F.2d 57 (2nd Cir. 1988)

## II  STANDARD OF REVIEW FOR LAWYER MISCONDUCT MEETS CLEAR & CONVINCING STANDARD FOR RULE 60(B)(3) SET ASIDE

Rule 60(b)(3) permits this Court to set-aside a final order based on clear and convincing evidence of "misrepresentation," which includes false statements of law made to the tribunal by a lawyer in violation of the New York Rules of Professional Conduct Rule 3.3. The New York Rules of Professional Conduct further states that "legal argument <u>based on a knowingly false representation of law constitutes dishonesty toward the tribunal</u>. A tribunal that is fully informed on the applicable law is better able to make a fair and accurate determination of the matter before it." Rule 3.3 - Page 142[5]

The First Circuit held in *U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988) that:

> **There is no right to advocate untruth**…..

---

[5] New State Bar NY Rules of Professional Conduct - https://www.nycourts.gov/ad3/AGC/Forms/Rules/Rules%20of%20Professional%20Conduct%2022NYCRR%20Part%201200.pdf

The Sixth Circuit held in *Van Hoven v. Buckles & Buckles, P. L.C.,* 947 F.3d 889 (6th Cir. 2020) that a misrepresentation of the law is established when "**the legal contention was objectively baseless at the time it was made, making it "legally indefensible,"** or **"groundless in law**," *Brubaker v. City of Richmond* , 943 F.2d 1363, 1385 (4th Cir. 1991). The Fourth Circuit in the *Brubaker* when on to state that:

> **Rule 11 does not permit a plaintiff to avoid sanctions merely because the opposing party or the judge might not immediately recognize that the assertion is groundless.**

Likewise, pleadings or motions have been held to be unwarranted by existing law if contrary to settled precedent. See *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032-33 (8th Cir. 2003) (remanding for imposition of sanctions where "[g]iven the well-settled law of res judicata under the circumstances," counsel should have known second lawsuit was barred); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264-65 (7th Cir. 1999) (affirming Rule 11 sanctions where plaintiff's attorney overlooked defendant's "obvious" 11th Amendment defense and failed to voluntarily dismiss defendant after it was brought to his attention).

It is well settled law that the "making of a false statement of law or fact is …. reprehensible" and should be sanctioned, or in this case the November 18, 2022 Order should be vacated by this Court. False statements of law in pleadings to the court that are "utterly unsupportable" to the extent that all the law on the subject goes against a claimed statement of law also warrants imposition sanctions, including a set aside of an order that relied on the false statement of law. See Collie v. Kendall, Civ. 3:98-CV-1678-G, 1999 U.S. Dist. LEXIS 10435, at 8-10 (N.D. Tex. July 6, 1999)

**III  ARGUMENT**

Rather than rehash the facts and arguments of Plaintiffs Rule 11 motion, which are hereby incorporated herein by this reference, this motion will simply summarize the key "clear and convincing" evidence that warrants a set aside of the November 18, 2022 denial of Plaintiffs request for preliminary injunctive relief, which is appropriate since this motion has been brought within the 1 year limitations period.

 On September 23, 2022, the City filed a responsive motion in opposition to Plaintiffs Motion for Preliminary Injunctive Relief– see ECF #25 and made the following false statement of law on Page 13:

> As an initial matter, **it is well established that there is no private right of action** under the Occupational Safety Heath Act ("OSH Act"). See 29 U.S.C. § 653(b)(4); Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063, at *12 (S.D.N.Y. Jan. 28, 2022) (citing Donovan v. Occupational Safety & Rev. Comm'n, 713 F.2d 918, 926 (2d Cir. 1983**)). For this reason alone**, the Court must reject Plaintiffs' preemption argument.

Plaintiffs Rule 11 Motion provides a detailed legal analysis as to why the above legal claim by the City is patently false. See ECF #64-1  To summarize, the City's statement of law is false for the following reasons:

1. Of the 200+ cases (provided by Plaintiffs with the Rule 11 Motion and included herein as Exhibit 2) that have addressed whether a private right of action exists under the OSH Act, not one court has to addressed the question of whether an employee could maintain a wrongful discharge claim pursuant to 29 U.S.C. §660 Section 11(c)(2) directly in federal court when an employer wrongly discharges an employee in violation of Section 11(c)(1) for exercising their right to refuse a medical treatment or immunization pursuant to Section 20(a)(5).

2. All 200 cases have only held that a private right of action does not exist under OSHA for either 1) personal injury claims caused by an employer's violation of OSHA regulations, or 2) for wrongful discharge of an employee whistle blower who has reported an employer's OSHA regulation violation.

3. Nothing in Section 11(c)(1) or (2) of the OSH Act requires Plaintiff to exhaust any administrative remedies with the Secretary of OSHA. The statute says that employees "may" not "shall" file a complaint with the Secretary of OSHA.

4. Notwithstanding, this reasonable statutory interpretation of Section 11(c)(2), Plaintiffs cannot exhaust any administrative procedure with the Secretary of OSHA because the Secretary does not have authority to enforce or sanction violations of Section 20(a)(5). Section 8, 9, and 10 of the OSHA Act only permits the Secretary to inspect, enforce and sanction violations of regulations or standards and not statutory provisions like Section 20(a)(5). See OSH Act as <u>Exhibit 3</u>

5. The City's interpretation that the OSHA Act does not provide Plaintiffs a private right of action would render the First Free Exercise right protected by Section 20(a)(5)[6] of the OSH Act meaningless, which is contrary to the rules of federal statutory interpretation. See *United States v. Alpers*, 338 U.S. 680, 682, (1950)

Since the clear and convincing evidence proves that a private right of action exists for Plaintiffs under the OSH Act, Plaintiffs are entitled to have the November 18, 2022 Order set-aside and preliminary injunctive relief granted as proposed by Plaintiffs. Furthermore, the City made an additional false representation of law in their Response to Plaintiffs Motion for injunctive relief as follows:

> (4) the Substantive Due Process claim fails because "[b]oth [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution **embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional**", id. at *31-32 (quoting We The Patriots USA, 17 F.4th 266, 293 (2d Cir. 2021)) (Emphasis added)

Neither the Second Circuit in the "*We The Patriots USA*" case nor the U.S. Supreme Court has ever held that "vaccine mandates" are constitutional based on the Fourteenth Amendment Substantive Due Process Clause. In the "*We The Patriots*"[7] case, the Second Circuit only ruled on "Title VII claims" on a preliminary injunction and decided whether a lack of a

---

[6] Section 20(a)(5) states as follows: "Nothing in this or any other provision of this Act shall be deemed to authorize or require medical examination, immunization, or treatment for those who object thereto on religious grounds…."

[7] It is important to note that the "We The Patriots USA" organizational standing was never challenged by the court nor the defendants in that case like the Women of Color for Equal Justice organizational standing has been challenged by the City and questioned by this Court, which issue is not dispositive on the main legal issue of the City's material misrepresentations of the law nor has any impact on the merits of the case.

9

religious exemption provision in the New York State 2021 vaccine mandate for healthcare workers violated Title VII. That decision did not address the merits of the case and does not set precedent. See *Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc*., 962 F.2d 268 (2nd Cir. 1992)

Moreover, Plaintiffs in the *We The Patriots USA* case never argued that the U.S. Supreme Court decision in *Jacobson v. Massachusetts,* 197 U.S. 11 (1905) was overruled by federal statute specifically by the OSH Act and neither did the plaintiffs in that case argue that the Court's declaration that every citizen has the fundamental right to refuse medical treatment (a.k.a. "Medical Freedom")[8] was subject to strict scrutiny review when infringed by a government ordinance, which Plaintiffs have argued in this case.

Lastly, the U.S. Supreme Court in *Jacobson v. Massachusetts, 197 U.S. 11, 26 (1905)* only held that a citizen's fundamental right to Medical Freedom was subject only to generally applicable criminal laws under the 10th Amendment, which reserves the right for states to promulgate generally applicable criminal laws and not non-criminal ordinances like the City's Vaccine Orders which would be subject to strict scrutiny and found unconstitutional because the City does not have any compelling interest for enforcing orders that violate the federal OSH Act. Moreover, the *Jacobson* court expressly held that every citizen has the fundamental right under the Constitution to medical freedom when it held as follow:

> "the inherent right of every freeman to care for his own body and health in such way as to him seems best……the liberty secured by the Constitution of the United States to every person within its jurisdiction……." *Jacobson* at 26

The *Jacobson* decision is no longer controlling law regarding "compulsory vaccines" because the decision has been overruled by federal statutes, specifically the OSH Act, and

10

because there is not one state, including New York, that criminalizes the right to refuse medical treatments. See *City of Milwaukee v*. Illinois and Michigan, 451 U.S. 304, 305 (1981) citing *Illinois v. Milwaukee*, 406 U.S. 91, 107 (1972). In summary, the above legal claim by the City is also unsupported by any law and is a misrepresentation of the holdings in both of those cases.

**IV    CONCLUSION**

Based on the clear and convincing evidence provided in this Motion that the City made material misrepresentations of the law to this Court, Plaintiffs respectfully requests this Court to set an expedited date[9] for oral argument on this and the Rule 11 Motion and if possible schedule oral arguments on the Motion to Dismiss subsequently and provide an expeditated ruling that provides findings of fact and conclusion of law regarding the City's misconduct. Plaintiffs' further requests that this Court therefore, immediately vacate the November 18, 2022 order, grant Plaintiffs preliminary injunction and then rule on the Motion to Dismiss separately with findings of facts and conclusions of law.

Dated: August 18, 2023                                    Respectfully submitted,

                                                          /s/ *Jo Saint-George*
                                                          _____
                                                          Jo Saint-George, Esq.
                                                          14216 Dunwood Valley Dr
                                                          Bowie MD 20721-1246
                                                          Email: jo@woc4equaljustice.org
                                                          Counsel for Plaintiffs

---

[9] Teacher Plaintiffs request that the hearing occur within the next week so that they can start back teaching for the fall semester that starts soon.

11