# EXIBIT #2

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | Case Name | Factual Allegations | Court |
|---|---|---|---|
| 1. | Mills v. Hastings Utils. Mills v. Hastings Utils. (D. Neb. 2019) (D. Neb. 2019) | "Mills alleges, because in November 2014, Mills reported the existence of several safety violations to the Occupational Safety and Health Administration (OSHA), Hastings Utilities unlawfully retaliated against him in violation of OSHA and the Nebraska Fair Employment Practice Act..." Mills v. Hastings Utils. (D. Neb. 2019). Filing 1-1 at 3." Mills v. Hastings Utils. (D. Neb. 2019) | D. Neb |
| 2. | Lopez-Ramos v. Cemex de P.R., Inc. (D. P.R. 2020) | "Mr. López-Ramos' work consisted of removing the tank's old steel plates and replacing them with new ones. Id. ¶ 12. An incident occurred where three (3) steel plates detached and fell but did not injure the workers." Lopez-Ramos v. Cemex de P.R., Inc. (D. P.R. 2020) "in January 26, 2018, Mr. López-Ramos filed a complaint under the Mine Act  and OSHA before the U.S. Department of Labor." Lopez-Ramos v. Cemex de P.R., Inc. (D. P.R. 2020) | D.P.R. |
| 3. | Kozar v. AT & T, 923 F. Supp. 67 (D. N.J. 1996) | Her eye irritation was caused by "airborne irritants, most likely from the construction at the work place." Complaint ¶ 13. As a result, "plaintiff telephoned the area office of the Occupational Safety and Health Administration of the United States Department of Labor ... and filed an Informal Inspection Complaint." Complaint ¶ 17. Plaintiff further contends that she was harassed and threatened after she requested a "hazardous chemical" list from her employer. Complaint ¶ 16. According to Plaintiff, she was terminated from her employment shortly thereafter "on the false pretext that she was guilty of falsifications of records in violation of the company's ethics code."... Kozar v. AT &amp; T, 923 F. Supp. 67 (D. N.J. 1996) | D. N.J. |
| 4. | Gomez v. Wilson (D. Neb. 2013) | Claim - "OSHA failed to adequately investigate violations of OSHA regulations as barred under the FTCA's discretionary function exception)." Gomez  v.  Wilson (D. Neb. 2013) | |
| 5. | Haddix v. CentraSol, LLC (N.D. Tex. 2021) | Haddix contends that: "Defendant again fails to deny that threats of physical violence by a Centrasol employee occurred and the Defendant failed to take any corrective actions"; "[t]he current OSHA laws are poorly written[, ] . . . fail to protect employees from dishonest and unethical employers, " "allow[ ] for discrimination[, ] . . . racial bias, " and "an employer to terminate an employee for dishonest reasons to avoid reporting safety violations"; and "[t]he Department of Labor and Secretary of Labor have failed to recognize to [sic] necessity to correct the errors in the OSHA laws in their current form."... Haddix v. CentraSol, LLC (N.D. Tex. 2021) | N.D. Tex |
| 6. | Pardo v. Securitas (E.D. N.Y. 2013) | "Pardo alleges the following: I was wrongfully and illegally terminated for complaining to the union about OSHA and other violations. Therefore, my employer (Securitas) fired me on bogus charges of insubordination for listening to electronic devices." Pardo v. Securitas (E.D. N.Y. 2013) | E.D. N.Y. |
| 7. | Alexandria Div. Kenneth Hinton v. New Hope Hous. Inc. (E.D. Va. 2011) | Hinton encountered the parasitic insects commonly known as "bedbugs." (Compl. ¶ 9.) Defendant subsequently filed complaints regarding safety and health hazards with various county, state and federal agencies. (Compl. ¶ 11.)    Plaintiff alleges that he was wrongfully terminated in retaliation for filing these complaints, and that Defendant thereby violated the anti-retaliation provisions of the Virginia Occupational Safety and Health laws ("VOSH"),... Alexandria  Div.  Kenneth  Hinton  v.  New Hope  Hous.  Inc. (E.D. Va. 2011) | |
| 8. | Holmes v. Schneider Power Corp., 628 F.Supp. 937 (E.D. Pa. 1986) | "Holmes filed a complaint with OSHA alleging that a retaliatory discharge had taken place because Holmes had complained to OSHA about welding fumes at the Beaver Valley Power | |

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Station project in Shippings-port where he had worked for defendant." Holmes v. Schneider Power Corp., 628 F.Supp. 937 (E.D. Pa. 1986) | |
| 9. | Walker v. Universal Health Servs. (D. S.C. 2022) | She seeks relief based upon Title VII for unequal terms and conditions of employment, termination, and retaliation based on her race (id. at 3, 5). She also alleges retaliation in violation of OSHA, and wrongful termination under unspecified state law (id. at 4). For relief, the plaintiff seeks money damages (id. Walker v. Universal Health Servs. (D. S.C. 2022) (No facts provided regarding OSHA)<br><br>"The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990)." Walker v. Universal Health Servs. (D. S.C. 2022) | |
| 10. | Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) | Assuming without deciding that St. Regis may have violated the requirements of OSHA and the regulations promulgated thereunder by the Secretary of Labor, we affirm the trial court's charge and hold that no cause of action for such violations can be implied under OSHA to run in favor of a person who was not an employee of the violator against whom recovery is sought.<br>Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975)<br><br>The provisions for the enforcement of OSHA and the ==regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute.==<br>See Martinez v. Behring's Bearings Service, Inc., 501 F.2d 104 (5th Cir. 1974); cf. Breitweiser v. KMS Industries, Inc., 467 F.2d 1391, 1394 (5th Cir. 1972), cert. denied, 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705 (1973).<br>Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975)<br>"Although the results are not yet conclusive as to the litigation of private claims spawned by this relatively new Act, the courts so far have been unanimous in their rejection of contentions similar to the one made by Jeter." Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975)<br>NOTE: Jeter points out that  "The Fourth Circuit has refused to imply an action against the employer itself, where state workmen's compensation was the exclusive remedy of the injured party. Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir. 1974)." Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) – ==Where there is a remedy there is no private right of action.==<br><br>Although the facts here do not call upon us to decide definitively whether OSHA may create a private right of action by an employee against his employer, we perceive no base upon which to posit a claim on behalf of Jeter, a nonemployee, against St. Regis. St. Regis owes no duty to Jeter under OSHA. There being no duty, there can be no breach. The district court was correct in not submitting this theory of action to the jury.<br>Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) | |

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 11. | Carson v. Willow Valley Cmtys. (E.D. Pa. 2018) | Carson handwrote a declaration stating that the Willow Valley Clubhouse did not display various labor law posters or maintain an OSHA 300 recordkeeping log and read this declaration out loud to Zerphey. Compl. ¶¶ 62-63, 65. Tracy became visibly angry and demanded, "Where are you going with all of this?" Compl. ¶ 66. When Carson stated that he could not sign something that was not true,2 Zerphey shouted "Charles, you are terminated." Compl. ¶ 67.<br>Carson v. Willow Valley Cmtys. (E.D. Pa. 2018) "arson contends that Willow Valley terminated him in retaliation for his OSHA complaints, ''mandatory reporting' of possible 'elderly abuse'' and unspecified 'help to Clubhouse dishwasher Mr. Jonathan Balueger' in drafting and filing a complaint with the EEOC and Pennsylvania Human Relations Commission. Compl. ¶¶ 72-74." Carson v. Willow Valley Cmtys. (E.D. Pa. 2018) | |
| 12. | Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995) | "OSHA regulations can never provide a basis for liability. Minichello, 756 F.2d at 29. The Act itself explicitly states that it is not intended to affect the civil standard of liability. 29 U.S.C. Sec. 653(b)(4). Plaintiffs have failed to establish a theory under which Chase owed a duty to Ellis, as, under Tennessee law, the defendant owed no duty to protect Ellis from an obvious and apparent danger.<br>Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995)<br>Instead of denying that they failed to comply with OSHA regulations or that they had an obligation to do so, defendants denied that they had an obligation to comply with OSHA regulations for the benefit of Ellis. In essence, defendants argued that, since Ellis was not their employee, he was not within the class of persons protected by the OSHA regulations. Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995) | |
| 13. | Fisher v. Stewart Ctr. (D. Nev. 2011) | Plaintiff asserts claims for relief for (1) negligence in instructing him on how to use sodium hydroxide in violation of NRS 41.130, (2) negligence in failing to provide him protective eye gear in violation of NRS 41.130, and (3) for a violation of the Occupational Safety and Health Act (hereinafter "OSHA").<br>Fisher v. Stewart Ctr. (D. Nev. 2011) | |
| 14. | Sanborn v. DentalOne Partners Inc. (S.D. Ohio 2018) | Plaintiff was responsible for the quality of staff and dental services. Plaintiff alleges that during her employment, she **observed violations of the Occupational Safety and Health Administration's ( "OSHA") laws and regulations** and also violations of the Health Insurance Portability and Accountability Act's ("HIPAA") patient privacy requirements. She further alleges that when she reported these violations to her supervisor, Defendant Overton, Defendants retaliated against her by taking a number of adverse actions and ultimately terminating her in April 2017.<br>Sanborn v. DentalOne Partners Inc. (S.D. Ohio 2018) | |
| 15. | Nasuti v. Kerry (D. Mass. 2016) | Nasuti alleges that the Secretary and the Department have failed to carry out their duties under certain federal laws to **provide adequate body armor to employees and visitors at United States embassies abroa**d. He also alleges misconduct in relation to the termination of his employment at the Department, as well as several claims under the Freedom of Information Act ("FOIA"). | |

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 16. | Baudison v. Walmart, Inc. (S.D. Ill. 2020) | Plaintiff also alleges that Walmart stacks and stores products in a manner that violates the requirements of the Occupational Safety and Health Administration ( "OSHA") (Doc. 21 at p. 13). Elaborating on her OSHA allegations, Plaintiff contends that employees of Walmart do not practice proper safety procedures when removing items from the top shelf (Id. Baudison v. Walmart, Inc. (S.D. Ill. 2020) | |
| 17. | Sorge v. Wright's Knitwear Corp., 832 F. Supp. 118 (E.D. Pa. 1993) | Ct Denied Defendants MTD – Found violation of public policy – by statute or constitution and that administrative remedies under state statute on exclusive.<br>Facts:<br>According to the complaint, High Voltage and Emerson supervised the electrical maintenance performed at Chrysler's plant at the time of the explosion. As grounds for the negligence claims, **the complaint alleged that the defendants each failed to comply with numerous safety measures and standards including t**he Occupational Safety and Health Act (" ;OSHA"), 29 U.S.C. § 653. The complaint also asserted a state law claim for loss of consortium by plaintiff Marie Stephens against each of the defendants.<br>Stephens v. High Voltage Maintenance Co., 323 F.Supp.2d 650 (E.D. Pa. 2004) | |
| 18. | Stephens v. High Voltage Maintenance Co., 323 F.Supp.2d 650 (E.D. Pa. 2004) | As grounds for the negligence claims, the complaint alleged that the defendants each failed **to comply with numerous safety measures and standards including the Occupational Safety and Health Act** (" ;OSHA"), 29 U.S.C. § 653. The complaint also asserted a state law claim for loss of consortium by plaintiff Marie Stephens against each of the defendants.<br>Stephens v. High Voltage Maintenance Co., 323 F.Supp.2d 650 (E.D. Pa. 2004) | |
| 19. | Dowdell v. Love's Travel Stop (W.D. Va. 2013) | Dowdell further **alleges that a pool of water extended six feet from the entrance to the regular shower, a**nd that there were "[n]o signs posted to alert [him] that this was a possible problem." (Id.)  Dowdell's amended complaint* appears to assert claims under four federal statutes: the Developmental Disabilities Assistance and Bill of Rights Act of 1990, 42 U.S.C. §§ 15001-15115; Page 2 the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678;... Dowdell v. Love's Travel Stop (W.D. Va. 2013) | |
| 20. | George v. Aztec Rental Center Inc., 763 F.2d 184 (5th Cir. 1985) | On November 21, 1984, defendant filed a motion for summary judgment, contending, inter alia, that shortly after plaintiff's discharge, which defendant contended was for inadequate performance on the job, **plaintiff filed a complaint with the Secretary of Labor pursuant to section 11**(c)(2) making the same complaint as made in this suit, namely, that his referenced discharge was in retaliation for previous OSHA complaints, contrary to section 11(c)(1); that in response the Department of Labor, on November 9, 1981, determined that the discharge was a retaliatory one contrary to section 11(c)(1) and recommended a settlement between the plaintiff, the defendant, a...<br>Note:  "In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.'...'"<br>George v. Aztec Rental Center Inc., 763 F.2d 184 (5th Cir. 1985) | |
| 21. | Goforth v. Nev. Power Co., 101 F.Supp.3d 975 (D. Nev. 2015) | "Plaintiffs allege that Defendants **violated several Occupational Safety and Health Administration ("OSHA") regulations."** Goforth v. Nev. Power Co., 101 F.Supp.3d 975 (D. Nev. 2015) | |

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 22. | Arya v. Ensil Technical Servs., Inc. (W.D. N.Y. 2012) | Plaintiff was employed by Ensil from November 1 through November 17, 2010. According to OSHA's written findings regarding Plaintiff's retaliation complaint, Plaintiff contacted the New York State Public Employee Safety and Health Bureau on November 5, 2010**, and complained that he was exposed to a spray coating without proper ventilation.** This information was forwarded to OSHA, which conducted an investigation on November 12 and November 17, 2010, Ensil was issued citations as a result of the OSHA investigation. Arya v. Ensil Technical Servs., Inc. (W.D.N.Y. 2012) | |
| 23. | Jacobsen v. N.Y.C. Health & Hosps. Corp. (S.D. N.Y. 2013) | Jacobsen also alleges violations of OSHA. First, he contends that, in violation of 29 U.S.C. § 654—which mandates that employers provide a place of employment free of hazards and comply with occupational safety and health standards—**HHC exposed him to hazardous dusts and asbestos each time he visited a construction site. Despite requesting necessary and proper equipment, Jacobsen claims that he was "never given more than a paper sheet mouth covering" to protect him from dust and asbestos**. Second, Jacobsen alleges a violation of 29 CFR § 1910.132(a), an occupational safety and health standard promulgated by the Department of Labor's Occupational Safety and Health Administration, which mandates that employers provide protective clothing and barriers "wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact." Again, Plaintiff contends that the lack of proper protective equipment contributed to his medical condition and violated Department of Labor standards. Jacobsen v. N.Y.C. Health & Hosps. Corp. (S.D. N.Y. 2013)<br><br>"Accordingly, as OSHA does not provide a private right of action for employees to bring claims in federal court based on **alleged violations of its provisions or associated regulations,** Plaintiff's OSHA claims must be dismissed." Jacobsen v. N.Y.C. Health & Hosps. Corp. (S.D. N.Y. 2013) | |
| 24. | Lynn v. Ballard Cnty. (W.D. Ky. 2016) | In her complaint, Lynn claims "Defendants terminated Ms. Lynn in violation of the public policy established by 803 KAR 2:307 § 2 and 29 C.F.R. § 1910.1030(d)." (Docket #1-2). The parties agree that the only reference to federal law, and thus the only possible basis for federal question jurisdiction, is Lynn's reference to 29 C.F.R. § 1910.1030(d). **This regulation is part of the Occupational Safety and Health Act ("OSHA").** Lynn v. Ballard Cnty. (W.D. Ky. 2016)  Cited - "Ellis v. Chase Commc'ns, Inc., 63 F.3d 473, 478 (6th Cir. 1995); Minichello v. U.S. Indus., Inc., 756 F.2d 26, 29 (6th Cir. 1985) ( **'OSHA regulations can never provide a basis for liability because Congress has specified that they should not')**." Lynn v. Ballard Cnty. (W.D. Ky. 2016) | |
| 25. | Kennard v. Louis Zimmer Communications, Inc., 632 F.Supp. 635 (E.D. Pa. 1986) | In June of 1983, she complained to defendant Zimmer regarding her medical problems related to the combination of chemical fumes and cigarette smoke present in her work area. As a result of this complaint, defendant Zimmer directed all employees to stop smoking on the premises and moved her work table from the rear of the office where the chemicals were used to the reception area in the front.     **On or about June 23, 1983, Tim Kennard, Maureen Kennard's husband, telephoned the Occupational Safety and Health Administration ("OSHA") and complained regarding the lack of ventilation at the business** | |

**EXHIBIT 2**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | **premises of the defendants**. …. ;OSHA prepared a formal complaint and sent it to the Kennard residence but Maureen Kennard elected not to file a formal written complaint. Kennard v. Louis Zimmer Communications, Inc., 632 F.Supp. 635 (E.D. Pa. 1986) | |
| 26. | Sheppard v. Ill. Cent. R.R. Co. (S.D. Ill. 2017) | "Before the Court are Defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Docs. 14, 27). Plaintiff filed responses in opposition (Docs. 24, 31). For the following reasons, the motions are DENIED." Sheppard v. Ill. Cent. R.R. Co. (S.D. Ill. 2017) "Plaintiff Michael Sheppard was formerly employed by Illinois Central Railroad Company as an Assistant Trainmaster. Sheppard **filed a complaint with the Occupation Safety and Health Administration ( 'OSHA') on March 4, 2016, alleging violations under the Federal Railroad Safety Act, 49 U.S.C. 20109 ('FRSA').**" Sheppard v. Ill. Cent. R.R. Co. (S.D. Ill. 2017) "OSHA never began an investigation into Sheppard's complaint. Accordingly, Defendants' motions are denied…" Sheppard v. Ill. Cent. R.R. Co. (S.D. Ill. 2017) | |
| 27. | Brooks v. Alcon (N.D. Tex. 2021) | Brooks filed her suit pursuant to "29 U.S.C. §661, Occupational Safety and Health Review Commission" and asserts no other basis for subject matter jurisdiction in this Court. Id. at 4. **She claims that working conditions at the Alcon facility injured her eyes and nose, specifically that the "affected area would turn from normal to a slightly darker shade 1" and that "[g]irly features would change from almond shape eyes to round."** Id. at 5. Brooks claims that these changes primarily occurred when she was working alone in the weigh and washroom. Id. at 8-9. She believes that exposure to a "negative environment" while working at Alcon for approximately seven months caused these changes. Brooks v. Alcon (N.D. Tex. 2021) cites - Evans v. Turner, 59 F.3d 1242 (5th Cir. 1995). "**The provisions for the enforcement of OSHA and the regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute.**" Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir. 1975). Brooks v. Alcon (N.D. Tex. 2021) | |
| 28. | Roman v. Tyco Simplex Grinnell (M.D. Fla. 2017) | Roman initiated this action on December 19, 2016. (Doc. # 1). In the original Complaint, Roman stated in full: **While working for Tyco Simplex Grinnell, I was harassed, eggs, mucus, grease or tar thrown on company van. Placed in unfair and unsafe work Conditions.** Causing me high blood pressure. All because an oral Contract was breached. Roman v. Tyco Simplex Grinnell (M.D. Fla. 2017) | |
| 29. | Baker v. Phillips (D. S.D. 2018) | "In support of his claims, plaintiff asserts the following facts. Defendants Brent Phillips and Lia Green manage a health care organization." Baker v. Phillips (D. S.D. 2018) "The defendants obstructed an OSHA inspection. Id. Plaintiff visited the OSHA Area District Office in Bismarck, North Dakota. Id. The complaint also includes legal conclusions regarding conspiracies to intentionally inflict emotional distress on plaintiff. Id." Baker v. Phillips (D. S.D. 2018) "The court dismisses plaintiff's OSHA claim because neither OSHA nor its **regulations 'independently create private rights of action** or impose alternative duties on | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | defendants.' Chew v. American Greetings Corp., 754 F.3d 632, 637 (8th Cir. 2014)..." Baker v. Phillips (D. S.D. 2018)<br><br>Also held: In some cases, "[**v]iolations of federal regulations may serve as evidence**, but unless clearly indicated by Congress, they do not 'independently create private rights of action' and therefore do not constitute a claim arising under the Constitution, law, or treaties of the United States." Johnson v. Stokes Contractor Servs., No. 4:14 CV 1052, 2014 WL 4450532, at *3 (E.D. Mo. Sept. 10, 2014) (quoting Chew, 754 F.3d at 637). The court grants defendants' motion to dismiss plaintiff's OSHA claim under Rule 12(b)(6).<br>Baker v. Phillips (D. S.D. 2018) | |
| 30. | Groth v. Taylor Cable Prods., Inc. (W.D. Mo. 2012) | **Groth complained to OSHA about the unsafe conditions in her walkway through the plant and the plant's lighting conditions.** Groth claims that OSHA mandated that Taylor Cable correct these issues, and that on September 12, 2011, Taylor Cable sent a letter to OSHA providing notice that all unsafe conditions had been corrected and referencing Groth in the letter. On September 13, 2011, Defendant terminated Plaintiff, and Groth alleges this termination was motivated by her complaint to OSHA.<br>Groth v. Taylor Cable Prods., Inc. (W.D. Mo. 2012) | |
| 31. | Arriwite v. SME Steel Contractors, Inc. (D. Idaho 2021) | Arriwite told SME that OSHA required compliance with the manufacture's warning labels, not the MSDS, and that—if necessary—he would report SME to OSHA for safety violations.<br><br>At the conclusion of the meeting, SME sent Arriwite home for the day. Arriwite immediately went to the Shoshone-Bannock Tribes' Tribal Employment Rights Office and informed the safety compliance officer that he would likely be terminated the following day. **He also created an OSHA report outlining SME's unsafe use of 70c wire and the attending unsafe working conditions. Arriwite sent the report to OSHA.**<br>Arriwite v. SME Steel Contractors, Inc. (D. Idaho 2021) | |
| 32. | Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985) | **He claimed that his injury was caused by the railroad's use of equipment in violation of OSHA regulations and that this constituted negligence per se.** He also claimed that under FELA a violation by the employer of a safety statute which leads to an injury eliminates the employer's defense of contributory negligence. 45 U.S.C. Sec. 53. The district court found that there was no relevan...<br>Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985) | |
| 33. | Oji v. PSC Environmental Management Inc., 771 F.Supp. 232 (N.D. Ill. 1991) | "In Count I of his complaint, Plaintiff alleges that Defendant terminated his employment **because he complained to his superiors that certain of Defendant's operations violated OSHA, a**nd/or because he refused to participate in Defendant's operations that violated OSHA." Oji v. PSC Environmental Management Inc., 771 F.Supp. 232 (N.D. Ill. 1991) | |
| 34. | Rosen v. Prince George's Bd. of Educ., 81 F.3d 151 (4th Cir. 1996) | In April 1993, Rosen was diagnosed with mesothelioma cancer of the lungs. She died in March 1994. **Appellants claimed that the conditions in the school violated the Occupational Safety and Health Act (OSHA)**, 29 U.S.C.A. §§ 651-678 (West 1985 & | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Supp.1995), and based their civil rights claim, 42 U.S.C. § 1983 (1988), on the alleged violations.<br>Rosen v. Prince George's Bd. of Educ., 81 F.3d 151 (4th Cir. 1996) | |
| 35. | Prince v. Electrolux Home Prods., Inc. (D. Minn. 2014) | The Arbitrator noted that Defendant relied on both the "last chance agreement" **and the alleged safety violation in discharging Plaintiff.** (Id. at 25.) The Arbitrator concluded, among other things, that:<br>**To the extent that [Plaintiff's] alleged violation here in issue was considered a health and safety violation**, the scheme of the contractual rules governing Major Offenses would not seem to justify discharge considering the alleged offense in isolation.<br>Prince v. Electrolux Home Prods., Inc. (D. Minn. 2014) | |
| 36. | Anderson v. Airco, Inc., C.A. No. 03-123-SLR (D. Del. 7/28/2003) (D. Del. 2003) | **"[t]he essence of each of plaintiffs' claims, no matter how framed, is the alleged failure to adequately warn of the health risks of workplace exposure to VCM**. . . . Workplace warnings relating to VCM are conclusively and exclusively governed by federal statute and comprehensive federal regulation promulgated by the Secretary of Labor under his delegated powers."1 (D.I. 1, ¶¶ 3, 4) Defendants argue that "[f]ederal law and federal regulation so completely occupy the field of occupational safety and health, as it pertains to plaintiffs' purported exposure to VCM, that plaintiffs' complaint, premised as it is on purported exposure to VCM, must be recharacterized as stating a federal cause of action."...<br>Anderson v. Airco, Inc., C.A. No. 03-123-SLR (D. Del. 7/28/2003) (D. Del. 2003) | |
| 37. | Horn v. CL Osborn Contracting Co., 423 F. Supp. 801 (M.D. Ga. 1976) | At all times mentioned herein the Plaintiff, Johnnie L. Horn, was an employee of Bama and was directly supervised by other employees of Bama and he was engaged in the laying of sewer pipe in an excavation or ditch. **While so employed he sustained personal injuries on two occasions. On July 2, 1974, while the Plaintiff was working in a ditch excavated to a depth of approximately 16 feet, the side or sides of the ditch caved in causing certain personal injuries.** Having recovered from...<br>Horn v. CL Osborn Contracting Co., 423 F. Supp. 801 (M.D. Ga. 1976) | |
| 38. | Clark v. Wells Fargo Bank (9th Cir. 2016) | "(plaintiff's 'vague allegations with no factual support that the defendants engaged in any of the requisite predicate crimes' were insufficient to survive a motion to dismiss)." Clark v. Wells Fargo Bank (9th Cir. 2016)  "The district court properly dismissed **Clark's allegations of OSHA violations because OSHA does not provide a private right of action**. See 29 U.S.C. § 653(b)(4)." Clark v. Wells Fargo Bank (9th Cir. 2016) | |
| 39. | Curry v. Emp'rs Preferred Ins. Co. (D. S.C. 2020) | Additionally, Plaintiff claims that his employer, **Defendant Sesame II, violated OSHA regulations by failing to train him on the proper use of the meat grinder in the first place. See id.; see also (ECF No. 1-1 at 3-6).** Plaintiff asserts that, as a result of all the defendants' actions, he has endured pain and suffering, lost wages, and incurred out-of-pocket medical expenses. (ECF Nos. 1 at 5; 1-1 at 4-7). Therefore, Plaintiff seeks a total award of $300,000.00 for both compensatory and punitive damages. No private right of action for personal injury<br>Curry v. Emp'rs Preferred Ins. Co. (D. S.C. 2020) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 40. | Cordeiro v. Brock, 698 F.Supp. 373 (D. Mass. 1988) | "The plaintiff asserts that as a result of the Occupational Safety and Health Administration's failure to inspect his work place properly **and its failure to enforce OSHA standards**, he now suffers from a disabling lung condition." Cordeiro v. Brock, 698 F.Supp. 373 (D. Mass. 1988) No private right of action for personal injury | |
| 41. | Basden v. AG Growth Int'l, Inc. (S.D. Ill. 2012) | "Basden did file an amended complaint (Doc. 35) on July 30, 2012, **alleging Occupational Safety and Health Administration ( 'OSHA') violations.**" Basden v. AG Growth Int'l, Inc. (S.D. Ill. 2012) | |
| 42. | McCarthy v. Bark Peking, 676 F.2d 42 (2nd Cir. 1982) RED FLAGGED | Plaintiff, an employee of the Museum, **sought damages and other relief as the result of his fall from a bosun's chair suspended by a gantline on the Bark Peking while the latter was berthed at the Museum,** the questions presented are (1) whether the district court correctly ruled that plaintiff was not engaged in "maritime employment" so as to bring him within the definition of an employee in § 2(3) of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 902(3) (1976); 2 and (2) whether the district court correctly ruled that plaintiff had forfeited his right to claim a wrongful discharge pursuant to § 11(c)(1) of the Occupational Safety and Health Act of 1970 ( "OSHA"), 29 U.S.C. § 660(c)(1) (1976). 3...<br><br>NOTE- Only applies to cases involving regulatory violations – see Whether § 11(c)(2) precludes a private right of action under § 11(c)(1), as the Sixth Circuit held in Taylor, **appellant first must utilize the remedies provided by Congress. Se**e, e.g., McKart v. United States, 395 U.S. 185 (1969). Appellant failed to file a timely complaint with the Secretary. The word "may" in § 11(c)(2) does not mean that the remedy provided for in that section is merely one of several alternatives. While we do not reach the question whether there is an implied private right of action under § 11(c)(1), we do hold that, even if one existed, it could be invoked only after the filing of a timely complaint with the Secretary had proved fruitless. | |
| 43. | Brancheau v. Sec'y of Labor (M.D. Fla. 2011) | **Defendant OSHA has investigated the circumstances surrounding Brancheau's death**. In the course of that investigation, OSHA obtained video recordings and photographs depicting such things as Brancheau's death and the efforts to rescue her and recover her body. The Plaintiffs refer to these recordings and photographs as the "Death Scene Materials". The Plaintiffs are members of Brancheau's family - specifically, her husband, mother, brother and sister. They seek to enjoin OSHA from releasing the so-called Death Scene Materials,... Brancheau v. Sec'y of Labor (M.D. Fla. 2011) (wrongful death case) No private right of action for wrongful death claim | |
| 44. | Anders v. Anders (D. S.C. 2023) | According to Plaintiff, **Defendant Anthony Anders failed to provide safety training or take safety measures and failed to comply with OSHA regulations, causing his son's death.** [Id. at 5.] Specifically, Plaintiff alleges that his son, Aaron, was killed as a result of Defendants' failure to provide safety and properly supervise a job site. Anders v. Anders (D. S.C. 2023) – No private right of action for wrongful death claim | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 45. | GOOD CASE – MTD DENIED<br>Wickham v. American Tokyo Kasei, Inc., 927 F.Supp. 293 (N.D. Ill. 1996) | "Here, the **plaintiff alleges that the defendants, in violation of OSHA standards, failed to put any warnings on the chemical containers whatsoever.**" Wickham v. American Tokyo Kasei, Inc., 927 F.Supp. 293 (N.D. Ill. 1996)<br><br>"But courts have consistently held that OSHA is a purely regulatory provision that creates no private right of action. Adami v. Green Giant, 849 F.Supp. 615, 616 (N.D.Ill.1994). Instead, it is enforced by fines or criminal prosecution. Id. Criminal prosecution or a fine payable to the federal government would not compensate the plaintiff for his alleged injuries. If § 1910.1200(a)(2) did preempt a cause of action like plaintiff's based on a failure to warn, an employee would be without a remedy even when a defendant failed to comply with OSHA. It is obvious to this Court that Congress, in enacting a statute designed specifically to protect employees and others from such potential hazards, did not intend such a result."<br><br>For the reasons stated, defendant's Motion for Judgment on the Pleadings is denied. Wickham v. American Tokyo Kasei, Inc., 927 F.Supp. 293 (N.D. Ill. 1996) | |
| 46. | Wood v. Herman, 104 F.Supp.2d 43 (D. D.C. 2000) | "**Plaintiff asserts that the discharge was in retaliation for his reporting safety violations and refusing to work under unsafe conditions**. On February 15, 1991, plaintiff filed a § 11(c) complaint with the Occupational Safety and Health Administration (OSHA)." Wood v. Herman, 104 F.Supp.2d 43 (D. D.C. 2000) | |
| 47. | Sills v. Rex Lumber Co. (D. Mass. 2021) | **Moreover, Sills cannot bring a claim under federal law asserting that Rex Lumber terminated his employment allegedly because Sills reported a safety violation to OSHA.** Section 660(c)(1) of Title 29 of the United States Code prohibits retaliation against an employee on the ground that the employee submitted a report of the employer's violation of safety rules.<br>Sills v. Rex Lumber Co. (D. Mass. 2021) | |
| 48. | Hylton v. Reeder Management Inc. (W.D. Wash. 2021) | "Plaintiff Alexander Hylton brought this action in King County Superior Court, alleging that he was dismissed from employment **in violation of federal and state whistleblower and anti-discrimination laws.**" Hylton v. Reeder Management Inc. (W.D. Wash. 2021) | |
| 49. | Doyle v. Ind. Packers (N.D. Ind. 2022) | "Doyle complains that defendant Hernandez of Indiana Packers' Human Resources department threatened to terminate Doyle's employment or subject him **to workplace discipline for reporting an injury to the Department of Labor's Occupational**..." Doyle v. Ind. Packers (N.D. Ind. 2022) | |
| 50. | Wheeler v. Skidmore (D. Kan. 2022) | "Second, courts hold that the **OSHA statute does not support a private right of action as enforcement against violations**. Kennedy v. Gill, 2021 WL 4523463 *3 (D.Kan. 10/4/2021); Booker v. Aramark Servs., Inc., 2020 WL 6130143 *3 (N.D.Tex. 9/2/2020); Collins v. Derose, 2016 WL 659104 *3 (M.D.Pa. 2/17/2016)." Wheeler v. Skidmore (D. Kan. 2022) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| 51. | Swift v. AFCO Indus., Inc. (W.D. La. 2018) | "In his complaint, Plaintiff, David Swift, alleges that he was terminated without cause in violation of Louisiana Employment discrimination law because of his disability, because he applied for short term disability benefits, **because he filed a claim against Defendant with OSHA, and because** he filed a worker's compensation claim.1..." Swift v. AFCO Indus., Inc. (W.D. La. 2018) | |
|---|---|---|---|
| 52. | Armstrong v. Sw. Airlines Co. (N.D. Tex. 2021) | Armstrong alleges he was injured when a Southwest employee pushing him in a wheelchair through Dallas Love Field Airport "made a sudden turn and ran the wheelchair into the suitcase of an individual who [was] walking through the airport." Id. ¶ 9. The collision caused Armstrong "to fall out of the wheelchair onto the floor" and caused another person to fall on top of him. Id. According to Armstrong, he suffered "severe bodily injuries, " and by this lawsuit he seeks damages for his medical costs, physical pain and suffering, mental anguish, and disfigurement. Id. at ¶¶ 9, 14.<br><br>Armstrong alleges he was injured when a Southwest employee pushing him in a wheelchair through Dallas Love Field Airport "made a sudden turn and ran the wheelchair into the suitcase of an individual who [was] walking through the airport." Id. ¶ 9. The collision caused Armstrong "to fall out of the wheelchair onto the floor" and caused another person to fall on top of him. Id. According to Armstrong, he suffered "severe bodily injuries, " and by this lawsuit he seeks damages for his medical costs, physical pain and suffering, mental anguish, and disfigurement. Id. at ¶¶ 9, 14.<br>Armstrong v. Sw. Airlines Co. (N.D. Tex. 2021) (claim – employer violation of the **OSHA regulation caused injury)** | |
| 53. | Estate of Macias v. Waste Mgmt. of Alameda Cnty., Inc. (N.D. Cal. 2014) | "**In this wrongful-death action**..." Estate of Macias v. Waste Mgmt. of Alameda Cnty., Inc. (N.D. Cal. 2014) - According to the amended complaint, decedent was fatally injured when she was run over by a front-end loader driven by Castellanos at WMAC's dumpsite in San Leandro, California. She died from her injuries that same day. WM Corporate Service's safety policy allegedly required traffic controllers to be in a protective zone to prevent serious bodily harm or death. Decedent, however, had no such protective zone from which she could safely perform her job (id. ¶¶ 16, 22, 23, 25).    The amended complaint asserts six claims: (1) **violation of the federal Occupational Safety and Health Act**;...<br>Estate of Macias v. Waste Mgmt. of Alameda Cnty., Inc. (N.D. Cal. 2014) | |
| 54. | Glick v. Chukchansi Financial Co., LLC (E.D. Cal. 2021) | "On August 3, 2020, **plaintiff filed her complaint in this action, alleging a claim of negligence due to defendants' unsafe working walkways in violation of OSHA.** (Id. at 9.) Plaintiff seeks damages for her lost career, her lost wages until retirement, her lost access to a..." Glick v. Chukchansi Financial Co., LLC (E.D. Cal. 2021) | |
| 55. | Kilpatrick v. Delaware County Soc., 632 F.Supp. 542 (E.D. Pa. 1986) | "Linda Kilpatrick was terminated from her position as a kennel worker by the Delaware County Society for the Prevention of Cruelty to Animals ('S.P.C.A.'). **Her complaint alleged that she was fired because she reported an occupational health hazard to the Pennsylvania Department of Agriculture.**" Kilpatrick v. Delaware County Soc., 632 F.Supp. 542 (E.D. Pa. 1986)  "The Secretary of Labor is given numerous powers under OSHA, but nowhere is the Secretary granted the power to decide how to further the administrative enforcement | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | mechanisms created by Pennsylvania lawmakers." Kilpatrick v. Delaware County Soc., 632 F.Supp. 542 (E.D. Pa. 1986) | |
| 56. | Carter v. Gardaworld Sec. Servs. (D. Md. 2021) | **Similarly, Carter's allegations that Defendants terminated him because he complained about the lack of COVID-19 precautions at his workplace do not fit within the purview** of the FFCRA, which regulates employees' leave-taking during the pandemic. See, e.g., Colombe v. SGN, Inc., Civ. No. REW-20-0374, 2021 WL 1198304, at *5 (E.D. Ky. Mar. 29, 2021) (considering an FFCRA retaliation claim brought by an employee who took leave to care for a family member with COVID-19, and emphasizing that under the FFCRA, "[a]s for retaliation, the statutory scope for protected activity is quite narrow")... Carter v. Gardaworld Sec. Servs. (D. Md. 2021) | |
| 57. | Walsh v. Cmty. Health Ctr. of Richmond (E.D. N.Y. 2022) | Concerned about the potential spread of COVID-19 at Community Health Center's planned in-person executive leadership meeting on March 17, 2020, Ms. Nunez sent an email to participants alerting them that the meeting would instead be held by teleconference. Id. ¶¶ 43, 50. When defendant Thompson instructed her to re-set the meeting as an in-person meeting, Ms. Nunez did so, but told Thompson that she would not attend out of concern for her health. See Id. ¶¶ 51-57. Two days later, Ms. Nunez was suspended from her duties for "insubordination, confrontational and disruptive behavior, and refusal to participate in the . . . leadership meeting on Tuesday, March 17, 2020." Id. ¶ 62. On April 9, 2020, Ms. Nunez received a letter informing her that Community Health Center was "exercising our employer right to terminate your at-will employment." Id. ¶¶ 71-72. <br><br>**On May 7, 2020, Nunez filed a complaint with the Occupational Safety and Health Administration (&ldquo ;OSHA") pursuant to Section 11(c) of the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 651, et seq., alleging that defendants suspended and terminated her for making a complaint about unsafe conditions at the March 17, 2020** meeting, and for her refusal to attend. Id. ¶ 75... Walsh v. Cmty. Health Ctr. of Richmond (E.D. N.Y. 2022) | |
| 58. | Helms v. Sporicidin Intern., 871 F.Supp. 837 (E.D. N.C. 1994) | **Plaintiffs maintain that the defendant had an obligation to provide accurate information in the MSDS to employers pursuant to a separate federal regulation established by OSHA.** Plaintiffs assert that the violation of a separate federal regulation is not preempted by FIFRA and provides them a cause of action for damages resulting for violation of OSHA regulations. <br><br>**Though it is correct that two federal regulations should be given equal dignity, the plaintiffs are not accurate in their assurance that they have a cause of action based upon an alleged violation of OSHA. As private citizens, the plaintiffs do not have a cause of action for damages based upon a violation of an OSHA standard. See 29 U.S.C. § 653. See Johnson v. Koppers Co., Inc., 524 F.Supp. 1182, app. dismissed, (D.C.Ohio 1981) (OSHA does not provide a private right of action for an employee for violations of the employer.); Blessing v. United States, 447 F.Supp. 1160 (D.C.Pa.1978) (no private right of action against the U.S.); Otto v. Specialties, Inc., 386 F.Supp. 1240 (D.C.Miss.1974) (OSHA chapter does** | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | **not permit a civil action for damages to remedy alleged violations of safety standards under OSHA).**<br>**Helms v. Sporicidin Intern., 871 F.Supp. 837 (E.D. N.C. 1994)**<br>Helms v. Sporicidin Intern., 871 F.Supp. 837 (E.D. N.C. 1994) | |
| 59. | Abel v. Niche Polymer, LLC, 468 F.Supp.3d 719 (S.D. W.Va. 2020) | **"Abel alleges that the drug test was pretext for his termination in retaliation for filing numerous safety complaints with Niche Polymer**. (Id. at ¶ 17.)..." Abel v. Niche Polymer, LLC, 468 F.Supp.3d 719 (S.D. W.Va. 2020) | |
| 60. | Lopez v. Burris Logistics Co. (D. Conn. 2013) | **In the absence of a private right of action to recover for such inherently dangerous conditions under Conn**. Gen. Stat. § 31-49, Plaintiffs were permitted to proceed with such a wrongful discharge claim. That claim sought to redress a separate and unremedied wrong from Plaintiffs' § 31-51q claim, which was based on the public policy of protecting employees' free speech. The motion to dismiss was thus denied in part.<br>Lopez v. Burris Logistics Co. (D. Conn. 2013) | |
| 61. | Akers v. Wal-Mart Stores, Inc. (E.D. Tenn. 2011) | Plaintiff asserts a **claim of retaliatory discharge and argues that it was his right and duty to contact the fire marshal or OSHA regarding the issue of the locked door. (**Id. ¶ 47.) Plaintiff claims that Defendant discharged him in retaliation because of his intention to exercise this right and that he has suffered damages as a result of this unlawful behavior.<br>Akers v. Wal-Mart Stores, Inc. (E.D. Tenn. 2011) | |
| 62. | In re Gold King Mine (D. N.M. 2022) | **"Plaintiffs contend a violation of OSHA regulations conclusively establish a claim for negligence, these are claims sounding in negligence per se** and must be dismissed for the same reasons set forth below.'..." In re Gold King Mine (D. N.M. 2022) | |
| 63. | McCarthy v. G.UB.MK Constructors (E.D. Tenn. 2017) | "He claims that GUBMK discharged him in retaliation for reporting 'work-related exposure and complaints about lack of worker protection for himself and all other workers' [Id. ¶ 6]."<br>McCarthy v. G.UB.MK Constructors (E.D. Tenn. 2017) | |
| 64. | Lewis v. DBI Servs. (W.D. Tex. 2019) | **"Plaintiff believes he was terminated in retaliation for his report of the safety issues he observed during his driving test**. Plaintiff indicates in his Complaint that he is unsure under which law his claims fall but that he believes his civil rights have been violated." Lewis v. DBI Servs. (W.D. Tex. 2019) | |
| 65. | Graves v. WS Atl. LLC (N.D. Ind. 2023) | Plaintiff also alleges that he was asked to perform construction duties without proper equipment. (DE # 1 at 4.) To the extent that plaintiff is attempting to state a claim under the Occupational Health and Safety Act (&ldquo ;OSHA"), federal law provides no private right of action under OSHA. Baudison v. Walmart, Inc., No. 3:19-CV-512-MAB, 2020 WL 6562116, at *4 (S.D. Ill. Nov. 9, 2020)...<br>Graves v. WS Atl. LLC (N.D. Ind. 2023) | |
| 66. | Robinett v. U.S., 62 F.3d 1433 (Fed. Cir. 1995) | "Robinett also claims that hydration and nutrition were removed by injection. We note that 45 C.F.R. part 46 and OSHA do not create any private right of action to recover damages."<br>Robinett v. U.S., 62 F.3d 1433 (Fed. Cir. 1995) Held - "The Vaccine Act requires plaintiffs to | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | show that they have been injured by vaccines listed on the vaccine table, something that Robinett does not even allege..." Robinett v. U.S., 62 F.3d 1433 (Fed. Cir. 1995) | |
| 67. | Zeese v. Smurfit–Stone Container Corp., 487 B.R. 455 (E.D. Va. 2011) | "The Charge asserted that Plaintiff had been discriminated against when she was terminated in 2007..." Zeese v. Smurfit–Stone Container Corp., 487 B.R. 455 (E.D. Va. 2011) | |
| 68. | Darnell v. Golden Nugget Lake Charles LLC (W.D. La. 2020) | "Ms. Darnell assert a claim under OSHA for being prohibited from using the bathroom during work. As noted by the Golden Nugget, OSHA dose not provide a private right of action. See e.g., 29 U.S.C. § 653(b)(4); Jeter v. St. Regis Paper Co., 507 F.2d..." Darnell v. Golden Nugget Lake Charles LLC (W.D. La. 2020) | |
| 69. | R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983) | In determining "whether Congress intended to create a private right of action under a federal statute without saying so explicitly[,] [t]he key to the inquiry is the intent of the legislature." Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 453 U.S. 1, 12, 101 S.Ct. 2615 2622, 69 L.Ed.2d 435 (1981)... R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983) In Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the Supreme Court stated that, "in the absence of 'a textually demonstrable constitutional commitment of [an] issue to a coordinate political department,' Baker v. Carr, supra, 369 U.S. at 217 [82 S.Ct. 691 at 710, 7 L.Ed.2d 663], we presume that justiciable constitutional rights are to be enforced through the courts." 442 U.S. at 242,... R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983) | |
| 70. | Martin v. MAPCO Ammonia Pipeline, Inc., 866 F.Supp. 1304 (D. Kan. 1994) | The Tenth Circuit has ruled that this provision does not prohibit all reference to OSHA regulations, but made no ruling on whether OSHA regulations could be introduced as evidence relating to standard of care. In McHargue v. Stokes Div. of Pennwalt Corp., 912 F.2d 394 (10th Cir.1990), the defendant in a products liability action asserted [866 F. Supp. 1307] that the devices in question met recog... Martin v. MAPCO Ammonia Pipeline, Inc., 866 F.Supp. 1304 (D. Kan. 1994) | |
| 71. | Jones v. S. Atl. Galvinizing (D. S.C. 2022) | **"I was fired shortly [a]fter I complained to OSHA." Jones v. S. Atl. Galvinizing (D. S.C. 2022) No private right o action for allegations of regulation violations** | |
| 72. | Atwood v. MJKL Enters., LLC (D. Ariz. 2012) | **"Plaintiff alleges that he was retaliated against for complaining about perceived food safety violations. (...**" Atwood v. MJKL Enters., LLC (D. Ariz. 2012) There is no federal law supporting a suit filed in district **court alleging OSHA violations**, and "no federal cause of action for an employer's retaliatory discharge of an employee who has filed a complaint" under OSHA. Sandoval v. New Mexico Tech. Grp., 174 F. Supp. 2d 1224, 1229 (D. N. M. 2001). | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 73. | Logan v. U.S., 272 F.Supp.2d 1182 (D. Kan. 2003) | "claims that OSHA had withheld information and tainted its investigation of Plaintiff's complaint, all of which altered the outcome of Plaintiff's lawsuit against UPS; claims that OSHA had engaged in a conspiracy to conceal its errors; and that OSHA had caused Plaintiff's termination from UPS." claims that OSHA had withheld information and tainted its investigation of Plaintiff's complaint, all of which altered the outcome of Plaintiff's lawsuit against UPS; claims that OSHA had engaged in a conspiracy to conceal its errors; and that OSHA had caused Plaintiff's termination from UPS." Logan v. U.S., 272 F.Supp.2d 1182 (D. Kan. 2003) No private right of action for OSHA conspiracy claim | |
| 74. | Pardo v. Securitas (E.D. N.Y. 2014) | "'The plaintiff's insistence on having regular restroom and locker room facilities ultimately led to his being unjustly terminated.' (Id. ¶ 11.) '[P]laintiff began to see that there was a direct correlation with every union complaint and Mr. Saez's retaliation tactics.'...'" Pardo v. Securitas (E.D. N.Y. 2014) – No private right of action for reporting regulatory violation | |
| 75. | Braun v. Kelsey-Hayes Co., 635 F.Supp. 75 (E.D. Pa. 1986) | "The plaintiff specifically cites, inter alia, OSHA, and specifically alleges that the defendant discharged him **from revealing the defendant's alleged safety and health violations. He further claims that his disclosure of toxic** and hazardous waste information to the Philadelphia Fire Department led to his discharge." Braun v. Kelsey-Hayes Co., 635 F.Supp. 75 (E.D. Pa. 1986) - No private right of action for reporting regulatory violations | |
| 76. | Johnson v. Interstate Mgmt. Co. (D. D.C. 2012) | "Plaintiff, who is proceeding pro se, alleges that he was terminated in retaliation **for having filed complaints with the Equal Employment Opportunity Commission ('EEOC') and the Occupational and Safety Health Administration** ( 'OSHA'),..." Johnson v. Interstate Mgmt. Co. (D. D.C. 2012) | |
| 77. | Kane v. City of Ithaca (N.D. N.Y. 2018) | In her complaint, plaintiff asserts a cause of action under both PESHA and OSHA, as well as a claim based on allegations that the City violated public policy by terminating her employment because she insisted on complying with copyright laws. Dkt. No. 7 at 4-10. As the City argues, those claims fail as a matter of law.<br>Kane v. City of Ithaca (N.D. N.Y. 2018) | |
| 78. | Gomez v. Celebrity Home Health & Hospice Inc. (D. Ariz. 2017) | Sullins v. Third & Catalina Constr. P'ship, 602 P.2d 495, 498-99 (Ariz. Ct. App. 1979) (noting OSHA regulations "could not be used to establish a cause of action"). In certain instances, these federal laws may provide evidence or support for a state law claim; for example, provisions of HIPAA may be relevant to a determination of the standard of care in a private negligence claim brought under state law. See, e.g., Acosta v. Byrum, 638 S.E.2d 246, 253 (N.C. Ct. App. 2006) (noting plaintiff cited HIPAA as evidence of the appropriate standard of care);...<br>Gomez v. Celebrity Home Health & Hospice Inc. (D. Ariz. 2017) | |
| 79. | Fletcher v. United Parcel Service, Local Union 705, 155 F.Supp.2d 954 (N.D. Ill. 2001) | Fletcher asks this court to enter an injunction "compelling defendants to comply with OSHA standards and all rules and regulations that allow Plaintiff and employees to be seen by a physician at the time appointed ...." (Id., p. 5.) Further, Fletcher seeks back pay and a share | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | of any commission or bonus received by defendants as a result of the work done by Fletcher, as well as compensatory and punitive damages.<br>Fletcher v. United Parcel Service, Local Union 705, 155 F.Supp.2d 954 (N.D. Ill. 2001) | |
| 80. | Johnson v. Interstate Mgmt. Co., 871 F.Supp.2d 1 (D. D.C. 2012) | Thus, it is the Secretary of the Department of Labor, not an individual employee, whom the statute authorizes to initiate a civil action in a federal district court against an employer who allegedly violated the OSHA Act by having discharged or otherwise discriminated against the employee for reporting a safety or health matter. For employees, courts have held that "[t]he statutory remedies are exclusive: they provide for the filing of a complaint with the Secretary of Labor and there is no private right of action." Braun v. Kelsey–Hayes Co., 635 F.Supp. 75, 80 (E.D.Pa.1986); see also Kennard, 632 F.Supp. at 6...<br>Johnson v. Interstate Mgmt. Co., 871 F.Supp.2d 1 (D. D.C. 2012) | |
| 81. | Higdon v. Keolis Commuter Servs., LLC, 306 F.Supp.3d 470 (D. Mass. 2018) | The Sixth Circuit, like the Fifth, leaves open the possibility that a violation of an OSHA regulation may, in some cases governed by federal law, constitute negligence per se, see Ellis [v. Chase Communications, Inc.], 63 F.3d [473] at 477 [ (6th Cir. 1995) ] ; Rabon [v. Auto. Fasteners, Inc.], 672 F.2d [1231] at 1238 [ (5th Cir 1982) ], but it is rare in either circuit for a court actually to uphold a finding of negligence per se on this basis. Silhouetted against this backdrop, the Pratico holding is of questionable validity.<br>Higdon v. Keolis Commuter Servs., LLC, 306 F.Supp.3d 470 (D. Mass. 2018) | |
| 82. | Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3rd Cir. 1992 | Our review of the legislative history of OSHA suggests that it is highly unlikely that Congress considered the interaction of OSHA regulations with other common law and statutory schemes other than worker's compensation. [Section 653(b)(4) ] is satisfactorily explained as intended to protect worker's compensation acts from competition by a new private right of action and to keep OSHA regulations from having any effect on the operation of the worker's compensation scheme itself.<br>Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3rd Cir. 1992) | |
| 83. | Lundgren v. Occupational Safety &amp; Health Admin., 324 F.Supp.3d 238 (D. Mass. 2018) | He alleges that defendants Universal, the Massachusetts Department of Public Health, the Occupational Safety and Health Administration ( "OSHA") and individual employees thereof, improperly failed to protect his co-workers by collecting required water samples from a malfunctioning compressor at his place of employment in violation of the Occupational Health and Safety Act, 29 U.S.C. § 654 and his civil rights.<br>Lundgren v. Occupational Safety &amp; Health Admin., 324 F.Supp.3d 238 (D. Mass. 2018) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 84. | Boyd v. Accuray, Inc. (N.D. Cal. 2012) | ". Ultimately, Plaintiff did as he was ordered, Exs. 70.1, 110; see also Vagadori Decl. Ex. D, but felt that he was retaliated against for his conduct in seeking to prevent what he saw as incorrect labeling." Boyd v. Accuray, Inc. (N.D. Cal. 2012) | |
| 85. | Wicker v. Walmart, Inc., 533 F.Supp.3d 944 (C.D. Cal. 2021) | Rather, it is that Wicker's UCL claim is premised upon violations of provisions of the Labor Code that do not create any private right of action—**Wicker has standing to pursue relief for the violation of those statutes only through PAGA.** Accordingly, because Wicker failed to comply with PAGA's administrative exhaustion requirements, Wicker cannot recast his barred PAGA claim as one for violation of the UCL. Wicker v. Walmart, Inc., 533 F.Supp.3d 944 (C.D. Cal. 2021) | |
| 86. | Graves v. WS Atl. LLC (N.D. Ind. 2023) | Plaintiff also alleges that he was asked to perform construction duties without proper equipment. (DE # 1 at 4.) To the extent that plaintiff is attempting to state a claim under the Occupational Health and Safety Act (&ldquo ;OSHA"), federal law provides no private right of action under OSHA. Baudison v. Walmart, Inc., No. 3:19-CV-512-MAB, 2020 WL 6562116, at *4 (S.D. Ill. Nov. 9, 2020). Rather, only the Secretary of Labor may bring an action on a worker's behalf. Sabol v. Univ. of Wisconsin-Fond Du Lac, No. 12-C-540, 2012 WL 2287519, at *2 (E.D. Wis. June 18, 2012); see 29 U.S.C. § 660(c). Accordingly, plaintiff fails to state a valid claim under OSHA. Graves v. WS Atl. LLC (N.D. Ind. 2023) | |
| 87. | Clary v. Ocean Drilling &amp; Exploration Co., 429 F. Supp. 905 (W.D. La. 1977) | Since then, however, in Jeter v. St. Regis Paper Company, 507 F.2d 973 (5 Cir. 1975) the Court **has held that as to those workmen covered under the safety regulations** (29 C.F.R. § 1910.1 et seq.), the Act does not create a private right of action against an employer for violation of its terms. See also Otto v. Specialties, Inc., 386 F.Supp. 1240 (N.D.Miss.1974). Clary v. Ocean Drilling &amp; Exploration Co., 429 F. Supp. 905 (W.D. La. 1977) | |
| 88. | S&H Distribution, LLC v. Meyer Lab. (D. Neb. 2022) | The complaint alleges that from and after 2020, the Safety Data Sheets for Hammer Clean RTU, Mudslinger RTU, and Mudslinger R RTU all fail to classify the products as hazardous. Id. The complaint also alleges that from and after 2020, the Safety Data Sheets for Hammer Clean RTU, and Mudslinger RTU, and Mudslinger R RTU provide false and misleading information regarding the potential dangers of improper use by purchasers of Meyer's products, and by failing to identify these hazards, these Safety Data Sheets are in violation of regulations propounded by OSHA. Id. at 5-6. Based on these allegations, S&H filed a cause of action against Meyer for engaging in deceptive trade practices as defined under the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"),... S&H Distribution, LLC v. Meyer Lab. (D. Neb. 2022) | |
| 89. | Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) | n 1988, Morales was hired to work as a distribution and window clerk at the Caparra Heights, Puerto Rico, Station of the United States Postal Service. On April 7, 1995, plaintiff filed a letter with OSHA complaining of dust accumulation, rodent infestation, and other unsanitary conditions at the Caparra Heights station. OSHA ordered the station manager to correct the | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | violations by June 19, 1995, but to no avail. Morales renewed his OSHA complaint through certified letters to the OSHA Area Director on August 1, 1995, February 23, 1996, and April 6, 1996. Finally, on June 14, 1996, OSHA conducted a formal inspection of the Caparra Heights station and confirmed plaintiff's allegations. OSHA cited the Caparra Heights station for at least five violations, and directed the station to remedy the safety and health hazards by October 9, 1996.<br>Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) | |
| 90. | Pitchford v. Aladdin Steel, Inc., 828 F.Supp. 610 (S.D. Ill. 1993) | "Section 11(c) of that statute does not create an implied private right of action on behalf of employees discharged for reporting safety violations, and therefore district courts lack subject matter jurisdiction over retaliatory discharge suits..." Pitchford v. Aladdin Steel, Inc., 828 F.Supp. 610 (S.D. Ill. 1993) | |
| 91. | Dougherty v. Parsec, Inc., 824 F.2d 1477 (6th Cir. 1987) | In his complaint, Dougherty asserted that on or about June 27, 1985, Parsec discharged him from his employment at the request of Seaboard. He alleged that Seaboard brought about his discharge because he had complained to OSHA concerning certain unsafe work conditions which Seaboard allowed to exist on its premises. | |
| 92. | Irving v. United States, 532 F.Supp. 840 (D. N.H. 1982) | Plaintiff sustained her injuries on October 10, 1979, at Somersworth Shoe Company, when her hair became entangled in the unguarded drive shaft of a "die out" machine, so-called. On various occasions prior to the date of the accident, OSHA inspectors had inspected the premises of Somersworth Shoe Company, but had negligently "failed to issue citations for violations" of OSHA, including the lack of a guard on the machine at issue. See ¶ 9 of Complaint. Plaintiff argues that the failure of OSHA to inspect and to issue citations comprised a breach of a legal duty to her owed, and was causal of her injuries. ¶ 10, Complaint.<br>Irving v. United States, 532 F.Supp. 840 (D. N.H. 1982) | |
| 93. | Campbell v. Eaton Corp. (D. Colo. 2019) | The Complaint further alleges that Campbell brought worker-safety concerns to his supervisor about the conditions in the fabrication area. [#1 at pp. 8-9.] Campbell was concerned that smoke in the area was a by-product of paint, fabrication chemicals, and "the metal's fumes." [Id.] He seems to allege that his termination may have been retaliatory because he raised these safety concerns in front of his crew-mates. [Id. ("Seems like retaliation for bring[ing] it up[.]").]<br><br>OSHA's anti-retaliation provision, 29 U.S.C. § 660(c), provides the exclusive remedy for an alleged whistleblower retaliation claim. Marshall v. Certified Welding Corp., No. 77-2048, 1978 WL 19111, at *4 (10th Cir. Dec. 28, 1978) ("The statute thus authorizes only the Secretary [of Labor] to bring an action for violation of [OSHA]."); see cf. Frohlick Crane Serv., Inc. v. Occupational Safety & Health Review Comm'n, 521 F.2d 628, 631 (10th Cir. 1975) (holding that, by statute, the "existing...<br>Campbell v. Eaton Corp. (D. Colo. 2019) | |
| 94. | Sabol v. Univ. of Wisconsin–Fond du Lac (E.D. Wis. 2012) | "As for Sabol's claim under the OSHA, the Act does not provide a private right of action for any person who believes he suffered retaliation as a result of complaints about unsafe working conditions." Sabol v. Univ. of Wisconsin–Fond du Lac (E.D. Wis. 2012) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 95. | Longhorn Integrity Inspection Servs., L.L.C. v. McCurdy (5th Cir. 2018) | McCurdy removed the case to federal court based on diversity jurisdiction and counterclaimed for negligence under the Texas Deceptive Trade Practices Act ("DTPA"), fraudulent misrepresentation, and wrongful discharge under the Occupational Safety and Health Administration ( "OSHA") retaliatory discharge provision. The district court granted LIIS summary judgment on all of McCurdy's counterclaims.<br>Longhorn Integrity Inspection Servs., L.L.C. v. McCurdy (5th Cir. 2018) | |
| 96. | Skillsky v. Lucky Stores, Inc., 893 F.2d 1088 (9th Cir. 1990) | "A private right of action for wrongful discharge due to safety complaints co-exists with the Cal/OSHA remedial scheme.'),...." Skillsky v. Lucky Stores, Inc., 893 F.2d 1088 (9th Cir. 1990) | |
| 97. | Farr v. Pac. Gas & Elec. Co. (N.D. Cal. 2022) | "In her third cause of action, Plaintiff alleges retaliation for protected disclosures pursuant to her rights under the Occupational Safety & Health Act ("OSH Act"), 29 U.S.C. § 654." Farr v. Pac. Gas & Elec. Co. (N.D. Cal. 2022) | |
| 98. | Brown v. Choice Prods. (W.D. Wis. 2021) | "On October 19, 2016, Brown took his concerns outside the company, calling the Occupational Safety and Health Administration (&ldquo ;OSHA") to report safety issues with a piece of modified machinery.[2]..." Brown v. Choice Prods. (W.D. Wis. 2021) | |
| 99. | Jones v. S. Atl. Galvinizing (D. S.C. 2023) | Plaintiff also complained to the EEOC about potential violations of the Occupational Safety and Health Act (&ldquo ;OSHA"), 29 U.S.C. §§ 651-678:<br><br>Supervisor Brian [t]hrew ammonia pellets in zin[c] kettle and smoked the building...<br>Jones v. S. Atl. Galvinizing (D. S.C. 2023) | |
| 100. | Altimus v. Saint-Gobain Corp. of N. Am. (E.D. Cal. 2017) | Rather, "OSHA creates an intra-agency mechanism by which an alleged violation can be raised by a private actor, . . . suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court." Id. (emphasis added). Plaintiff had the right to file a complaint with OSHA and request an inspection of his workplace if he believed there to be a violation of OSHA standards or other serious hazards. Because plaintiff's claim for an alleged OSHA violation is not properly before this court, it will be dismissed with prejudice.<br>Altimus v. Saint-Gobain Corp. of N. Am. (E.D. Cal. 2017) | |
| | | | |
| 101. | Dixon v. Primary Health Servs. Ctr. (W.D. La. 2012) | ) (Finding that plaintiff alleging Title VII retaliation resulting from reporting OSHA violations had failed to state a claim for which relief may be granted). The Court finds that Dixon fails to establish a prima facie case of retaliation because participation in an OSHA proceeding is not a protected activity under Title VII. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment on Dixon's claims in Counts Two and Three that her change in job title and suspension without pay constituted unlawful retaliation for her testimony in an OSHA proceeding.<br>Dixon v. Primary Health Servs. Ctr. (W.D. La. 2012) | |
| 102. | Casmento v. Volmar Constr., Inc. (S.D. N.Y. 2021) | The Second Circuit has held that an OSHA investigation is "not an . . . adjudication akin to a civil trial." Conn. Dep't of Env't Prot. v OSHA, 356 F.3d 226, 234 (2d Cir. 2004). Upon the receipt by the Department of Labor of a complaint charging a violation of the Act, the | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Secretary of Labor (the "Secretary") need only "cause such investigation to be made as he deems appropriate." 29 U.S.C. § 660(c). The Act does not provide for a judicial or quasi-judicial officer, a hearing, the opportunity to call witnesses, or the right of the complainant to confront the witnesses against him. The function of the Secretary is purely investigative. The Secretary's determination that there has been a violation does not result in an adjudication; it is a step precedent to the Secretary bringing an action in federal court where a hearing is held. See id. The complainant does not have a private right of action on her own under OSHA and, as a matter of administrative procedure, a complainant who is disappointed by the investigator's determination has no right to judicial review.<br>Casmento v. Volmar Constr., Inc. (S.D. N.Y. 2021) | |
| 103. | Perez v. Renaissance Arts & Educ., Inc. (M.D. Fla. 2013) | Mr. Shack engaged in his first protected activity on June 22, when he submitted his letter to the School in the good faith belief that the violations he was highlighting presented workplace safety concerns. OSHA validated his concerns in September 2009 when it cited the School for violating OSHA regulations. Mr. Shack also engaged in protected activity on July 10, when he filed an online complaint with OSHA and emailed the school board members.<br>Perez v. Renaissance Arts & Educ., Inc. (M.D. Fla. 2013) | |
| 104. | Carr v. United States (E.D. N.C. 2018) | OSHA authorizes the Secretary of the Department of Labor to file a civil action in a federal district court on behalf of an employee who was discharged or discriminated against for reporting a safety concern. See 29 U.S.C. § 660(c)(1); Johnson, 871 F. Supp. 2d at 4-5. In enacting OSHA, Congress intentionally declined to provide for a private right of action and instead vested the Department of Labor with the power to vindicate the rights of employees terminated in retaliation for reporting safety concerns. See, e.g., Taylor v. Brighton Corp., 616 F.2d 256, 262-63 (6th Cir. 1980)...<br><br>OSHA authorizes the Secretary of the Department of Labor to file a civil action in a federal district court on behalf of an employee who was discharged or discriminated against for reporting a safety concern. See 29 U.S.C. § 660(c)(1); Johnson, 871 F. Supp. 2d at 4-5. In enacting OSHA, Congress intentionally declined to provide for a private right of action and instead vested the Department of Labor with the power to vindicate the rights of employees terminated in retaliation for reporting safety concerns. See, e.g., Taylor v. Brighton Corp., 616 F.2d 256, 262-63 (6th Cir. 1980)...<br>Carr v. United States (E.D. N.C. 2018) | |
| 105. | Luyon v. GTE, Inc., 107 F.3d 873 (7th Cir. 1997) | At Luyon's request, OSHA inspected Luyon's workplace and equipment at GTE and found no violations; indeed, Luyon's equipment was safe. Luyon was told of OSHA's findings. After the OSHA inspection, Luyon twice left work early without permission, claiming that her equipment was unsafe and bothering her. GTE warned Luyon that if she left early again, she could be fired. Luyon did it again, and GTE then fired her solely because she left work early without permission or a legitimate excuse and because of her otherwise poor work record.<br>Luyon v. GTE, Inc., 107 F.3d 873 (7th Cir. 1997) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| 106. | Chaney v. Wal-Mart Stores Inc. (W.D. Okla. 2015) | Plaintiff's complaint also appears to include a claim for retaliatory harassment for reporting OSHA violations. See, e.g., Doc. No. 1, at 2, ¶ 9-10. However, while the Tenth Circuit has not ruled on the issue, a number of federal courts of appeal have held that OSHA contains no private right of action. 29 U.S.C. § 660(c)(2); Hoeft v. Dommisse, 352 F. App'x 77, 80 (7th Cir. 2009) ("only the Secretary of Labor may sue to enforce [OSHA], which does not provide individual employees with any express or implied right of action"); Glanton v. Harrah's Entm't, Inc., 297 F. App'x 685, 687 (9th Cir. 2008) ( "OSHA does not provide a private cause of action . . . [i]ndeed, OSHA creates an intra-agency mechanism by which an alleged violation can be raised by a private actor, 29 U.S.C. §§ 657(f)(1), 660(c), suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court");...<br>Chaney v. Wal-Mart Stores Inc. (W.D. Okla. 2015) | |
| 107. | Quirk v. Difiore (S.D. N.Y. 2022) | The last of Quirk's federal law claims are for violations of OSHA regulations (see Compl. ¶¶ 46-51); these claims all fail because Quirk cannot bring a lawsuit under OSHA.[1] See Donovan v. Occupational Safety & Rev. Comm'n, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."); see also Jacobsen v. N.Y. City Health & Hosps. Corp., No. 12 Civ. 7460, 2013 WL 4565037, at *7 (S.D.N.Y. Aug. 28, 2013) (collecting cases and noting that the "statutory scheme [of OSHA] envisions that the public rights created by the Act are to be protected by the Secretary [of Labor] and that enforcement of the Act is the sole responsibility of the Secretary").<br>Quirk v. Difiore (S.D. N.Y. 2022) | |
| 108. | Olivadoti v. 290 Riverside Co. (S.D. N.Y. 2012) | Plaintiff alleges that defendant violated 29 C.F.R. § 191.101(j),2 29 C.F.R. § 1926, regulations promulgated by the Occupational Safety and Health Administration ( "OSHA") governing toxic substances in the workplace, and other unspecified OSHA regulations. In deference to plaintiff's pro se status, the Court liberally construes the Amended Complaint to also raise claims under the Occupational Safety and Health Act of 1970 ("OSH Act"), which created OSHA. The OSH Act does not give rise to subject matter jurisdiction because it does not provide a private right of action. See Jelenic v. Campbell Plastics, 159 F.3d 1347, at *2 (table) (2d Cir. 1998); Donovan v. Occupational Safety & Health Review Comm'n, 713 F.2d 918, 926 (2d Cir. 1983); Rompalli v. Portnova, No. 09-cv-3083, 2010 U.S. Dist. LEXIS 50441, at *5 (S.D.N.Y. May 21, 2010). This Court does not have jurisdiction to hear a claim brought by a citizen attempting to enforce the OSH Act or OSHA regulations.<br>Olivadoti v. 290 Riverside Co. (S.D. N.Y. 2012)<br>Olivadoti v. 290 Riverside Co. (S.D. N.Y. 2012) | |
| 109. | Marshall v. Occupational Safety and Health Review Com'n, 635 F.2d 544 (6th Cir. 1980) | 29 U.S.C. § 659(c) authorizes any employee of an employer contesting a citation issued by the Secretary to challenge as unreasonable the period of time fixed in the citation for abatement of the violation. This is the only provision in the act authorizing an affected employee to participate in OSHA proceedings before the Commission.<br>Marshall v. Occupational Safety and Health Review Com'n, 635 F.2d 544 (6th Cir. 1980) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | |
|---|---|---|
| 110. | Elliott v. S.D. Warren Co., 134 F.3d 1 (1st Cir. 1997) | Three of these four courts have held squarely that, because the OSH Act does not create a private right of action, 2 a violation of an OSHA regulation never can be equated with negligence per se. See Robertson, 32 F.3d at 410-11; Ries, 960 F.2d at 1158-65; Albrecht, 808 F.2d at 332-33. The Sixth Circuit, like the Fifth, leaves open the possibility that a violation of an OSHA regulation may, in some cases governed by federal law, constitute negligence per se, see Ellis, 63 F.3d at 477; Rabon, 672 F.2d at 1238, but it is rare in either circuit for a court actually to uphold a finding of negligence per se on this basis. Silhouetted against this backdrop, the Pratico holding is of questionable validity.<br>Elliott v. S.D. Warren Co., 134 F.3d 1 (1st Cir. 1997) | |
| 111. | Morales v. Supreme Maint. (D. N.M. 2022) | Plaintiff maintains that Defendants violated OSHA "safety requirements." See Doc. 33, at 6. ;OSHA was enacted to ensure healthy and safe working conditions for employees. See 29 U.S.C. § 651; Marshall v. Intermountain Elec. Co., 614 F.2d 260, 262 (10th Cir. 1980). "Its primary purpose is to ensure that violations of [OSHA] are reported, rather than to vindicate private interests." Marshall, 614 F.2d at 262. OSHA only allows an employee to file a complaint-which must be filed within 30 days of the discrimination or discharge-with the Secretary of Labor who then decides whether to bring an action on the employee's behalf. See 29 U.S.C. § 660(c)(2). Thus, OSHA "does not create a private cause of action on behalf of injured workers." Accord Douglass v. United Auto Workers, Loc. 31, 368 F.Supp.2d 1234, 1248 (D. Kan. 2005); 29 U.S.C. §...<br>Morales v. Supreme Maint. (D. N.M. 2022) | |
| 112. | Sandoval v. New Mexico Technology Group LLC., 174 F.Supp.2d 1224 (D. N.M. 200 | Plaintiff was primarily seeking to further the public interests and purposes of the OSHA laws, the right to collective bargaining and the rights under the Service Contract Act of 1965. Plaintiff was attempting to promote the public safety of the citizens who would come into contact with or use any facility maintained or operated by Defendants as well as protect the rights of the employees working for Defendant.<br>Sandoval v. New Mexico Technology Group LLC., 174 F.Supp.2d 1224 (D. N.M. 2001) | |
| 113. | Dravo Corp. v. Occupational Safety and Health Review Com'n, 613 F.2d 1227 (3rd Cir. 1979) | Foonote: "A violation of an OSHA regulation does not, however, create a private right of action against an employer for violation of its terms. Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir. 1975)." Dravo Corp. v. Occupational Safety and Health Review Com'n, 613 F.2d 1227 (3rd Cir. 1979) | |
| 114. | Palacio v. Cobb Cnty. Code Enforcement (N.D. Ga. 2014) | It appears that Plaintiff claims he performed work in violation of the Occupational Safety and Health Act ( "OSHA"), 29 U.S.C. § 651 et seq. OSHA does not create a private right of action for an employee to recover for alleged OSHA violations. Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (11th Cir. 1982). There is no basis for a claim based on alleged hazardous work.<br>Palacio v. Cobb Cnty. Code Enforcement (N.D. Ga. 2014) | |
| 115. | Foster v. Select Med. Corp. (M.D. Fla. 2012) | In his Complaint, Plaintiff alleges that he filed a "timely charge of discrimination with City of Orlando Human Relation Department, Equal Employment Opportunity Commission | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | [("EEOC")], Occupational Heath and Safety Administration [( "OSHA")], participated in an employment discrimination proceeding and opposed the Defendant's unlawful practices." (Doc. No. 16, p. 7.) He further alleges that he filed a complaint "with Defendant" for "intolerable to a reasonable person, unlawful safety compensation claim, adverse and malicious." (Id.) Elsewhere in the Complaint, he appears to allege that he was terminated without explanation immediately after he spoke to the CEO about safety violations and/or after he filed complaint with the EEOC or OSHA.<br>Foster v. Select Med. Corp. (M.D. Fla. 2012) | |
| 116. | Fawvor v. Texaco, Inc., 387 F.Supp. 626 (E.D. Tex. 1975) | "plaintiff contends that this Court has federal question jurisdiction because the Occupational Safety and Health Act creates a private right of action for violations of the Act and the regulations promulgated pursuant thereto. The Court disagrees..." Fawvor v. Texaco, Inc., 387 F.Supp. 626 (E.D. Tex. 1975) | |
| 117. | Plaintiff V. The UNITED States (Fed. Cl. 2010) | "Mr. Bowling asserts that PWC failed to follow proper safety measures as required by OSHA. Compl. 3; Def.'s Mot. 1. Mr. Bowling subsequently worked for other roofing entities but asserts that these employers complied with OSHA regulations and therefore could not be responsible for his lung damage." Plaintiff V. The UNITED States (Fed. Cl. 2010) | |
| 118. | Hurlburt v. Lohr Distrib. Co. (E.D. Mo. 2018) | In Count III, Plaintiff alleges Defendant provided an unsafe work environment by requiring Plaintiff to operate an unsafe truck with malfunctioning brakes and locks in violation of OSHA. Defendant argues these OSHA claims should be dismissed because OSHA does not create a private right of action under which Plaintiff may maintain suit. In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her OSHA claims. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's OSHA claims.4... Hurlburt v. Lohr Distrib. Co. (E.D. Mo. 2018) | |
| 119. | Clark v. Wells Fargo Bank, N.A. (D. Or. 2014) | Clark also alleges that Wells Fargo violated OSHA by refusing to block his fax number and employing "police and security forces in the workplace," both of which represented "grossly unreasonable response[s]" to his correspondences. Compl. ¶¶ 117-19. "OSHA does not provide a private right of action for employees to bring claims in federal court based on alleged violations of its provisions or associated regulations." Jacobsen v. N.Y.C. Health & Hosps. Corp.,.... Clark v. Wells Fargo Bank, N.A. (D. Or. 2014) | |
| 120. | Koontz v. Town of Middlebury (N.D. Ind. 2015) | Plaintiff's alleged denial of FMLA benefits and his report of unsafe working conditions to OSHA, the Plaintiff attempts to clarify by stating in his second response brief that such issues were raised "to give factual examples of how the Town of Middlebury and [the individual defendants] worked together to deny [the Plaintiff] benefits and a safe workplace."... Koontz v. Town of Middlebury (N.D. Ind. 2015) | |
| 121. | Breaux v. Rosemont Realty (W.D. La. 2015) | The plaintiff does not contest dismissal of these claims. Further, the defendants are correct in their assertion that the general duty clause of OSHA does not create a private right of action for plaintiffs. Plaintiff's claims for a breach of the General Duty Clause of the Occupational Safety Health Administration is DISMISSED WITH PREJUDICE. Breaux v. Rosemont Realty (W.D. La. 2015) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 122. | Von Maack v. 1199SEIU United Healthcare Workers E. (S.D. N.Y. 2014) | Von Maack's claim under the Occupational Safety and Health Act fails for similar reasons. Even assuming that 1199 can be held liable for health and safety conditions at Wyckoff, there is no private right of action for employees to enforce the Act. Donovan v. Occupational Safety and Health Review Comm'n, 713 F.2d 918, 926 (2d Cir. 1983). Von Maack v. 1199SEIU United Healthcare Workers E. (S.D. N.Y. 2014) | |
| 123. | Lopez v. Burris Logistics Co., 952 F. Supp. 2d 396 (D. Conn. 2013) | Plaintiffs' allegations regarding workplace safety, thereby precluding Plaintiffs' common law wrongful discharge claims. Doc. # 32. Burris further informs the Court that the Plaintiffs "have, and are actually asserting, a proper statutory remedy for their allegations of wrongful discharge in violation of Connecticut's 'safe workplace public policy.' " Doc. # 33, p. 2. In particular, Burris asserts that "although not plead in the [P]laintiffs' complaints, the [P]laintiffs[ ] have a presently pending retaliation claim before the Occupational Safety and Health Administration." Doc. # 33... Lopez v. Burris Logistics Co., 952 F. Supp. 2d 396 (D. Conn. 2013) | |
| 124. | Naa-Anorkor Okai v. Kaiser Permanente CSC (S.D. Cal. 2023) | Defendants move to dismiss Plaintiff's OSHA claims, arguing there is no private right of action under OSHA and, even if there was, the Complaint fails to state any facts to support an OSHA violation. (Mot. at 15-16.) Plaintiff admits that she did not intend for violations of the OSHA standards to be "part of [her] claims for relief." (ECF No. 41-1 at 6.) From what the Court can tell, Plaintiff seeks to use evidence of alleged OSHA violations to prove the harm she suffered relating to her other claims against Defendants. (See id. at 6-7.) Regardless, the Court addresses any alleged OSHA claims below. Naa-Anorkor Okai v. Kaiser Permanente CSC (S.D. Cal. 2023) | |
| 125. | Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (5th Cir. 1982) | Although OSHA creates no private right of action, violation of an OSHA regulation is evidence of negligence or, in appropriate circumstances, negligence per se. 13 Melerine v. Avondale Shipyards, Inc., 659 F.2d 706 (5th Cir. 1981); see also, National Marine Services, Inc. v. Gulf Oil Co., 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); Buhler v. Marriott Hotels, Inc., 390 F.Supp. 999 (E.D.La.1974). 14 T... Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (5th Cir. 1982) | |
| 126. | Merritt v. Bethlehem Steel Corp., 875 F.2d 603 (7th Cir. 1989) | Whether the safety standards of OSHA, the NESC and the NEC apply to landowner/contractees such as Bethlehem is an issue we need not resolve. 4 For even if we assume that they are applicable to Bethlehem (that Bethlehem is Merritt's indirect or statutory "employer" within the meaning of OSHA and the NESC/NEC), and that those standards were violated, neither OSHA nor the NESC/NEC can be used to expand or in any other manner affect Bethlehem's common law or statutory liability for an employee's injuries arising out of, or in the course of, his employment. 29 U.S.C. Sec. 653(b)(4); I.C. 22-8-1.1-48.3. 5 Merritt seeks to create a private right of action where none exists. See Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975); Russell v. Bartley, 494 F.2d 334, 335-36 (6th Cir.1974); Hebel, 475 N.E.2d at 658. Merritt v. Bethlehem Steel Corp., 875 F.2d 603 (7th Cir. 1989) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 127. | Roganti v. Metro. Life Ins. Co. (S.D. N.Y. 2012) | On May 23, 2003, Roganti filed a complaint with the Occupational Safety and Health Administration ( "OSHA"), a unit of the Department of Labor. He alleged that MetLife had violated SOX by retaliating against him after he had reported employee misconduct to company management. Compl. ¶ 55. OSHA conducted a preliminary investigation, which did not validate Roganti's allegations. Id. ¶ 68. On October 8, 2003, OSHA sent a letter to Roganti stating that his complaint had been dismissed. Id.; SOC ¶ 3.<br>Roganti v. Metro. Life Ins. Co. (S.D. N.Y. 2012) | |
| 128. | Parker v. Hunting Point Apartments, LLC (E.D. Va. 2015) | Plaintiff, the Court takes that Plaintiff intends to allege constitutional violations for "red lining, social steering, economic determinism and gentrification" giving rise to a claim under 42 U.S.C. § 1983; violations of various environmental statutes, giving rise to a citizen suit; discrimination under federal fair housing and civil rights laws based on age and "economic determinism and gentrification"; improper eviction; and tort claims arising from asbestos exposure. "Generalized, unsupported assertions are insufficient to state a claim." Parker v. Hunting Point Apartments, LLC (E.D. Va. 2015)<br>Plaintiff also fails to state a claim under environmental or consumer laws. Plaintiff raises four environmental and consumer laws in the "jurisdiction" paragraph of his Amended Complaint: the Clean Air Act, the Toxic Substances Control Act ("TSCA"), the Occupational Health and Safety Act ( "OSHA) and the Consumer Product Safety Act ("CPSA"). None of these statutes are noted in the body of the pleading. As the elements of these statutes have not been mentioned, much less pleaded, the Amended Complaint does not state a claim under any of the statutes. Moreover, two of the statutes are not enforceable by a generalized private right of action.<br>Parker v. Hunting Point Apartments, LLC (E.D. Va. 2015) | |
| 129. | Stiefel v. Bechtel Corp., 497 F.Supp.2d 1153 (S.D. Cal. 2007) | In June 2006, Plaintiff filed a complaint in San Diego County Superior Court for wrongful termination in violation of public policy, failure to accommodate a disability in violation of California's Fair Employment Housing Act, section 12940 et seq. of California's Labor Code ("FEHA"), retaliation in violation of FEHA, violations of California's Labor Code, negligent supervision, and intentional infliction of emotional distress. (Compl. ¶¶ 1-74.)...<br>Stiefel v. Bechtel Corp., 497 F.Supp.2d 1153 (S.D. Cal. 2007)<br>The Taylor court reasoned that the U.S. Secretary of Labor's approval of the Cal/OSHA plan, which provided for a private right of action against employers, "is the equivalent of congressional action" for the purpose of permitting a plaintiff to assert a claim for relief under Cal/OSHA against a federal enclave contractor, and allows state safety regulation of federal enclaves when the responsible federal agency does not claim "exclusive jurisdiction." See id. at 483-85, 92 Cal.Rptr.2d 873 (citing Cal. Labor Code § 6303) (defining "place of employment" within California as "any place, and the premises appurtenant thereto, where employment is carried on, except a place the health and safety jurisdiction over which is vested by law in, and actively exercised by, any state or federal agency...."); 29 C.F.R. § 1952.172(b)(4) (providing "[t]he U.S. Department of Labor will continue to exercise authority... the Court concludes that, even under Taylor's permissive standard, Plaintiff has failed to allege sufficient facts to support his theory that the federal agency responsible for SONGS has failed to exercise exclusive jurisdiction such that Plaintiff may bring his claims pursuant to sections 6310 and 6311 of California's Labor Code. | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Stiefel v. Bechtel Corp., 497 F.Supp.2d 1153 (S.D. Cal. 2007) | |
| 130. | Kabir  v.  Potter (S.D. Ohio 2011) | In addition, the Defendants move for dismissal of Plaintiff's claim under the Occupational Safety and Health Act of 1970 ( "OSHA"), 29 U.S.C. § 654. This statute contains an extensive administrative process **regarding alleged violations of workplace safety regulations**. The statute contains no language creating a private right of action. Ellis v. Chase Commc'ns, Inc., 63 F.3d 473, 478 (6th Cir. 1995). This claim is DISMISSED. | |
| 131. | | "Of the eleven witnesses who testified at the hearing, however, only the OSHA compliance officer who issued the citation to B&B believed that safety belts would have been appropriate under the circumstances." B & B Insulation, Inc. v. Occupational Safety and Health Review Com'n, 583 F.2d 1364 (5th Cir. 1978) "For example, the Act does not affect workmen's compensation in any way, 29 U.S.C.A. § 653(b)(4), and creates no private right of action for an injured employee against his employer. Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir. 1975)." B & B Insulation, Inc. v. Occupational Safety and Health Review Com'n, 583 F.2d 1364 (5th Cir. 1978) The result in this case is to reverse the Commission's assessment of a nonserious violation on the ground that there is not substantial evidence in the record to support a finding that a reasonably prudent employer in the insulation industry would have understood that the use of safety belts was mandated by the conditions for which B&B was cited. | |
| 132. | Matthews v. Gee (E.D. Va. 2017) | Plaintiff cannot recover for alleged OSHA violations because those regulations do not provide for a private right of action. See Minichello v. U.S. Indus., Inc., 756 F.2d 26, 29 (6th Cir. 1985) ( "OSHA regulations can never provide a basis for liability because Congress has specified that they should not."); Jeter v. St. Regis Paper Co., 507 F.2d 973, 977 (5th Cir. 1975) ("Congress did not intend OSHA to create a new action for damages in favor of employees."); Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323, 1323 (4th Cir. 1974) (affirming district court decision that Occupational Safety and Health Act "preclude[s] a private remedy"). Similarly, no private right of action exists under Virginia law for VOSH violations. See VA Code Ann. § 40.1-49.4 (leaving exclusive enforcement power to the Commissioner of Labor and Industry). Matthews v. Gee (E.D. Va. 2017) "Accordingly, to the extent that Plaintiff is attempting to state a claim for Defendants' purported regulatory violations, he cannot do so. Those claims will be dismissed with prejudice." Matthews v. Gee (E.D. Va. 2017) | |
| 133. | Glick v. Chukchansi Fin. Co. (E.D. Cal. 2021) | Plaintiff brings a negligence claim, alleging the incidents giving rise to the cause of action occurred during her employment at Chukchansi, with unsafe work conditions causing Glick to fall and injure herself multiple times with the first incident occurring in June 2018. (Id. at 8). As relief, Plaintiff seeks damages for her lost career, lost wages, lost retirement, and loss of enjoyment, health, and ability. (Id. at 9). Glick v. Chukchansi Fin. Co. (E.D. Cal. 2021)In particular, the district court found Plaintiff failed to sufficiently state what claim she was attempting to bring in the complaint, other than a claim under the Occupational Safety and Health Act (&ldquo ;OSHA"). (Id. at 4-5). The district court noted, however, that OSHA does not provide a private right of action for | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | employees to bring claims in federal court. (Id. at 3- 4). Considering Plaintiff's pro se status, however, the district court permitted Plaintiff an opportunity to file an amended complaint within twenty-one days of service of the order. (Id. at 5). Glick v. Chukchansi Fin. Co. (E.D. Cal. 2021) | |
| 134. | Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir. 1987) | Appellants' claim is for wrongful discharge based upon violations of state statutes and public policy. A private right of action for wrongful discharge due to safety complaints co-exists with the Cal/OSHA remedial scheme. Hentzel v. Singer Co., 138 Cal.App.3d 290, 303, 188 Cal.Rptr. 159, 167-68 (1982). California's OSHA regulations protect all workers, irrespective of any labor agreement. State health and safety standards benefit all employees as individual workers, not because they are or are not members of a collective bargaining association. And California's interest in providing this private cause of action is the enforcement of the underlying statute or policy, not to regulate the employment relationship. Garibaldi, 726 F.2d at 1374. 10... Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir. 1987) | |
| 135. | Groulx v. People's Republic of China (E.D. Mich. 2022) | The only injury for which Groulx seeks redress is his inability to ascertain the type of cancer he might develop from his exposure, and the only laws which might afford him a right to such information are OSHA's regulations. (See id. at PageID.11-13). But regulations cannot create a private right of action, and the Sixth Circuit has held that there is no private right of action under the Occupational Health and Safety Act. Alexander v. Sandoval, 532 U.S. 275, 291 (2001); Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 979 (6th Cir. 1993); Minichello v. U.S. Indus., Inc., 756 F.2d 26, 29 (6th Cir. 1985); see also Madigan v. Nabisco Brands, Inc., 46 Fed.Appx. 329, 331 (6th Cir. 2002); Ellis v. Chase Commc'ns, Inc., 63 F.3d 473, 476-78 (6th Cir. 1995). Accordingly, because Groulx cannot bring a civil lawsuit to enforce the regulations, I suggest that he does not allege a plausible claim for relief. Groulx v. People's Republic of China (E.D. Mich. 2022) | |
| 136. | Lewis v. DBI Servs. (W.D. Tex. 2020) | "Plaintiff's prior pleadings alleged that he reported safety concerns to management and was later subjected to retaliation." Lewis v. DBI Servs. (W.D. Tex. 2020) As stated in the undersigned's Order for a More Definite Statement [#16], neither the Occupational Health and Safety Act ( "OSHA"), 29 U.S.C. § 660(c), nor the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105(b)(1), both of which contain provisions protecting workers from retaliation for reporting safety violations, authorize private individuals to file suit for violation of their statutes. See Washington v. M. Hanna Const. Inc., 299 Fed. App'x 399, 401-02 (5th Cir. 2008) (private individual cannot sue for retaliatory discharge under OSHA); 49 U.S.C. § 31105(e) (conferring on the Secretary of Labor the right to bring a civil action to enforce an administrative order remedying any violation under the STAA). Because no private right of action exists under either statute, Plaintiff cannot directly sue his former employer under OSHA... Lewis v. DBI Servs. (W.D. Tex. 2020) | |
| 137. | Echard v. Devine, 726 F.Supp. 1045 (N.D. W.Va. 1989) | In July 1973, plaintiff, Noah Echard, was hired as a foreman by defendant Consolidation Coal Company (Consolidation) at the Blacksville # 2 Mine in Wana, West Virginia. After nine years of employment, Echard was discharged on February 2, 1982. In the course of deposing | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Echard, counsel for defendants raised questions about numerous occurrences of alleged violations of work standards by plaintiff. However, the record contains no detailed information in form appropriate pursuant to Fed.R.Civ.P. 56 supporting those allegations. Accordingly, this Court addresses defendants' summary judgment motion as if no such violations by plaintiff in fact occurred. Rchard v. Devine, 726 F.Supp. 1045 (N.D. W.Va. 1989) In July 1973, plaintiff, Noah Echard, was hired as a foreman by defendant Consolidation Coal Company (Consolidation) at the Blacksville # 2 Mine in Wana, West Virginia. After nine years of employment, Echard was discharged on February 2, 1982. In the course of deposing Echard, counsel for defendants raised questions about numerous occurrences of alleged violations of work standards by plaintiff. However, the record contains no detailed information in form appropriate pursuant to Fed.R.Civ.P. 56 supporting those allegations. Plaintiff states that during the course of his employment, he became concerned about Consolidation's disregard of certain safety procedures, and that he was eventually fired, inter alia, in retaliation for his efforts to have Consolidation comply with the laws and policies of the United States and of the State of West Virginia.) Accordingly, this Court addresses defendants' summary judgment motion as if no such violations by plaintiff in fact occurred. Echard v. Devine, 726 F.Supp. 1045 (N.D. W.Va. 1989) | |
| 138. | Owens v. Perdue Farms, Inc. (M.D. Ga. 2021) | "On August 5, 2020, Owens filed suit against Perdue Farms asserting claims for negligence, negligence per se, and punitive damages for his hand injuries. [Doc. 1, pp. 3-5, 7]." The second count of Owens' Amended Complaint alleges violations of 29 C.F.R. §§ 1910.212 and 1910.147. [Doc. 28, ¶¶ 22-26]. The authority for these federal regulations comes from 29 U.S.C. §§ 653, 655, and 657, more commonly referred to as standards set forth by the Occupations Safety and Health Act of 1970 or "OSHA." See [Doc. 28, ¶¶ 20, 23-24, 28, 30]. ince OSHA does not create a private right of action, it appears that Owens cannot state a cognizable negligence per se claim upon which relief may be granted. Accordingly, the Court ORDERS the parties to SHOW CAUSE within 14 days from the date of this Order why the OSHA-related claims set forth in Count II should not be dismissed. Owens v. Perdue Farms, Inc. (M.D. Ga. 2021) | |
| 139. | Reyes-Gonzalez v. Firstbank Puerto Rico (D. P.R. 2017) | Instead, plaintiff frequently and specifically pleads the opposite: "Plaintiff was at all times interested in protecting his employees and clients" (d.e. 1, p. 6); and "First Bank . . . discriminated . . . and retaliated against him for demanding safer working conditions as mandated by OSHA." (d.e. 1, p. 5). Indeed, he goes out of his way to allege that what he "only requested from his former employer and supervisor, Mr. Angel Colon, was for them to provide safer working conditions as mandated by OSHA, and to enforce the same reasonable accommodations guaranteed to him and other employees."... Reyes-Gonzalez v. Firstbank Puerto Rico (D. P.R. 2017) | |
| 140. | Momot v. Dziarcak, 208 F.Supp.3d 450 (N.D. N.Y. 2016) | This case arises out of Plaintiff's employment as a Certified Nursing Assistant ("CNA") at Defendant Daughters of Sarah Nursing Center ("DSNC") in Albany, New York. See Amended Complaint ("Amended Cmplt."), dkt. # 30, at 1. Plaintiff is a 60-year-old white male. Id. at ¶ 1. Plaintiff worked for the Nursing Center from March 8, 2011 until his termination on March 30, 2012. Id. at ¶ 3. He alleges that he lost his job due to discrimination. Id. Plaintiff contends that, though qualified for his CNA position, the Nursing Center breached workplace safety | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | rules, maintained a hostile work environment, and failed to respond to his warnings about the work environment. Id. at ¶ 4. He alleges that he made Defendant aware of a hernia [208 F.Supp.3d 454] injury he suffered and was dismissed shortly thereafter.<br>The Act sets up a scheme of regulations, inspections, citations and enforcement. See 29 U.S.C. § 655 -660. While employees play a role in OSHA investigations and rulemaking, they "do not have a private right of action." Donovan , 713 F.2d at 926. Since Plaintiff lacks a private right of action under OSHA, the Court will grant the motion in this respect too. Momot v. Dziarcak, 208 F.Supp.3d 450 (N.D. N.Y. 2016) Id. at ¶ 5. | |
| 141. | Perez-Orench v. Acting Seec. of the Dept .of Homeland Sec. (D. P.R. 2023) | On March 18, 2014, Plaintiff filed a TSA Form 2400: Unsafe or Healthful Working Condition Employee Report and Investigation (the "2014 Report").[6] Docket No. 1 at ¶ 21. From October 22, 2014, to November 11, 2014, Plaintiff was hospitalized for bronchial pneumonia, bronchitis, and other breathing complications. Id. ¶ 17. Two months after her hospital stay, Plaintiff requested sick leave. Id. Two months after she returned to the office, Plaintiff was again hospitalized from May 11, 2015, to May 29, 2015. Id. ¶ 18. Plaintiff was diagnosed with steroid induced myopathy, "a condition that [] she developed due to the extended use of steroids to treat [her] lung condition." Id. On June 15, 2015, a TSA Investigator informed Plaintiff that she was under investigation "for a TA Fraud allegation submitted in May 2014."[7] Id. ¶ 19. Plaintiff alleges the investigation was in retaliation for filing the 2014 Report. Id. Subsequently, in July 2015, OSHA visited the Airport's TSA offices, met with Plaintiff, and took samples of visible mold in the office. Id. ¶ 20. Plaintiff did not receive the results of the tests performed on the samples nor was she provided status updates. Plaintiffs allege that Defendants' conduct violated OSHA. However, this statute does not create a private cause of action. Pedraza v. Shell Oil Co., 942 F.2d 48, 52 (1st Cir. 1991) ("[E]very court faced with the issue has held that OSHA creates no private right of action."); see also Lopez-Ramos v. Cemex de Puerto Rico, Inc., 2020 WL 5224190, *8 (D.P.R. Sept. 1, 2020) ("Circuit and District courts have repeatedly found that OSHA does not authorize a private cause of action for discriminatory retaliation.") (cleaned up). Thus, this claim must be DISMISSED WITH PREJUDICE.<br>Pere-Orench v. Acting Sec. of the Dept of Homeland Sec. (D. P.R. 2023) | |
| 142. | Weinberg v. Advanced Data Processing, Inc., 147 F.Supp.3d 1359 (S.D. Fla. 2015) | Plaintiff Yehonatan Weinberg ("Plaintiff") commenced this class action lawsuit on August 4, 2015, against Defendants Advanced Data Processing, Inc. ("ADP") and Intermedix Corp. ("Intermedix," together with ADP, "Defendants"),1 for failure to safeguard the sensitive personal information of Plaintiff and other emergency medical service patients (the "Class"), including their names, dates of birth, Social Security numbers, dates of medical services, health insurance information, and other protected health information (collectively, "Sensitive Information"), pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1301, et seq., and its implementing rules. Held: "HIPAA provides no private right of action—a fact which Plaintiff does not contest. See Pl. Resp. at 7–8;..." Weinberg v. Advanced Data Processing, Inc., 147 F.Supp.3d 1359 (S.D. Fla. 2015) "Florida courts have refused to recognize a private right of action for negligence per se based on an alleged violation of a federal statute that does not provide for a private right of action." Stevens v. Danek Medical, Inc., 1999 WL 33217282, at *5–6 (S.D.Fla.1999) (citing Jupiter Inlet Corp. v. Brocard, 546 So.2d 1, 2–3 (Fla. 4th DCA 1998) ("OSHA [Occupational Safety and Health Act] does not provide the basis for a private right of action.... [Thus,] | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | "violation of OSHA does not constitute per se negligence); see Zarrella v. Pacific Life Ins. Co., 755 F.Supp.2d 1218, 1228–29 (S.D.Fla. Nov. 10, 2010) ("Plaintiffs cannot use negligence per se to create a private...<br>Weinberg v. Advanced Data Processing, Inc., 147 F.Supp.3d 1359 (S.D. Fla. 2015) | |
| 143. | Schambeau v. Schambeau (S.D. Ala. 2021) | In his amended complaint, Schambeau invokes federal question jurisdiction1 on the basis of the following statues and federal code section/rule: (1) 15 U.S.C. § 77q (fraudulent interstate transactions); (2) 17 C.F.R. § 240.13b2-1 (falsification of accounting records); and (3) 18 U.S.C. § 1514A (the Whistleblower Protection Act). (Doc. 4, PageID. 18).<br>Schambeau v. Schambeau (S.D. Ala. 2021)<br>Plaintiff cannot rely on this statute to bring suit because he has not established that he filed a written complaint with OSHA in order to allow OSHA to resolve his claims administratively before filing suit in this Court. In addition, Plaintiff makes no allegation (nor can he17) that he was discharged, that he engaged in protected activity, or that the protected activity was a contributing factor in any adverse employment action.18...<br>Schambeau v. Schambeau (S.D. Ala. 2021) | |
| 144. | Simkus v. United Air Lines, Inc. (N.D. Ill. 2012) | Simkus filed his whistleblower complaint with OSHA on May 10, 2010. Doc. 42 at 25. The specific retaliatory acts alleged in the amended complaint took place, at the latest, on April 26, 2009, when Simkus was transferred to a different work location. Id. at 23 (referring to "further acts of continued retaliation ... beginning in 2008, and 2009"), 27, 51-55 (listing specific acts of retaliation, none of which took place after 2008). Because Simkus does not allege a specific retaliatory act that took place within 180 days (giving him the benefit of new, longer period) of his May 2010 OSHA whistleblower complaint,...<br>Simkus v. United Air Lines, Inc. (N.D. Ill. 2012) "For the foregoing reasons, United's motion to dismiss is granted." Simkus v. United Air Lines, Inc. (N.D. Ill. 2012) | |
| 145. | Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019) | The plaintiff in this case did not file her complaint with OSHA until at least two years after she became aware of the alleged violation. The district court concluded that Daly's claim required dismissal because she had failed to exhaust her administrative remedies, even though it was not certain whether the proper vehicle for that dismissal was for lack of jurisdiction, under Rule 12(b)(1), or for failure to state a claim, under Rule 12(b)(6).<br>Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019)"Here, Daly failed to satisfy her administrative exhaustion requirements because she did not file a timely complaint with OSHA." Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019) | |
| 146. | King v. Fox Grocery Co., 642 F.Supp. 288 (E.D. Pa. 1986) | Nor has plaintiff included any evidence which would establish a link between his discharge and any protests he made about unsafe conditions. Plaintiff has not as yet satisfied the court as to the relevance of the evidence concerning the taping down of high speed buttons on the | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | employee's pallet carriers. He fairly has established that employees engaged in this prohibited practice; that he had done so on two occasions; that management was aware of this practice; and that OSHA had cited Fox for this violation of safety standards. Plaintiff has not shown how this relates to his discharge.  his is the statutory remedy applicable to allegations of this nature; the courts of appeals have not found a private right of action under OSHA. See Taylor v. Brighton Corporation, 616 F.2d 256 (6th Cir. 1980); McCarthy v. Bark Peking, 676 F.2d [642 F. Supp. 291] 42 (2nd Cir.1982)...<br>King v. Fox Grocery Co., 642 F.Supp. 288 (E.D. Pa. 1986) | |
| 147. | Burnett v. BJ&'s Wholesale Club, Inc. (D. Md. 2023) | This dispute arises out of Burnett's time as an employee at a BJ's retail location in Owings Mills, Maryland. (Compl.) Burnett was hired in June 2021 to work part-time as a forklift operator at that location. (Id.) "[D]uring the hiring process," Burnett disclosed to BJ's his "physical and mental disabilities," including post-traumatic stress disorder, bipolar disorder, depression, anxiety, schizophrenia, and chronic pain. (Am. Compl., ECF No. 23, ¶ III(D)-(E).) During Burnett's interview for the position, the store's general manager allegedly told him that employees operating "heavy lift equipment" were not required to wear steel-toed shoes because the store was a retail facility. (Compl.) At the time, Burnett understood a certain provision of the United States Occupational Safety and Health Administration's (&ldquo;OSHA") workplace safety regulations, Standard 1926.95, to require all operators of heavy lift equipment to wear steel-toed shoes, including at retail facilities. (Id.)... "On or around October 13,2021, Burnett suffered a workplace injury when he tripped over a coworker's foot-an incident which he characterizes as an assault and battery-and he noticed when he tripped that the coworker was not wearing steel-toed shoes. (Id.)..." Burnett v. BJ&#39;s Wholesale Club, Inc. (D. Md. 2023) "Burnett reported the Owings Mills BJ's location for noncompliance with OSHA Standard<br>1926.95 via OSHA's online complaint portal. (Compl.) In November 2021, while Burnett was still on leave and collecting "temporary disability [benefits]," BJ's terminated his employment." Burnett v. BJ&#39;s Wholesale Club, Inc. (D. Md. 2023)<br>Burnett v. BJ&#39;s Wholesale Club, Inc. (D. Md. 2023) "violated the Occupational Safety and Health Act's ("OSH Act") "whistleblower protection" provision, 29 U.S.C. § 660(c);..." Burnett v. BJ&#39;s Wholesale Club, Inc. (D. Md. 2023) Footnote:<br>The relevant provision governing OSHA complaints does not provide a private right of action. See 29 U.S.C. § 660(c); see also Doe I v. Scalia, 58 F.4th 708,711 (3rd Cir. 2023) ("In general, OSHA, rather than private litigants, is responsible for assuring workplace safety. In furtherance of that objective, the OSH Act funnels safety grievances through OSHA's administrative processes."). Burnett v. BJ&'s Wholesale Club, Inc. (D. Md. 2023) | |
| 148. | Walsh v. United States Postal Serv. (W.D. Pa. 2022) | Plaintiff Martin J. Walsh, the United States Secretary of Labor ("the Secretary"), brings this action under Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c), against Defendant, the United States Postal Service ("USPS"), alleging that USPS | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | violated the law when it fired a postal employee in retaliation for having reported a work injury.  "On or about April 21, 2016, the day before he was given a termination letter, Holland initiated a complaint with OSHA alleging that USPS discriminated against him in violation of Section 11(c)(1) of the Act." Walsh v. United States Postal Serv. (W.D. Pa. 2022) | |
| 149. | Porter v. Williams (M.D. Ga. 2016) | On January 16, 2014, the Housing Authority terminated Porter. The Housing Authority asserts that it terminated Porter due to "unsatisfactory job performance." Defs.' Mot. for Summ. J. Ex. O, Separation Notice, ECF No. 10-21. Porter contends that she had no job performance problems. Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. 4-5. A few months later, in August 2014, Porter filed a complaint with the Occupational Safety and Health Administration ( "OSHA") regarding the Housing Authority's failure to provide her with health insurance. An Administrative Law Judge ("ALJ")...<br>Porter v. Williams (M.D. Ga. 2016) | |
| 150. | Jones v. Manor Care Health Servs. (E.D. Mo. 2017) | "Plaintiff claims she was injured on the job on August 8, 2011 and is now disabled as a result of that injury. Plaintiff asserts that she was terminated in retaliation for filing a workers' compensation claim..." "Additionally, plaintiff's claims brought pursuant to the Occupational Health and Safety Act and against the United States Occupational Safety and Health Administration will also be dismissed." The Occupational Safety and Health Act "creates no private right of action for an injured employee against his employer." B&B Insulation, Inc. v. Occupational Safety and Health Review Comm'n, 583 F.2d 1364, 1371 n. 11 (5th Cir. 1978)...<br>Jones v. Manor Care Health Servs. (E.D. Mo. 2017) | |
| 151. | Liban v. McCarty (E.D. Pa. 2017) | "Although his safety concerns were appreciated, his complaints dealt with the design and redesign of equipment, which was monitored by the Operations Unit of PWD, not the Construction Unit to which he was assigned. (Id.)..." Liban v. McCarty (E.D. Pa. 2017)"In addition, Plaintiff raises a claim, alleging violations of regulations imposed by the Occupational Health and Safety Administration (OSHA). (Doc. No. 1 ¶ 121.)..." Liban v. McCarty (E.D. Pa. 2017) | |
| <mark>152.</mark> | <mark>Reed v. Tyson Foods, Inc. (W.D. Tenn. 2022)</mark> | Plaintiffs Symantha Reed, Charles Goez, James Spaulding, Gary Crawford, Wendy Wharton, and Michelle Whitehead filed this action in the Dyer County Chancery Court against their employer Tyson Foods, Inc. Plaintiffs allege that Defendant Tyson Foods violated their rights under the First, Fourth, and Fifth Amendments to the United States Constitution; the Tennessee Constitution, Article I, Section 3; the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010 et seq.; the Nuremberg Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3; the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq.; the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103 et seq.; and Tenn. Code Ann. § 14-1-101 et seq., by requiring them to be vaccinated with the COVID-19 vaccine prior to November 1, 2021, or else go on unpaid leave without the assurance of ever reclaiming their jobs.<br>Reed v. Tyson Foods, Inc. (W.D. Tenn. 2022) – NO OSHA Section 11(a) Claim – but Heald no Private right of action under Tennessee Constitution | |
| 153. | Jenkins v. Sec. Eng'rs, Inc. (11th Cir. 2019) | The district court also granted Jenkins's request to file an amended complaint, which she did on May 29, 2018. Jenkins's amended complaint (1) provided more detailed allegations | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | regarding the claims asserted in her initial complaint, and (2) added these two claims: wage and hour violations under FLSA and retaliation under the Occupational Safety and Health Act, 29 U.S.C. § 660(c) ( "OSHA") for reporting safety violations. "The district court dismissed Jenkins's OSHA retaliation claim because OSHA affords no private right of action." Jenkins v. Sec. Eng'rs, Inc. (11th Cir. 2019) | |
| 154. | Marshall v. N.L. Industries, Inc., 618 F.2d 1220 (7th Cir. 1979) | The Secretary later filed this lawsuit arguing that defendant had violated Section 11(c) of the Act as construed in OSHA regulations and seeking a variety of relief, including a permanent injunction against further violations by defendant, back pay and vacation pay for Heard, and the posting of a prescribed notice.<br>Marshall v. N.L. Industries, Inc., 618 F.2d 1220 (7th Cir. 1979) | |
| 155. | Hayslett v. Tyson Foods, Inc. (W.D. Tenn. 2023) | When Plaintiff requested a religious accommodation, Defendants offered her up to one year of absence without pay that would commence November 1, 2021. Id. ¶ 15. Defendants explained to Plaintiff that her other options were taking the vaccine or termination. Id. ¶ 16. After Defendants refused Plaintiff's request for an alternative accommodation, id. ¶ 17, Plaintiff elected to take the unpaid leave of absence, effective November 1, 2021. Id. ¶ 18. In May 2022, Plaintiff notified Defendants she no longer wanted to remain on unpaid leave and requested a return to work. Id. ¶ 20. Defendants refused her request to come back without first receiving the vaccine. Id. ¶ 21. Based on these factual premises, the Complaint alleges that Defendants have terminated or constructively terminated Plaintiff's employment in violation of Tenn. Code Ann. § 14-2-102(a). Motion to Dismiss Denied.<br>Hayslett v. Tyson Foods, Inc. (W.D. Tenn. 2023) | |
| 156. | Horton v. Narbaitz (N.D. Cal. 2023) | "Although Horton filed complaints, the SAC alleges that "[n]othing was done by SFPUC management regarding implementing a safety plan" or improve safety." Horton v. Narbaitz (N.D. Cal. 2023) "The crux of these claims is that after Horton was assaulted near his job site, causing him severe trauma, the defendants discriminated against him based on his disability and race, failed to accommodate his disability, and ultimately fired him by way of medical separation." Horton v. Narbaitz (N.D. Cal. 2023) | |
| 157. | Firmin v. Richard Constr., Inc. (E.D. La. 2012) | Firmin did not merely put forth unidentified claims that could be interpreted by the Court as arising under state or federal law. Rather, he explicitly and repeatedly relied on federal statutes and made no mention of state law. His later identification of state discrimination statutes does not affect the Court's jurisdiction, which is based on the face of plaintiff's complaint. See Torres, 113 F.3d at 542.<br><br>    Nevertheless, that Firmin's claims raise federal questions does not resolve the issue of whether the Court may exercise subject matter jurisdiction.<br>The Court in fact held that Firmin may not bring a cause of action under OSHA, as the statute does not allow for a private right of action for retaliatory discharge. R. Doc. 23 at 5 (citing George v. Aztec Rental Ctr. Inc., 763 F.2d 184, 186 (5th Cir. 1985)).<br>Firmin v. Richard Constr., Inc. (E.D. La. 2012) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 158. | Cichocki v. Mass. Bay Cmty. Coll. (D. Mass. 2013) | Cichocki alleges that MassBay, O'Donnell, and Nelson-Bailey violated OSHA's prohibition of an unsafe work environment by failing to address Cichocki's "repeated oral and written complaints of [an] unsafe work environment" and taking "actions that exacerbated the already dangerous situation" at Cichocki's workplace. (#1 ¶ 6).        Cichocki will not succeed on this claim because OSHA does not create a private right of action. Enforcement of the provisions of OSHA, 29 U.S.C. §§ 651-678 (2000), is reserved for the United States Secretary of Labor. See 29 U.S.C. § 658 (authorizing the Secretary to issue citations for violations of occupational safety and health standards and to establish reasonable time for abatement); 29 U.S.C. § 662 (authorizing Secretary to file petition for injunctive relief to restrain imminent workplace dangers).  Cichocki cannot maintain a private cause of action against MassBay pursuant to OSHA, see, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 115 (D. Mass. 2001) (citing Elliot v. S.D. Warren Co., 134 F.3d 1, 4 (1st Cir. 1998)), he is unable to demonstrate that this claim is likely to succeed on the merits. Cichocki v. Mass. Bay Cmty. Coll. (D. Mass. 2013) | |
| 159. | Cichocki v. Mass. Bay Cmty. Coll. (D. Mass. 2013) | Here, it is not clear whether or not plaintiff is attempting to maintain her own private cause of action under the OSHA statute or if she is using the statute to support her retaliation claim. To the extent that plaintiff is citing the OSHA statute as a private cause of action, said action is prohibited by the statute. Jacques-Scott v. Sears Holdings Corp. (D. Del. 2011) | |
| 160. | Jacques-Scott v. Sears Holdings Corp. (D. Del. 2011) | Plaintiff was employed by defendants, Sears Holdings Corporation and Sears Roebuck and Company ("Sears" or collectively "defendants"), from January 28, 2008 until June 11, 2008. Plaintiff alleges that during her employment she was discriminated against based on her age, race and gender, subjected to a hostile work environment and her character was defamed. Plaintiff further alleges that her employment was terminated in retaliation for reporting safety, health and fire violations...under the Federal OSHA.  "Any amendment would be futile since the plaintiff cannot establish a private right of action under the statute. Therefore, the plaintiff's claim for relief under the OSHA statute should be dismissed with prejudice." Jacques-Scott v. Sears Holdings Corp. (D. Del. 2011) | |
| 161. | Baudison v. Walmart, Inc. (S.D. Ill. 2021) | "Finally, the Court remains convinced that its dismissal of any OSHA claim was correct. As outlined in its Memorandum and Order, there is no private right of action under OSHA (See Doc. 29)." Baudison v. Walmart, Inc. (S.D. Ill. 2021) | |
| 162. | Drevaleva v. Alameda Health Sys. (N.D. Cal. 2017) | "he plaintiff's discussion under the federal Occupational Safety and Health Act (OSHA) is without merit. See ECF No. 47 at 9-10. Nothing in the complaint alleges an OSHA violation. factual allegation suggests that this is an occupational-safety case." "The regulation that the plaintiff repeatedly cites (29 C.F.R. § 1977.11) relates to retaliation for giving 'testimony.' Nothing in the complaint suggests that AHS retaliated against the plaintiff for giving testimony." Drevaleva v. Alameda Health Sys. (N.D. Cal. 2017) "It is not a grant of jurisdiction, does not create a private right of action, and does not address anything that is going on in the plaintiff's complaint." Drevaleva v. Alameda Health Sys. (N.D. Cal. 2017) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 163. | Munoz v. Navistar Int'l Corp. (N.D. Okla. 2015) | "She contends that she informed 'John Mattox in Worker's Compensation that the Defendant was unlawfully reporting OSHA recordable accidents,' and was thereafter 'harassed ... and terminated....'...." Munoz v. Navistar Int'l Corp. (N.D. Okla. 2015) | |
| 164. | Palmer v. Amazon.com, Inc., 498 F.Supp.3d 359 (E.D. N.Y. 2020) | "But courts are not expert in public health or workplace safety matters, and lack the training, expertise, and resources to oversee compliance with evolving industry guidance. Plaintiffs' claims and proposed injunctive relief go to the heart of OSHA's expertise and discretion." "The risk of inconsistent rulings further weighs in favor of applying the doctrine of primary jurisdiction. This case concerns state and federal guidance addressing workplace safety during a pandemic for which there is no immediate end in sight." Palmer v. Amazon.com, Inc., 498 F.Supp.3d 359 (E.D. N.Y. 2020)Palmer v. Amazon.com, Inc., 498 F.Supp.3d 359 (E.D. N.Y. 2020) | |
| 165. | Blessing v. United States, 447 F.Supp. 1160 (E.D. Pa. 1978) | These cases, now before us on Rule 12 motions, raise the important question whether a claim is stated against the United States under the Federal Tort Claims Act by a complaint alleging that personal injuries have been sustained by an employee of a private industrial plant as the result of a negligently conducted inspection of the facility by representatives of the Occupational Safety and Health Administration hereinafter "OSHA". neither the regulations nor the statute is at the heart of the present actions. Rather, plaintiffs' claims center on principles of common law tort, made applicable to claims against the United States by the FTCA, whereby one is rendered liable to another for breach of a duty voluntarily assumed by affirmative conduct, even when that assumption of duty is gratuitous.<br><br>Blessing v. United States, 447 F.Supp. 1160 (E.D. Pa. 1978) | |
| 166. | Pinson v. 45 Dev., LLC, 758 F.3d 948 (8th Cir. 2014) | Pinson also argues that the Occupational Safety and Health Act (OSHA), the International Builders Code, and the National Electrical Safety Code established a standard of care breached by 45 Development at the time of his injury. The district court concluded that any such safety violations could be presented to a jury as evidence of negligence, but that they were not relevant at the summary judgment stage. OSHA does not generally expand employer duties from those at common law, and the statute does not create a private right of action nor does it preempt state law. See29 U.S.C. § 653(b)(4); Solis v. Summit Contractors, Inc., 558 F.3d 815, 828–29 (8th Cir.2009). Pinson also failed to demonstrate that other safety codes, even if adopted by statute in Arkansas, establish a standard of care or expand 45 Development's common law duty. As we pointed out in Chew, "Arkansas courts have been hesitant to permit Arkansas statutes and regulations to expand common law causes of action" without "clear legislative intent. Pinson v. 45 Dev., LLC, 758 F.3d 948 (8th Cir. 2014) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 167. | Mullen v. Norfolk S. Ry. Co. (W.D. Pa. 2015) | In his Complaint, Mullen alleges that "he was illegally dismissed by NSR in retaliation for having protested unsafe acts in violation of Federal rail safety regulations, refused to commit the acts himself, and confronted managers as to their violations of these regulations in a company safety meeting, where such problems are supposed to be raised." Pl.'s Compl. at 1...<br>Mullen v. Norfolk S. Ry. Co. (W.D. Pa. 2015)"According to OSHA, 'there [was] no evidence that [Mullen's] discipline was motivated in any way by his protected activity, but rather because of his disruptive behavior and insubordination.' Def.'s App'x Ex. 2, ECF No. 37-2 at 3." Mullen v. Norfolk S. Ry. Co. (W.D. Pa. 2015) | |
| 168. | Gunnells v. United States, 514 F.Supp. 754 (S.D. W.Va. 1981) | The defendant contends that neither the Bureau of Mines nor the Corps of Engineers has an actionable duty to enforce the provisions of the Mine Act or the Refuse Act and [514 F. Supp. 757]that neither Act gives rise to an implied private right of action. Defendant further contends that negligent enforcement of federal statutes is not actionable under the FTCA...Gunnells v. United States, 514 F.Supp. 754 (S.D. W.Va. 1981) | |
| 169. | Edwards v. Elmhurst Hosp. Ctr. (E.D. N.Y. 2013) | To the extent that plaintiff brings this suit to address the alleged unsafe working conditions at the defendant Hospital, the Court notes that there is no private right of action under the United States Occupational Health and Safety Administration ( "OSHA") statutes. Donovan v. Occupational Safety and Health Review Comm'n, 713 F.2d 918, 926 (2d Cir. 1983).<br>Edwards v. Elmhurst Hosp. Ctr. (E.D. N.Y. 2013) | |
| 170. | Hendrix v. Pactiv LLC (W.D. N.Y. 2020) | "Plaintiff asserts a cause of action under OSHA due to Cronk's alleged falsification of OSHA paperwork on January 19, 2018." Hendrix v. Pactiv LLC (W.D. N.Y. 2020)<br>"Pursuant to this provision, it is now well established that 'OSHA violations do not themselves constitute a private cause of action for breach.'" Am. Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld, 321 F.3d 139, 143-44 (D.C. Cir. 2003) (quoting Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994); citing Pedraza v. Shell Oil Co., 942 F.2d 48, 52 (1st Cir. 1991) ("[E]very court faced with the issue has held that OSHA creates no private right of action."); other citations omitted).<br>Hendrix v. Pactiv LLC (W.D. N.Y. 2020) | |
| 171. | Garvey v. Admin. Review Bd. (D.C. Cir. 2022) | "In August 2016, Garvey filed a pro se complaint with the Occupational Safety and Health Administration (' ;OSHA') at the Department of Labor ('DOL') against Morgan Stanley for alleged retaliation in violation of Section 806..." Garvey v. Admin. Review Bd. (D.C. Cir. 2022) | |
| 172. | Green v. N.Y.C. Transit Auth. (S.D. N.Y. 2019) | "While Plaintiff claims that NYCTA 'violated her rights by still using a known carcinogen' contained in soap, Plaintiff does not have a private right of action to bring that claim. SAC, p. 33. Thus, Plaintiffs OSHA claims are dismissed." Green v. N.Y.C. Transit Auth. (S.D. N.Y. 2019) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 173. | Von Maack v. Wyckoff Heights Med. Ctr. (S.D. N.Y. 2016) | Finally, Plaintiff alleges that Defendant violated a number of federal and state regulations governing pharmacies, including 10 N.Y.C.R.R. § 405.17; N.Y. Educ. Law, Art. 137; 29 C.F.R. § 1910.1200; OSHA Directive CPL 02-02-054; and United States Pharmacopeia Chapter 797. Compl. at 59-61. Yet, as in her prior suit against 1199, Plaintiff has not directed the Court to any provision creating a private right of action to enforce these regulations. Von Maack v. 1199SEIU United Healthcare Workers E., 2014 WL 5801349, at *7. Plaintiff's claims predicated on these regulations are therefore dismissed with prejudice. Von Maack v. Wyckoff Heights Med. Ctr. (S.D. N.Y. 2016) | |
| 174. | Desai v. Dejoy (E.D. Va. 2023) | "Plaintiff asserts claims that do not appear to be explicitly based on a statute, writing that she is bringing claims under the "legal standard for discrimination act," for "unsafe work,..." "]Accordingly, Plaintiff's OSHA claim is dismissed for lack of subject-matter jurisdiction." Desai v. Dejoy (E.D. Va. 2023) | |
| 175. | Jarvis v. Oakland-Macomb Obstretrics (E.D. Mich. 2022) | Here, plaintiff alleges that in mid-July 2020 she engaged in protected activity under the WPA when she contacted OSHA and subsequently informed her supervisor that she had done so and was considering filing a complaint with OSHA. (ECF No. 29, PageID.195, ¶¶ 38-39). Plaintiff further alleges that she thereafter suffered adverse employment actions in the form of increased exposure to COVID-19, discipline, and termination. (Id., PageID.209, ¶ 124). On November 17, 2020, plaintiff allegedly attended a meeting with defendants, during which she expressed her concerns regarding defendants' COVID-19-related protocols and her exposure to COVID-19 in particular. (Id., PageID.198-99, ¶¶ 57-65). Plaintiff alleges that at this meeting, defendant Micallef was "dismissive of her concerns," "used an angry tone," told her that "she was 'paranoid,'" "advised [her] . . . to immediately cease discussing her dissatisfaction with Defendants' protocols," and "described her as 'impossible to satisfy.'" (Id., PageID.199, ¶¶ 66-70). Jarvis v. Oakland-Macomb Obstretrics (E.D. Mich. 2022) | |
| 176. | Intern. Brominated Solvents v. Amer. Conference, 393 F.Supp.2d 1362 (M.D. Ga. 2005) | Plaintiffs allege in Count V that federal law prohibits the Department of Labor, acting through OSHA, from using its Hazard Communication Rule, 29 C.F.R. § 1910.1200, to incorporate by reference "prospective versions or editions of publications or standards — such as the 2005 TLVs — into the Code of Federal Regulations." Pls.' Brief in Resp. to Fed. Defs.' Mot. to Dismiss, tab 66, at 23; see Pls.' Am. Compl., tab 24, at ¶¶ 118-121. The Rule was promulgated pursuant to the Occupational Health and Safety Act ("OSH Act"), 29 U.S.C.A. § 651 et seq. (1999). Plaintiffs assert that the Rule violates the Federal Register Act, the Paperwork Reduction Act, and the Due Process Clause of the Fifth Amendment. Intern. Brominated Solvents v. Amer. Conference, 393 F.Supp.2d 1362 (M.D. Ga. 2005) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 177. | Acosta v. Idaho Falls Sch. Dist. No. 91, 291 F.Supp.3d 1162 (D. Idaho 2017) | On May 31, 2011, Penny Weymiller filed a whistleblower complaint with the U.S. Secretary of Labor, alleging that the District retaliated against her for raising concerns with asbestos removal plans, in violation of the whistleblower provisions of the Asbestos Hazard Emergency Response Act of 1986 ("AHERA"). The Occupational Safety and Health Administration ( "OSHA") investigated Ms. Weymiller's claims and announced its determination on January 15, 2015. OSHA found that Ms. Weymiller had been subject to whistleblower retaliation...<br>Acosta v. Idaho Falls Sch. Dist. No. 91, 291 F.Supp.3d 1162 (D. Idaho 2017) | |
| 178. | Sinegal v. Ryan Marine Servs., 712 F.Supp.2d 597 (S.D. Tex. 2008) | "Plaintiff was employed by Dynamic Industries, Inc. ("Dynamic") as a welder/rigger/fitter to perform work on the Maritech High Island A 560 stationary platform off the coast of Galveston in the Gulf of Mexico." Sinegal v. Ryan Marine Servs., 712 F.Supp.2d 597 (S.D. Tex. 2008)<br>Plaintiff alleges that during the basket transfer from the platform to the boat, high winds and rough conditions prevented Williams from controlling the basket, and caused the basket to strike the crew boat port stacks and hit the railing of the boat. Plaintiff claims that, as a result, he lost his footing and fell to the deck of the boat, suffering severe injuries to his neck, back, wrist, and knee.3...<br>Sinegal v. Ryan Marine Servs., 712 F.Supp.2d 597 (S.D. Tex. 2008)<br>No Private right of action for personal injury claims – court held that:<br>"The Fifth Circuit and other courts have further determined that OSHA does not create a private right of action, and thus does not impose any duty on an employer. See, e.g., Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975) ("[N]o cause of action for such violations can be implied under OSHA to run in favor of a person who was not an employee of the violator against whom recovery is sought."). The Texas Courts of Appeals have also rejected the argument that OSHA regulations impose such a non-delegable duty on a premises owner, and have held that common law duties are not expanded by OSHA. See, e.g., McClure v. Denham, 162 S.W.3d 346, 352-54 (Tex.App.-Fort Worth 2005).<br>Sinegal v. Ryan Marine Servs., 712 F.Supp.2d 597 (S.D. Tex. 2008) | |
| 179. | Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | Plaintiff Clarence Mason, a painter, was seriously injured when he caught his hand in the rotating counterweights of an oil pump. In 1986, he filed a diversity action in the Southern District of Illinois against the pump's owners, Ashland Oil, Inc. and Ashland Exploration, Inc. (collectively referred to as "Ashland"), and the pump's manufacturer, National Supply Company ("National"). In 1991, the district court granted summary judgment in favor of Ashland and National, concluding that, under Illinois law, they had no duty to warn or to protect Mr. Mason from the obvious dangers of the counterweights.<br>Mr. Mason's reliance on OSHA and its regulations warrants little discussion. In Merritt v. Bethlehem Steel Corporation, 875 F.2d 603, 608 (7th Cir.1989), this court held that an | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | employee of a contractor has no private right of action based on OSHA against the operator of a workplace who violates that statute. Merritt, therefore, precludes Mr. Mason's OSHA claim. See also 29 U.S.C. § 653(b)(4); Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975). 6…<br>Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | |
| 180. | Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | Mr. Mason's reliance on OSHA and its regulations warrants little discussion. In Merritt v. Bethlehem Steel Corporation, 875 F.2d 603, 608 (7th Cir.1989), this court held that an employee of a contractor has no private right of action based on OSHA against the operator of a workplace who violates that statute. Merritt, therefore, precludes Mr. Mason's OSHA claim. See also 29 U.S.C. § 653(b)(4); Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975). 6…<br>Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | |
| 181. | Smith v. Wal-Mart Stores, Inc., 167 F.3d 286 (6th Cir. 1999) | "'Thus, if there was an OSHA violation … Kimberly Clark was under an affirmative OSHA duty to periodically inspect and to see that work and walk surfaces were unobstructed, which duty was owed to its employees.' Id. at 539. 6 See also Rouse v. CSX…'" Smith v. Wal-Mart Stores, Inc., 167 F.3d 286 (6th Cir. 1999) | |
| 182. | Gardner v. Greg's Marine Constr., Inc. (D. Md. 2014) | 9). Moreover, "OSHA does not independently establish tort duties between a contractor and employees of other contractors or subcontractors. The Act explicitly states that it shall not be construed to supersede or affect any workmen's compensation law or to enlarge or diminish the common law or statutory rights, duties, or liabilities of employers with respect to injuries to their employees." Jones, 2004 WL 1254029, at *5. The Fourth Circuit has stated, "'[i]n a negligence action, regulations promulgated under . . . [OSHA] provide evidence of the standard of care exacted of employers, but they neither create an implied cause of action nor establish negligence per se.'" Albrecht v. Balt. & Ohio R. Co., 808 F.2d 329, 332 (4th Cir. 1987) (quoting Melerine v. Avondale Shipyards, Inc.,659 F.2d 706 (5th Cir. 1981)); Ellis v. Chase Commc'ns, Inc., 63 F.3d 473, 478 (6th Cir. 1995) ("even if an OSHA violation is evidence of [defendant's] negligence . . . [defendant] must owe a duty to [plaintiff] under a theory of liability independent of OSHA, as OSHA does not create a private right of action. OSHA regulations can never provide a basis for liability").<br>Gardner v. Greg's Marine Constr., Inc. (D. Md. 2014) | |
| 183. | Smith v. Millennium Rail, Inc., 241 F.Supp.3d 1183 (D. Kan. 2017) | Assuming arguendo that Millennium Rail did commit OSHA violations, Smith fails to demonstrate the second element: that he reported any OSHA violations either internally or externally. Smith relies on Flenker v. Willamette Industries, Inc.95 in asserting his OSHA-related claim. But Flenker dealt exclusively with the whistleblower exception.96 And as the name suggests, one cannot bring such an action without alleging that he was in fact a whistleblower. Here, no such evidence exists. Smith does not allege that he filed a<br><br>[241 F.Supp.3d 1207] | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | complaint, internally or externally, about perceived OSHA violations.<br>Smith v. Millennium Rail, Inc., 241 F.Supp.3d 1183 (D. Kan. 2017) | |
| 184. | Mckeown v. Port Authority of N.Y. & N.J., 162 F.Supp.2d 173 (S.D. N.Y. 2001)<br><br>Employee can bring a suit directly in the Federal Court of Appeals challenging a standard. | The only provision in OSHA that permits a private citizen to bring a suit in federal court to enforce a standard is section 655(f), which allows<br><br>    [a]ny person who may be adversely affected by a standard issued under this section ... at any time prior to the sixtieth day after such standard is promulgated [to] file a petition challenging the validity of such standard with the United States court of appeals for the circuit wherein such person resides or has his principal place of business, for a judicial review of such standard.<br><br>    29 U.S.C. § 655(f).<br>Mckeown v. Port Authority of N.Y. & N.J., 162 F.Supp.2d 173 (S.D. N.Y. 2001) | |
| 185. | Westley v. Mann (D. Minn. 2012) | "In October 2008, Westley and AFTEF, through defendant Pukel, commenced a legal action in Miami Dade Circuit Court before defendant Sigler to obtain compliance with federal OSHA workplace laws, ADA access requirements, fire, life and safety codes and public health regulations. Id.,..." Westley v. Mann (D. Minn. 2012) No provide right o action for OSHA violations | |
| 186. | McCrae v. H.N.S. Mgmt. (D. Conn. 2022) | In July 2022, Plaintiffs attended a meeting with an assistant manager at HNS, where they were told that it was up to Ms. Pellegrini to decide whether or not the disinfectants would continue to be used, and Ms. Pellegrini had decided to go ahead with their use. (Id. ¶ 35.) After this meeting, Plaintiffs filed individual complaints with OSHA. (Id.)...<br>McCrae v. H.N.S. Mgmt. (D. Conn. 2022) | |
| 187. | Roman v. Tyco Simplex Grinnell  (M.D. Fla. 2017) | The Court also explained that OSHA does not create a private right of action, so Roman could not bring a claim under that statute. (Id. at 6).  Roman then filed his Third Amended Complaint. (Doc. # 16). The Third Amended Complaint included four different counts: two counts for breach of oral contract, one count for "Unsafe-Unfair work conditions," which was brought under OSHA...<br>Roman v. Tyco Simplex Grinnell  (M.D. Fla. 2017) | |
| 188. | Federal Deposit Ins. V. Schuchmann, 235 F.3d 1217 (10th Cir. 2000) | In support of its finding in Valdez that Congress did not intend to legislate negligence as a matter of law for any violation of OSHA, the New Mexico Supreme Court cited a section of OSHA that provides "[n]othing in this chapter shall be construed to . . . diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees." 29 U.S.C. 653(b)(4). | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Federal Deposit Ins. V. Schuchmann, 235 F.3d 1217 (10th Cir. 2000) | |
| 189. | Ross v. Tenn. Commercial Warehouse, Inc. (W.D. N.C. 2014 | "Plaintiff filed a complaint with the North Carolina Labor Board, which forwarded his complaint to the Occupational Safety and Health Administration ( 'OSHA'). Id. OSHA then investigated and dismissed the complaint, id. at 3-4, and Plaintiff filed the present action on July 16, 2014." Ross v. Tenn. Commercial Warehouse, Inc. (W.D. N.C. 2014) "In their Motion to Dismiss, Defendants correctly assert that the Occupational Safety and Health Act provides no private right of action. (Doc. No. 4, p. 4). Therefore, Defendants' motion to dismiss Plaintiff's claim under the Occupational Safety and Health Act of 1970 is GRANTED." Ross v. Tenn. Commercial Warehouse, Inc. (W.D. N.C. 2014) | |
| 190. | Mickens v. Gen. Elec. Co. (W.D. Ky. 2016) | In Paragraph 32 of Plaintiff's complaint, Mickens alleges that GE violated the Occupational Safety and Health Act "in relation to how to address which bathroom the Plaintiff was to have used while an employee." (Complaint ¶32.) In as much as this is an independent claim, the Defendant correctly notes that OSHA does not create a private civil remedy. Ellis v. Chase Communications, Inc., 63 F.3d 473, 477 (6th Cir. 1995); Akers v. Wal-Mart Stores, Inc., 2011 WL 826246 (E.D. Tenn. March 3, 2011). Accordingly, Defendant's motion to dismiss this claim is granted.<br>Mickens v. Gen. Elec. Co. (W.D. Ky. 2016) | |
| 191. | Greenwood v. Frost (D. Haw. 2019) | To the extent Plaintiffs are attempting to bring an OSHA claim, like HIPAA, "OSHA violations do not themselves constitute a private cause of action for breach." Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994). Instead, "in private civil actions with a valid statutory or common law basis, the plaintiff may seek to introduce applicable OSHA standards to prove the duty owed to the plaintiff by the defendant." Sevcik v. Unlimited Constr. Services, Inc., 2006 WL 1285013, at *3 (D. Haw. May 8, 2006).<br>Greenwood v. Frost (D. Haw. 2019) | |
| 192. | In re Complaint of Wepfer Marine, Inc., 344 F.Supp.2d 1130 (W.D. Tenn. 2004) | Even so, the Court deems it appropriate to comment on the Claimant's final argument; that is, that violations of the Occupational Safety and Health Act (" ;OSHA") committed by Wepfer constitute negligence per se, citing Teal v. E.I. DuPont de Nemours & Co., 728 F.2d 799 (6th Cir.1984). In Teal, the Sixth Circuit held that an OSHA violation could constitute negligence per se if the injured party was a member of a class of persons the statute was intended to protect. Teal, 728 F.2d at 804. In Ellis v. Chase Communications, Inc., 63 F.3d 473, 477 (6th Cir.1995), the Sixth Circuit clarified its earlier holding, noting that Teal "does not change the law of this circuit that OSHA does not create a private right of action." Consequently, with the LHWCA claim dismissed, Gonzalez cannot sustain this action based solely on an alleged OSHA violation.<br>In re Complaint of Wepfer Marine, Inc., 344 F.Supp.2d 1130 (W.D. Tenn. 2004) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| 193. | Schwartzman Inc. v. Atchison Topeka Santa Fe Ry., 857 F.Supp. 838 (D. N.M. 1994 | Instead, the court determined that "OSHA violations do not constitute a basis for assigning negligence as a matter of law" because of the lack of legislative intent to allow private civil actions for damages based on violations of OSHA standards. Id. at 577-78, 734 P.2d 1258, citing Arvas v. Feather's Jewelers, 92 N.M. 89, 91, 582 P.2d 1302 (Ct.App.1978) (reaching the same conclusion in dicta). <br><br> Other courts have disallowed negligence per se claims predicated on environmental statutes which are similar to New Mexico's. In Lutz v. Chromatex, 718 F.Supp. 413 (M.D.Pa.1989),... <br> Schwartzman Inc. v. Atchison Topeka Santa Fe Ry., 857 F.Supp. 838 (D. N.M. 1994) | |
| 194. | Metz v. Wyeth, LLC, 872 F.Supp.2d 1335 (M.D. Fla. 2012) | Case mentions - "OSHA does not provide a basis for a private right of action and violations of it do not constitute negligence per se )." Metz v. Wyeth, LLC, 872 F.Supp.2d 1335 (M.D. Fla. 2012) | |
| 195. | Ingram Industries, Inc. v. Nowicki, 502 F.Supp. 1060 (E.D. Ky. 1980) | The decision of the Court is also in accord with the Sixth Circuit's interpretation of these Supreme Court cases. In Taylor v. Brighton Corp., 616 F.2d 256, 257 (6th Cir. 1980), the Court was presented with the question of "whether the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678, creates an implied private right of action whereby an employee discharged in retaliation for reporting safety violations to OSHA may maintain a suit against his former employer." In affirming the district court's decision that it does not, the Court's analysis centered on the inquiry: "Did Congress intend to create a private right of action in this situation?" Id. at 259. The Court then looked to the statutory language in answering this question: <br><br> Two points are evident from the statutory language. First, Congress nowhere mentioned private suits to enforce § 11(c). Second, Congress explicitly provided an alternative means of redressing § 11(c) violations. `In view of these express provisions for enforcing the statutory prohibition, it is highly improbable that "Congress absentmindedly forgot to mention an intended private action."' TAMA v. Lewis, supra, 444 U.S. at 20, 100 S.Ct. at 247 (quoting Cannon v. University of Chicago, supra, 441 U.S. at 742, 99 S.Ct. at 1981 (Powell, J., dissenting)). <br> Ingram Industries, Inc. v. Nowicki, 502 F.Supp. 1060 (E.D. Ky. 1980) | |
| 196. | Augustus v. AHRC Nassau (E.D. N.Y. 2012 | Plaintiff also alleges that she was retaliated against for asking that Defendant provide better lighting at one of its outdoor job sites. (Compl. ¶ 8.) While Plaintiff does not specify the law under which she brings this claim, the Court construes it as a claim under the Occupational Safety and Health Act ("OSHA"). See 29 CFR § 1926.26 (setting forth "minimum illumination intensities" for work areas); 29 U.S.C. § 660(c)(1) (prohibiting retaliation against any employee for protesting violations of any requirements under the Act). Plaintiff cannot sustain this claim in federal court, because the exclusive remedy for retaliation under OSHA | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | is to file an administrative complaint with the Secretary of Labor. 29 U.S.C. § 660(c)(2). There is no private right of action under OSHA. Rompalli v. Portnova, No.09 Civ. 3083, 2010 WL 2034362, at *2 (S.D.N.Y. May 21, 2010) (… Augustus v. AHRC Nassau (E.D. N.Y. 2012) | |
| 197. | Lawson v. FMR LLC, 670 F.3d 61, 33 IER Cases 457, 95 Empl. Prac. Dec. P 44417 (1st Cir. 2012) | In the notice of final rulemaking promulgating these regulations, OSHA repeatedly states that "[t]hese rules are procedural in nature and are not intended to provide interpretations of the Act." 69 Fed.Reg. 52,104, 52,105 (Aug. 24, 2004). In this case, the DOL has explicitly stated that "[t]he Department of Labor does not have substantive rulemaking authority with respect to section 1514A" and thus the Secretary of Labor does not seek Chevron deference "for her procedural regulations."… Lawson v. FMR LLC, 670 F.3d 61, 33 IER Cases 457, 95 Empl. Prac. Dec. P 44417 (1st Cir. 2012) | |
| 198. | Ingram Industries, Inc. v. Nowicki, 502 F.Supp. 1060 (E.D. Ky. 1980) | The decision of the Court is also in accord with the Sixth Circuit's interpretation of these Supreme Court cases. In Taylor v. Brighton Corp., 616 F.2d 256, 257 (6th Cir. 1980), the Court was presented with the question of "whether the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678, creates an implied private right of action whereby an employee discharged in retaliation for reporting safety violations to OSHA may maintain a suit against his former employer." In affirming the district court's decision that it does not, the Court's analysis centered on the inquiry:… Ingram Industries, Inc. v. Nowicki, 502 F.Supp. 1060 (E.D. Ky. 1980) | |
| 199. | Power v. GEO Grp. (D. N.M. 2021) | "Plaintiff shared OSHA materials with staff; filed additional grievances; collected more samples; and asked prison officials to stop the paint grinding project. (Doc. 1) at 4-5." Power v. GEO Grp. (D. N.M. 2021) "Nothing in the statute creates a private right of action for enforcing air quality standards." Power v. GEO Grp. (D. N.M. 2021) | |
| 200. | Gonzalez v. Red Hook Container Terminal LLC (E.D. N.Y. 2016) | "Plaintiff also asserts that Defendant violated the rules and regulations of the New York State Industrial Code, the Board of Standards and Appeals, and the Occupational Safety and Health Administration ( 'OSHA'). Gonzalez v. Red Hook Container Terminal LLC (E.D. N.Y. 2016) | |
| 201. | Erhart v. Bofi Holding, Inc., 387 F.Supp.3d 1046 (S.D. Cal. 2019) | Erhart failed to fully exhaust his administrative remedy with the Occupational Safety and Health Administration ( "OSHA") before filing his lawsuit. (Id. 9:14–11:16.) Therefore, BofI seeks a ruling that this claim fails to the extent it rests on protected activity that was not adequately raised in Erhart's administrative complaint filed with OSHA. (Id. )… Erhart v. Bofi Holding, Inc., 387 F.Supp.3d 1046 (S.D. Cal. 2019) | |
| 202. | Doutherd v. Montesdeoca (E.D. Cal. 2020) | "Plaintiff alleges his employer has harmed him by its violation of OSHA regulations and put him at risk for injury." FAC ¶ 78. There is no private right of action for OSHA violations. 29 U.S.C. § 653(b)(4) ("[n]othing in this chapter shall be construed to ... enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees."); see also Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994) (noting no private right of action under OSHA). Plaintiff's purported private claim for OSHA violations is barred as a matter of law. Doutherd v. Montesdeoca (E.D. Cal. 2020) | |
| 203. | Turner Constr. Co., 421 F.Supp.3d 645 (S.D. Iowa 2019) | "In summary, the Court holds Dickey's wrongful discharge claim is not cognizable because the wrongful discharge allegedly stems from a violation of Iowa Code § 730.5..." Dickey v. Turner Constr. Co., 421 F.Supp.3d 645 (S.D. Iowa 2019) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| 204. | Powell v. Laurie (D. Kan. 2020) | "(noncompliance with OSHA does not state an Eighth Amendment violation); Gillespie v. Wall, 2011 WL 3319990 *4 (D.R.I. 8/1/2011)(conclusory allegations of fire code violations fail to state a claim)." Powell v. Laurie (D. Kan. 2020) | |
|---|---|---|---|
| 205. | McCarty v. Covol Fuels No. 2, LLC, 978 F.Supp.2d 799 (W.D. Ky. 2013) | Plaintiffs' theory of negligence per se without the Plaintiff first showing an independent basis for a duty owed to McCarty. Defendant's argument arises from language in Ellis v. Chase Communications, Inc., 63 F.3d 473, 478 (6th Cir.1995) where the court found that the plaintiff could not simply rely on OSHA violations to establish an independent duty of care because the regulations "can never create a private right of action," and they "can never provide a basis for liability." Id. Defendant is correct in stating that Plaintiff may not base a claim on a federal MSHA violation because KRS § 446.070 clearly only applies to violations of Kentucky regulations. Young v. Carran, 289 S.W.3d 586, 589 (Ky.Ct.App.2008) (citing T & M Jewelry, Inc. v. Hicks ex rel. Hicks, 189 S.W.3d 526, 530 (Ky.2006)) ("Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes... McCarty v. Covol Fuels No. 2, LLC, 978 F.Supp.2d 799 (W.D. Ky. 2013) | |
| 206. | Augustus v. Nassau, 976 F.Supp.2d 375 (E.D. N.Y. 2013) | Plaintiff's complaint also alleges a claim of retaliation under the Occupational Safety and Administration ("OSHA") laws. Plaintiff alleges retaliation under OSHA arising from her advocacy for heightened workplace safety measures for clients, using flash lights for use in some buildings where the lights were turned off after work hours. (Dkt. 1 at 2.) However, as the Court previously ruled, OSHA provides no private right of action. See, e.g., Donovan v. Occupational Safety and Health Review Comm'n, 713 F.2d 918, 926 (2d Cir.1983); see also Jones v. Staten Island Univ. Hosp., 04–CV–3302(JG), 2006 WL 2713987, at *1 (E.D.N.Y. Sept. 22, 2006) ("neither an OSHA violation nor retaliation against an employee for complaining of such a violation will support a cause of action under OSHA by an affected employee"). Accordingly, Plaintiff's OSHA claim is dismissed... Augustus v. Nassau, 976 F.Supp.2d 375 (E.D. N.Y. 2013) | |
| 207. | Costin v. Gotech, Inc. (M.D. La. 2018) | As to the OSHA claim, not only has Costin presented no evidence of an actual violation, this claim fails as a matter of law as the Louisiana Whistleblower Statute requires an actual violation of state law, not federal law. It is well-settled that the Louisiana Whistleblower Statute applies only to violations of state law and does not apply to violations of federal law.129 As such, Costin has no retaliation claim for such a violation under the Louisiana Whistleblower Statute as a matter of law. Costin v. Gotech, Inc. (M.D. La. 2018) | |
| 208. | McPeters v. Lexisnexis, 11 F.Supp.3d 789 (S.D. Tex. 2014) | Plaintiffs vigorously maintain that they "are not trying to enforce the Texas Government Codes," but instead are citing those violations in the same way a plaintiff might refer to "violations of OSHA regulations [to] show that a defendant breached the applicable standard of conduct, or a violation of the Texas Transportation Code to evidence negligence per se." (Id. at 10.)... The Court's holding here is consistent with the general proposition that, where a private right of action does not exist for the violation of a particular statute, a plaintiff cannot "create" one by alleging that the violation of that statute nevertheless satisfies an element of another claim. SCI Texas Funeral Servs., Inc. v. Hijar, 214 S.W.3d 148, 154 (Tex.App.-El Paso | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | 2007). In Hijar, Plaintiffs had asserted claims for breach of contract, illegal contract, civil conspiracy, and a violation of the Texas Occupations Code. Id. Each of those claims was based upon an alleged violation of the federal Funeral Rule. Id. Because there was no private right of action for a violation of that rule, the court held that appellees had no standing to<br><br>[11 F.Supp.3d 801]<br><br>assert their claims, even pleaded as different causes of action. Id.<br>McPeters v. Lexisnexis, 11 F.Supp.3d 789 (S.D. Tex. 2014)<br>McPeters v. Lexisnexis, 11 F.Supp.3d 789 (S.D. Tex. 2014) | |
| 209. | Moody v. U.S., 774 F.2d 150 (6th Cir. 1985) | We addressed this issue in Schindler v. United States, 661 F.2d 552, 560 (6th Cir.1981), where the court held that while "[i]t is clear that usually the federal regulatory statute is not the source of a private right of action," "[t]he federal statute or regulation may well be relevant to the analysis of the state cause of action" under Sec. 323. (footnote omitted). "[T]he federal regulatory statute may be relevant in defining the scope of the undertaking of the United States and the plaintiff's right to rely thereon." Id. (footnote omitted).<br>Moody v. U.S., 774 F.2d 150 (6th Cir. 1985)<br>Held that, pursuant to the doctrine of negligence per se, an employer could be held liable for violation of an OSHA regulation. Id. at 802-04. Accordingly, since under Tennessee law a private individual could be held liable for violation of a federal regulation, the United States under the FTCA is exposed to similar liability. 12...<br>Moody v. U.S., 774 F.2d 150 (6th Cir. 1985) | |
| 210. | Dolen-Cartwright v. Alexander (M.D. La. 2022) | OSHA Respiratory Protection Standards<br>Count XVIII appears to allege that the mask mandate does not comply with the Occupational Safety and Health Administration (&ldquo;OSHA") Respiratory Protection Standards. (R. Doc. 5 at 42-53). Plaintiff merely quotes the federal regulatory standards governing safe respirator usage in the workplace found in 29 C.F.R. 1910.134.Plaintiff and her children are not employees of the School Board and have not raised any allegations with respect to respirators as defined by the regulations. Plaintiff has failed to state a claim under 29 C.F.R. 1910.134.<br>Dolen-Cartwright v. Alexander (M.D. La. 2022) | |
| 211. | Marsman v. Western Elec. Co., 719 F.Supp. 1128 (D. Mass. 1988) | "The court also dismissed count VII, which alleged retaliation against Marsman by AT & T for complaining about an alleged unsafe work environment in violation of OSHA, since there is no private right of action under OSHA." Marsman v. Western Elec. Co., 719 F.Supp. 1128 (D. Mass. 1988) | |
| 212. | Myers v. U.S., 17 F.3d 890 (6th Cir. 1994) | "A violation of these regulations would be conclusively presumed to be negligence. Cf. Teal v. E.I. DuPont De Nemours & Co., 728 F.2d 799 (6th Cir.1984) (employer's breach of OSHA regulations was negligence per se under Tennessee law)." Myers v. U.S., 17 F.3d 890 (6th Cir. 1994) | |
| 213. | Reel v. The City of El Centro (S.D. Cal. 2022) | On July 10, 2020, Plaintiff followed up with DFEH regarding his 2019 complaint, and was notified it was still being investigated. (Compl. ¶ 53.) He also contacted DOL to file an OSHA complaint for them to investigate the lack of Covid-19 field protocols and death of the officer. (Compl. ¶ 53.)... "he statutes do not themselves create a private right of action; 4) Piedra was not Johnson's employer,..." Reel v. The City of El Centro (S.D. Cal. 2022) | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | Reel v. The City of El Centro (S.D. Cal. 2022) | |
| 214. | Kazolias v. IBEW LU 363 (S.D. N.Y. 2012) | In their Amended Complaint, Plaintiffs claim that some or all of the defendants violated the Occupational Safety and Health Act of 1970 ( "OSHA"), 29 U.S.C. § 651 et seq. D.E. 39 at ¶¶ 13, 26. OSHA does not create a private right of action. See Donovan v. Occupational Health and Safety Review Comm'n, 713 F.2d 918, 926 (2d cir. 1983)("Under OSHA, employees do not have a private right of action"). Thus this Court lacks jurisdiction to entertain this claim. Rompalli v. Portnova, No. 09 Civ. 3083(RMB)(FM), 2010 WL 2034362, at *2 (S.D.N.Y. May 21, 2010).<br>Kazolias v. IBEW LU 363 (S.D. N.Y. 2012) | |
| 215. | Bozgoz v. James (D. D.C. 2020) | In Claim 5, plaintiffs allege a violation of the Occupational Health and Safety Act. Fourth Am. Compl. ¶ 309. They claim that defendants committed "discriminatory acts" against plaintiffs by failing to provide reasonable accommodations and "[f]ailing to perform safety assessments after being requested." Id. But this does not state a viable claim, first because "OSHA violations do not themselves constitute a private cause of action for breach." Am. Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld, 321 F.3d 139, 143 (D.C. Cir. 2003), quoting Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994). Second, the definition of "employer" in OSHA explicitly precludes the United States. 29 U.S.C. § 652(5). While the act requires federal agencies to "provide safe and healthful places and conditions of employment," it is clear from the statute that "Congress did not intend private litigants to enforce the OSH Act against federal agencies."...<br>Bozgoz v. James (D. D.C. 2020) | |
| 216. | Gaughan v. Rubenstein, 261 F. Supp. 3d 390 (S.D. N.Y. 2017) | Moreover, to the extent Plaintiff intends to state a claim for unsafe working conditions under the Occupational Safety and Health Act ( "OSHA"), 29 U.S.C. §§ 651 et seq. , OSHA does not provide for a private right of action for employees in federal court. Jacobsen v. N.Y.C. Health & Hosps. Corp. , No. 12-cv-7460 (JPO), 2013 WL 4565037, at *7–8 (S.D.N.Y. Aug. 28, 2013) (collecting cases); see also Jones v. Staten Island Univ. Hosp. , No. 04-cv-3302 (JG), 2006 WL 2713987, at *1–2 (E.D.N.Y. Sept. 22, 2006) ("neither an OSHA violation nor retaliation against an employee for complaining of such a violation will support a cause of action under OSHA by the affected employee."). Plaintiff also suggests that Radwan's filings in this case were retaliatory and that Rubenstein...<br>Gaughan v. Rubenstein, 261 F. Supp. 3d 390 (S.D. N.Y. 2017) | |
| 217. | American Federation of Gov't Employees v. Rumsfeld, 321 F.3d 139 (D.C. Cir. 2003) | Appellants American Federation of Government Employees, AFL-CIO, et al., appeal from a judgment of the District Court dismissing their claims that the Redstone Arsenal Army installation has failed to adhere to instructions, directives, and regulations promulgated by the Department of Defense ("DOD"), Department of the Army ("Army"), and Office of Personnel Management ("OPM"), pursuant to the Occupational Safety and Health Act (" ;OSHA"), 29 U.S.C. §§ 651-678... | |

**EXHIBIT 3**
**LIST OF 218 FEDERAL CASE SUMMARIES**
**ON OSHA PRIVATE RIGHT OF ACTION**

| | | | |
|---|---|---|---|
| | | [T]he enforcement scheme of the OSH Act further indicates the congressional intent not to allow employees to bring an action against a federal agency as an employer. The Act establishes an elaborate enforcement procedure in 29 U.S.C. § 659 that the Secretary of Labor may use against an "employer." However, the term "employer" does not include the United States. 29 U.S.C. § 652(5). Therefore, although 29 U.S.C. § 668(a) does require federal agencies to "provide safe and healthful places and conditions of employment," the Act confers no authority upon the Secretary to take enforcement action against federal agencies. The reason for this is that the federal agency area is one "in which ordinary enforcement and penalty provisions are hardly applicable." H.R. Rep. No. 90-1720, 90th Cong., 2d Sess. 20 (1968). If Congress did not intend the Secretary of Labor to enforce the OSH Act against federal agencies, then, a fortiori, Congress did not intend private litigants to enforce the OSH Act against federal agencies. Accordingly, the Court finds that the OSH Act does not create a private right of action against federal agencies.<br>446 F.Supp. at 183.<br><br>American Federation of Gov't Employees v. Rumsfeld, 321 F.3d 139 (D.C. Cir. 2003) | |
| 218. | | | |
| 219. | | | |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| 1. | US SUPREME COURT<br><br>Whirlpool Corp. v. Marshall, 445 U.S. 1, 100 S. Ct. 883 (1980) | Claiming that a suspended wiremesh screen in petitioner's manufacturing plant used to protect employees from objects occasionally falling from an overhead conveyor was unsafe, two employees of petitioner refused to comply with their foreman's order to perform their usual maintenance duties on the screen. They were then ordered to punch out without working or being paid for the remainder of their shift, and subsequently received written reprimands, which were placed in their employment files. Thereafter, respondent brought suit in Federal District Court, alleging that petitioner's actions against the two employees constituted discrimination in violation of § 11(c)(1) of the Act, and seeking injunctive and other relief.<br><br>the Secretary filed suit in the United States District Court for the Northern District of Ohio, alleging that the petitioner's actions against Deemer and Cornwell constituted discrimination in violation of § 11(c)(1) of the Act. As relief, the complaint prayed, inter alia, that the petitioner be ordered to expunge from its personnel files all references to the reprimands issued to the two employees, and for a permanent injunction requiring the petitioner to compensate the two employees for the six hours of pay they had lost by reason of their disciplinary suspensions.<br><br>To ensure that this process functions effectively, the **Act expressly accords to every employee several rights, the exercise of which may not subject him to discharge or discrimination.** An employee is given the right to inform OSHA of an imminently dangerous workplace condition or practice and request that OSHA inspect that condition or practice. 29 U.S.C. § 657 (f)(1). He is given a limited right to assist the OSHA inspector in inspecting the workplace, §§ 657(a)(2), (e), and (f)(2), and the right to aid a court in determining whether or not a risk of imminent danger in fact exists. See § 660(c)(1). Finally, an affected employee is given the right to bring an action to compel the Secretary to seek injunctive relief if he believes the Secretary has wrongfully declined to do so. § 662(d).<br><br>The Secretary has exercised his rulemaking power under 29 U.S.C. § 657 (g)(2) and has determined that, when an employee in good faith finds himself in such a predicament, he may refuse to expose himself to the dangerous condition, without being subjected to "subsequent discrimination" by the employer.<br><br>Held that Against this background of legislative silence, the Secretary has exercised his rulemaking power under 29 U.S.C. § 657 (g)(2) and has determined that, when an employee in good faith finds himself in such a predicament, he may refuse to expose himself to the dangerous condition, without being subjected to "subsequent discrimination" by the employer. | |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| No. | Case | Summary | Ref |
|---|---|---|---|
| 2. | Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985) | **He claimed that his injury was caused by the railroad's use of equipment in violation of OSHA regulations and that this constituted negligence per se.** He also claimed that under FELA a violation by the employer of a safety statute which leads to an injury eliminates the employer's defense of contributory negligence. 45 U.S.C. Sec. 53. The district court found that there was no relevan...<br>Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985) | 4(1st Cir) |
| 3. | Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) | In 1988, Morales was hired to work as a distribution and window clerk at the Caparra Heights, Puerto Rico, Station of the United States Postal Service. On April 7, 1995, plaintiff filed a letter with OSHA complaining of dust accumulation, rodent infestation, and other unsanitary conditions at the Caparra Heights station. OSHA ordered the station manager to correct the violations by June 19, 1995, but to no avail. **Morales renewed his OSHA complaint through certified letters to the OSHA Area Director on August 1, 1995, February 23, 1996, and April 6, 1996.** Finally, on June 14, 1996, OSHA conducted a formal inspection of the Caparra Heights station and confirmed plaintiff's allegations. OSHA cited the Caparra Heights station for at least five violations, and directed the station to remedy the safety and health hazards by October 9, 1996.<br>Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) – No private right of action | |
| 4. | Elliott v. S.D. Warren Co., 134 F.3d 1 (1st Cir. 1997) | Three of these four courts have held squarely that, because the OSH Act does not create a private right of action, a violation of an OSHA regulation never can be equated with negligence per se. See Robertson, 32 F.3d at 410-11; Ries, 960 F.2d at 1158-65; Albrecht, 808 F.2d at 332-33. The Sixth Circuit, like the Fifth, leaves open the possibility that a violation of an OSHA regulation may, in some cases governed by federal law, constitute negligence per se, see Ellis, 63 F.3d at 477; Rabon, 672 F.2d at 1238, but it is rare in either circuit for a court actually to uphold a finding of negligence per se on this basis. Silhouetted against this backdrop, the Pratico holding is of questionable validity.<br>Elliott v. S.D. Warren Co., 134 F.3d 1 (1st Cir. 1997) | |
| 5. | Lawson v. FMR LLC, 670 F.3d 61, 33 IER Cases 457, 95 Empl. Prac. Dec. P 44417 (1st Cir. 2012) | In the notice of final rulemaking promulgating these regulations, OSHA repeatedly states that "[t]hese rules are procedural in nature and are not intended to provide interpretations of the Act." 69 Fed.Reg. 52,104, 52,105 (Aug. 24, 2004). In this case, the DOL has explicitly stated that "[t]he Department of Labor does not have substantive rulemaking authority with respect to section 1514A" and thus the Secretary of Labor does not seek Chevron deference "for her procedural regulations."...<br>Lawson v. FMR LLC, 670 F.3d 61, 33 IER Cases 457, 95 Empl. Prac. Dec. P 44417 (1st Cir. 2012) | |
| 6. | Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019) | The plaintiff in this case did not file her complaint with OSHA until at least two years after she became aware of the alleged violation. The district court concluded that Daly's claim required dismissal because she had failed to exhaust her administrative remedies, even though it was not certain whether the proper vehicle for that dismissal was for lack of jurisdiction, under Rule 12(b)(1), or for failure to state a claim, under Rule 12(b)(6). | 1 (2nd Cir) |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| | | Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019)"Here, Daly failed to satisfy her administrative exhaustion requirements because she did not file a timely complaint with OSHA." Daly v. Citigroup Inc., 939 F.3d 415 (2nd Cir. 2019) The plaintiff-appellant Erin Daly was employed by the defendants-appellees, Citigroup Inc., Citigroup Global Markets, Inc., and Citibank, N.A. She brought suit in the United States District Court for the Southern District of New York alleging gender discrimination and whistleblower retaliation claims under several local, state, and federal laws, including the Dodd-Frank Act and the Sarbanes-Oxley Act- which requires filing claims through OSHA | |
| 7. | Dravo Corp. v. Occupational Safety and Health Review Com'n, 613 F.2d 1227 (3rd Cir. 1979) | Foonote: "A violation of an OSHA regulation does not, however, create a private right of action against an employer for violation of its terms. Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir. 1975)." Dravo Corp. v. Occupational Safety and Health Review Com'n, 613 F.2d 1227 (3rd Cir. 1979) | 2 (3rd Cir) |
| 8. | Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3rd Cir. 1992) | Our review of the legislative history of OSHA suggests that it is highly unlikely that Congress considered the interaction of OSHA regulations with other common law and statutory schemes other than worker's compensation. [Section 653(b)(4) ] is satisfactorily explained as intended to protect worker's compensation acts from competition by a new private right of action and to keep OSHA regulations from having any effect on the operation of the worker's compensation scheme itself. This appeal arises from a suit by Charles Ries against the National Railroad Passenger Corporation (Amtrak) for damages resulting from an injury to his ankle. This case involves a modest amount of money, but an important issue of law. Specifically, we are asked to consider whether a violation of an Occupational Safety and Health Act (OSHA) regulation establishes negligence per se and bars consideration of an employee's contributory negligence under the Federal Employers' Liability Act (FELA). | |
| 9. | Rosen v. Prince George's Bd. of Educ., 81 F.3d 151 (4th Cir. 1996) | In April 1993, Rosen was diagnosed with mesothelioma cancer of the lungs. She died in March 1994. **Appellants claimed that the conditions in the school violated the Occupational Safety and Health Act (OSHA)**, 29 U.S.C.A. §§ 651-678 (West 1985 & Supp.1995), and based their civil rights claim, 42 U.S.C. § 1983 (1988), on the alleged violations. Rosen v. Prince George's Bd. of Educ., 81 F.3d 151 (4th Cir. 1996) | 1 (4th Cir) |
| 10. | Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) | Assuming without deciding that St. Regis may have violated the requirements of OSHA and the regulations promulgated thereunder by the Secretary of Labor, we affirm the trial court's charge and hold that no cause of action for such violations can be implied under OSHA to run in favor of a person who was not an employee of the violator against whom recovery is sought. Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) | 5 (5th Cir) |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| | | The provisions for the enforcement of OSHA and the ==regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute==. See Martinez v. Behring's Bearings Service, Inc., 501 F.2d 104 (5th Cir. 1074); cf. Breitweiser v. KMS Industries, Inc., 467 F.2d 1391, 1394 (5th Cir. 1972), cert. denied, 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705 (1973). Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) "Although the results are not yet conclusive as to the litigation of private claims spawned by this relatively new Act, the courts so far have been unanimous in their rejection of contentions similar to the one made by Jeter." Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) NOTE: Jeter points out that "The Fourth Circuit has refused to imply an action against the employer itself, where state workmen's compensation was the exclusive remedy of the injured party. Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir. 1974)." Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) – ==Where there is a remedy there is no private right of action.==<br><br>Although the facts here do not call upon us to decide definitively whether OSHA may create a private right of action by an employee against his employer, we perceive no base upon which to posit a claim on behalf of Jeter, a nonemployee, against St. Regis. St. Regis owes no duty to Jeter under OSHA. There being no duty, there can be no breach. The district court was correct in not submitting this theory of action to the jury. Jeter v. St. Regis Paper Co., 507 F.2d 973, 35 A.L.R. Fed. 449 (5th Cir. 1975) | |
| 11. | George v. Aztec Rental Center Inc., 763 F.2d 184 (5th Cir. 1985) | On November 21, 1984, defendant filed a motion for summary judgment, contending, inter alia, that shortly after plaintiff's discharge, which defendant contended was for inadequate performance on the job, **plaintiff filed a complaint with the Secretary of Labor pursuant to section 11**(c)(2) making the same complaint as made in this suit, namely, that his referenced discharge was in retaliation for previous OSHA complaints, contrary to section 11(c)(1); that in response the Department of Labor, on November 9, 1981, determined that the discharge was a retaliatory one contrary to section 11(c)(1) and recommended a settlement between the plaintiff, the defendant, a... Note: "In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate.'...'" George v. Aztec Rental Center Inc., 763 F.2d 184 (5th Cir. 1985) | |
| 12. | Evans v. Turner, 59 F.3d 1242 (5th Cir. 1995 | cites - Evans v. Turner, 59 F.3d 1242 (5th Cir. 1995). "**The provisions for the enforcement of OSHA and the regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute.**" | |
| 13. | Longhorn Integrity Inspection Servs., L.L.C. v. McCurdy No. 17-20788 (5th Cir. Sep. 14, 2018) (5th Cir. 2018) | McCurdy removed the case to federal court based on diversity jurisdiction and counterclaimed for negligence under the Texas Deceptive Trade Practices Act ("DTPA"), fraudulent misrepresentation, and wrongful discharge under the Occupational Safety and Health Administration ( "OSHA") retaliatory discharge provision. The district court granted LIIS summary judgment on all of McCurdy's counterclaims. | |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| | | Longhorn Integrity Inspection Servs., L.L.C. v. McCurdy (5th Cir. 2018) Lastly, as to McCurdy's purported wrongful discharge action under OSHA, we agree with the district court that there is no private right of action under OSHA's retaliatory discharge provision, 29 U.S.C. § 660(c). See George v. Aztec Rental Ctr., Inc., 763 F.2d 184, 186 (5th Cir. 1985) | |
| 14. | Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (5th Cir. 1982) | Although OSHA creates no private right of action,  violation of an OSHA regulation is evidence of negligence or, in appropriate circumstances, negligence per se. 13 Melerine v. Avondale Shipyards, Inc., 659 F.2d 706 (5th Cir. 1981); see also, National Marine Services, Inc. v. Gulf Oil Co., 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); Buhler v. Marriott Hotels, Inc., 390 F.Supp. 999 (E.D.La.1974). 14 T… Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (5th Cir. 1982) | |
| 15. | Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995) | "OSHA regulations can never provide a basis for liability. Minichello, 756 F.2d at 29. The Act itself explicitly states that it is not intended to affect the civil standard of liability. 29 U.S.C. Sec. 653(b)(4). Plaintiffs have failed to establish a theory under which Chase owed a duty to Ellis, as, under Tennessee law, the defendant owed no duty to protect Ellis from an obvious and apparent danger. Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995) Instead of denying that they failed to comply with OSHA regulations or that they had an obligation to do so, defendants denied that they had an obligation to comply with OSHA regulations for the benefit of Ellis. In essence, defendants argued that, since Ellis was not their employee, he was not within the class of persons protected by the OSHA regulations. Ellis v. Chase Communications, Inc., 63 F.3d 473, 153 A.L.R. Fed. 693 (6th Cir. 1995) | 5(6th Cir) |
| 16. | Dougherty v. Parsec, Inc., 824 F.2d 1477 (6th Cir. 1987) | In his complaint, Dougherty asserted that on or about June 27, 1985, Parsec discharged him from his employment at the request of Seaboard. He alleged that Seaboard brought about his discharge because he had complained to OSHA concerning certain unsafe work conditions which Seaboard allowed to exist on its premises. (Did not hold that there is no private right of action – holding was on a different state statute) | |
| 17. | Marshall v. Occupational Safety and Health Review Com'n, 635 F.2d 544 (6th Cir. 1980) | Held that: "In Taylor v. Brighton Corporation, 616 F.2d 256 (6th Cir. 1980), this court held that the Occupational Safety and Health Act  does not create a private right of action in favor of employees." 29 U.S.C. § 659(c) authorizes any employee of an employer contesting a citation issued by the Secretary to challenge as unreasonable the period of time fixed in the citation for abatement of the violation. This is the only provision in the act authorizing an affected employee to participate in OSHA proceedings before the Commission. | |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| | | Held "Only the Secretary of Labor is empowered by the Act to issue a citation, and the issuance thereof is left entirely to his discretion as citations are to be issued when the Secretary or his authorized representative `believes' that an employer has violated the Act. 29 U.S.C. § 658(a). This and other sections of the Act show that Congress intended to exclusively bestow all enforcement powers under the Act upon the Secretary." | |
| 18. | Smith v. Wal-Mart Stores, Inc., 167 F.3d 286 (6th Cir. 1999) | "'Thus, if there was an OSHA violation ... Kimberly Clark was under an affirmative OSHA duty to periodically inspect and to see that work and walk surfaces were unobstructed, which duty was owed to its employees.' Id. at 539. 6 See also Rouse v. CSX..." Smith v. Wal-Mart Stores, Inc., 167 F.3d 286 (6th Cir. 1999) | |
| 19. | Moody v. U.S., 774 F.2d 150 (6th Cir. 1985) | We addressed this issue in Schindler v. United States, 661 F.2d 552, 560 (6th Cir.1981), where the court held that while "[i]t is clear that usually the federal regulatory statute is not the source of a private right of action," "[t]he federal statute or regulation may well be relevant to the analysis of the state cause of action" under Sec. 323. (footnote omitted). "[T]he federal regulatory statute may be relevant in defining the scope of the undertaking of the United States and the plaintiff's right to rely thereon." Id. (footnote omitted). Moody v. U.S., 774 F.2d 150 (6th Cir. 1985)<br><br>Held that, pursuant to the doctrine of negligence per se, an employer could be held liable for violation of an OSHA regulation. Id. at 802-04. Accordingly, since under Tennessee law a private individual could be held liable for violation of a federal regulation, the United States under the FTCA is exposed to similar liability. 12... Moody v. U.S., 774 F.2d 150 (6th Cir. 1985) | |
| 20. | Luyon v. GTE, Inc., 107 F.3d 873 (7th Cir. 1997) | At Luyon's request, OSHA inspected Luyon's workplace and equipment at GTE and found no violations; indeed, Luyon's equipment was safe. Luyon was told of OSHA's findings. After the OSHA inspection, Luyon twice left work early without permission, claiming that her equipment was unsafe and bothering her. GTE warned Luyon that if she left early again, she could be fired. Luyon did it again, and GTE then fired her solely because she left work early without permission or a legitimate excuse and because of her otherwise poor work record. Luyon v. GTE, Inc., 107 F.3d 873 (7th Cir. 1997) | 5 (7th Cir) |
| 21. | Merritt v. Bethlehem Steel Corp., 875 F.2d 603 (7th Cir. 1989) | Whether the safety standards of OSHA, the NESC and the NEC apply to landowner/contractees such as Bethlehem is an issue we need not resolve. For even if we assume that they are applicable to Bethlehem (that Bethlehem is Merritt's indirect or statutory "employer" within the meaning of OSHA and the NESC/NEC), and **that those standards were violated, neither OSHA** nor the NESC/NEC can be used to expand or in any other manner affect Bethlehem's common law or statutory liability for an employee's | |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| | | injuries arising out of, or in the course of, his employment. 29 U.S.C. Sec. 653(b)(4); I.C. 22-8-1.1-48.3. 5 Merritt seeks to create a private right of action where none exists. See Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975); Russell v. Bartley, 494 F.2d 334, 335-36 (6th Cir.1974); Hebel, 475 N.E.2d at 658.<br>Merritt v. Bethlehem Steel Corp., 875 F.2d 603 (7th Cir. 1989) | |
| 22. | Marshall v. N.L. Industries, Inc., 618 F.2d 1220 (7th Cir. 1979) | The Secretary later filed this lawsuit arguing that defendant had violated Section 11(c) of the Act as construed in OSHA regulations and seeking a variety of relief, including a permanent injunction against further violations by defendant, back pay and vacation pay for Heard, and the posting of a prescribed notice.<br>Marshall v. N.L. Industries, Inc., 618 F.2d 1220 (7th Cir. 1979) | |
| 23. | Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | Mr. Mason's reliance on OSHA and its regulations warrants little discussion. In Merritt v. Bethlehem Steel Corporation, 875 F.2d 603, 608 (7th Cir.1989), this court held that an employee of a contractor has no private right of action based on OSHA against the operator of a workplace who violates that statute. Merritt, therefore, precludes Mr. Mason's OSHA claim. See also 29 U.S.C. § 653(b)(4); Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir.1975). 6...<br>Mason v. Ashland Exploration, Inc., 965 F.2d 1421 (7th Cir. 1992) | |
| 24. | Chew v. American Greetings Corp., 754 F.3d 632, 637 (8th Cir. 2014).. | "The court dismisses plaintiff's OSHA claim because neither OSHA nor its **regulations 'independently create private rights of action** or impose alternative duties on defendants."<br><br>Second, the Occupation Safety and Health Administration (OSHA) regulations and the Arkansas statutes and regulations that the plaintiffs cite to impose an alternative duty on American Greetings. Though a violation of an OSHA regulation may be relevant evidence of whether American Greetings breached a duty it may have owed the plaintiffs, see Dunn v. Brimer, 259 Ark. 855, 537 S.W.2d 164, 165–66 (1976), the regulations do not independently create private rights of action or impose alternative duties on defendants. See Solis v. Summit Contractors, Inc., 558 F.3d 815, 828–29 (8th Cir.2009); see also29 U.S.C. § 653(b)(4) ("Nothing in this chapter shall be construed to ... enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."); Koch v. Northport Health Servs. of Ark., LLC, 361 Ark. 192, 205 S.W.3d 754, 766 (2005) (reasoning that a federal regulation did not provide the "relevant standard of care" but, nonetheless, could still serve as "evidence of the types of considerations that should bear on the reasonable person"). Similarly, Arkansas courts have been hesitant to permit Arkansas statutes and regulations to expand common law causes of action, see Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC, 2012 Ark. 157, 400 S.W.3d 701, 711 (2012); Kowalski, 378 S.W.3d at 118–19, and only do so when faced with clear legislative intent. See Shannon v. Wilson, 329 Ark. 143, 947 S.W.2d 349, 356–58 (1997). | 2 (8th Cir) |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | | |
|---|---|---|---|
| 25. | Pinson v. 45 Dev., LLC, 758 F.3d 948 (8th Cir. 2014) | Pinson also argues that the Occupational Safety and Health Act (OSHA), the International Builders Code, and the National Electrical Safety Code established a standard of care breached by 45 Development at the time of his injury. The district court concluded that any such safety violations could be presented to a jury as evidence of negligence, but that they were not relevant at the summary judgment stage. OSHA does not generally expand employer duties from those at common law, and the statute does not create a private right of action nor does it preempt state law. See29 U.S.C. § 653(b)(4); Solis v. Summit Contractors, Inc., 558 F.3d 815, 828–29 (8th Cir.2009). Pinson also failed to demonstrate that other safety codes, even if adopted by statute in Arkansas, establish a standard of care or expand 45 Development's common law duty. As we pointed out in Chew, "Arkansas courts have been hesitant to permit Arkansas statutes and regulations to expand common law causes of action" without "clear legislative intent. Pinson v. 45 Dev., LLC, 758 F.3d 948 (8th Cir. 2014) | |
| 26. | Clark v. Wells Fargo Bank (9th Cir. 2016) | "(plaintiff's 'vague allegations with no factual support that the defendants engaged in any of the requisite predicate crimes' were insufficient to survive a motion to dismiss)." Clark v. Wells Fargo Bank (9th Cir. 2016)  "The district court properly dismissed **Clark's allegations of OSHA violations because OSHA does not provide a private right of action**. See 29 U.S.C. § 653(b)(4)." Clark v. Wells Fargo Bank (9th Cir. 2016) | 3 (9th Cir) |
| 27. | Skillsky v. Lucky Stores, Inc., 893 F.2d 1088 (9th Cir. 1990) | "A private right of action for wrongful discharge due to safety complaints co-exists with the Cal/OSHA remedial scheme.'),..." Skillsky v. Lucky Stores, Inc., 893 F.2d 1088 (9th Cir. 1990) | |
| 28. | Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir. 1987) | Appellants' claim is for wrongful discharge based upon violations of state statutes and public policy. A private right of action for wrongful discharge due to safety complaints co-exists with the Cal/OSHA remedial scheme. Hentzel v. Singer Co., 138 Cal.App.3d 290, 303, 188 Cal.Rptr. 159, 167-68 (1982). California's OSHA regulations protect all workers, irrespective of any labor agreement. State health and safety standards benefit all employees as individual workers, not because they are or are not members of a collective bargaining association. And California's interest in providing this private cause of action is the enforcement of the underlying statute or policy, not to regulate the employment relationship. Garibaldi, 726 F.2d at 1374. 10... Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir. 1987) | |
| 29. | R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983) | R.T. Vanderbilt Company, an intervenor in the proceedings below, petitions this Court to reverse a finding by the Occupational Health and Safety Review Commission that one of its talc products, "Ceramitalc HDT," contains asbestos fibers. We have jurisdiction to hear this petition pursuant to 29 U.S.C. § 660(a).  Hull Pottery Company used Ceramitalc HDT to manufacture ceramic pottery. On July 20-21, 1977, the Occupational Safety and Health Administration (OSHA) inspected Hull's Crooksville, Ohio plant. During the inspection, OSHA investigators took samples from the talc itself and from the air. Laboratory analysis revealed asbestos fibers in both air and bulk | 2 (11th Cir) |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

|  |  |  |  |
|---|---|---|---|
|  |  | samples. Subsequently, Hull Pottery was charged with violating three provisions of OSHA's asbestos standard: failure to wet spilled Ceramitalc before sweeping; failure to affix asbestos caution labels on either the Ceramitalc bags or the pallet on which the bags were stored; failure to dispose of the empty Ceramitalc bags in impermeable containers. See 29 U.S.C. § 654(a)(2); 29 C.F.R. §§ 1910.1001(c), (g), and (h).<br><br>In determining "whether Congress intended to create a private right of action under a federal statute without saying so explicitly[,] [t]he key to the inquiry is the intent of the legislature." Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 453 U.S. 1, 12, 101 S.Ct. 2615 2622, 69 L.Ed.2d 435 (1981)...<br>R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983)<br>In Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the Supreme Court stated that, "in the absence of 'a textually demonstrable constitutional commitment of [an] issue to a coordinate political department,' Baker v. Carr, supra, 369 U.S. at 217 [82 S.Ct. 691 at 710, 7 L.Ed.2d 663], we presume that justiciable constitutional rights are to be enforced through the courts." 442 U.S. at 242,...<br>R.T. Vanderbilt Co. v. Occupational Safety and Health Review Com'n, 708 F.2d 570 (11th Cir. 1983)<br><br>Primary rights do not depend on the availability of remedies but, rather, remedies are designed by legislatures and the courts to foster the primary purposes of laws. See Hart & Sachs, supra, at 152<br><br>The test for implying rights of action under the Constitution is less stringent than that under statutes. In Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), the Supreme Court stated that, "in the absence of 'a textually demonstrable constitutional commitment of [an] issue to a coordinate political department,' Baker v. Carr, supra, 369 U.S. at 217 [82 S. Ct. 691 at 710, 7 L. Ed. 2d 663], we presume that justiciable constitutional rights are to be enforced through the courts." 442 U.S. at 242, 99 S. Ct. at 2275. Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968), presents an example of an implied right of action under the Constitution. |  |
| 30. | Jenkins v. Sec. Eng'rs, Inc. (11th Cir. 2019) | Pamela Blackmore Jenkins ("Jenkins"), proceeding pro se, appeals the district court's grant of Security Engineers Inc.'s ("SEI") motion to dismiss her employment discrimination complaint for want of prosecution. Jenkins's employment discrimination action alleged claims of (1) sexual harassment, a hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"); (2) age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"); and (3) wage and hour offenses, in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 ("FLSA") |  |

**EXHIBIT 4**
**LIST OF US COURT OF APPEALS SUMMARIES**

| | | The district court also granted Jenkins's request to file an amended complaint, which she did on May 29, 2018. Jenkins's amended complaint (1) provided more detailed allegations regarding the claims asserted in her initial complaint, and (2) added these two claims: wage and hour violations under FLSA and retaliation under the Occupational Safety and Health Act, 29 U.S.C. § 660(c) ( "OSHA") for reporting safety violations. "The district court dismissed Jenkins's OSHA retaliation claim because OSHA affords no private right of action." Jenkins v. Sec. Eng'rs, Inc. (11th Cir. 2019) | |
|---|---|---|---|