UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

WOMEN OF COLOR FOR EQUAL JUSTICE, et al.

                Plaintiffs,

v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

                Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

_____

# REPLY MOTION IN SUPPORT OF PLAINTIFFS RULE 60(d)(3) TO VACATE OF ORDER FOR MISREPRESENTATION MISCONDUCT

**EXPEDITED ORAL ARGUMENT & RULING REQUESTED**

Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 301-447-3600

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552

*Attorneys for Women of Color for Equal Justice Plaintiffs*

# TABLE OF CONTENT

I.   PRELIMINARY STATEMENT - STOP THE FRAUD ……..………………………......1

II.  ADDITIONAL MISREPRESENTIONS OF LAW ……………………………………2

III. CITY MISREPRESENTS THE STANDARD FOR RULE 60(B)(3) RELIEF…...……3

  A. Proof Of Exceptional or Extraordinary Circumstances Is Not Required But Has Been Established By Plaintiffs………………………………………………………3

    1. Attorney Misconduct Establishes Extraordinary Circumstances For
       & Fraud on the Court …………………………………………………………..5

    2. Plaintiffs Have Established Detrimental Reliance and Harm …………………8

  B. Plaintiffs Are Not Required to Establish That The City's Fraud Prevented Full And Fair Presentation of Plaintiffs Case But Have Provided Evidence That They Have Been Prevented…………………….……………………………………………..10

IV. PLAINTIFFS HAVE MET ALL THE REQUIREMENTS TO OBTAIN
    VACATUR ASIDE UNDER RULE 60(B)(3) ……………………………………12

  A. The Court Can Vacate a "Non-Final" Orders Under Rule 60(b)…………………..12

  B. Plaintiffs Rule 60(b)(3) Is Not a Motion To Reconsider & It Is
     Not Time Barred …………………………………………………………………..14

V.  CONCLUSION………………………………………………….……………..……….15

TABLE OF ADDITIONAL AUTHORITIES

United States Supreme Court Cases

*Ackermann v. United States*, 340 U.S. 193, 202, (1950)……………………………………….4

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 249-50, 64 S.Ct. 997, (1944)……2

Federal Court Cases

*Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014)………………………………4

*Bradley v. Sunbeam Corporation*, Civil Action No. 5:99CV144  (N.D. W.Va. 2003)…………..4

*Cobell v. Norton* CV 96-1285 (D. D.C. 2006)…………………………………………………….4

*Collie v. Kendall, Civ. 3:98-CV-1678-G, 1999 U.S. Dist. LEXIS 10435 (N.D. Tex. July 6, 1999)* 7

Glendora v. Malone, 165 F.R.D. 42, 1996 U.S. Dist. LEXIS 11179 (S.D.N.Y. 1996)…………...3

Group One Ltd. v GTE GmbH, 2023 U.S. Dist. LEXIS 55613 (E.D.N.Y. 2023)…………………3

*Philips Lighting Co. v. Schneider* P. 3 (2nd Cir. 2010)……………………………………….....5

*Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063 (S.D.N.Y. Jan. 28, 2022)* ................................. 1

*U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988)……………………………………………………..3, 8

*U.S. v. Cirami*, 535 F.2d 736, 738 (2nd Cir. 1976)……………………………………………….4

*Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967)………………………………..4

*Whitaker v. N.Y. Univ*. Page 1 (2nd Cir. 2013)…………………………………………………..4

*Buffalo Teachers Fed'n v. Tobe* (2nd Cir. 2013) …………………………………………………4

*Weiming Chen v. Ying-Jeou Ma* (2nd Cir. 2015)………………………………………………….4

*U.S.A. v. Int'l Brotherhood Teamsters*, 247 F.3d 370 (2nd Cir. 2000)……………………………4

*Whitaker v. N.Y. Univ*. Page 3 (2nd Cir. 2013) …………………………………………………...5

ISC *Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012)……………….5

Rozier v. Ford Motor Co., 573 F.2d 1332, 1337–38 (5th Cir.1978)………………………………5

Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir. 1989) ………………………………..5

Metzler Inv. GmbH v.Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020)............5

Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072 (2nd Cir. 1972)….….......6

*Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2nd Cir. 1972)…………………….6, 11

*Lockwood v. Bowles* 46 F.R.D. 625, 632 (D.D.C. 1969)……………………………………..6

*Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2nd Cir. 1994)………….…..7

*Di Vito v. Fidelity & Deposit Co. of Maryland*, 361 F.2d 936, 939 (7th Cir.1966)………………7

*O'Brien v. Alexander*, 101 F.3d 1479, 1482 (2nd Cir. 1996)…………………………………..7

*May Dept. Stores Co. v. International Leasing Corp., Inc.*, 1 F.3d 138, 141 (2nd Cir. 1993)……8

*Genger v. Genger*, 663 Fed. Appx. 44, 50 (2nd Cir. 2016)……………………………………...10

*Windward Bora LLC v. Rampersad*, 2023 U.S. Dist. Lexis 151503, at *20-201 (E.D. N.Y. 2023)……….10

*Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988)……………………………………….11

*Stern v. Homeowners,* Page 10 (S.D.N.Y. 2021)………………………………………………..13

*Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)…………………………………………14

*Franklin v. Pinnacle Entm't,* Inc. (E.D. Mo. 2013) ……………………………………………..14

*PNC Bank v. El Tovar, Inc*. (E.D. Mo. 2014)……………………………………………………14

*Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000)………………….14

*Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)……………...15

I.  PRELIMINARY STATEMENT - STOP THE FRAUD

The City does not deny that the decisions in the *Quirk v. DiFiore*, 582 F. Supp. 3d 109 (S.D.N.Y. 2022) and *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918 (2d Cir. 1983) cases along with the over 200 federal cases provided by Plaintiffs to this Court do not involve OSH Act claims for the wrongful discharge of employees for the exercise of the right to refuse medical treatment and immunization/vaccination pursuant to OSH Ac 29 U.S.C. §669 Sec. 20(a)(5). The City also has not provided any case law or legal analysis to support their claim that the holdings in all of those cases actually apply to Plaintiffs OSHA claims. Moreover, the City provides no evidence or explanation for any "good faith" belief or reason for presenting the fraudulent representation of the OSH Act law to this Court.

As a matter of fact, the City admits, although tacitly, that they did materially misrepresent the law to this Court regarding whether Plaintiffs have a private right of action under the OSH Act. However, the City now claims that they can get away with their material misrepresentations regarding the OSH Act by now fraudulently claiming that legal standard for granting Rule 60(b)(3) vacaturs prohibits this Court from vacating its November 18, 2022 Order ("Order") because Plaintiffs have not shown evidence of the existence of "exceptional circumstances" and that Plaintiffs have not shown how the fraudulent representations have prevented Plaintiffs from the "full and fair presentation" of their case. The City's attempt to add new requirements to the Rules for granting Rule 60(b)(3) vacatur is wrong and is another attempt to deny Plaintiffs their rights.

Moreover, the City's claim that this motion is time barred and that this Court cannot grant a vacatur for "non-final" orders is also objectively baseless, groundless, and legally indefensible[1]

---

[1] See *Brubaker v. City of Richmond* , 943 F.2d 1363, 1385 (4th Cir. 1991).

1

based on the express language in Rule 60(b) and the comments contained in 1946 Notes of Advisory Committee on Rules.

Plaintiffs have met their burden of proof for a vacatur under Rule 60(b)(3) by presenting undisputed clear and convincing evidence that the City's misrepresentation of the law regarding the non-existence of an OSH Act private right of action for Plaintiffs was objectively baseless, groundless and leally indefensible when made. Plaintiffs have clearly shown that the City's fraudulent representations caused this Court to enter the November 18, 2022, order (the "Order") that harmed Plaintiffs because the Order denied them the right to a preliminary injunction that would have put them back to work with backpay. Furthermore, this Court also denied Plaintiffs the right to present their case in oral argument for the emergency injunctive release motion, which Judicial Canon 3(a)(1) & (4) admonishes courts to provide to "avoid the appearance of impropriety," which could have prevented the harmful Order. The City's false claims are yet another attempt to deny Plaintiffs their right to relief.  Consequently, Plaintiffs beg this Court to please "STOP THE FRAUD."

Justice requires this Court to exercise its full discretionary power to "take appropriate action upon receipt of reliable information indicating the likelihood ……that a lawyer violated applicable rules of professional conduct."  See Judicial Canon 3B(6)  and see *Cobell v. Norton*, CV 96-1285 (D. D.C. 2006),

II   ADDITIONAL MISREPRESENTIONS OF LAW

Before this Reply addresses the City's frivolous responsive arguments, Plaintiffs must first point out the new fraudulent representations of law made by the City contained in their response motion.   Attached are courtesy copies of the cases for which the City flagrantly

2

misrepresents the law of the case or attributes quotes in the cases that do not exist and in one instance, the City cites a case that simply does not exist.

1. On Page 8 of the City's Response, they cite the case <u>Glendora v. Malone</u>, 165 F.R.D. 42, 1996 U.S. Dist. LEXIS 11179 (S.D.N.Y. 1996) **That case does not exist under 165 F.R.D. 42 1996.** The only cases that exist in the federal docket under that case name is *Glendora v. Malone*, 917 F.Supp. 224 (S.D. N.Y. 1996) and Glendora v. Malone, 101 F.3d 1393 (2nd Cir. 1996) See copies attached as <u>Exhibit 1</u> **and neither of those cases involved any Rule 60(b) motion and the quoted statement in the City's motion that** "that denial of plaintiff's application for temporary restraining order and preliminary injunction was not a final order" **does not exist anywhere in either of the cases. A careful review of both cases will reveal that neither case had anything to do with the legal issues raised in Plaintiffs case.**

2. Also, on page 8 of the City's Response, the City cites the case <u>Group One Ltd. v GTE GmbH</u>, 2023 U.S. Dist. LEXIS 55613 (E.D.N.Y. 2023) See copy attached as <u>Exhibit 2</u> and represents that the case held that "the plaintiffs challenge to the Court's denial of plaintiff's request for restraining order were "procedurally improper" because it was not a final decision." **This case also does not involve any request for a Rule 60(b) set aside and the above quoted language is nowhere in the body of the case. The case involved Rule 12(b)(4) dismiss for insufficient service.**

The City exclusively relies on the above two cases for their false claim that a Rule 60(b)(3) vacatur cannot be granted for "non-final" orders which is simply not true. Once again, the City does "not have the right to advocate untruth." see *U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988)

III  THE CITY HAS MISREPRESENTED THE STANDARD FOR RULE 60(b) RELIEF

    A. <u>Proof Of Exceptional or Extraordinary Circumstances Is Not Required But Has Been Established By Plaintiffs</u>

The City grossly misrepresents the legal standard for granting Rule 60(b)(3) motions and takes the Second Circuit rulings out of context in an attempt to create an impossible standard for ever obtaining a vacatur of a non-final order under Rule 60(b)(3). The City's interpretation of Rule 60(b)(3) as requiring a showing of exceptional or extraordinary circumstances is wrong for several reasons.

3

First, the burden for a moving party to establish the existence of "exceptional circumstance" is not an additional requirement over and above the required evidence or proof called for in the statutory language of Rule 60(b) listed in subsections 1-6. The City is correct that as a general rule, a motion for relief from a final judgment under Rule 60(b) is "generally" not favored and is properly granted only upon a show of exceptional circumstances. See *U.S.A. v. Int'l Brotherhood Teamsters*, 247 F.3d 370 (2nd Cir. 2000) However, the Second Circuit, explains in the case *U.S.A. v. Int'l Brotherhood Teamsters*, 247 F.3d 370 (2nd Cir. 2000) (internal quotation marks omitted) that the "exceptional circumstances" that provides the mechanism for the extraordinary judicial release are the "circumstances" listed in subsections 1-6 of Rule 60(b). The *Miles* court held that "Rule 60(b) provides that the district court may grant relief from a final judgment under the following "circumstances" and lists the six circumstances contained in the subsections under Rule 60(b).[2]

The Second Circuit makes this point in many cases specifically in the cases *U.S. v. Cirami*, 535 F.2d 736, 738 (2nd Cir. 1976), *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967); *Whitaker v. N.Y. Univ*. Page 1 (2nd Cir. 2013), *Buffalo Teachers Fed'n v. Tobe* (2nd Cir. 2013), *Weiming Chen v. Ying-Jeou Ma* (2nd Cir. 2015)[3], which cases are based on the U.S. Supreme Court's holding in the case *Ackermann v. United States*, 340 U.S. 193, 202, (1950). The *Akerman,* which is still good law case explains the scope of Rule 60(b) relief and holds that the "extraordinary circumstances" requirement only applies to requests for relief under Rule (b)(6). The phrase "exceptional circumstances" is not used by the U.S. Supreme Court as an additional requirement to provide relief under any of the subsections listed under Rule 60(b). The phrase

---

[2] The 7th Circuit in also held in *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014) "that the district court may grant Rule 60(b) relief in <u>six specified circumstances.</u>"
[3] Note: All of the cases wherein the Second Circuit uses the phrase "exceptional circumstances," those opinions were Summary Orders that do not have precedential effect, including the *Grenger* case cited by the City. Therefore, the City's claim that "exception circumstances" must be established over and above the "clear and convincing" is not substantiated particularly in light of the Supreme Court holding in *Akerman.*

4

"exceptional circumstances" was added by the Second Circuit to describe the circumstances outlined in Subsections 1-6 of Rule 60(b) as the Supreme Court makes no such distinction.

Furthermore, the Second Circuit made clear in *Philips Lighting Co. v. Schneider* P. 3 (2nd Cir. 2010) that Rule 60(b)(6) and <u>not</u> Rule 60(b)(3) requires a finding of "extraordinary circumstances or extreme hardship," which is consistent with the Supreme Courts ruling in the *Akerman* case. The Second Circuit held that "Rule 60(b)(6) relief is only available if Rule 60(b)(1) through (5) do not apply." See *Whitaker v. N.Y. Univ.* Page 3 (2nd Cir. 2013) (citing ISC *Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012)[4]. In summary, clear and convincing proof of fraud is all that is needed to grant vacatur under Rule 60(b)(3) and Plaintiffs have provided such evidence.

Also, the City's claim that Plaintiffs must establish "fraud on the court" is also incorrect because Plaintiffs have not requested vacatur under Rule 60(d)(3), which permits the court to "set aside a judgment for fraud on the court." The Second Circuit held in *Gleason v. Jandrucko*, 860 F.2d 556, 558–59 (2d Cir.1988) that:

> "fraud upon the court and the type of fraud that might warrant relief pursuant to Rule 60(b)(3) are not identical. Indeed, 'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1337–38 (5th Cir.1978) (distinguishing between "fraud upon the court" and relief under Rule 60(b)(3)"

Although Plaintiffs are not required to establish that extraordinary circumstances or "fraud on the Court" to meet their burden under Rule 60(b)(3), the facts surrounding the City's fraudulent representation of the law pertaining to the OSH Act does in fact constitute extraordinary circumstances to support a vacatur under Rule 60(d)(3) for "fraud on the court."

---

[4] See also *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (stating that Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" (internal quotation marks omitted)).

5

1. <u>Attorney Misconduct Establishes Extraordinary Circumstances For Fraud on the Court</u>

The City has failed to point out, as is their duty, that the Second Circuit along with the D.C. Circuit Court have held that fraudulent misrepresentations by "officers of the Court," specifically lawyers, is a species of "fraud on the court" that constitute "extraordinary circumstances." Furthermore, the plain language of Rule 60(b)(3) which permits relief for "misconduct" includes misconduct by lawyers in perpetrating material misrepresentations on the Court. The Second Circuit defines fraud on the Court in the case *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072 (2nd Cir. 1972) finding that "fraud on the court" is:

> "fraud which seriously affects the integrity of the normal process of adjudication. …..The concept embraces that species of fraud which does or attempts to, defile the court itself, **or is a fraud perpetrated by officers** of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication." Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir.1972) (quoting 7 Moore's Federal Practice p 60.33, at 515 (1971ed.).”

> "While an attorney should represent his client with singular loyalty that **loyalty obviously does not demand that he act dishonestly or fraudulently**; on the contrary his loyalty to the court, as an **officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court**." 7 Moore, supra, at 513 (footnote omitted)

The Second Circuit reiterated this rule that lawyer misconduct constitutes a species of "fraud on the court" in the case *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2nd Cir. 1972) which states as follows:

> "**fraud upon the court is limited to that species of fraud** which does or attempts to, defile the court itself, **or** is a fraud **perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication**."

The D.C. Circuit Court supports this legal conclusion when it held in the case *Lockwood v. Bowles* 46 F.R.D. 625, 632 (D.D.C. 1969) that "involvement of an attorney (an officer of the court) in the perpetration of fraud," supports a claim of "fraud on the court" wherein "dishonesty

6

or fraudulence by an "attorney" is a "species of fraud….which attempts to defile the court itself, by "an unconscionable plan or scheme which is designed to improperly influence the court."

While the Second Circuit defined fraud on the court to include lawyer misconduct, the Second Circuit in the case *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2nd Cir. 1994) also provided a list of lawyer misconduct that would not constitute fraud on the court as follows:

> "Fraud on the court……[i]t involves far more than an injury to an individual litigant or a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury."

The Second Circuit further held in *Esposito v. New York* Page 5 (2nd Cir. 2017) that "even [a]fter-discovered evidence of alleged perjury by a witness and allegations of nondisclosure during pretrial discovery are insufficient to establish fraud on the court." Moreover, "under Rule 60(b), conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud...." (citing Di Vito v. Fidelity & Deposit Co. of Maryland, 361 F.2d 936, 939 (7th Cir.1966).

Furthermore, the Second Circuit in the *Transaero* case at 460 further explained that "the only basis for not vacating an order procured by fraud by an officer of the Court is when an officer/lawyer has an "objective good faith basis" for believing that the legal claim presented to the Court is valid." Plaintiffs have not made any conclusory averments in their motion but rather Plaintiffs have provided clear and convincing evidence that the City has fraudulently represented the law to this Court and the City's response provides no "objective good faith" basis for making the fraudulent legal claims. The City provides absolutely no legal analysis of the cases.

These Second Circuit interpretations regarding attorney misconduct establishing fraud on the Court is consistent with the Second Circuit's decision in *O'Brien v. Alexander*, 101 F.3d 1479, 1482 (2nd Cir. 1996) wherein it was held that to "violate the professional standard may

7

result in sanction under Rule 11." The applicable rule violated in Plaintiffs case is the New York Rules of Professional Conduct Rule 3.3 regarding "Conduct Before A Tribunal" that states as follows:

> (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (Emphasis added)

The New York Rules of Professional Conduct also state that "legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A tribunal that is fully informed on the applicable law is better able to make a fair and accurate determination of the matter before it." In other words, when a lawyer makes a misrepresentation of law that is "objectively groundless or baseless at the time it was made," it is automatically presumed that the tribunal is unable to make a fair and accurate determination of the matter, which means that the integrity of the normal process of adjudication is seriously affected. See Rule 3.3 - Page 142

Moreover, the First Circuit held in *U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988) that:

> <u>There is no right to advocate untruth</u>. There can be no right in the name of advocacy to conjure up imagined wrongs and sling them with nothing but vindictive purpose. Indeed the lower court correctly instructs that an attorney is not free to say literally anything and everything imaginable in a courtroom under the pretext of protecting his client's rights to a fair trial and fair representation.

As further pointed out by the Fourth Circuit – ignorance of fraud on the Court is also not permitted as follows:

> Plaintiffs would have us proceed under a theory where because of the ignorance of one's adversary, one could advance a claim groundless in law. Rule 11 does not concern itself with the failure to assert an available defense. **Rule 11 does not permit a plaintiff to avoid sanctions merely because the opposing party or the judge might not immediately recognize that the assertion is groundless.**

  2. Plaintiffs Have Established Detrimental Reliance and Harm

Lastly, like any other garden-variety common-law fraud claim, a request for vacatur for fraud under Rule 60(b)(3) does require the movant to establish detrimental reliance on the material misrepresentation by the Court and harm. See *May Dept. Stores Co. v. International*

8

*Leasing Corp., Inc.*, 1 F.3d 138, 141 (2nd Cir. 1993)  It is clear that this Court relied on the City's fraudulent representation that the *Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022) and *Donavan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) cases held that the Plaintiffs do not have a private right based on this Courts findings on page 5 and 6 of this Court November 18, 2022 Order, which states as follows:

> …Plaintiffs have not shown that a private right of action exists to sue under OSHA….. Under OSHA employees do not have a private right of action. *Donavan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) The Second Circuit has explained that "it is apparent from [OSHA's] detailed statutory scheme that he public rights created by the Act are to be protected by the Secretary and the enforcement of he Act is the sole responsibility of the Secretary. Relying on that holding, a district court of the Southern District of New York recently rejected a state employee's claims that his employer failed to implement adequate Covid-19 safety protocols under the OSH Act. See Quirk v. DiFiore, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022) Page 5
>
> Because no private right of action exists under either provision, the application for Preliminary injunctive relief on this ground is denied. Page 6

It is obvious that this Courts reliance on the City fraudulent claim was detrimental because it "seriously affected the integrity of the normal process of the adjudication" of Plaintiffs motion as evidenced by the fact that Plaintiffs never made the claim that the City failed to implement adequate Covid-19 safety protocols under the OSH Act. Plaintiffs specifically brought to this Court's attention that their claim was not based on an any OSHA regulatory violation but rather that Plaintiffs were denied and discharged for exercising their First Amendment Free Exercise rights protected by the OSH Act at 29 U.S.C Section 669 Sec. 20(a)(5). Plaintiffs also pointed out that the Secretary has no authority to enforce that statutory section of the Act, all of which the City never disputed.

Moreover, it is obvious that the judicial machinery was not performing in the usual manner of "impartial adjudication" because the facts in the *Quirk* and *Donovan* were so dissimilar to the facts of Plaintiffs case and the regulatory laws cited in those cases had absolutely nothing to do with the law relied upon in Plaintiffs' case, which makes apparent that integrity of this Courts adjudication processes was harmed, which caused harm to Plaintiffs. This

9

Court's reliance on the City's fraudulent representation of OSH Act case law caused this Court to deny injunctive relief to Plaintiffs which has kept them and all class of City workers "locked out" of their jobs without any income which they have a right to return to because they have not been terminated.

While the Court's Order includes rulings on other legal issues, like the Plaintiffs Supremacy clause claim, that claim and others were not the basis of Plaintiffs recovery and injunctive relief and therefore were not central to the merits of Plaintiffs case. The City's claim that Plaintiffs motion should be treated as a Rule 60(b)(1) is ridiculous because this Court did not make a mistake of law. The Court simply relied on the City's fraudulent representation of the law in the *Quirk* and *Donovan* along with the other fraudulent legal claim not discussed now, which was the obvious intent of the City otherwise the fraudulent claims would not have been made to this Court.

    B.  <u>Plaintiffs Are Not Required to Establish That The City's Fraud Prevent Full And Fair Presentation of Plaintiffs Case</u>

It is true that the Second Circuit and Eastern District courts in the cases *Genger v. Genger*, 663 Fed. Appx. 44, 50 (2nd Cir. 2016) and *Windward Bora LLC v. Rampersad*, 2023 U.S. Dist. Lexis 151503, at *20-201 (E.D. N.Y. 2023) held that before Rule 60(b)(3) relief can be granted, the moving party must show that the misconduct complained of "prevented the moving party from fully and fairly presenting his case." However, that holding is obviously limited to cases where the moving party seeks relief from a "final judgment" entered in a prior action, trial or proceeding after a full-blown bench or jury trial, or after entry of a dispositive motion of either summary judgment or motion to dismiss which brings an end to the case

This interpretation is the only possible legal interpretation of Rule 60(b)(3) based on a review of Second Circuit holdings in cases involving Rule 60(b)(3) as outlined below. In

10

addressing the issue of whether a movant was prevented from presenting "fully and fairly" their case pursuant to a Rule 60(b)(3) or Rule 60(b)(6) the Second Circuit in the case *Mazzei v. Money Store*, 62 F.4th 88, 93 (2nd Cir. 2023) held that:

> "we have consistently held that courts are not prevented from impartially and fairly adjudicating a case where the plaintiff had an adequate opportunity to <u>redress the alleged fraud **in the prior action**</u>."

The Second Circuit also held in the case *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988) that a plaintiff seeking Rule 60(b)(3) relief "had amble opportunity in the **prior proceeding** to uncover the alleged fraud." Finally, the Second Circuit held in the case *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) that the movant for a Rule 60(b)(2) & (3) fraud vacatur was not entitled to a vacatur because "the credibility and conflicting accounts of the witnesses were subject to full examination by the parties and were carefully considered by the court in the **<u>original action</u>.**" Because Plaintiffs seek vacatur of a non-final Order, Plaintiffs do not need to provide evidence that they have been prevented from fully and fairly presenting their case.

    Notwithstanding the forgoing, Plaintiffs have provided ample evidence that they have been prevented from "fully and fairly" presenting their case to this Court. Because this Court lock stock and barrel relied on the City's fraudulent legal claims, this Court denied Plaintiffs the right to oral argument on their motion for injunctive relief, which the Judicial Cannons 3(a)(1) & (4) admonishes judges to provide the right for litigants to be heard - including orally – to avoid the appearance of impropriety. Oral argument is part of the "due process" Plaintiffs should have been afforded because TROs and Preliminary Injunctions are emergency motions – which in this case a denial would deprive Plaintiffs of their "right to work" granted under New York City

11

Law.[5] Moreover, oral argument could have certainly prevented the Court from detrimentally relying exclusively on the City's fraudulent claims because oral argument is for the purposes of allowing the parties to present and clarify their legal claims to obtain fair adjudication of the issues. The fraud on the court did prevent that Plaintiffs from presenting their case and this Court continues to deny Plaintiffs their day in Court by recently denying oral argument on the existing pending motions, including the Rule 11 and the City's Motion to Dismiss. Also, Plaintiffs have been prevented from presenting their case as evidenced by this Courts threatened sanctions against Plaintiffs on Page 10 of the Order for exercising their right to request further "emergency relief," which includes Plaintiffs emergency interlocutory appeal to the Second Circuit. The Federal Rules of Civil Procedure grants all litigants the right to request further review, which this Court threatened to sanction. The threatened sanctions for "vexatious litigation" for advancing an emergency appeal clearly demonstrates that the City's fraud on the court has "defiled the court and its ability to perform its impartial tasks" because exercising a right to an emergency appeal, especially on the law and the facts presented by Plaintiffs is not sanctionable. See *Transaero* at 460.

IV     PLAINTIFFS HAVE MET ALL THE REQUIREMENTS TO OBTAIN VACATURE UNDER RULE 60(B)(3)

    A. <u>The Court Can Vacate a "Non-Final" Orders Under Rule 60(b)</u>

While it is correct that Rule 60(b) motions to set-aside are "generally" applicable to "final" judgments and orders as clearly stated in the 1946 Notes of the Advisory Committee on

---

[5] See New York City Administrative Code 75 which guarantees city employees their jobs absent the appropriate administrative procedures.

Rules, the City again fraudulently misstates the applicability of the rule to non-final orders when the City states that "FRCP 60(b) <u>limits</u> motions to vacate to final judgments." See ECF Doc. 76, Page 14. (Emphasis added) The City completely fails to bring to this Court's attention, which is their duty under the rules of professional conduct,[6] the fact that the same Committee Notes and case law also explains that this Court has discretionary power to grant a relief from non-final interlocutory orders as stated below:

> "The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, **but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.**"

Also, the Southern District of New York in the case *Stern v. Homeowners,* Page 10 (S.D. N.Y. 2021) also held that:

> "the Court possesses inherent equitable powers to reconsider and modify its interlocutory orders prior to entry of judgment. See Fed. R. Civ. P. 60, 1946 amendment advisory committee's notes (noting that relief from interlocutory orders is "left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). As the Second Circuit has observed, a district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment,..." (citing "*United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir.1982) (internal citations and alteration omitted); accord *United States v. Washington*, 48 F.3d 73, 79 (2d Cir.1995) (citing LoRusso, 695 F.2d at 53)."

Furthermore, the *Stern* Southern District Court actually granted the moving parties Rule 60(b) motion to vacate pursuant to the Court's inherent equitable powers to revisit interlocutory orders and held that:

> "**A litigant's use of fraud or misrepresentations to the court and other parties is a powerful equitable basi**s to reconsider or **vacate an order procured through such deception**." Stern v. Homeowners (S.D. N.Y. 2021)

---

[6] See *Knestrick v. IBM*, 945 F. Supp. 1080, 1083 (E.D. Mich. 1996) – Held, in summary, that an attorney's failure to uncover contrary case law was declared unreasonable and sanctionable because a court easily found contrary cases "simply by running an exceedingly straightforward search in the Westlaw electronic database."

Moreover, the Eighth Circuit Court of Appeals further pointed out in the *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) case that courts have jurisdiction to adjudicate Rule 60(b) motions to set aside non-final orders when it held that the motion presented to it:

> "was not directed to a final judgment, but rather to a **nonfinal order**. By its terms, **only Rule 60(b) encompasses a motion filed in response to an order**. Rule 59(e) motions are motions to alter or amend a judgment, **not any nonfinal order**."

Furthermore, the Eighth Circuit also held that "a motion for reconsideration which is directed to a "**non-final order**" should be construed as a motion under Rule 60(b), Federal Rules of Civil Procedure." *Franklin v. Pinnacle Entm't, Inc.* (E.D. Mo. 2013) see also also *PNC Bank v. El Tovar, Inc.* (E.D. Mo. 2014) both citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)

While the 8th Circuit made clear that Rule 60(b) motions are not for the purpose to "reargue" the merits of a claim, Plaintiffs' Rule 60(b)(3) has not been filed for that purpose. Plaintiffs motion is to set aside this Court's November 18, 2022 Order that was clearly based on the City's objectively groundless and baseless legal claims that Plaintiffs do not have a private right of action.

The City's insistence that Plaintiffs Rule 60(b)(3) motion is a "camouflaged motion to reconsider" is ridiculous. The plain language of the Federal Rules of Civil Procedure does not contain any provision for motions to consider. The 5th and the 8th Circuit has made clear "there is no motion for reconsideration in the Federal Rules of Civil Procedure," which the City has falsely misrepresented. See *Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000) See also *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (held: "The Federal Rules of Civil Procedure do not mention motions for reconsideration.")

Moreover, Rule 60(c)(1), expressly states that motions under Rule 60(b)(3) must be made "no more than a year after the entry of the …..order…. That rule equally applies to motions to set

14

aside non-final orders. Furthermore, the 5th Circuit pointed out that *"m*otions that are not timely under Rule 59 (which motion permits a court to alter or amend a judgment) must be treated as motions filed under Rule 60(b), which suggests that the 1-year statute of limitation applies even to late filed Rule 59. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). This comment by the 5th Circuit in the *Hamiton* case, is strong evidence that supports the clear statutory language that Plaintiffs Rule 60(b)(3) motion brought well before the 1-year statute of limitations is timely, especially since the 5th Circuit would save an untimely Rule 59 motion on a final judgment through the longer time limit afforded under Rule 60(c).

V    CONCLUSION

Based on the clear and convincing evidence provided in this Motion that the City made material misrepresentations of the law to this Court that this Court relied upon to deny Plaintiffs injunctive relief which harmed Plaintiffs and harmed the integrity of this Court, Plaintiffs Rule 60(b)(3) motion should be granted immediately before this Court rules on the City's Motion to Dismiss.

Dated: August 19, 2023                                    Respectfully submitted,

/s/ *Jo Saint-George*
_____
Jo Saint-George, Esq.
14216 Dunwood Valley Dr
Bowie MD 20721-1246
Email: jo@woc4equaljustice.org
Counsel for Plaintiffs