UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WOMEN OF COLOR FOR EQUAL JUSTICE, et al.

Plaintiffs,

v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

**REPLY MOTION IN SUPPORT OF PLAINTIFFS RULE 60(d)(3) TO VACATE OF ORDER FOR MISREPRESENTATION MISCONDUCT**

**EXPEDITED ORAL ARGUMENT & RULING REQUESTED**

Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 301-447-3600

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552

*Attorneys for Women of Color for Equal Justice Plaintiffs*

TABLE OF CONTENT

I. PRELIMINARY STATEMENT - STOP THE FRAUD ……..…………………….....1

II. ADDITIONAL MISREPRESENTIONS OF LAW ……………………………………2

III. CITY MISREPRESENTS THE STANDARD FOR RULE 60(B)(3) RELIEF…...……2

A. Proof Of Exceptional or Extraordinary Circumstances Is Not Required But Has Been Established By Plaintiffs……………………………………………………2

1. Attorney Misconduct Establishes Extraordinary Circumstances For & Fraud on the Court …………………………………………………..3

2. Plaintiffs Have Established Detrimental Reliance and Harm ………………….6

B. Plaintiffs Are Not Required to Establish That The City's Fraud Prevented Full And Fair Presentation of Plaintiffs Case But Have Provided Evidence That They Have Been Prevented…………………..……………………………………………8

IV. NON-FINAL ORDERS CAN BE VACATED & PLAINTIFFS MOTION IS NOT TIME BARRED ……………………………………..……………………….……9

V. CONCLUSION…………………………………………………………….………..10

TABLE OF AUTHORITIES

United States Supreme Court Cases

*Ackermann v. United States*, 340 U.S. 193, 202, (1950)……………………………………….4

*Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238, 249-50, 64 S.Ct. 997, (1944)……2

Federal Court Cases

*Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014)………………………………4

Glendora v. Malone, 917 F. Supp. 224 (S.D.N.Y. 1996)…………………………………….……...2

Glendora v. Malone, 101 F. 3d 1392 (2nd Cir. 1996) ……………………………………………..2

Group One Ltd. v GTE GmbH, 2023 U.S. Dist. LEXIS 55613 (E.D.N.Y. 2023)………………2

*Philips Lighting Co. v. Schneider* P. 3 (2nd Cir. 2010) (unpublished)……………….…………….....3

*Quirk v. DiFiore, 2022 U.S. Dist. LEXIS 16063 (S.D.N.Y. Jan. 28, 2022) .................................... 1*

*U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988)……………………………………………………6

*U.S. v. Cirami*, 535 F.2d 736, 738 (2nd Cir. 1976)………………………………………………3

*Rinieri v. News Syndicate Co*., 385 F.2d 818, 822 (2d Cir. 1967)………………………………..3

*Whitaker v. N.Y. Univ*. Page 1 (2nd Cir. 2013) (unpublished)……………………………………3

*Buffalo Teachers Fed'n v. Tobe* (2nd Cir. 2013) (unpublished)…………………………………3

*Weiming Chen v. Ying-Jeou Ma* (2nd Cir. 2015) (unpublished)…………………………………3

*U.S.A. v. Int'l Brotherhood Teamsters*, 247 F.3d 370 (2nd Cir. 2000)……………………………3

ISC *Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012)……………….3

*Rozier v. Ford Motor Co*., 573 F.2d 1332, 1337–38 (5th Cir.1978)………………………………4

*Maduakolam v. Columbia Univ*., 866 F.2d 53, 55 (2d Cir. 1989) ………………………………3

*Kupferman v. Consolidated Research & Mfg. Corp*., 459 F.2d 1072 (2nd Cir. 1972)……….....4

*Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2nd Cir. 1972)……………………..5, 9

*Lockwood v. Bowles* 46 F.R.D. 625, 632 (D.D.C. 1969)……………………………………………..5

*Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2nd Cir. 1994)……………...5,8

*Di Vito v. Fidelity & Deposit Co. of Maryland*, 361 F.2d 936, 939 (7th Cir.1966)………………5

*O'Brien v. Alexander*, 101 F.3d 1479, 1482 (2nd Cir. 1996)……………………………………..6

*May Dept. Stores Co. v. International Leasing Corp., Inc.*, 1 F.3d 138, 141 (2nd Cir. 1993)……6

*Genger v. Genger*, 663 Fed. Appx. 44, 50 (2nd Cir. 2016)…………………………………....8

*Windward Bora LLC v. Rampersad*, 2023 U.S. Dist. Lexis 151503, at *20-201 (E.D. N.Y. 2023)………..8

*Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988)………………………………………4,9

*Stern v. Homeowners,* Page 10 (S.D.N.Y. 2021) (unpublished)………………………………..10

*Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)……………...10

## I. PRELIMINARY STATEMENT

The City does not deny that the decisions in the *Quirk v. DiFiore*, 582 F. Supp. 3d 109 (S.D.N.Y. 2022) and *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918 (2d Cir. 1983) cases along with the over 200 federal cases provided by Plaintiffs do not involve OSH Act claims for the wrongful discharge of employees for the exercise of the right to refuse medical treatment and immunization/vaccination pursuant to OSH Ac 29 U.S.C. §669 Sec. 20(a)(5). The City also has not provided any case law or legal analysis to support their claim that the holdings in all of those cases applied to Plaintiffs OSHA claims in any way. Neither has the City provided a "good faith" basis for presenting those cases and for presenting their fraudulent legal theory that the OSH Act does not provide Plaintiffs a private right action.

The City does admit, although tacitly, that they did materially misrepresent the law to this Court regarding whether Plaintiffs have a private right of action under the OSH Act. However, the City now claims that they can get away with their misrepresentations by claiming (although wrongly) that the legal standard for granting Rule 60(b)(3) vacaturs prohibits this Court from vacating its November 18, 2022 Order ("Order") because Plaintiffs have not shown evidence of the existence of "exceptional circumstances" and that Plaintiffs have not shown how the fraudulent representations have prevented Plaintiffs from the "full and fair presentation" of their case. The City's interpretation of the rules for granting Rule 60(b)(3) vacatur is patently wrong. Also, Plaintiffs motion is not time barred and vacatur is permitted on "non-final" orders.

At the end of the day, Plaintiffs have met their burden of proof for a vacatur under Rule 60(b)(3) by presenting undisputed clear and convincing evidence that the City's misrepresentation of the law regarding the non-existence of an OSH Act private right of action for Plaintiffs was objectively baseless, groundless and leally indefensible when made. Justice requires vacatur of this Court's November 18, 2022 Order attached as Exhibit 1.

## II ADDITIONAL MISREPRESENTIONS OF LAW

First, Plaintiffs must point out that the City has made new misrepresentations of law in their response motion, as detailed below. Attached are courtesy copies of the cases for which the City flagrantly misrepresents the law of the case or attributes quotes in the cases that do not exist and in one instance, the City cites a case that simply does not exist.

1. On Page 8 of the City's Response, they cite the case *Glendora v. Malone*, 165 F.R.D. 42, 1996 U.S. Dist. LEXIS 11179 (S.D.N.Y. 1996) **That case does not exist under 165 F.R.D. 42 1996.** The only cases that exist in the federal docket under that case name is *Glendora v. Malone*, 917 F.Supp. 224 (S.D. N.Y. 1996) and *Glendora v. Malone*, 101 F.3d 1393 (2nd Cir. 1996) See copies attached as Exhibit 2 **and neither of those cases involved any Rule 60(b) motion and the quoted statement in the City's motion that** "that denial of plaintiff's application for temporary restraining order and preliminary injunction was not a final order" **does not exist anywhere in either of the cases. Neither case had anything to do Plaintiffs rights under OSH Act Sec 20(a)(5).**

2. Also, on page 8 of the City's Response, the City cites the case *Group One Ltd. v GTE GmbH*, 2023 U.S. Dist. LEXIS 55613 (E.D.N.Y. 2023) See copy attached as Exhibit 3 and represents that the case held that "the plaintiffs challenge to the Court's denial of plaintiff's request for restraining order were "procedurally improper" because it was not a final decision." **This case also does not involve any request for a Rule 60(b) set aside and the above quoted language is nowhere in the body of the case. The case involved Rule 12(b)(4) dismiss for insufficient service.**

The City exclusively relies on the above two cases for their false claim that a Rule 60(b)(3) vacatur cannot be granted for "non-final" orders, which is objectively baseless.

## III THE CITY HAS MISREPRESENTED THE STANDARD FOR RULE 60(b) RELIEF

### A. Proof Of Exceptional or Extraordinary Circumstances Is Not Required But Has Been Established By Plaintiffs

The City grossly misrepresents the legal standard for granting Rule 60(b)(3) motions and takes the Second Circuit rulings out of context in an attempt to create an impossible standard for ever obtaining a vacatur of a non-final order under Rule 60(b)(3). The City's interpretation of Rule 60(b)(3) as requiring a showing of "exceptional or extraordinary circumstances" is wrong for several reasons.

First, the burden for a moving party to establish the existence of "exceptional circumstance" is not an additional requirement over and above the required evidence or proof

called for in the statutory language of Rule 60(b) listed in subsections 1-6. The Second Circuit, explains in *U.S.A. v. Int'l Brotherhood Teamsters*, 247 F.3d 370 (2nd Cir. 2000) that the "exceptional circumstances" that provides the mechanism for the extraordinary judicial release are the "circumstances" listed in subsections 1-6 of Rule 60(b). The Second Circuit further explains in *Miles v. N.Y.C. Transit Auth.,* Page 3 (2nd Cir. 2020) that "Rule 60(b) provides that the district court may grant relief from a final judgment under the following "circumstances" and lists the six circumstances contained in the subsections under Rule 60(b).[1]

The Second Circuit makes this point in many cases,[2] which cases are based on the U.S. Supreme Court's holding in the case *Ackermann v. United States*, 340 U.S. 193, 202, (1950). The *Akerman case,* which is still good law, explains that the "extraordinary circumstances" requirement only applies to requests for relief under Rule (b)(6). The phrase "exceptional circumstances" was not used by the U.S. Supreme Court and was only used by the Second Circuit to describe the circumstances outlined in Subsections 1-6 of Rule 60(b.

Furthermore, the Second Circuit made clear in *Philips Lighting Co. v. Schneider* P. 3 (2nd Cir. 2010) that Rule 60(b)(6) and not Rule 60(b)(3) requires a finding of "extraordinary circumstances or extreme hardship," which is consistent with the Supreme Courts ruling in *Akerman*. The Second Circuit also held that "Rule 60(b)(6) relief is only available if Rule 60(b)(1) through (5) do not apply." See *Whitaker v. N.Y. Univ*. Page 3 (2nd Cir. 2013) (citing ISC *Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012)[3]. In summary,

[1] See *U.S. v. Cirami*, 535 F.2d 736, 738 (2nd Cir. 1976), *Rinieri v. News Syndicate Co*., 385 F.2d 818, 822 (2d Cir. 1967); *Whitaker v. N.Y. Univ*. Page 1 (2nd Cir. 2013), *Buffalo Teachers Fed'n v. Tobe* (2nd Cir. 2013), *Weiming Chen v. Ying-Jeou Ma* (2nd Cir. 2015)The 7th Circuit in also held in *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014) "that the district court may grant Rule 60(b) relief in six specified circumstances."

[2] Note: All of the cases wherein the Second Circuit uses the phrase "exceptional circumstances," those opinions were Summary Orders that do not have precedential effect, including the *Grenger* case cited by the City. Therefore, the City's claim that "exception circumstances" must be established over and above the "clear and convincing" is not substantiated particularly in light of the Supreme Court holding in *Akerman.*

[3] See also *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (stating that Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" (internal quotation marks omitted)).

clear and convincing proof of fraud is all that is needed to grant vacatur under Rule 60(b)(3) and Plaintiffs have provided such evidence.

Also, the City's claim that Plaintiffs must establish "fraud on the court" is also incorrect because Plaintiffs have not requested vacatur under Rule 60(d)(3), which permits the court to "set aside a judgment for <u>fraud on the court</u>." The Second Circuit held in *Gleason v. Jandrucko*, 860 F.2d 556, 558–59 (2d Cir.1988) that:

> "fraud upon the court and the type of fraud that might warrant relief pursuant to Rule 60(b)(3) are not identical. Indeed, 'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1337–38 (5th Cir.1978) (distinguishing between "fraud upon the court" and relief under Rule 60(b)(3)"

Notwithstanding the forgoing, the facts surrounding the City's fraudulent representation of the law pertaining to the OSH Act does in fact constitute extraordinary circumstances to support a vacatur under Rule 60(d)(3) for "fraud on the court."

1. <u>Attorney Misconduct Establishes Extraordinary Circumstances To Establish Fraud on the Court</u>

The City has failed to point out, as is their duty, that the Second Circuit along with the D.C. Circuit Court have held that fraudulent misrepresentations by "officers of the Court," specifically lawyers, is a species of "fraud on the court" that constitute "extraordinary circumstances." Furthermore, the plain language of Rule 60(b)(3) which permits relief for "misconduct" includes misconduct by lawyers in perpetrating material misrepresentations on the Court. The Second Circuit defines fraud on the Court in the case *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072 (2nd Cir. 1972) finding that "fraud on the court" is:

> "fraud which seriously affects the integrity of the normal process of adjudication. …..The concept embraces that species of fraud which does or attempts to, defile the court itself, <u>**or is a fraud perpetrated by officers**</u> of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication." Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir.1972) (quoting 7 Moore's Federal Practice p 60.33, at 515 (1971ed.)."
>
> "While an attorney should represent his client with singular loyalty that <u>**loyalty obviously does not demand that he act dishonestly or fraudulently**</u>; on the contrary his loyalty to the court, as an <u>**officer thereof, demands integrity and honest dealing with the court.**</u>

> **And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court**." 7 Moore, supra, at 513 (footnote omitted)

The Second Circuit reiterated this rule that lawyer misconduct constitutes a species of "fraud on the court" in the case *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2nd Cir. 1972) which states as follows:

> "**fraud upon the court is limited to that species of fraud** which does or attempts to, defile the court itself, **or** is a fraud **perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication**."

It was held in *Lockwood v. Bowles* 46 F.R.D. 625, 632 (D.D.C. 1969) that "involvement of an attorney (an officer of the court) in the perpetration of fraud," supports a claim of "fraud on the court" wherein "dishonesty or fraudulence by an "attorney" is a "species of fraud….which attempts to defile the court itself, by "an unconscionable plan or scheme which is designed to improperly influence the court."

The Second Circuit in *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2nd Cir. 1994) also provided a list of lawyer misconduct that would not constitute fraud on the court[4] as follows:

> "Fraud on the court……[i]t involves far more than an injury to an individual litigant or a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury."

Furthermore, the *Transaero* specifically held that "the only basis for **not vacating** an order procured by fraud by an officer of the Court is when an officer/lawyer has an "objective good faith basis" for believing that the legal claim presented to the Court is valid." Id at 460 Plaintiffs have provided 200 cases of clear and convincing evidence that the City had no

[4] See also *Esposito v. New York Page* 5 (2nd Cir. 2017) held that "even [a]fter-discovered evidence of alleged perjury by a witness and allegations of nondisclosure during pretrial discovery are insufficient to establish fraud on the court." Moreover, "under Rule 60(b), conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud...." (citing Di Vito v. Fidelity & Deposit Co. of Maryland, 361 F.2d 936, 939 (7th Cir.1966). Plaintiffs have not made any conclusory statements but showed "objective unreasonableness"

objective good faith basis for its misrepresentation and the City's responsive motion provides no "objective good faith" basis for making the fraudulent legal claims.

The above Second Circuit interpretations are consistent with the Second Circuit's decision in *O'Brien v. Alexander*, 101 F.3d 1479, 1482 (2nd Cir. 1996) which held that to "violate the professional standard may result in sanction under Rule 11." The New York Rules of Professional Conduct also state that "legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A tribunal that is fully informed on the applicable law is better able to make a fair and accurate determination of the matter before it." In other words, when a lawyer makes a misrepresentation of law that is "objectively groundless or baseless at the time it was made," it is automatically presumed that the tribunal is unable to make a fair and accurate determination of the matter, which means that the integrity of the normal process of adjudication is seriously affected. See NY Rules of Prof. Conduct Rule 3.3 - Page 142[5] "There is no right to advocate untruth." See *U.S. v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1988) Also, ignorance of fraud on the Court is not an excuse to permit such fraud as stated below:

> "Plaintiffs would have us proceed under a theory where because of the ignorance of one's adversary, one could advance a claim groundless in law. Rule 11 does not concern itself with the failure to assert an available defense. **Rule 11 does not permit a plaintiff to avoid sanctions merely because the opposing party or the judge might not immediately recognize that the assertion is groundless.** " See *Brubaker v. City of Richmond* , 943 F.2d 1363, 1385 (4th Cir. 1991).

2. Plaintiffs Have Established Detrimental Reliance and Harm

Lastly, like any other garden-variety common-law fraud claim, a request for vacatur for fraud under Rule 60(b)(3) does require the movant to establish detrimental reliance on the material misrepresentation by the Court and harm. See *May Dept. Stores Co. v. International Leasing Corp., Inc.*, 1 F.3d 138, 141 (2nd Cir. 1993) It is clear that this Court relied on the

[5] New State Bar NY Rules of Professional Conduct - https://www.nycourts.gov/ad3/AGC/Forms/Rules/Rules%20of%20Professional%20Conduct%2022NYCRR%20Part%201200.pdf

City's fraudulent representation that the *Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022) and *Donavan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) cases held that the Plaintiffs do not have a private right of action based on this Courts findings on page 5 and 6 of this Court November 18, 2022 Order, which states as follows:

> "…Plaintiffs have not shown that a private right of action exists to sue under OSHA….. Under OSHA employees do not have a private right of action. *Donavan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) …. See Quirk v. DiFiore, 582 F. Supp. 3d 109, 115 (S.D.N.Y. 2022)….."

Furthermore, this Court's reliance on the City's fraudulent legal theory was detrimental to Plaintiffs because this Court also denied Plaintiffs the right to be fully heard when the Court denied oral argument on Plaintiffs motion for injunction, which is generally ordered for emergency motions. The fact that Plaintiffs requested the Court to permit an amendment to their motion for preliminary injunction, (which was also denied) to clarify that Plaintiffs were not seeking a "cause of action" for a OSHA "regulatory violation" but rather for a statutory violation under 29 U.S.C. §669 Sec. 20(a)(5) is further evidence of detrimental reliance on the City's fraud. While Courts should liberally construe complaints,[6] Plaintiff's request to amend was evidence that the Court needed to set oral argument so the parties could clarify the applicable OSHA law along and the basis of Plaintiffs claims. Yet, instead this Court relied on the City's fraudulent legal theory to deny injunctive relief on Plaintiffs clear "OSHA pre-emption claim" (which could have been granted under the Declaratory Relief Act that provides equitable relief for federal statutory violations) based on the merits of Plaintiffs claim for monetary damages pursuant to Section 1983 for violations of the first Amendment and the OSH Act, the merits of which did not have to be clear and convincing at that stage of the litigation. Moreover, the fact that the City argues in its Motion to Dismiss that this Court's determination in its Order that no

---

[66] See Gregory v. Daly , 243 F.3d 687, 691 (2d Cir. 2001) "Although we recognize the principle that, on a motion to dismiss, the complaint should be construed liberally,

"private right of action" establishes the "law of the case" is further evidence that this Court detrimentally relied on the City's fraud, because the City states so and attempts to hold this Court to its reliance on the fraudulent legal theory. See Motion to Dismiss ECF#48. P12[7] Lastly, this Court's threat to sanction Plaintiffs contained on Page 10 of the Order for exercising their right to request further "emergency relief," which includes Plaintiffs emergency interlocutory appeal to the Second Circuit, is additional evidence of detrimental reliance. The fact that this Court would sanction Plaintiffs for "vexatious litigation" when the Federal Rules of Civil Procedure grants all litigants the right to request further review on appeal demonstrates that the City's fraud on this Court has "defiled the court and its ability to perform its impartial tasks" because exercising a right to an emergency appeal is not sanctionable. See *Transaero* at 460. These acts by the Court clearly establish that the City's fraud on the Court "seriously affected the ……normal process of the adjudication" of Plaintiffs motion because ultimately the Court denied preliminary injunctive relief to Plaintiffs that continued to "locked out" of their jobs which they have a right to work under NY Law Admin Code Section 75.

Finally, the City can't blame this Court for its fraud by recharacterizing the fraud as a "mistake of law" under Rule 60(b)(1). The City provides no evidence of any "mistake of law" by this Court. "To make a legal argument is "to advance one's contentions by connecting law to facts." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002)

B. Plaintiffs Are Not Required to Establish That The City's Fraud Prevented Full And Fair Presentation of Plaintiffs Case

It is true that the Second Circuit and Eastern District courts in the cases *Genger v. Genger*, 663 Fed. Appx. 44, 50 (2nd Cir. 2016) and *Windward Bora LLC v. Rampersad*, 2023 U.S. Dist. Lexis 151503, at *20-201 (E.D. N.Y. 2023) held that before Rule 60(b)(3) relief can

[7] The City states in their Motion to Dismiss that "This recent decision [this Courts November 2022 Order] is the law-of-the-case, and Plaintiffs cannot use their opposition to this motion to challenge the decision."

be granted, the moving party must show that the misconduct complained of "prevented the moving party from fully and fairly presenting his case." However, that holding is **limited** to cases where the moving party seeks relief from a "final judgment" entered in a prior action, trial or proceeding after a full-blown bench or jury trial, or after entry of a dispositive motion of either summary judgment or motion to dismiss which brings an end to the case.

The limited application of the *Genger* and *Windward* holdings to Rule 60(b)(3) or Rule 60(b)(6) is supported by the Second Circuit's recent holding in *Mazzei v. Money Store*, 62 F.4th 88, 93 (2nd Cir. 2023), which held that:

> "we have consistently held that courts are not prevented from impartially and fairly adjudicating a case where the plaintiff had an adequate opportunity to redress the alleged fraud **in the prior action**."

It was also held in *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988) that a plaintiff seeking Rule 60(b)(3) relief "had amble opportunity in the **prior proceeding** to uncover the alleged fraud." Finally, in the case *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972) the movant for a Rule 60(b)(2) & (3) fraud vacatur was not entitled to a vacatur because "the credibility and conflicting accounts of the witnesses were subject to full examination by the parties and were carefully considered by the court in the **original action.**"

Notwithstanding the forgoing, Plaintiffs have provided ample evidence that they have been prevented from "fully and fairly" presenting their case to this Court during the motion aspect of the litigation as outlined above.

## IV THE COURT CAN VACATE A "NON-FINAL" ORDER & PLAINTIFFS MOTION IS NOT TIME BARRED

Lastly, the City statement that "FRCP 60(b) limits motions to vacate to **final** judgments" is also patently wrong. See ECF Doc. #76, Page 14. (Emphasis added) The City completely fails to bring to this Court's attention, which is their duty, that under the rules of professional

conduct,[8] the fact that the same Rule 60 Committee Notes and case law also explains that this Court has discretionary power to grant a relief from non-final interlocutory orders as stated below:

> "The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, **but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.**"

Furthermore, the Southern District of New York Court actually granted a moving parties Rule 60(b) motion to vacate pursuant to the Court's inherent equitable powers to revisit interlocutory orders and held that:

> "**A litigant's use of fraud or misrepresentations to the court and other parties is a powerful equitable basi**s to reconsider or **vacate an order procured through such deception**." Stern v. Homeowners (S.D. N.Y. 2021)

Finally, Rule 60(c)(1), expressly states that motions under Rule 60(b)(3) must be made "no more than a year after the entry of the …..order…. That rule equally applies to motions to set aside non-final orders. Furthermore, the 5th Circuit pointed out that *"m*otions that are not timely under Rule 59 (which motion permits a court to alter or amend a judgment) must be treated as motions filed under Rule 60(b), which suggests that the 1-year statute of limitation applies even to late filed Rule 59. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). This comment by the 5th Circuit in the *Hamiton* case, is strong evidence that supports the clear statutory language that Plaintiffs Rule 60(b)(3) motion brought well before the 1-year statute of limitations is timely, especially since the 5th Circuit would save an untimely Rule 59 motion on a final judgment through the longer time limit afforded under Rule 60(c).

## V CONCLUSION

Plaintiffs Rule 60(b)(3) motion should be granted with oral argument preceding.

---

[8] See *Knestrick v. IBM*, 945 F. Supp. 1080, 1083 (E.D. Mich. 1996) – Held, in summary, that an attorney's failure to uncover contrary case law was declared unreasonable and sanctionable because a court easily found contrary cases "simply by running an exceedingly straightforward search in the Westlaw electronic database."

Dated: August 29, 2023

Respectfully submitted,

/s/ Jo Saint-George

Jo Saint-George, Esq.
14216 Dunwood Valley Dr
Bowie MD 20721-1246
Email: jo@woc4equaljustice.org
Counsel for Plaintiffs