

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

**Via ECF**

February 1, 2024

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Women of Color for Equal Justice et. al. v. City of New York, et. al.</u>
Civil Action No.: 22-CV-02234

Dear Judge Komitee:

I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. In accordance with the Court's January 10, 2024 order (ECF Dkt Entry dated January 10, 2024), I write to renew Defendants' pending motion to dismiss (ECF Dkt. No. 47) and to address the new allegations contained within Plaintiffs' Fourth Amended Complaint ("Compl."), belatedly filed on January 22, 2024 (ECF Dkt. No. 88).[1] Defendants incorporate the following motion papers into their renewed motion to dismiss: (1) Defendants' Motion to Dismiss (ECF Dkt. Nos. 47-49), (2) Defendants' Response in Opposition to Plaintiffs' Opposition to the Court's Order to Show Cause and in Support of the Court's Order to Show Cause (ECF Dkt. No. 51), (3) Defendants' Reply in Support of the Motion to Dismiss (ECF Dkt. No. 56), (4) Defendants' Response in Opposition to Plaintiffs' Request to File a Motion for Summary Judgment (ECF Dkt. No. 59), (5) Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Sanctions (ECF Dkt. No. 69), and (6) Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate (ECF Dkt. No. 76).

1. **The Fourth Amended Complaint is Prolix**

FRCP 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The Rule further requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, the statement should be short because "unnecessary proxility in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant

---

[1] Defendants also renew their motion to strike the Fourth Amended Complaint due to its woefully late filing. <u>See</u> ECF Dkt. No. 83.

material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiffs' Fourth Amended Complaint does not comply with the requirements of FRCP 8. In fact, Plaintiffs' filing, which comprises of a complaint and 59 exhibits totaling a combined 1363 pages, is the *antithesis* of a short and plain statement showing that they are entitled to relief. See e.g. Novak v. N.Y. State. Elec. & Gas Corp., 2006 U.S. Dist. LEXIS 73031, *4 (N.D.N.Y. 2006). Courts faced with similarly prolix complaints have dismissed them, even when such complaints were filed by *pro se* litigants. See, e.g., Rubin v. N.Y. City Bd. of Educ., 2023 U.S. Dist. LEXIS 36082 (S.D.N.Y. 2023); Washburn v. Kingsborough Cmty. College, 2021 U.S. Dist. LEXIS 67908, at *11-12 (E.D.N.Y. 2021), adopted 2022 U.S. Dist. LEXIS 51086 (E.D.N.Y. 2022), 2023 U.S. Dist. LEXIS 54149 (E.D.N.Y. 2023). Thus the Fourth Amended Complaint should be dismissed.

2. **Named Plaintiffs**

As an initial matter, the organizational plaintiff, Women of Color for Equal Justice ("WOC"), has been dropped from the the caption. See ECF Dkt. No. 88. Thus, Defendants respectfully request that the organizational plaintiff WOC be terminated on the docket. In the event that WOC is still a named plaintiff and the aforementioned was merely in error, Defendants respectfully refer the Court to its previously submitted arguments for why WOC lacks standing and should be dismissed from the lawsuit. See ECF Dkt. No. 48 at 11-12; ECF Dkt. No. 56 at 3-4. Plaintiffs also purport to bring claims against the "Department of Children's Services[.]" See Compl. ¶ 11. No such agency exists. The City agency is the Administration for Children's Services ("ACS") while the New York State agency is the Office of Children and Family Services. It is unclear to which of the two agencies Plaintiffs are referring. Georgiann Gratsley and Dianne Baker-Pacius are listed on ECF as a named Plaintiffs but are not in the caption of the Fourth Amended Complaint and no allegations in the Fourth Amended Complaint are attributed to these plaintiffs. See ECF contra Compl. Caption. Debby Hartz is listed in the caption, but not on ECF and no allegations in the Fourth Amended Complaint are attributed to her. See ECF contra Compl. Jeffrey Hunter is neither listed on ECF nor in the caption of the Fourth Amended Complaint and his name only appears in the body of the Fourth Amended Complaint without any specifications or allegations attributed to him. See ECF contra Compl. ¶ 36.

The following plaintiffs fail to assert any allegations or specifications as to their claims, including failing to identify the City agency where they purportedly worked: (1) Mark Mayne, (2) Aura Moody, (3) Curtis Boyce, (4) Joseph Saviano, (5) Monique More[2], (6) Natalya Hogan, (7) Jessica Csepku, (8) Roseanne Mustacchia, (9) Yulonda[3] Smith, (10) Maria Figaro, (11) Rasheen Odom, (12) Frankie Trotman, (13) Mervilyn[4] Wallen, (14) Paula Smith, (15) Christian Murillo, (16) Lyndsay Wanser,[5] (17) Joseph Saviano, (18) Suzanne Schroeter,[6] (19) Sarah Wiesel,[7] (20) Althea Brissett, (21) Dawn Schol,  (22) Tracey Howard, (22) Marc Rosiello, (23)

---

[2] "Monique More" has three spellings of the last name and thus it is unclear if they are all the same person or different individuals. See ECF Docket (spelled "Morene"), ECF Dkt. No. 88 (caption spelled "More").
[3] Spelled "Yulanda" on ECF. See ECF Docket. It is unclear if they are all the same person or different individuals.
[4] Spelled "Marvilyn" on ECF. See ECF Docket. It is unclear if they are all the same person or different individuals.
[5] Listed on ECF as both "Lyndsay Wanser" and "Wanser Lyndsay." See ECF Docket. It is unclear if they are all the same person or different individuals.
[6] Spelled "Shroeter" on ECF. See ECF Docket. It is unclear if they are all the same person or different individuals.
[7] The newly added Plaintiff Sarah Wiesel currently has a lawsuit challenging the denial of her exemption to the vaccine mandate in state court. See In the Matter of Sarah Wiesel v. Department of Education of the City of New York, Index No. 538072/2022.

Audrey Dennis, (24) Marie Joseph, (25) Patricia Catoire, (26) Sally Mussafl, (27) Colette Caesar, (28) Bertram Scott, (29) Diane Pagen, (30) Stella M. Preston, (31) Rachelle Garcia, (32) Julie Lawley, (33) Susanne Phillip, (34) Maria Estrada, (35) Jennette Frazer, Thus, the aforementioned Plaintiffs should be dismissed.

### 3. A Majority of Boyce, Grant, Ustares, Wiesel's Claims are Barred by Waiver

Plaintiffs Ustares, Boyce, and Wiesel executed waivers and releases wherein they were granted health benefits through September 6, 2022 in exchange for releasing all claims against the DOE. See Extended Unpaid Leave with Health Benefits through September 6, 2022 Attestation, dated November 30, 2021 ("Wiesel Waiver"), annexed hereto as Exhibit A; Extended Unpaid Leave with Health Benefits through September 6, 2022 Attestation, dated February 10, 2022 ("Ustares Waiver"), annexed hereto as Exhibit B; Extended Unpaid Leave with Health Benefits through September 6, 2022 Attestation, dated November 16, 2021 ("Boyce Waiver"), annexed hereto as Exhibit C. Specifically, in exchange for the right to return to the DOE and extended health benefits, Boyce, Ustares, and Wiesel agreed, "**to waive and release the DOE and any of its present or former employees or agents…from any all claims, liabilities, or causes of action which were or could have been asserted by me …based upon anything that has happened up to now and including the date of the execution of this attestation, including, but not limited to, any right or claim that may exist or arise up to and including the date that this Attestation is signed.**" Boyce Waiver, Ustares Waiver, Wiesel Waiver. (emphasis added). Meanwhile, Grant executed a substantially similar waiver and release wherein she was granted health benefits through June 30, 2022 in exchange for releasing all claims against the DOT and City. See Extended LWOP Waiver, dated December 14, 2021 ("Grant Waiver"), annexed hereto as Exhibit D.

"A release is a type of contract 'governed by principles of contract law.'" Alicea v City of N.Y., 2023 U.S. Dist. LEXIS 93318, at *14-15 (S.D.N.Y. 2023) (quoting Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 514 (2d Cir. 2001)); see also Carew v. Baker, 175 A.D.3d 1379, 1380 (2d Dep't 2019). Under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Alicea, 2023 U.S. Dist. LEXIS 93318, at *14-15 (quotation omitted); see also Carew, 175 A.D.3d. 1379 at 1381. "Where, as here, the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties." Booth v. 3669 Delaware, Inc., 92 N.Y.2d 934, 935 (N.Y. 1998); see also Ivasyuk v. Raglan, 197 A.D.3d 635, 636-37 (2d Dep't 2021). Indeed, in a very recent proceeding decided on April 19, 2023, the New York County Supreme Court upheld the validity of an identical waiver to the one executed by Boyce, Ustare, and Wiesel. See Sullivan v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2468 (Sup. Ct., N.Y. Cty. 2023).

As the contents of the waiver signed by Grant, Boyce, Ustares, and Wiesel were set out by Martin F. Scheinman in his arbitration between their respective unions and the City and/or DOE regarding the implementation of the Vaccine Mandate for union members, they lack standing to challenge the waiver because they were not a parties to the arbitration. See Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 213 A.D.3d 560, 565 (1st Dep't 2023) (holding that Petitioner lacked standing to challenge the impact arbitration award as "[w]hen a union represents employees during arbitration, only that union – not individual employees – may seek to vacate the resulting award"); Matter of Clarke v. Bd. of Educ. of the City Sch. Dist. of the

City of N.Y., 213 A.D.3d 548, 550 (1st Dep't 2023) ("petitioners, who were not parties to the arbitration, cannot challenge the Impact Award…"). Because Grant, Boyce, Ustares, and Wiesel voluntarily entered into an agreement wherein they waived any and all claims against their employer, their claims are barred and should be dismissed.

   4. **Garvey Does Not Apply**

Plaintiffs cite to Garvey v City of New York for the proposition that "the Vaccine Orders were invalid[.]" Compl. ¶¶ 164-165 (citing to Garvey v. City of N.Y., 77 Misc. 3d 585, 2022 N.Y. Sip. Op. 22335 (Sup. Ct., Richmond Cnty. 2022)). However, a notice of appeal was also filed in Garvey. See Notice of Appeal, Index No. 85163/2022, NYSCEF Doc. No. 41, filed October 25, 2022. As the Notice of Appeal has been filed, pursuant to CPLR § 5519(a) the enforcement of the decision is stayed until the appeal is decided. Further, Garvey runs counter to every other decision issued by this Court, which uniformly held that the Vaccine Mandates are legally enforceable and create a lawful condition of employment for City employees. See, e.g., Marciano v. De Blasio, 589 F. Supp. 3d 423 (S.D.N.Y. 2022); Broecker v. N.Y. City Dep't. of Educ., 2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. 2023), aff'd 2023 U.S. App. LEXIS 30076 (2d Cir. 2023); Garland v. N.Y. City Fire Dept., 2023 U.S. Dist. LEXIS 54100 (E.D.N.Y. 2023); Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2023 N.Y. App. Div. LEXIS 947 (N.Y. App. Div. 1st Dep't 2023).

   5. **Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. ("Title VII")**

As an initial matter, Plaintiffs Title VII claims are time-barred. A plaintiff seeking to bring suit under Title VII must file an administrative charge with the EEOC or equivalent local agency "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); Concepcion v. Nice Pak Prods., 2004 U.S. Dist. LEXIS 15873, at *10-12 (S.D.N.Y. 2004) (refusing to consider any claims outside the 300-day limitation period). Plaintiffs have failed to show when they filed unspecified claims with the EEOC and a majority failed to plead if or when they received a right to sue letter. See, generally, Compl. As such, it is not possible at this time to ascertain whether their Title VII claims were timely. Plaintiffs' Exhibit 2 (ECF Dkt. No. 88-2) does not remedy these deficiencies. Furthermore, for Title VII claims to be timely, they must be filed with the Court within 90 days of receipt of the right to sue letter. See Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)); Ko v. JP Morgan Chase Bank, N.A., 730 Fed. App'x. 62, 63 (2d Cir. 2018). Courts in this Circuit construe the ninety-day deadline strictly, even when the plaintiff is *pro se.* See Ayala v. United States Postal Serv., 2017 U.S. Dist. LEXIS 50394, at *15 (S.D.N.Y. 2017) (citing cases). "Failure to bring suit within the 90-day limitation period is fatal to the claim[.]" Ko, 730 Fed. App'x at 63. Accordingly, as the Plaintiffs did not seek to add their Title VII claims until well after the ninety-day statute of limitations passed, their claims are time-barred. Furthermore, it is well settled that there is no individual liability under Title VII, so the Title VII claims against the individual defendants must be dismissed. See Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012).

Plaintiffs also fail to state a claim under Title VII for discrimination or harassment. To establish a *prima facie* case of discrimination, Plaintiffs must allege that: (1) they are a member of a protected class; (2) that they were qualified for the position; (3) they suffered an adverse

- 4 -

employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. See Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015). Plaintiffs' allegations fail to state a plausible claim of discrimination under Title VII. As an initial matter, Plaintiffs fail to allege that they are members of a protected class. At most, Plaintiffs allege in conclusory fashion, without any additional facts, that they were "subjected [ ] to harassing interrogations regarding their religious practice," but they do not specify what, if any, religious beliefs they held. See Compl. ¶ 291. Such conclusory allegations are insufficient to support a claim of discrimination. See, e.g., Bermudez v. City of New York, 783 F.Supp.2d 560, 581 (S.D.N.Y. 2011); Ortiz v. Standard & Poor's, 2011 U.S. Dist. LEXIS 99122, 14 (S.D.N.Y. 2011).

Plaintiffs have also failed to allege any facts regarding their jobs. Indeed, some Plaintiffs fail to allege their titles or even which agency employed them, much less that they were qualified for their positions. See, generally, Compl. In any event, as noted, it is well settled law that the DOE and City Orders created lawful conditions of employment. See Garland v. N.Y.C. Fire Dep't, 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021) (denying injunction); Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022) (denying injunction); Marciano, 589 F. Supp. 3d at 435-436. Thus, it is clear that employees who do not comply with the Vaccine Mandates can be terminated for their failure to comply and that this termination can take place without resort to statutory disciplinary processes. Plaintiffs concede that they did not meet this employment qualification and as such, they are not qualified for employment with Defendants.

Plaintiffs also fail to allege that their placement on leave without pay and/or termination took place under circumstances giving rise to an inference of discrimination. Rather, these alleged actions took place because Plaintiffs refused to comply with lawful conditions of employment. Plaintiffs offer nothing more than conclusory allegations that their unspecified religions were motivating factors behind the alleged adverse employment actions, which is insufficient to sustain a claim of discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). As for Plaintiffs' allegation that Defendants failed to bring charges and specifications against them pursuant to N.Y. Educ. Law § 3020-a, New York Administrative Code §16-101, or Civil Service Law § 75 (see Compl. ¶¶ 9, 158), such a claim fails because it is well-settled that where Plaintiffs were terminated for failing to comply with a lawful condition of employment, not for misconduct, Defendants were not required to bring disciplinary charges. See O'Reilly v. Bd. of Educ., 2022 N.Y. Slip. Op. 30173[U], *3-4 (Sup. Ct., N.Y. Cty 2022) (N.Y. Sup. Ct. Jan. 20, 2022) aff'd 213 A.D.3d 560 (1st Dep't 2023); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (N.Y. Ct. App. 2023); Broecker, 585 F. Supp. 3d at 318-319; Garland, 574 F. Supp. 3d at 127-129; Marciano, 589 F. Supp. 3d at 436.

Furthermore, Plaintiffs utterly fail to allege anything remotely resembling the bare minimum requirements for a disparate treatment claim. See Hyek v. Field Support Servs. Inc., 702 F. Supp. 2d 84, 97 (E.D.N.Y. 2010) ("a plaintiff must show that the employee to whom she compares herself is 'similarly situated in all material respects."); Haggood v. Rubin & Rothman, LLC, 2014 U.S. Dist. LEXIS 161674 at *28 (E.D.N.Y. 2014) (a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the [purported] comparators are similarly situated.").

Plaintiffs also fail to state a claim of hostile work environment. The allege no relevant conduct by Defendants, nor any conduct that was severe or pervasive to create a hostile

work environment due to their protected characteristics. See Robinson v. Harvard Prot. Servs., 495 F. App'x 140, 141 (2d Cir. 2012). Generalized allegations of harassment, without specificity tying the alleged conduct to a protected class, are insufficient to show a hostile environment. See Brennan v. Metro Opera Ass'n., 192 F.3d 310, 318 (2d Cir. 1999); Xiang v. Eagle Enters., LLC, 2020 U.S. Dist. LEXIS 7909, *33, n.3 (S.D.N.Y. 2020) ("free-floating references" to alleged hostile work environment insufficient to withstand motion to dismiss). There is no evidence Plaintiffs were subjected to any discriminatory or harassing conduct whatsoever, let alone based on their unidentified protected characteristics. Thus, their constructive discharge claims also fail. See Chenette v. Kenneth Cole Prods., Inc., 345 F. App'x 615, 620 (2d Cir. 2009); Polidori v. Societe Generale Groupe, 39 A.D.3d 404, 405 (1st Dep't 2007). In short, Plaintiffs have failed to allege any difficult or unpleasant working conditions let alone any conditions that were so severe as to qualify as a constructive discharge. As such, Plaintiffs have failed to state any claim whatsoever under Title VII.

6. **Federal Declaratory Judgement Act 28 U.S.C. §220**

Plaintiffs purport to bring a claim for declaratory and injunctive relief under the Federal Declaratory Judgement Act 28 U.S.C. §2201. See Compl. ¶¶ 1, 5, 234-254, 293-294. The Court has twice denied Plaintiffs' request for preliminary injunctive relief and denied them leave to amend their preliminary injunction requests. See Women of Color For Equal Justice Plaintiffs v. City of N.Y. Defendants, 2022 U.S. Dist. LEXIS 207164 (E.D.N.Y. 2022); see also Women of Color For Equal Just. v. City of N.Y., 2022 U.S. Dist. LEXIS 209651, at *5 (E.D.N.Y. 2022). The Court also previously denied Plaintiffs' request to amend to include claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202, ruling that declaratory judgments and injunctions are remedies and not causes of action. See Women of Color For Equal Just., 2022 U.S. Dist. LEXIS 209651, at *9-10. These rulings remain the law of the case. See Musacchio v. United States, 577 U.S. 237, 244-45 (2016) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." ); United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000).

7. **42 U.S.C. § 1983 ("Section 1983")**

Plaintiffs purport to bring various Fourteenth Amendment claims under Section 1983. See Compl. ¶¶ 1, 175, 177-226. Construing this as a claim for municipal liability, such a claim fails. To establish municipal liability against a state actor, a plaintiff must allege that the deprivation of her constitutionally protected rights resulted from a "policy, custom, or practice" of the City defendant. Patterson v. Cty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978)). "It is well settled that the mere assertion that a municipality has a custom, policy or practice that led to the alleged unconstitutional deprivation is generally insufficient to establish Monell liability." Ezagui v. City of N.Y., 726 F. Supp. 2d 275, 284 (S.D.N.Y. 2010) (internal quotation omitted). The Second Circuit has already held that the vaccine mandates are lawful and enforceable. See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021); Garland, 574 F. Supp. 3d 120; Broecker, 2023 U.S. Dist. LEXIS 55541. Furthermore, the Supreme Court has recognized that stemming the spread of COVID-19 is a compelling public interest. See Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63, 67 (2020). The City and the DOE cannot be held liable under a theory of *respondeat superior* because the Supreme Court has unequivocally held that "a municipality cannot be held liable under § 1983 on a

*respondeat superior* theory." Monell, 436 U.S. at 691. Plaintiffs also purport to bring a Section 1983 claim against the defendants individually. See Compl. ¶ 176. Such conclusory claims fail to establish individual liability under Section 1983. Finally, Plaintiffs' Section 1983 claims against the individual defendants in their official capacities are duplicative of the Section 1983 claims brought against the City. See Adams-Flores v. City of N.Y., 2020 U.S. Dist. LEXIS 37411, at *10-11 (S.D.N.Y. 2020). Thus all Section 1983 claims must be dismissed.

### 8. Common Law Fraud

Plaintiffs' purport to bring a "common law fraud" claim for the Vaccine Mandates. See Compl. ¶¶ 1, 175, 273-284. As an initial matter, this claim fails due to Plaintiffs' failure to file a timely or sufficient notice of claim. See, e.g., Matter of Singh v. City of N.Y., 165 A.D.3d 593 (1st Dep't 2018) (denying late notice of claim for common law fraud claim against the City); L.K. v. Sewanhaka Cent. High Sch., 2015 U.S. Dist. LEXIS 189225, at *44 (E.D.N.Y. 2015) (dismissing common law fraud claim for failure to plead compliance with notice of claim requirement). Plaintiffs' Exhibit 1 (ECF Dkt. No. 88-1), does not remedy this deficiency.

To state a claim of common law fraud, Plaintiffs must both meet the New York state law pleading standard and satisfy FRCP 9(b). See Cummings v. City of N.Y., 2020 U.S. Dist. LEXIS 31572, at *37-38 (S.D.N.Y. 2020). Under New York law, Plaintiffs must plead that the Defendants "made a representation as to a material fact" that "was false" and was "intended to deceive" the Plaintiffs, that the Plaintiffs "believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct," and "as a result of such reliance…[they] sustained pecuniary loss." Stephenson v. PricewaterhouseCoopers, Ltd. Liab. P'ship, 482 F. App'x 618, 622 (2d Cir. 2012) (citation omitted). Under FRCP 9(b), Plaintiffs must, with particularity, "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Cumming, 2020 U.S. Dist. LEXIS 31572 at *37-38 (quoting Financial Guar. Ins. Co. Putnam Advisory Co., LLC, 783 F.3d 395 (2d Cir. 2015)). Plaintiffs have utterly failed to meet these exacting standards. Plaintiffs' farfetched conspiracy theories about FDA approved vaccines and the scientific principles of the spread of communicable diseases do not meet the exacting standards for a common law fraud claim. At most, Plaintiffs take issue with public statements Defendants made about the COVID-19 pandemic with the information they had at the time of the announcements in the face of a novel and rapidly changing global pandemic.

Accordingly, for the reasons explained supra and for all of the reasons explained in Defendants' prior motion papers, Plaintiffs fail to state a claim and the Fourth Amended Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/ Elisheva L. Rosen
Elisheva L. Rosen
Assistant Corporation Counsel

cc: Women of Color For Equal Justice (by ECF)