

*Jo Saint-George*
*Phone: 602-326-8663*
*Fax:    (202) 830-2005*
*E-mail: jo@woc4equaljustice.org*

<u>**VIA ECF**</u>

February 11, 2024

Honorable Eric Komitee
United States District Court
Easter District of New York
225 Cadman Plaza East, Room 6G North
Brooklyn, New York 11201

      Re:    **LETTER MOTION IN OPPOSITION TO RENEWED MOTION TO DISMISS**
               <u>Sarah Coombs Moreno et al. v. City of New York, et.al</u>
               Civil Action No: 22-cv-02234 – **Request for Expedited Hearing Per Rule 57**

Dear Judge Komitee:

I am counsel of record for the above proposed class of employees placed on indeterminate leave without pay by the City of New York, with all its departments including the NYC Department of Education a (collectively "City"), for exercising their fundamental Constitutional and OSH Act protected right to refuse the City mandated and enforced Covid-19 vaccine nine Executive Orders ("Vaccine Orders") based on their religious practices and for non-religious reasons. The proposed class is represented by Sarah Coombs Moreno who is a teacher for the City's Department of Education who has brought this case of an ongoing deprivation of her Constitutional and federal statutory rights on behalf of herself and those similarly situated City employees within all departments of the City ("Plaintiffs"). This letter motion is in response to the City's letter motion renewing their pending Motion to Dismiss and is supported by Plaintiffs filed motions at #52, #57, #64, 70, 73, #74, #79 incorporated by this reference. Plaintiffs request this Court to deny the City's Motion to Dismiss as fraudulent and that the Court grant Plaintiffs Rule 60(b)(3) Motion to Vacate the denial of preliminary injunction due to the City's fraud on the Court.

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff and deny a motion to dismiss when the facts allege a "plausible" right to relief above the speculative level. See *Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006) *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt*. LLC , 595 F.3d 86, 91 (2d Cir. 2010).

This case is to be decided purely on legal grounds as the City does not dispute the facts summarized below that this Court must accept as true. Based on the "well-pleaded facts" in Plaintiffs Fourth Complaint, it would be reversable error for this Court to dismiss Plaintiffs Declaratory Judgment Action that is based on pure federal questions of federal statutory preemption and Constitutional claims and an abuse of this Court's discretion to deny Plaintiffs Rule 60(b)(3) Motion to Vacate the denial of a preliminary injunction based on the clearly fraudulent legal standard presented by the City. See *Prudential Real Estate Affiliates, Inc. PPR Realty, Inc*., 204 F.3d 867, 874 (9th Cir. 2000). "In addition to the power to issue judgments, each federal court also possesses an inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court …and to conduct an independent investigation in order to determine whether it has been the victim of fraud. See *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)

Plaintiffs Fourth Amended Complaint attached hereto as <u>Exhibit 1</u> pleads the following causes of action clearly identified on the face of the complaint:

1. Declaratory Judgment Act action pursuant to 28 U.S.C. §2201 and §2022 (DJA) to declare the Vaccine Orders null and void as unconstitutional violative of the federal OSH Act "Expressed Pre-

emption"[1] clause at 29 USC §667 Section 18(a), the Anti-Mandate clause at §669 Section 20(a)(5)- which bands employer vaccine/immunization, testing and medical treatment mandates and the Anti-Retaliation clause at §660 Section 11(c)(1)&(2) (OSHA Clauses) and violative of the Constitution First Amendment Free Exercise and substantive Due Process clauses (Constitutional Claims) applicable to the City under the 14th Amendment thru a 42 U.S.C §1983 (§1983) claim because the City's Mayors and Health Commissioners issued Vaccine Orders that deprived Plaintiffs of their religious and non-religious right to refuse the Covid-19 vaccine and remain in their workplace unvaccinated. Based the strict scrutiny standard, the City had no compelling reason to violate the OSH Act by enforcing Vaccine Order mandates that are an illegal safety method that falls below the minimum existing OSHA regulations because the Covid-19 vaccine is incapable of "preventing the transmission or communication" of the Covid-19 virus in the workplace atmosphere and incapable of shielding workers from exposure to the Covid-19 airborne hazard that employers are mandated to remove from the workplace under the OSHA General Duty and Respiratory regulations. Therefore, the Covid-19 vaccine fails to meet the City's express governmental interest of "preventing the transmission" of Covid-19 in the workplace under the "strict-scrutiny" standard. The DJA and §1983 provide this Court with original jurisdiction based federal questions under the OSH Act and the Constitution; See ECF #1, Pages 17-20[2], and further clarified as expressly stated in the 2nd Amended Complaint ECF #10, Pages 3,17,2 under the Jurisdictional paragraph and Counts I, and III and in all amendments thereto including the 4th Amendment <u>ECF #88</u>, as outlined below

2. permanent injunctive relief and damages pursuant to §1983 (as a stand-alone claim) for the City's enforcement of the Vaccine Orders that deprived Plaintiffs of their federal rights protected by the OSHA Clauses and Constitutional right to refuse the Covid-19 vaccine and choose Biblical Plant-Based Lifestyle Medicine as a religious practice and for depriving Plaintiffs of their First Amendment to receive information from the City regarding the OSH Act Pre-emption, Anti-Mandate, and Anti-Retaliation clauses;[3]
3. alternative cause under Title VII of the 1964 Civil Rights Act under 42 U.S.C. § 2000e-2(a)(1) for the City's lock out and placement of Plaintiffs on leave without pay from their workplaces for exercising their right to refuse the Covid-19 vaccine based on religious grounds;
4. New York State common law fraud claim for the City's material misrepresentation in the Vaccine Orders that "it is <u>necessary</u> for <u>health and safety</u> of the City…. to **preven**t, mitigate, control and abate the emergency [the Covid-19 Pandemic]" to order all City employees to provide proof of the Covid-19 vaccines when the City knew or should have known through its Health Department medical doctor Commissioner that the Covid-19 vaccine is incapable of "preventing" or "abating" the transmission of the Covid-19 hazardous airborne virus in workplaces; yet City employees relied on the misrepresentation and took the Covid-19 vaccine only to be subsequently infected and suffer injury. The City also fraudulently represented that City employees had to sign a "waiver" of any and all claims against the City in order to retain their healthcare benefits, when the City knew it had no authority to withhold healthcare benefits or withhold their right to know and exercise their OSH Act Anti-Mante right to refusal to take the Covid-19 vaccine.
5. New York City Human Rights Law for the City's ongoing harassment of Plaintiffs for exercising their right to refuse the Covid-19 vaccine on religious grounds.

**I  The City's Motion Must Be Denied Because Plaintiffs Are Entitled to Declaratory Relief As A Matter of Law And An Express Private Right of Action Is Not Required When Federal Question Jurisdiction Confers This Court Authority to Provide A Remedy**

State laws that are expressly preempted and conflicts with federal law are void as a matter of law and "judges in every state shall be bound thereby." See *Cantero v. Bank of Am., N.A.*, 49 F.4th 121, 127 (2nd Cir. 2022) see SPGGC, LLC v. Ayotte, 488 F.3d 525, 530 (1st Cir.2007)[4] *Fidelity Federal Sav. and Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014 (1982)

---

[1] See Cantero v. Bank of Am., N.A., 49 F.4th 121, 127 (2nd Cir. 2022) (held: National Bank Act preempted New York State bank law and "such laws are void…" ( *Briarpatch Ltd. v. Phoenix Pictures, Inc*., 373 F.3d 296, 305 (2nd Cir. 2004) "Given the Supreme Court's approach in *Anderson*, we conclude that it means to extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action.)
[2] While the paragraph headings in the 1st Complaint were not as clear, the text of the Complaint was clear that there was always a federal question under the OSH Act and the Constitution pursuant to a §1983 claim.
[3] "The Supreme Court has repeatedly recognized that the First Amendment includes not just a right of free speech, but also a right to receive information." See *Stanley v. Georgia*, 394 U.S. 557, (1969) ("It is now well established that the Constitution protects the right to receive information and ideas.... This right to receive information and ideas, regardless of their social worth, is fundamental to our free society."
[4] Held: The doctrine of federal preemption is rooted in the Supremacy Clause, which provides that 'the Laws of the United States ... shall be the supreme Law of the Land; and the <u>Judges in every State shall be bound thereby</u>, any thing in the Constitution or Laws of any State to the Contrary notwithstanding…"


It is settled law under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1994), "that when a plaintiff seeks injunctive and declaratory relief from state regulation on the ground that the state law is preempted by a federal statute, the plaintiff's complaint presents an independent basis to address a federal question over which the district courts have jurisdiction pursuant to 28 U.S.C. § 1331. See *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, (1983), see also *Concerned Citizens of Cohocton Valley, Inc. v. New York State Dept. of Environmental Conservation*, 127 F.3d 201, 206 (2nd Cir. 1997)

The City's fraudulent legal claim that the OSH Act lacks a "private right action" to preclude Declaratory Relief was not only patently false based on the 200 cases of federal jurisprudence cited by Plaintiffs in their Rule 60(b)(3) motion, but also because the City falsely claimed that a separate "private right of action" was necessary before this Court could exercise its jurisdiction to adjudicate the federal question of pre-emption, which is wrong and was always claimed in Plaintiffs first Complaint.  It would be reversable error for this Court to deny Plaintiffs a declaration of rights and at least preliminary injunction because the Supreme Court and all federal courts have express jurisdiction to hear and adjudicate all federal question claims under Article III of the Constitution, under 28. U.S.C. §1331 and under the OSH Act at 29 USC §660, Section 11(c)(2) which expressly confers exclusive federal court jurisdiction for OSHA civil actions that state courts cannot intrude.  See "The Puzzle of Complete Preemption" U.Penn Law Review, Vol 155, No3 January 2007 attached as <u>Exhibit 2</u>.

The Declaratory Judgment Act expressly allows federal courts to declare rights specifically provided under a federal statute (in this case the OSH Act) and under the Constitution even when a "private right of action" does not exist in the federal statue or "whether or not further relief [i.e. monetary damages] is or could be sought." 28 USC §2201  While the Declaratory Judgement Act expressly provides the "remedial remedy" of injunctive relief, its provision of federal jurisdiction for this Court to hear and adjudicate the rights of the parties provided in a federal statute is not remedial and requires mandatory jurisdiction when a true "federal question" is made regarding the preemptive power of a federal statute and the rights arising from expressly stated Constitutional claims, specifically the First Amendment Free Exercise and Substantive Due Process clauses. The Supreme Court expressly determined that "the absence of a federal private right of action as ….not dispositive of, the 'sensitive judgments about congressional intent that § 1331 requires," particularly when federal-question jurisdiction exists.   See *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 309 (2005) "Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created by federal law." Id.

It is axiomatic that the Constitution itself and many federal statutes do not contain language to support a finding of an "express private right of action" for monetary remedies. Nevertheless, the Supreme Court held in several cases, including *Ex parte Young*, 209 U.S. 123 (1908) Va. Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254 (2011) and *Marbury v. Madison*, 5 U.S. 137 (1803) that  "every right, when withheld, must have a remedy."[5]  In *Shaw v. Delta Air Lines, Inc*. 103 S. Ct. 2890 (1983), the Supreme Court unanimously stated that "[i]t is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. Justice Blackmun emphasized that the suit in *Shaw* was an offensive preemption claim, noting that the plaintiffs sought "injunctions against enforcement of state laws they claim are preempted."  The Courts have made clear that only when a federal statutory preemption claim is raised as a "defense" by a party for which no substantive right is conferred does the Court require the existence of a "private right of action" to assert federal jurisdiction especially when the federal preemption defense is not obvious on the face of a well-pleaded complaint. See U. Penn Law R. Page 561

In this case, however, the OSH Act contains an "Expressed Preemption" clause wherein OSHA preempts the field of setting "minimum workplace safety standards and regulations"[6] that was claimed in Plaintiffs well-pleaded complaints, which gives this Court original Jurisdiction because: 1) the Vaccine Orders conflicts with and falls below OSHA's pre-existing workplace safety regulations under the OSHA Respiratory regulations that govern airborne communicable disease, and 2) Plaintiffs claims

---

[5] 28 U.S.C. § 2201 (1982) ("[A]ny court. . . may declare the rights. . . of any. . . party ... whether or not further relief is or could be sought.  See also *Shaw v. Delta Air Lines, Inc.* 103 S. Ct. 2890 (1983).  Justice Blackmun, writing for a unanimous Court, stated that "[i]t is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. Justice Blackmun emphasized that the suit in Shaw was an offensive preemption claim, noting that the plaintiffs sought "injunctions against enforcement of state laws they claim are preempted.
[6] See Solus Indus. Innovations, LLC v. Superior Court of Orange Cnty., 228 Cal. Rptr. 3d 406 (Cal. 2018) See *United Air Lines, Inc. v. Occupational Safety & Health Appeals Bd*., 32 Cal.3d 762, 772, 654 P.2d 157 (1982) 51. Congress reserved to the OSHA Secretary the exclusive power to set "a nationwide floor of minimally necessary safeguards" that federal, state and private employers and places of public accommodation are mandated to meet for public health and safety.

seek to vindicate the legal and equitable rights protected by the OSH Act Anti-Mandate clause. See *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296 (2nd Cir. 2004) and *Nat'l Basketball Ass'n v. Motorola, Inc*. 105 F.3d 841, 848 (2nd Cir. 1997)

## II   OSHA Preemption Renders The City's Collateral Estoppel, Res judicata, Article 78 judgment, Employee Waivers, Notice of Claim and Other Arguments Moot

Therefore, the Vaccine Orders are illegal, void and of no effect rendering the City's claims of collateral estoppel, res judicata under the prior Article 78 state law cases, the waivers by employees void, and the need for notice of claims moot; therefore, a declaration of unconstitutionality and at least a preliminary injunction must be granted under the DJA, especially since it not a crime in any state to refuse any vaccine since *Jacobson v. Massachusetts* 197 U.S. 11 (1905) has been overruled by federal law under Health & Human Services law and OSHA.

Notwithstanding, the OSH Act does also contain an "express and implied right of action" under the Anti-Retaliation clause[7] that applies to the OSH Act Anti-Mandate clause that protects an employees 1st Amend. Constitutional Free Exercise right to refuse employer mandated immunizations/vaccines (OSHA Statutory Rights). There is no language in the legislative history that Congress enacted the Anti-Retaliation cause of action under 29 USC §660 Section 11(c)(1)&(2) to deny employees their OSHA Statutory Right in Section 20(a)(5). Finally, the legislative scheme and expressed statutory language of the OSH Act only gives the OSHA Secretary authority to prosecute violations of standards or regulations. Therefore, Plaintiffs as employees must have a private right to sue in federal court for violations of their OSHA Statutory/Constitutional/Anti-Mandate Right, which would otherwise be meaningless if no such right is interpreted as expressed or implied. See *Cantero v. Bank of Am., N.A.,* 49 F.4th 121 (2nd Cir. 2022)[8] If this Court follows the City's fraudulent argument, this Court would have to tell all American citizens that all of their Constitutional rights are meaningless because they have no way to enforce them through the most remedial remedy of injunctive relief. Such an outcome would be disastrous.

## III   WELL PLEADED FACTS TO BE ACCEPTED AS TRUE

### A. The OSH Act Preempts the Vaccine Orders

1. The OSH Act contains an express preemption clause at 29 USC § 667 Section 18(a) that prevents states from regulating occupation safety and health issue when the OSHA already has promulgated standards and regulations. See 4th Amended Complaint (4AC) ECF #88 ¶ 5, ¶118, ¶237 see Exhibit 4 to 4AC the OSHA statute, Page 13 (Attached hereto as Exhibit 3)

2. Since around 1974 OSHA has had existing safety standards and regulations to protect workers from airborne respiratory hazards, including Covid-19, which regulations include General Respiratory Standard at 29 CFR §1910.132, the Personal Protective Equipment standard at 29 CFR §1910.132, the Respiratory Protection standard at 29 CFR §1910.134 and the General duty Clause of the OSH Act 29 U.S.C. §654 (collectively hereinafter "Respiratory Standards") along with the In- door Ventilation and In-door Air Quality regulations under 29 C.F.R. Section 1926.57. (collectively the "OSHA Respiratory Standards") See ECF #4th Amended Complaint ("4AC") ¶ 55-58 and Exhibits #6-#9 to 4AC (Attached hereto as Exhibit 4);

3. According to the CDC, the Covid-19 virus is an airborne viral hazard which can cause serious physical injury and/or death that the Respiratory Standards are capable of preventing human exposure to and are capable of removing the Covid-19 from the workplace atmosphere. See 4AC ¶ 62-63, and ¶65 and Exhibits 14 & 17 to 4AC (Attached hereto as Exhibit 5);

---

[7] See also *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 128 (2014) ""The zone-of-interests test and the proximate-cause requirement identify who may sue under section 1125(a)" and "a court cannot apply its independent policy judgment to recognize a cause of action that Congress had denied…. [and] it cannot limit a cause of action that Congress has created merely because 'prudence' dictates." See also Cort v. Ash, 422 U.S. 66 (1975).
[8] Id at 129-130 Held: "Although the district court correctly noted that in questions of preemption, the guiding principle is the intent of Congress….., it erred by failing to employ the normal rules of statutory interpretation. The district court should have read the plain language of the relevant statutes and applied the legal rules that those statutes have incorporated, rather than trying to extrapolate Congress's broader goals from various statutory provisions."

4. Covid-19 is a "grave danger" to workers in the workplace and OSHA declared that Covid-19 is a workplace airborne hazard. See 4th Amended Complaint ("4AC") ¶ 67 and Exhibits #18 to 4AC (Attached hereto as Exhibit 6);

5. The Covid-19 vaccine is not an approved OSHA safety method because it does not meet the minimum Respiratory Standards and is incapable of preventing employee exposure to the Covid-19 airborne virus and incapable of removing the Covid-19 airborne hazard from the workplace atmosphere. See 4AC ¶ 94, Exhibit 36, Page 4 to 4AC (Attached hereto as Exhibit 7);¶

### B. The Anti-Mandate Clause at 29 USC §669 Section 20(a)(5) Gives Plaintiffs The Right to Refuse Covid-19 Vaccine &Tests and Medical Treatments for Religious Grounds

6. See 4th Amended Complaint ¶115, Exhibit 4, Page 15 (See Exhibit 3 attached hereto)
7. The City's Vaccine Orders mandated all City and private sector employees working in the City to provide proof of Covid-19 vaccination in order to have access to their workplace buildings. See 4AC ¶ 130 -137, Exhibit 48 to 4AC (Attached hereto as Exhibit 8)¶
8. Refusal to take the Covid-19 vaccine is a religious practice See 4AC ¶ 138 and Exhibits 23, P. 1 (Attached hereto as Exhibit 9)
9. The City locked out all Plaintiffs who refused to submit to taking the Covid-19 vaccine. See 4AC ¶ 12-38 and Exhibits #23 - #34 to 4AC (Attached hereto as Exhibit 9)

### C. The OSHA Act Contains an Anti-Retaliation Clause at 29 USC §660 Section 11(c)(1)

10. See 4th Amended Complaint ¶ and Exhibit 4, P. 10 (See Exhibit 3 attached hereto)
11. Certain Plaintiffs refused to take Covid-19 vaccine based on religious grounds protected by the Anti-Mandate clause. See 4AC ¶ 12-38 and Exhibits #23 - #34 (See Exhibit 9 attached hereto)
12. The City retaliated against Plaintiffs for refusing to comply with the Vaccine Order mandates by locking Plaintiffs out of their workplaces so that they could not work their jobs. Id.

### D. The OSHA Act Contains a Private Right of Action Clause The Provides Exclusive Jurisdiction to Federal Courts at 29 USC §660 Section 11(c)(2)

13. See 4th Amended Complaint, Exhibit #4 – OSH Act, Page 10 (See Exhibit 3 attached hereto)
14. The Secretary of OSHA does not have authority to enforce or sanction any employer for violating the Anti Mandate Clause of the OSH Act. See 4AC ¶ 183 – 184, & ¶ 236, Exhibit 4, Page 9
15. The Federal Courts have exclusive jurisdiction over actions arising out of the OSH Act. Id.

### E. The City Communicated Material Misrepresentations to City & Private Sector Employees

16. The 9 Vaccine Orders represented that the Covid-19 vaccine mandate for all City employees and private sector employees working in the City was for the purpose of "preventing transmission" See See 4AC ¶ 11c and Exhibit 48 to 4AC (Attached hereto as Exhibit 8) and the City misrepresented that City employees had to sign a waiver to keep their health benefits See 4AC ¶162, Exhibit 52 & 54 to 4AC (Attached hereto as Exhibit 10, Page 3)

## V    CONCLUSION

The City's Vaccine Orders are preempted, unconstitutionally void and all waivers and state court judgements, notice requirements and all other claims are invalid and/or moot. The City's Motion to Dismiss must be denied and Plaintiffs Rule 60(b)(3) motion must be granted.


Respectfully Submitted,


/s/ **Jo Saint-George, Esq.**
Jo Saint-George, Esq.
Chief Legal Officer

cc:     Elisheva L. Rosen
        Assistant Corporation Counsel
        Office of Hon. Sylvia O. Hinds-Radix
        The City of New York Law Department
        100 Church Street
        New York, New York 10007
        Phone: (212) 356-3522
        E-mail: erosen@law.nyc.gov