UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, AMOURA BRYAN, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, CHRISTIAN MURILLO, LYNDSAY WANSER, JOSEPH SAVIANO, MARVILYN WALLEN, CHRISTIAN MURILLO, DAWN SCHOL, SUZANNE SCHROETER, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, PATRICIA CATOIRE, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON, RACHELLE GARCIA, JULIE LAWLEY, SUSANNE PHILLIP, MARIA ESTRADA, JENNETTE FRAZER, AND DEBBY HARTZ individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, FORMER MAYOR BILL deBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD, AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION AND DOES 1-20

Defendants

**F.R.C.P. RULE 60(a) MOTION TO AMEND THE JANUARY 10, 2024 ORDER AND VACATE THE FEBRUARY 14, 2024 ORDER TO CORRECT FOR INADVERTENT ERRORS ARISING FROM OVERSIGHT OR OMISSION**

INDEX No.:1:22 CV 02234-EK-LB

I    **Summary And Notice of Relief Sought**

Plaintiffs contend that the deadlines set in the Courts January 10, 2024 Order (1st Order) attached as <u>Exhibit 1</u> were a mistake due to an "inadvertent oversight" by the Court pursuant to Rule 60(a). Plaintiffs, therefore, hereby requests the Court to amend its 1st Order to correct the mistaken deadlines and to reset the deadlines to the following new dates:

1. Plaintiffs' deadline to file 4th Amended Complaint: Amended to **January 22, 2024**
2. Defendants deadline to file renewed Motion to Dismiss: Amended to **February 1, 2024**
3. Plaintiffs reply to Defendants renewed Motion To Dismiss: Amended to **February 11, 2024**.

Plaintiffs also request the Court to vacate the February 14, 2024 Order (2nd Order) attached as <u>Exhibit 2</u> as moot based on the Court's corrected deadlines above. It is reversable error for the Court to set mistaken unreasonable deadlines and to penalize Plaintiffs by denying acceptance of their 4th Amended Complaint after this Court determined that the amended complaint would not prejudice the Defendants when it granted leave to amend. See *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532-533 (1979); *see also Woodral v. Commissioner*, 112 T.C. 19, 23 (1999) (holding that an abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious…) This Rule 60(a) motion should be granted because the Orders are not a final judgment and all the Court "need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake" in the dates to enforce the original intent of the 1st Order, which was to grant Plaintiffs Leave to Amend without penalty. See *In re Diet Drugs* (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig., 200 F. App'x 95, 104 (3d Cir. 2006) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)). The requested "clerical amendment" would be inconsequential, at best, to the merits of this case.

**II      Summary of the Facts**

After a 120 days lapsed since Plaintiffs filed their last motion with the Court pursuant to F.R.C.P Rule §60(b)(3) for the City's Fraud on the Court, Plaintiffs on December 18, 2023 requested a F.R.C.P. Rule §16(a) Status Conference (see ECF #80) with the Court so that the parties could "set dates" for hearings and/or additional filings to resolve the eight (8) pending motions before yhe Court. One of the 8 pending motions included the City of New York's ("City") Motion To Dismiss filed back on March 3, 2023 and Plaintiffs Motion for Leave to file the Fourth Amended Complaint filed August 24, 2023.  Rather than set a status conference for the parties to discuss and agree on dates for required filings and hearings, this Court without benefit of consultation with the parties granted Plaintiffs the right to file their Fourth Amended Complaint pursuant to its January 10, 2024 Order ("Order") that was sent electronically to Plaintiffs' counsel on January 11, 2024 and not opened until January 12, 2024 due to Plaintiffs travel schedule.  See Order receipt attached as Exhibit 3

However, the Court either made a clerical mistake, a computational mistake or made a calendar "oversight" mistake in the Order when the Court set the date for Plaintiffs to file their Fourth Amended Complaint on January 15, 2024 and set mistaken dates for all follow-on filings by the parties for the following reasons. First, the date of January 15, 2024 barely allowed Plaintiff two (2) business days from receipt of the Order on January 11 to review and file their 4th Amended Complaint on the January 15th due date. While Plaintiffs attempted to meet the deadline while managing other business and personal matters, to no avail, the deadline was unreasonably short. Second, January 15, 2024, was a national federal holiday wherein the Court was closed for community service in memory of the great civil rights leader Dr. Martin Luther King, Jr. (MLK), which Plaintiffs' counsel did perform community service. Lastly, and most

important, none of the deadlines in the Order gave each party equal time to respond to the Court's Orders – Plaintiffs were given 3 days to file the 4th Amended Complaint, the City was granted 7 days to file a renewed Motion to Dismiss and Plaintiffs were given 11 days to file a reply to the City's filing. While Plaintiffs' counsel admits to filing the 4th Amended Complaint on January 16th based on the mistaken belief that F.R.C.P. Rule §6 allowed an additional day to file when the due date falls on a federal holiday, Plaintiffs inadvertent oversight[1] regarding Rule 6, Plaintiff's counsel nevertheless tried hard to meet the deadline. Plaintiffs contends that the setting of the January 15th deadline had to be a mistake because the two (2) day extremely short deadline given to Plaintiffs also resulted in the City requesting an eleven (11) day extension to file their response on February 2, 2024 (see ECF #82). In the end, the parties agreed amongst themselves to also allow Plaintiffs to file their reply ten (10) days after the City's filing on February 11, 2024.

Furthermore, additional mistakes occurred by the Court on January 17, 2024, when the Court's own "Bar admission" administration - out of the blue - mistakenly sent a notice to Plaintiff counsel alleging, in summary, that Plaintiffs' counsel was not admitted to practice before the Court because there was no record of counsel having been admitted to the Court. The wrongly served notice also stated that Plaintiffs' counsel needed to provide proof of "good standing" and a motion for Pro Hoc Vice. See Exhibit 4 (ECF #85) The notice surprised Plaintiffs' counsel and caused counsel to believe that no new filing could be made with the Court because she was not admitted based on the notice. Because Plaintiff's counsel feared being

---

[1] Plaintiffs Counsel did not want to lie to the Court and make up an "excusable neglect" reason for the one-day late filing, especially since Plaintiffs have a Ruled 60(b)(3) Fraud on the Court claim against the City. Counsel did not want to be a hypocrite to the Court and try to cover up an inadvertent mistake especially when the Court has "inherent power to correct mistakes made in its handling of a case and power to grant relief from erroneous interlocutory orders." See *United States v. Yalincak*, 853 F.3d 629 (2nd Cir. 2017)

charged with practicing law without admission, counsel rushed to meet the requirement and filed a new Pro Hoc Vice with the Court (ECF # 85) and withheld completing the filing of the exhibits to the 4th Amended Complaint based on the belief that counsel could not file until the new admission request was approved. Although it was later discovered by the Court's bar administration that the notice was a huge mistake, this mistake caused Plaintiffs' Counsel to not complete the filing of the exhibits to the 4th Amended Complaint that were inadvertently not included in the January 16, 2024 mad rushed filing. In the end, Plaintiffs 4th Amended Complaint and exhibits were filed on January 22, 2024 despite all the confusion created by the mistakes within the Court system. See ECF #88

In summary, based on the totality of the circumstances regarding the Court's mistaken unequal deadlines set for the parties, the Courts oversight regarding the MLK federal holiday, the Court's failure to hold a status conference to confirm the parties consent to any of the set deadlines and the Court's administrative mistaken allegation that Plaintiffs' counsel was practicing without proper admission, Plaintiffs request for an amendment to the Court's January 10, 2024 Order and the vacatur of the February 14, 2022 Order must be granted based on the well established law by the Second Circuit explained below.

**III     Rule 6(a) Request for Amendment & Vacatur Should Be Granted As A Matter of Law**
   **A. Legal Standard**

Federal Rule of Civil Procedure Rule §60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, **order**, or other part of the record… See *Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498 (2nd Cir. 2007)   Rule 60(a) applies only to correct mistakes that "implement the result

intended by the court at the time the order was entered" and it does not permit corrections or "changes that alter the original meaning to correct a legal or factual error." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-51 (2d Cir. 1999) (quoting Kokomo Tube Co. v. Dayton Equip. Servs. Co., 123 F.3d 616, 623 (7th Cir. 1997)). *Lowy v. VSUS Techs.*, 18-593 (2nd Cir. Sep 12, 2019) "Rule 60(a)'s purpose is "not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court." *Wang v. Int'l Bus. Machs. Corp.*, 19-3851 (2nd Cir. Jan 27, 2021), see also *Marc Rich & Co. A.G. v. United States* (739 F.2d 834, 837 (2d Cir. 1984).

Courts not only have authority to make needed corrections to orders under F.R.C.P. Rule §60(a), courts have "inherent power to 'correct mistakes made in its handling of a case' ' and ' 'power to grant relief from erroneous interlocutory orders….. exercised in justice and good conscience, which has long been recognized as within the plenary power of courts. See *United States v. Yalincak*, 853 F.3d 629, (2nd Cir. 2017) quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982   A district court's power to modify its prior orders, however, turns on the same distinction that generally governs whether an order is appealable—that is, whether the order is interlocutory or final, wherein interlocutory/non-final orders can be easily modified. See *United States v. Yalincak*, 853 F.3d 629 (2nd Cir. 2017)

In addition, when "the mistake alleged is of a 'clerical' nature, ' arising from oversight or omission,' then a motion may be made <u>only under Rule 60(a)</u>, which allows the court to correct such errors 'at any time.'..." See *International Controls Corp. v. Vesco*, 556 F.2d 665 (2nd Cir. 1977)   An example of an error appropriately correctable by Rule 60(a) would be "a copying or computational mistake ….. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake,

the modification will be allowed." *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 200 F. App'x 95, 104 (3d Cir. 2006) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)). *Morency v. City of Allentown*, No. 5:19-cv-5304 (E.D. Pa. Nov 17, 2020)   Based on the above summary of the facts, it is clear that many mistakes were made by the Court due to oversights in the drafting of the 1st Order that can easily be corrected without changing the intent of this Court's expressed in the 1st Order.

### B. The Court's Rejection of Plaintiffs Filed 4th Amended Complaint Was Unreasonable, An Abuse of Discretion And The Order #1 Should Be Vacated

A district court's decision to grant or deny a Fed.R.Civ.P. 60(a) motion is reviewed for an abuse of discretion. Perez v. Cucci,932 F.2d 1058, 1061 (3d Cir.1991)  An abuse of discretion has been defined by the U.S. Supreme Court as "any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking in sound basis in fact or law." See *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532-533 (1979); see also *Dalton v. Commissioner*, 682 F.3d 149, 156 (1st Cir. 2012) (holding that a reviewing court considers "whether the factual and legal conclusions reached at a …… hearing are reasonable, not whether they are correct"), rev'g 135  T.C.  393 (2010) and T.C. Memo. 2011-136

Federal Courts have specifically held that "setting unreasonable deadlines can constitute an abuse of discretion." See *Lee Ang v. Comm'r, Docket No*. 13309-12L, T.C. Memo. 2014-53 (T.C. Mar 31, 2014) and see *Shanley v. Commissioner, T.C. Memo.* 2009- 17, 97 T.C.M. (CCH) 1062, 1065 (2009)  (stating that an Appeals officer's unreasonable denial of a request for more time to submit ……evidence would be an abuse of discretion).

**VI    Conclusion**

Based on the forgoing facts and law, Plaintiffs motion must be granted because the Orders, which are not final judgements, were clearly arbitrary and unreasonable evidencing that the

deadlines set in the 1st Order were clearly an oversight mistake by the Court based on the totality of the circumstances preceding and after the issuance of the 1st Order. The parties have filed all responsive pleadings ordered by the Court, leaving nothing more to be done by the parties. The proposed clerical amendments setting new dates merely changes the deadlines within which each party was to comply so that the original intent of this Court, which was to grant Plaintiffs the leave to submit their 4th Amended Complaint can be accomplished without further delay. Moreover, the Court's intent to afford Defendants the right to renew its Motion to Dismiss with any new arguments raised by the 4th Amended Complaint has not and will not be prejudiced by the proposed amended. Neither party would be prejudiced by the proposed "clerical revision" of the 1st Order deadlines. Therefore, it would not be an abuse of discretion for this Court to grant this motion by amending the 1st Order as recommended and vacating the 2nd Order.

Dated: February 19, 2024       Respectfully submitted,

/s/ *Jo Saint-George*

_____
Jo Saint-George, Esq.
Women of Color for Equal Justice
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org
*Counsel for Plaintiffs*

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*
*Co-Counsel for Plaintiffs*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
ph:  860-783-8877
fax:  914-840-1196
email: TriciaLindsayLaw@gmail.com
*Co-Counsel for Plaintiffs*