

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **ELISHEVA L. ROSEN** <br> Phone:(212) 356-3522 <br> Fax:(212) 356-2089 <br> E-mail: erosen@law.nyc.gov |

**Via ECF**

February 21, 2024

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Women of Color for Equal Justice et. al. v. City of New York, et. al.</u>
           Civil Action No.: 22-CV-02234

Dear Judge Komitee:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. I write to oppose Plaintiffs' motion to amend and/or vacate the Court's January 10, 2024, and February 14, 2024 orders. <u>See</u> ECF Dkt. No. 92, filed February 19, 2024.

      FRCP 60(a) states that "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." FRCP 60(a). The purpose of Rule 60(a) "is to address clerical mistakes that appear on the face of a court's opinion or otherwise affect the accurate intentions of the court." <u>Gomez v. United States</u>, 2006 US Dist. LEXIS 24322, at *3, n.3 (S.D.N.Y. 2006) (quoting <u>Matura v. United States</u>, 189. F.R.D. 86, 90 (S.D.N.Y. 1999)); <u>see also</u> <u>United States v. Salten</u>, 2015 U.S. Dist. LEXIS 38715, at *5 (E.D.N.Y. 2015). "Rule 60(a) is not meant to provide a way for parties to relitigate matters already decided, to charge errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." <u>L.I. Head Start Child Dev. Servs. v. Economic Opportunity Commn. of Nassau County</u>, Inc., 956 F. Supp. 2d 402, 409 (E.D.N.Y. 2013) (quoting <u>Peyser v. Searle Blatt & Co</u>., 2003 U.S. Dist. LEXIS 4464, at *2-3 (S.D.N.Y. 2003) (quoting <u>Employers Mutual Casualty Co. v. Key Pharmaceuticals, Inc</u>. (S.D.N.Y. 1995) 886 F. Supp. 360, 363, <u>aff'd</u> 75 F.3d 815 (2d Cir. 1996))); <u>see also</u> <u>Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.</u>, 313 F.3d 662, 675 (2d Cir. 2002) (a correction under FRCP 60(a) "cannot alter the substantive rights of the parties").

      Plaintiff wholly fails to cite to any Second Circuit caselaw for this Circuit's standard to evaluate a FRCP 60(a) motion, opting instead to rely on Third Circuit, Sixth Circuit,

Tax Court, and Pennsylvania court cases. Plaintiff also applies the wrong standard. The abuse of discretion standard is the standard applied by the Second Circuit when reviewing a District Court's decision on a motion made under FRCP 60 and is not the standard by which the District Court reviews a motion made under FRCP 60. See Robinson v. Sanctuary Music, 383 F. App'x 54, 57 (2d Cir. 2010) ("This Court reviews a district court's decision on a Rule 60 motion for abuse of discretion.").

Plaintiffs fail to sufficiently identify any clerical error or clerical oversight in either of the Court's orders. Rather, Plaintiffs express their frustration that the Court gave them five days, or until January 15, 2024, to file their Fourth Amended Complaint. Plaintiff laments that the timeframe was insufficient time to prepare and file the papers (see ECF Dkt. Mo. 92 at 2), despite the fact that Plaintiffs' counsel assured the Court at the August 16, 2023, Court conference that, "if [the Court] will accept our request to file the fourth amended complaint, I can file that today without our removing our name from it." Transcript, dated August 16, 2023, a copy of which is annexed hereto as Exhibit A, at 14:10-11.

Nevertheless, Plaintiffs fail to identify how the Court's carefully chosen filing deadline, or any of the dates set in the Court's January 10, 2024 order, was a "clerical mistake or mistake arising from oversight or omission" as required by FRCP 60(a). Plaintiff fails to cite any caselaw to support their proposition that the Court's ordered filing deadlines were in error. Plaintiff fails to cite to any caselaw that her failure to check her email the day the order was issued or the following day, is a "clerical error" or omission which deserves the benefit of FRCP 60(a). See ECF Dkt. No. 92 at 3.[1] Moreover, Plaintiff fails to show how the Court's January 24, 2024 order affected the accurate intentions of the Court. To the contrary, the Court was deliberate in its January 10, 2024 order, and thus, FRCP 60(a) does not apply. See Peyser, 2003 U.S. Dist. LEXIS 4464, at *2-4 (denying FRCP 60(a) motion that was actually "ill-disguised attempts to secure either reconsideration pursuant to Local Civil Rule 6.3 or relief pursuant to the provisions of Rule 60(b) with respect to various orders and decisions"). "An error in a judgment that accurately reflects the decision of the court or jury as rendered is not 'clerical' within the terms of Rule 60(a)." Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994). Plaintiff may not like the Court's decision, but disagreement with a Court order does not fall within the scope of FRCP 60(a).

Similarly, the Court's February 14, 2024 order striking the Fourth Amended Complaint for failing to timely file said complaint was a deliberate choice by the Court. At the time of the February 14, 2024 order, the Defendants' motion to renew their motion to dismiss was fully briefed. The Court could have accepted the Plaintiffs' late filings and ruled on Defendants' pending motion to dismiss. The Court chose not to. Plaintiffs fail to allege any facts or cite any case law to show that the deliberate choice of the Court to issue an order rejecting the Fourth Amended Complaint was a clerical error or mistake caused by an oversight or omission.

The Court already considered, and rejected, Plaintiffs' argument that the confusion regarding counsel's *pro hac vice* status impacted their ability to timely file the Fourth Amended

---

[1] Plaintiff claims to have not received the Court bounce until 12:04am on January 11, 2024. Defendants' counsel received the Court bounce on January 10, 2024, at 5:44 PM.

- 3 -

Complaint. See Order, dated February 14, 2024; see also ECF Dkt. No. 92 at 4-5. Plaintiffs' new arguments do not contradict the Court's previous decision. Plaintiffs are seeking to undo the Court's striking of the Fourth Amended Complaint from the docket, which as a "request to modify the substantive holding of the [prior judgment], rather than to correct a clerical mistake, falls beyond the scope of Rule 60(a)." L.I. Head Start Child Dev. Servs., 956 F. Supp. 2d at 414 (quotation and citation omitted).

        Accordingly, for the reasons explained supra, Plaintiffs fail to meet their burden under FRCP 60(a), and their motion should be denied. In the alternative, the Court should grant Defendants' pending motions to dismiss in their entirety and dismiss the Plaintiffs' operative complaint.

        Respectfully submitted,

        /s/ Elisheva L. Rosen
        Elisheva L. Rosen
        Assistant Corporation Counsel

cc:    Women of Color for Equal Justice (by ECF)