# EXHIBIT A

```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK

-----------------------------X  Docket#
WOMAN OF COLOR FOR EQUAL      : 22-cv-2234-ERK-LB
JUSTICE, ET AL.,             :
                             :
              Plaintiffs,    :
                             :
    - versus -               : U.S. Courthouse
                             : Brooklyn, New York
THE CITY OF NEW YORK,        :
                             : August 16, 2023
              Defendant      :
-----------------------------X
```

         TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE
                BEFORE THE HONORABLE ERIC R. KOMITEE
                   UNITED STATES DISTRICT JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**
**(VIA VIDEO/AUDIO)**


**For the Plaintiff:**          **Jo Saint-George, Esq.**
                                Women of Color For Equal
                                 Justice Maryland
                                350 E. Diamond Ave., Ste. 4077
                                Gaithersburg, MD 20877


**For the Defendant:**          **Elisheva L. Rosen, Esq.**
                                New York City Law Department
                                Labor and Employment
                                100 Church St., Room 2-316
                                New York, NY 10007


**Transcription Service:**      **Transcriptions Plus II, Inc.**
                                61 Beatrice Avenue
                                West Islip, New York 11795
                                RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1     THE CLERK:  Civil Cause for a Pre-Motion

2   Conference, *Women of Color For Equal Justice, et al v.*

3   *The City of New York*, docket number 22-cv-2234.

4           Before I ask you to state your appearances for

5   the record, there's a few things to go over.

6           First, these proceedings are public.  The

7   recording and/or re-broadcasting of them are not allowed.

8   We're making an audio recording of today's call, so for

9   purposes of a clear record, please state your name each

10  time you speak.  Speak slowly and mute your phone when

11  you're not speaking to eliminate background noises.

12          Would you all now please state your appearances

13  for the record starting with plaintiff's counsel.

14          MS. SAINT-GEORGE:  This is Jo Saint-George.

15  First name spelled J-O, last name spelled S-A-I-N-T

16  hyphen George, G-E-O-R-G-E, attorney for the plaintiffs,

17  primary plaintiff Women of Color for Equal Justice along

18  with listed individual plaintiffs.

19          THE CLERK:  Thank you.  And for the defendant?

20          MS. ROSEN:  Good morning, your Honor.  Elisheva

21  Rosen from the New York City Law Department for city

22  defendants.

23          THE CLERK:  Go ahead, Judge.

24          THE COURT:  All right.  Good morning,

25  everybody.

3

Proceedings

1          So here's where I understand this to be and the
2   purpose of this pre-motion conference.  Well, the narrow
3   purpose is to determine whether we will go forward with
4   the plaintiff's proposed summary judgment briefing at the
5   same time we continue to decide the motion to dismiss.
6   But the broader purpose is really just to chart the path
7   forward more generally.
8          I understand us to be in the following place.
9   That we have a motion to dismiss this case pending from
10  the defendant and at the same time that the plaintiff I
11  think filed a motion for summary judgment without
12  following my individual rules and practices regarding
13  pre-motion conferences.  I think I denied that as
14  untimely.  And then we got this pre-motion conference
15  request in connection with summary judgment.
16         Ordinarily, as plaintiff counsel knows, summary
17  judgment is something we take up after discovery.  Why is
18  it, if I can just ask this question, that you believe
19  that summary judgment would be appropriate now?
20         MS. SAINT-GEORGE:  Thank you, your Honor, for
21  asking that question.  There are no material facts in
22  dispute in this case.  The statute was issued ordering
23  employees to be vaccinated, both private and public
24  sector.  The individuals named as plaintiffs were all
25  denied their right to a religious exemption under the

4

Proceedings

1    OSHA statute that's protected that protects that right

2    and provides for automatic exemption.  And each plaintiff

3    was put on leave without pay and has been on leave

4    without pay until now.

5             And while the statute was amended in March,

6    there's still ongoing disputes with the city regarding

7    the terms of their being reinstated and having their

8    rights to return to their jobs.

9             But the main issues in this case are all legal

10   questions.  There are no facts in dispute that are

11   material that would ever change the legal issues of

12   whether or not the city had the right to order the 9

13   vaccine mandate, the right to put employees on leave

14   without pay, denied them their unemployment benefits, and

15   denied them their retirement.  So none of those facts are

16   in dispute.  It's just who's right, who has what right,

17   and that's why we have a request for a declaratory

18   judgment so that these rights of either plaintiffs and/or

19   defendant are clearly outlined and can stand forever

20   until new rights are declared either by Congress or by

21   the state.

22             THE COURT:  Okay.  Have we taken up the

23   question of organizational standing in this case yet?

24             MS. SAINT-GEORGE:  We have.  It is raised in

25   the motion to dismiss and I just want to clarify.  We

5

Proceedings

1   have the motion to dismiss but we do have two other

2   pending motions.  And I apologize for not including those

3   motions but I believe I did in my request which was a

4   motion to amend the complaint so that it's clearer, not

5   that we're adding new claims, but more solidly

6   identifying the issues that are before this Court.

7           And then we have a Rule 11 motion for sanctions

8   which you gave time for defendants to respond to.  But

9   then we have the motion for summary judgment and motion

10  for class certification that you put on hold earlier last

11  year.

12          THE COURT:  I'm pretty sure that I denied them

13  as untimely without prejudice.  I don't think those

14  motions are pending anymore.

15          MS. SAINT-GEORGE:  No, when I say pending, they

16  were filed and you said that due to noncompliance I

17  believe with your request, your requirement for requests

18  for a pretrial hearing.  And so I'm actually asking for

19  purposes of consolidation and streamlining if this

20  hearing could also satisfy the request for the amended

21  complaint class certification and summary judgment so we

22  can wrap all this up because I think that all of them are

23  intertwined.  The facts don't change for any one of them

24  and we're just --

25          THE COURT:  All right.  I asked the question

6

                         Proceedings

1   about associational standing.  I want to just stick with

2   that one topic for now if we can.

3              MS. SAINT-GEORGE:  Sure.

4              THE COURT:  So the defendant has move to

5   dismiss on, among other bases, the standing issue.  And

6   there are two potential positions I can see the plaintiff

7   taking in response to that motion.

8              One is the complaint already says everything it

9   needs to say about associational standing and so there's

10  no more factual developments necessary on that question.

11             Two is Judge, there are things we could tell

12  you about this association and why it should have

13  standing to sue but that are not in the complaint and we

14  want either to submit affidavits in connection with

15  jurisdictional discovery or to amend the complaint for

16  that purpose.

17             What is this association?  When did it come

18  into existence?  What does it do?  Can you tell me?

19             MS. SAINT-GEORGE:  Yes.  It is a policy and

20  litigation organization that is nonprofit under the -- or

21  the parent organization, the Madison County Economic

22  Development.  So the organization works with the Madison

23  County 501(c)(3) providing economic development, public

24  policy, and litigation services.

25             THE COURT:

7

Proceedings

1          THE COURT:  (Inaudible) --

2          MS. SAINT-GEORGE:  But we are in -- I'm sorry.

3          THE COURT:  When did it come into existence?

4          MS. SAINT-GEORGE:  Oh, 2019.

5          THE COURT:  And when did this case get filed?

6   2021 or '02?

7          MS. SAINT-GEORGE:  '22.

8          THE COURT:  Okay.  And what -- I don't want to

9   answer this question by reference to the parent company

10  or the parent organization.  I want to stick with this

11  entity itself.

12          MS. SAINT-GEORGE:  Sure.

13          THE COURT:  What is it?  What does it do other

14  than this case?

15          MS. SAINT-GEORGE:  Oh, public policy and

16  litigation.  So we actually draft legislation,

17  communicate with grass root organizations.  We're not a

18  lobbyist group.  We are just a nonprofit.  We don't get

19  paid.  We don't receive funding.  We are an organization

20  of women lawyers who advocate on behalf of a community

21  who are disproportionately impacted by various issues

22  whether it be housing, healthcare, and specifically in

23  healthcare.

24          THE COURT:  What is the concrete injury to that

25  plaintiff?

8

Proceedings

1          MS. SAINT-GEORGE:  Well, we are a member

2   organization also.  There are members who are part of the

3   organization.  That's who we represent and work for in

4   the community.  So just like any other organization that

5   comes before the federal court that are trade or industry

6   organizations that have members, that represent the

7   interests of those members, that's what this organization

8   does also.  And we briefed that in our motion, response

9   to the motion to dismiss.

10          THE COURT:  Okay.  But to the extent we need to

11   develop the facts here, obviously we can't do that in

12   briefing.  We need something that's cognizable as

13   evidence.  So is there an affidavit in the record to that

14   effect?  Is there a verified and sworn complaint where

15   somebody's making those statements under oath?  What is

16   the factual record on the question of standing?

17          MS. SAINT-GEORGE:  Well your Honor, so there's

18   hundreds of cases filed by nonprofit organizations and I

19   have never seen in the pleadings where there are

20   affidavits except for the affidavit with the complaint

21   that we file that outline and sworn that this

22   organization is a nonprofit and what it does.  And that

23   was filed with the complaint itself.  And that usually

24   meets the burden that organizations have when they come

25   before the Court.

9

Proceedings

1         So discovery would seem very targeted on our

2   organization in my opinion when there's other

3   organizations who come before the Court all the time and

4   go all the way up to the Supreme Court and no one asks

5   those types of questions.

6              THE COURT:  No, I think that's clearly plainly

7   false that no one asks those questions.  I think

8   questions about associational standing get asked all the

9   time because it is a novel exception generally speaking

10  to the rule that every plaintiff in federal court needs

11  to have suffered its own injury and it can't be suing to

12  enforce the rights of third parties.  I don't think that

13  what you just said --

14             MS. SAINT-GEORGE:  Oh no, I didn't mean the

15  legal issues that you're referring to aren't legal issues

16  that haven't been before the Court.  I'm talking about

17  the need for discovery into those issues.  But if this

18  Court --

19             THE COURT:  Well, I'm not --

20             MS. SAINT-GEORGE:  With all due respect, I

21  don't want to disrespect your concern about our standing.

22  I was just -- it's just something that I've seen

23  organizations file all the time and, you know, these

24  issues, I don't see them a lot, you know, at least in my

25  research of organizational standing spotlights.  Every

10

Proceedings

1  year there's hundreds of motions around this issue.  So

2  that's what I really meant.  I apologize if I meant to

3  infer or any disrespect for your knowledge of these

4  issues.

5           THE COURT:  Okay.  But if I'm asking simply

6  whether you would like the opportunity to say anything

7  else on the subject of associational standing by

8  affidavit or in some other cognizable format at this

9  stage, is that something you would request or do not

10  request?

11           MS. SAINT-GEORGE:  Oh no, absolutely.  We can

12  provide it and that's not a problem.  Full disclosure, I

13  assumed when we made our affidavit at the complaint stage

14  that that was sufficient.  So if you're telling me --

15           THE COURT:  It may well be.  I don't want to

16  pre-judge anything.  I haven't looked at the affidavit in

17  some time.  And I'm not -- I don't want you to hear me to

18  suggest that I have a view right now on the sufficiency

19  of the record because I manifestly do not.  All I'm

20  saying is I think as far as the order of operations year

21  is concerned my obligation under Article 3 and Supreme

22  Court case law is to tackle the jurisdictional issues

23  first and there seems to be a jurisdictional question on

24  the table here.

25           You said two very different things about this

Proceedings

1  association on this call.  And it may be that both of

2  them are simultaneously true.  I'm not doubting that at

3  this point at all.  But thing one that you've said is

4  this is essentially a litigation and public policy based

5  organization that exists for those purposes.  And thing

6  two, that this is also a membership organization that

7  represents the interests of its members including the

8  members who are claiming a personal injury or on whose

9  behalf the association is claiming a personal injury in

10 this case.

11          And for purposes of resolving the associational

12 standing issue, I think I'm going to need more about that

13 second category.  So to the extent the organization has

14 members and has represented those members and those

15 members are people who are themselves asserting a

16 concrete injury here, how long have those people been

17 members for?  Did they join just for purposes of this

18 case?  Or was the association representing their

19 interests prior to this litigation and if so, how and in

20 what capacities.  It may be that you want to say more

21 about that.  It may not.

22          But let me just, in the interest of --

23          MS. SAINT-GEORGE:  Sure.

24          THE COURT:  -- of getting the schedule right

25 here say that I'm giving the plaintiffs until Friday of

12

Proceedings

1    next week, so a week from this Friday, to submit any

2    other affidavit or evidence that they want me to consider

3    in connection with the associational standing issue.

4    That's point one.

5              Point two is my intention is to decide the

6    motion to dismiss first.  And so the pre-motion

7    conference request to submit summary judgment briefing at

8    this point is denied.  I want to resolve the motion to

9    dismiss first.

10             The motion for class certification -- sorry,

11   the pre-motion conference request to file a motion for

12   class certification is also denied.  I think it would be

13   premature at this point to take up the class

14   certification question when we've got more fundamental --

15   well, prior questions I should say, prior questions going

16   to the Court's jurisdiction and the sufficiency, the

17   legal sufficiency of the complaint's allegations.  And so

18   we will not have summary judgment briefing or briefing on

19   class certification at this point.

20             The motion for sanctions I put in abeyance.

21   We'll take that up in due course.  I will say, as

22   plaintiff's counsel already knows, moving for sanctions

23   on the basis that you have, namely that opposing counsel

24   has misrepresented key facts and law for the Court,

25   that's a very serious allegation and one that I'm sure

Proceedings

1   you do not make lightly.  I will take that up in due

2   course.  But motions like that obviously themselves have

3   to be very, very rigorous about adhering to the Rule 11

4   standard as well.  And so all I'll say about the

5   sanctions motion at this point is again, I'm sure you

6   don't make it lightly, but we'll hold that in abeyance

7   until the motion to dismiss has been fully briefed.

8          So I think I've covered everything now.  I

9   covered the order in which we're going to handle the

10  motions to dismiss.  We're going to start with

11  associational standing.  We're not going to deal with

12  summary judgment or class certification until after, at

13  least until after we've resolved the motion to dismiss

14  and the sanctions motion, you know, is submitted and

15  we'll deal with it in due course.

16         Is there anything else from the plaintiff in

17  terms of anything else?  I don't want to --

18         MS. SAINT-GEORGE:  Yes.

19         THE COURT:  -- (indiscernible) issues from the

20  plaintiff that you want to take up at this point.

21         MS. SAINT-GEORGE:  Yes, your Honor.  In the

22  interest of time because the plaintiffs have waited a

23  long time and we have a lot of issues before the Court,

24  I'm going to now request that we be allowed to remove

25  Women of Color for Equal Justice.  I don't think that the

14

Proceedings

1   necessity of having the organization name should preclude

2   this Court from moving forward more swiftly to address

3   very serious issues in this case.

4            THE COURT:  You're absolutely --

5            MS. SAINT-GEORGE:  And so --

6            THE COURT:  Sorry --

7            MS. SAINT-GEORGE:  -- I would like to withdraw

8   them if you accept my verbal withdrawal.  I will file

9   today, if you will then accept our request to file the

10   fourth amended complaint, I can file that today without

11   our removing our name from it.  And then if you can give

12   us a date for quickly the motion to dismiss, and I

13   believe that the motion to dismiss is intertwined with

14   the motion for summary judgment.  Here's why I say that,

15   your Honor.

16            THE COURT:  Let me jump in.

17            MS. SAINT-GEORGE:  The motion to --

18            THE COURT:  Let me jump in here.  I'm sorry.

19   You remind me correctly that the motion that I neglected

20   to address in my order of operations was the motion for

21   leave to amend the complaint.  So thank you for that.

22            So yes, if you want to drop the association

23   from the complaint from this case and you want leave to

24   amend the complaint, I'm sure you've seen in my

25   individual rules every motion for leave to amend the

15

Proceedings

1   complaint needs to be submitted with a blackline

2   showing --

3          MS. SAINT-GEORGE:  I did that.  It's already

4   been done.

5          THE COURT:  No, I understand but now we have --

6   you're proposing a new amendment as well which is that

7   you want to drop the lead plaintiff from the case.  So if

8   you would, submit that motion for leave to amend with

9   whatever the most current blackline is going to be as

10  soon as you can and in no event later than a week from

11  Friday.

12         And then let me just as the defense counsel

13  what is the defendant's position on leave to amend at

14  this point?  It seems to me we should probably grant it

15  in an abundance of caution and then just proceed to

16  motion to dismiss briefing or to the 12(b)(6) on whatever

17  the amended complaint would be, but let me hear from

18  defense counsel on that question first.

19         MS. ROSEN:  Your Honor, Elisheva Rosen for the

20  city defendants.

21         The city defendants oppose any request for a

22  fourth amended complaint.  They've already amended

23  multiple times, your Honor.  It would delay the process.

24  It is futile the amendment for the reasons that have been

25  briefed on the record.  I'm happy to go into more detail,

16

Proceedings

1   but I vehemently oppose any request for an additional

2   amended complaint.  And that's where I will leave it.

3           THE COURT:  Why are the defendants

4   (indiscernible) the amendment?

5           MS. ROSEN:  Well first off, your Honor, this

6   Court has already decided and the circuit has held that

7   there's no private right of action under OSHA.  This

8   Court has already held that there is no cause of action

9   under the declaratory judgment rule.  The Second Circuit

10  and indeed the Supreme Court has already held that a

11  vaccine mandate in the face of COVID-19 are lawful and

12  enforceable and not unconstitutional on their face.

13          So to further amend the complaint regarding

14  these issues is a waste of the Court's time and

15  resources, your Honor.

16          THE COURT:  Okay.  I still think we should be

17  proceeding to decide the motion to dismiss, you know,

18  based on the (indiscernible) in terms of the plaintiff's

19  allegations.  And so at the very least to the extent the

20  plaintiff wants, or the plaintiff's counsel wants to drop

21  the association that is now the lead plaintiff from the

22  case, we should see a proposed amended complaint on that

23  basis.

24          So Ms. Saint-George, if you can get us, as

25  early as you can, a letter just saying -- like if all you

17

Proceedings

1   want to do beyond that which you've already proposed to

2   do is drop the lead plaintiff, just tell us that by

3   letter and I will respond accordingly and quickly.  All

4   right?

5         But yes, one way or another, whether it's on

6   the basis of the proposed amended complaint -- you know,

7   generally speaking when the basis for denying leave to

8   amend is futility, it seems to me that as a practical

9   matter it just makes more sense to grant leave to amend

10  and then deny the motion on substantive -- I'm sorry,

11  grant the motion to dismiss if that's appropriate on

12  substantive 12(b)(6) rounds than it is to deny leave to

13  amend in the first place on futility grounds.  It's

14  pretty much the same exact analysis, right?  Like whether

15  amendment would be futile is the same question I think as

16  you're asking when you ask the complaint fails to state a

17  claim.  Right?  There's no difference --

18              (Interruptions on the phone line)

19         THE CLERK:  Please mute yourself.  Paula, mute

20  yourself.  Paula, please mute yourself, Paula.  Sorry

21  about that, your Honor.

22         THE COURT:  It's okay.  It sounds like Paula's

23  been muted.

24         So I was just saying to the city defendants I

25  don't really see any practical difference between denying

18

Proceedings

1   leave to amend on futility grounds on the one hand and

2   granting leave to amend and then granting a motion to

3   dismiss on 12(b)(6) grounds of failure to state a claim.

4   It seems to me it's pretty much the exact same analysis

5   you're going through either way and yet the ultimate

6   result is on firmer and more final ground for appeal when

7   we've proceeded in the latter way instead of the former

8   way.

9           So that's generally my inclination but either

10  way like I'm not sure I would even need any supplemental

11  briefing from the defendants in connection with the

12  proposed amendment.  If I grant leave to amend and the

13  defendant wants the opportunity to put in a three-page

14  letter on why the amendments don't change the analysis in

15  your motion briefing, I would grant that request for a

16  three-page letter brief.  But we'll proceed expeditiously

17  on that front one way or the other.

18          The first step here is that if the plaintiff

19  wants to drop the lead plaintiff, the association, from

20  the claim and proceed instead on individual plaintiffs,

21  we should know that as soon as possible.

22          MS. ROSEN:  Your Honor --

23          THE COURT:  And that the deadline I set there

24  is tell us by a week from Friday but if you want to tell

25  us sooner, that's fine too.  Yes?

19

Proceedings

1          MS. ROSEN:  Your Honor, Elisheva Rosen for the

2    city.  I apologize for interrupting.  If the lead

3    plaintiff I'm going to call her wants to withdraw from

4    the lawsuit, I do not, the city defendants don't oppose

5    that.  We would oppose any amendment other than that.

6    Apologies for not being more clear.

7          THE COURT:  But did you hear my point about

8    how --

9          MS. ROSEN:  Yes, I did, your Honor.

10         THE COURT:  -- the same analysis, whether you

11   deny leave to amend on futility grounds or grant leave to

12   amend and then take on a 12(b)(6) question?  What am I

13   missing?

14         MS. ROSEN:  I hear, your Honor.  My concern is

15   that if there is yet another proposed amendment and

16   complaint filed for the Court to adopt or deny that might

17   be new claims that have not even been previously briefed.

18         THE COURT:  Oh yes, that I understand, but

19   we're not talking about that.  The plaintiff is not

20   asking to add new causes of action.  And I agree with

21   you, that would be a different thing entirely.  But all

22   the plaintiff has said, and I think all they've done so

23   far, tell me if I'm wrong, is add additional factual

24   content to the complaint, not change the character of the

25   case as a whole by adding new causes of action.  Is that

20

Proceedings

1    correct?

2            MS. SAINT-GEORGE:  Your Honor, this is Jo

3    Saint-George for the plaintiff.  You're correct we just

4    made --

5            THE COURT:  Sorry, that was a question for the

6    defense lawyer who I was just --

7            MS. SAINT-GEORGE:  Oh, I'm sorry.

8            THE COURT:  That's okay.

9            MS. ROSEN:  Your Honor, Elisheva Rosen for the

10   city defendants.  I hear that, I hear that, your Honor.

11   I would still request that we would have an opportunity

12   to respond if we deem it necessary upon seeing the --

13           THE COURT:  I'm asking a different question

14   than that.

15           MS. ROSEN:  Oh.

16           THE COURT:  The question I'm asking is the

17   existing motion for leave to amend which I'm told has

18   been submitted alongside a blackline showing the changes.

19   Is that pending motion for leave to amend simply to add

20   additional factual content to the complaint or would that

21   pending motion also amend the complaint to add new causes

22   of action entirely?

23           MS. ROSEN:  My understanding, your Honor, is

24   that it also seeks to add some legal claims.  But it has

25   been a while since I have looked at the redlined copy.

Proceedings

1          THE COURT:  Okay.  Yes, that might change my

2    analysis.  Either way, I'll resolve this question --

3          MS. SAINT-GEORGE:  Your Honor --

4          THE COURT:  -- quickly.  Ms. Saint-George, if

5    you can just tell us again by a week from Friday exactly

6    what you want to do in terms of amendment including with

7    respect to dismissing any existing plaintiff, that will

8    get us where we need to go.  Yes, Ms. Saint-George, I'll

9    let you have the last word and then we'll --

10          MS. SAINT-GEORGE:  Yes.  There are no new

11    claims.  What happened, your Honor, is when we had this

12    conversation a year ago and I made the one amendment that

13    was substantive with regards to claims, we inadvertently

14    didn't clarify the Title 7 claim.  The original complaint

15    had Title 7, 1983, OSHA, and some other claims.  We

16    dropped two claims so it could be a clean case.  All this

17    does, all this amendment does is put in order what the

18    claims are; declaratory judgment, OSHA under Section

19    11(c)(1), and then a 1983 with Title 7, all of which were

20    already pled but just more carefully detailed with all

21    the proper -- you know, everything just aligned.  So

22    there is absolutely nothing new.  All the legal issues

23    that they have raised in their motion to dismiss will be

24    exactly the same.

25          And so there is no injury or injury to the

22

Proceedings

1  defendants which is the standard by which this Court I

2  believe is to use to determine whether an amendment

3  should be allowed.  There would be no prejudice.  That's

4  what I should say.  So there is no prejudice.  Everything

5  is exactly the same just more clearly outlined with

6  regards to the rights under every statute, you know,

7  every -- articulated more clearly.

8          But I would like to ask your Honor, because of

9  the delay in the timing -- many of these plaintiffs are

10 teachers many of which may want to have opportunity to

11 return to teaching.  And so my question is is can we go

12 ahead and calendar two things?  Since it sounds like

13 you're allowing us to amend, we will file the amendment

14 by tomorrow.  Can we put on the calendar the motion to

15 dismiss and as I was about to say the motion for summary

16 judgment.  Here's why.

17         THE COURT:  No.  So I don't want that question

18 up again.  I have heard full argument on the motion for

19 summary judgment.  We will not be taking it up now.

20         I'm not sure I need oral argument on the motion

21 to dismiss.  We've heard a lot about this case and there

22 have been a lot of district court and Second Circuit

23 decisions.  And as pointed out, there's been litigation

24 on this issue or related issue perhaps at the Supreme

25 Court level.  There may be no need for oral argument.  If

23

Proceedings

1   I need oral argument, I will schedule it quickly.

2           I do understand, believe me, the piece about

3   the need for an expeditious resolution of this case and

4   it is my intention to make that happen as best I can

5   given the current case load.  But we will not be

6   scheduling oral argument now on any motions and we will

7   not be entertaining summary judgment briefing.

8           MS. SAINT-GEORGE:  your Honor --

9           THE COURT:  So thank you, all.  That I think

10  resolves all the issues that I came in with for today's

11  purposes.  We'll see what the plaintiff files in terms of

12  amending the complaint.

13          And by the way, this new proposed amendment

14  should be on one issue and one issue only and that is the

15  makeup of the plaintiffs on the docket, just who are the

16  plaintiffs and who are not the plaintiffs, but not

17  otherwise make --

18          MS. SAINT-GEORGE:  Are you saying that I -- are

19  you saying that we cannot file the fourth amended

20  complaint as already submitted with the additional

21  removal of the --

22          THE COURT:  That I will consider, but that

23  motion is already pending.  Right?  I'm saying I don't

24  want to see, unless you tell me now that you want to ask

25  for that, I don't want you to be asking for still

24

Proceedings

1  additional changes to the complaint in terms of

2  factual --

3

4          MS. SAINT-GEORGE:  No, your Honor.  I briefed

5  it and I asked for a hearing.  And in my request for this

6  hearing I included in my request that this Court will

7  also consider the amended complaint.  So it is properly

8  before the Court.

9          THE COURT:  Okay.  So I understand that.  So --

10         MS. SAINT-GEORGE:  No, there is

11  not absolutely --

12         THE COURT:  -- to the extent, to the extent

13  you're going to be filing or you're going to be

14  supplementing your motion for leave to amend, you should

15  supplement it only to the extent of telling me what you

16  want to do in terms of dropping one or more plaintiffs.

17  You should not propose additional changes to the

18  complaint's factual content and/or its causes of action.

19  That's all I'm saying.

20         MS. SAINT-GEORGE:  I got it.  I'm sorry, I

21  misunderstood you and thank you for clarification.

22         THE COURT:  Okay.  No, thank you for clarifying

23  as well.  We will --

24         MS. SAINT-GEORGE:  Your Honor though --

25         THE COURT:  -- be adjourned and --

25

Proceedings

1          MS. SAINT-GEORGE:  -- I do have one more --

2          THE COURT:  Yes.

3          MS. SAINT-GEORGE:  I do have one more question.

4     Oral argument on the motion to dismiss is a real critical

5     important aspect because motions to dismiss claims, an

6     entire case is critical.  And I think there needs to be

7     oral argument because we are making argument that clearly

8     clarify what the federal court, the Second Circuit, and

9     the Supreme Court has really said.  And so I'm asking

10    your Honor please, if you will grant oral argument so

11    that we can have the discussion because this issue has

12    never been addressed.

13          (Interruptions on the phone line)

14          THE CLERK:  Please mute yourself.  Please mute

15    yourself.

16          MS. SAINT-GEORGE:  Thank you.  This case, this

17    issue has never been addressed in the history of America

18    and the OSHA statute has clear and unequivocal language

19    in it that no court has tackled not because they couldn't

20    have, but because it was never presented.  So that is why

21    this motion to dismiss is essentially and having an oral

22    argument around it so this Court can get comfortable as

23    opposed to us having to go through this back and forth

24    back and forth that plaintiffs --

25          THE COURT:  I understand your argument.  I do

26

Proceedings

1  often find oral argument helpful in respect of legal

2  questions and that's obviously all we're taking up at the

3  motion to dismiss stage.  But that's not always the case.

4  And so once you've filed your last filing on this, we'll

5  take a look at it and either schedule oral argument

6  quickly or I'll determine I'm ready to proceed to a

7  decision without oral argument.  We'll take that question

8  up when we get there but I'm just not there yet.  So --

9          MS. SAINT-GEORGE:  But for the record, I am

10  making the request for the record though just so that my

11  record is clear that I did make the request.

12          THE COURT:  Yes, I understand that.  There's

13  obviously no obligation that I'm aware of in the Rules of

14  Civil Procedure or otherwise to hold oral argument

15  especially in a case where we've had legal briefing on

16  and I think argument on preliminary injunctive relief

17  among other things.

18          MS. SAINT-GEORGE:  Well, we didn't have oral

19  argument on the injunctive relief either.  So we've never

20  had oral argument on anything that's been pending before

21  this Court.

22          THE COURT:  Okay.  All right.  Thank you, all.

23  I will look for the next submission here and I will

24  endeavor to move quickly in response.

25                    (Matter concluded)

27

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **21st** day of **August**, 2023.

*Mary Greco*

Transcriptions Plus II, Inc.