UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, AMOURA BRYAN, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, CHRISTIAN MURILLO, LYNDSAY WANSER, JOSEPH SAVIANO, MARVILYN WALLEN, CHRISTIAN MURILLO, DAWN SCHOL, SUZANNE SCHROETER, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, PATRICIA CATOIRE, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON, RACHELLE GARCIA, JULIE LAWLEY, SUSANNE PHILLIP, MARIA ESTRADA, JENNETTE FRAZER, AND DEBBY HARTZ individually and on behalf of similarly situated individuals,

               Plaintiffs,

v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, FORMER MAYOR BILL deBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD, AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION AND DOES 1-20

               Defendants

**REPLY**
**F.R.C.P. RULE 60(a) MOTION TO AMEND THE JANUARY 10, 2024 ORDER AND VACATE THE FEBRUARY 14, 2024 ORDER TO CORRECT FOR INADVERTENT ERRORS ARISING FROM OVERSIGHT OR OMISSION**

INDEX No.:1:22 CV 02234-EK-LB

I     **THE CITY'S FACTUAL REPRESENTIONS AND LEGAL THEORIES ARE FRAUDULENT AND SHOULD BE IGNORED**

   **A. The Court's February 14, 2024 Order Does Not Bar Plaintiffs' Rule 60(a) Motion**

The City of New York's ("City) suggestion that Plaintiffs F.R.C.P. Rule §60(a) motion to correct the dates in the January 10, 2024 Order is an attempt to "relitigate matters already decided" is patently false and is a material misrepresentation of the facts for the following reasons: First, this Courts ruling in the February 14, 2024 Oder was a decision in response to Plaintiffs Rule 60(b)(1) Letter Motion filed on January 17, 2024 requesting the Court to set aside and/or extend the deadlines in the January 10, 2024 Order based on a mistake by Plaintiffs counsel of record.  Plaintiffs are not "relitigating" the rejection of Plaintiffs Rule 60(b)(1) motion. Plaintiffs have filed a separate and distinct Rule 60(a) motion to correct what appears on the face of the January 10th Order to be a clerical error caused by oversight. However, this Court's ruling on the merits of Plaintiffs Rule 60(b)(1) is not a binding decision on Plaintiffs' separate Rule (60)(a) motion to "correct" the January 10th Order because the standard of review and/or requirements for relief under each rule is different.  The Second Circuit in the case *International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2nd Cir. 1977)* explains the differences between Rule 60(b) and Rule 60(a) motions as follows:

> "appellant's argument is based on a failure to appreciate the difference between Rule 60(a) 5 and Rule 60(b)(1). While the latter's reference to "mistake" has been held to include mistakes by the district court, see *Tarkington v. United States* Lines Co., 222 F.2d 358, 360 (2d Cir. 1955) (Frank, J.); 11 C. Wright & A. Miller, supra, § 2858, at 176 (1973), a motion for relief from such judicial mistakes under Rule 60(b)(1) may not be made after the time for appeal has elapsed, see *Schildhaus v. Moe*,335 F.2d 529, 531 (2d Cir. 1964), **at least if the mistake alleged is of a substantive legal nature,** see 11 C. Wright & A. Miller, supra, § 2858, at 178. If, on the other hand, the mistake alleged is of a "clerical" nature, "arising from oversight or omission," then a motion may be made **only** under Rule 60(a), which allows the court to correct such errors "**at any time**." Unlike the grant of a Rule 60(b) motion, however, the grant of a Rule 60(a) motion does not lead to relief from the underlying judgment, as is apparent upon comparison of the relevant language… see notes 1 and 5 supra. (Emphasis added)

That same Second Circuit specifically held that a "mistake in **date** may properly be characterized as "clerical in nature", as we believe to be the case.." (citing *United States v. Roth*, 164 F.2d 575, 576-77 (2d Cir. 1948) (held that the Court could amend the date in a tax claim from 1939 to 1938 to reflect the correct year of the tax liability); *Continental Casualty Co. v. Little*, 152 F.2d 728, 729 (5th Cir. 1946)

Furthermore, the Second Circuit in *Robinson v. Sanctuary Music*, 08-2078-cv, 08-2320-cv, 08-2333-cv (2nd Cir. Jul 01, 2010) held that Rule 60(a) also "permits a court to correct ,,,,mmisnomers in a party's name. See *Fluoro Elec. Corp. v. Branford Assocs*., 489 F.2d 320, 324-26 (2d Cir. 1973). Such a misnomer may be corrected when "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant."(citing *Datskow v. Teledyne, Inc., Cont'l Prods.* Div., 899 F.2d 1298, 1301 (2d Cir. 1990)). Plaintiffs request is just like the correction of a mislabeled defendant.

It is clear that Plaintiffs' request to correct the dates in the January 10th Order to conform to the dates that the parties actually filed their pleadings in no way "affect[s] substantive rights" contained in the Order and neither does the correction "reflect a new and subsequent intent of the court," but rather the correction conforms the January 10th Order to the contemporaneous intent of the court. See *Roberts v. Bennaceur,* No. 15-2326 (2nd Cir. Aug 05, 2016) and *Cinema '84 v. C.I.R*., 412 F.3d 366 (2nd Cir. 2005) The contemporaneous intent of this Court expressed in the words of the January 10th Order was the intent to allow Plaintiffs to file their 4th Amended Complaint, which Plaintiffs have done on January 22, 2024.

Finally, the City admits that the "dates" set in the Court's January 10th Order were a mistake by the fact that the City requested an extension to be relieved from the City's deadlines. See ECF #82 That admission along with the fact that the Court refused Plaintiffs request to set a

scheduling hearing to set reasonable deadlines, along with the fact that the deadlines set were too short for all parties and Plaintiffs initial deadline fell on a federal holiday along with the additional Courts mistaken allegation that Plaintiffs Counsel was not admitted to practice before the Court – collectively – is sufficient evidence to prove - at least by a preponderance of the evidence - that this Court made a mistake when setting the deadlines that were cause by a Court "oversight." Rosado v. Soriano, 16-CV-3310 (RA)(KNF) (S.D. N.Y. Aug 26, 2021)[1]

The City's allegation that Plaintiffs have failed to provide any evidence that a mistake occurred is simply false. Unless the City has been having inappropriate exparte discussions with the Judge of this Court, the City's claim that the dates set by this Court in the January 10th Order were "carefully chosen," "deliberate" and free of any possible mistake is speculation at best and proves nothing to defeat Plaintiffs request for a correction of the January Order.

It is reversable error for the Court to set unreasonable deadlines and to penalize Plaintiffs by denying acceptance of their 4th Amended Complaint after this Court determined that the amended complaint would not prejudice the Defendants when it granted leave to amend. See *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532-533 (1979*); see also Woodral v. Commissioner*, 112 T.C. 19, 23 (1999) (holding that an abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious…)

Finally, the City's claim that Plaintiffs cited the incorrect law to support their Rule 60(a) motion to correct, is also patently false. The abuse of discretion standard cited by the City from the case Robinson v. Sanctuary Music, 08-2078-cv, 08-2320-cv, 08-2333-cv (2nd Cir. Jul 01,

---

[1] Held: "To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them."

2010) applies to motions seeking relief from "default judgements" under Rule 60(b) and did not involve an interlocutory non-binding order like the January 10th Order.

### B. Motion To Vacate February 14, 2024 Order As Moot or Alternatively Motion to Vacate Per Court Inherit Power

Plaintiffs request that this Court vacate the February 14, 2024 order is based on this Court's inherit power to make corrections that are just. See *United States v. Yalincak*, 853 F.3d 629 (2nd Cir. 2017). If this Court agrees with Plaintiff that the January 10th Order should be corrected by inserting the new dates outlined in Plaintiffs initial Rule 60(a) motion filed as ECF #92, then the February 14, 2024 order should be vacated due to the correction, which renders the submission of the 4th Amended Complaint timely. Alternatively, Plaintiffs argue that at minimum the February 14, 2024 Order should be vacated also based on the Court's "inherent power to correct mistakes made in its handling of a case and power to grant relief from erroneous interlocutory orders." See United States v. Yalincak, 853 F.3d 629 (2nd Cir. 2017)

### II    Conclusion

In summary, Plaintiffs' Rule 60(a) motion to correct should be granted because all the Court "need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake" in the dates to enforce the original intent of the January 10th Order, which was to grant Plaintiffs Leave to Amend without penalty. See *In re Diet Drugs* (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig., 200 F. App'x 95, 104 (3d Cir. 2006) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)). At minimum, this Court should use its "inherent power to correct the mistakes made in its handling of this case." See *United States v. Yalincak*, 853 F.3d 629 (2nd Cir. 2017).

Dated: February 23, 2024               Respectfully submitted,

/s/ *Jo Saint-George*

_____
Jo Saint-George, Esq.
Women of Color for Equal Justice
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org
*Counsel for Plaintiffs*

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*
*Co-Counsel for Plaintiffs*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
ph:  860-783-8877
fax:  914-840-1196
email: TriciaLindsayLaw@gmail.com
*Co-Counsel for Plaintiffs*