

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

<u>**Via ECF**</u>

March 4, 2024

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>Women of Color for Equal Justice et. al. v. City of New York, et. al.</u>
              Civil Action No.: 22-CV-02234

Dear Judge Komitee:

        I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. In accordance with the Court's January 10, 2024 order (ECF Dkt Entry dated January 10, 2024), I write in further support of Defendants' motion to renew their pending motion to dismiss and motion to strike. Defendants incorporate all prior motion papers into their renewed motion to dismiss. For the reasons in Defendants' prior papers, as well as for the reasons below, Plaintiffs' Fourth Amended Complaint should be dismissed with prejudice.

    1. **Plaintiffs Continue to Fail to Comply with the Court Rules**

        Like Plaintiffs' Fourth Amended Complaints (ECF Dkt. Nos. 81, 88), which were filed late twice, Plaintiffs' opposition fails to comply with the Court's order. Plaintiffs' opposition totals 763 pages, of which six are the memorandum of law and the remainder are exhibits, which exceeds the five page limit set by the Court. <u>See</u> Pl. Opp., ECF Dkt. No. 91; ECF Dkt. Entry dated January 10, 2024. Therefore, Defendants respectfully request that the Court either strike Plaintiffs' Opposition, or, in the alternative, only consider the first five pages. <u>See</u> <u>Guity v. Uniondale Union Free Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 27542, at *15-17 (E.D.N.Y. 2017) ("A district court has discretion in deciding whether to strike a submission not in compliance with a local rule."); <u>Clark v. City of New York</u>, 2015 U.S. Dist. LEXIS 131645 (E.D.N.Y. 2015) (disregarding the pages of a party's brief that exceeded the page limit under Court rules without the Court's prior approval).

    2. **Plaintiff's Opposition is an Improper Sur-Reply to Defendants' Motion to Dismiss the Third Amended Complaint**

The Court instructed the parties that Defendants' motion to renew the motion to dismiss should only address the new claims plead for the first time in the Fourth Amended Complaint. See ECF Dkt. Entry dated January 10, 2024. However, Plaintiffs' opposition addresses arguments raised in Defendants' prior motion and not the present motion. For example, Plaintiffs again argue about OSHA, including whether it provides a private right of action and purported preemption (see Pl. Opp. at 3-6), even though OSHA and the phase "private right of action" or "preemption" do not appear in Defendants' motion to renew the motion to dismiss (see ECF Dkt. No. 90). Thus, Plaintiffs' opposition is an improper sur-reply to the previously briefed motion. As per Rule III(D)(1) of Your Honor's Individual Rules and Practices, "Parties must seek leave of the Court before submitting sur-replies." Plaintiffs failed to seek such permission and so their opposition should be stricken.

### 3. Plaintiffs Have Waived and/or Abandoned All Claims

Plaintiffs failed to address any of the arguments by Defendants, opting instead to repeat the allegations made in the Fourth Amended Complaint, and therefore have waived and/or abandoned those claims. See Doe v. Franklin Sq. Union Free Sch. Dist., 2023 U.S. Dist. LEXIS 50666, at *6 (E.D.N.Y. 2023) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed"). Plaintiffs do not dispute that their Fourth Amended Complaint is prolix. See, e.g., Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal of pro se complaint on Rule 8 where amended complaint that was "nearly 50 pages long, with hundreds of pages of exhibits" was "convoluted and repetitive"); Jones v. Nat'l Communs. & Surveillance Networks, 266 F. App'x 31 (2d Cir. 2008) (unpublished opinion) (finding that dismissal, pursuant to Rule 8, of a plaintiff's 58 page, single-spaced complaint with 87 pages of attachments, alleging over twenty separate causes of action against more than 40 defendants was not an abuse of discretion).

Plaintiffs do not address Defendants' argument that they have failed to state a claim under Title VII, Section 1983, or common law fraud. Plaintiffs do not dispute that several of the individually named Plaintiffs signed waivers precluding their ability to sue, already brought lawsuits challenging the Vaccine Mandates and/or their implementation, and that the Fourth Amended Complaint fails to plead factual allegations specific to them individually. Plaintiffs also fail to address Defendants' argument that the Court already rejected Plaintiffs' attempt bring a cause of action under the Federal Declaratory Judgement Act 28 U.S.C. §2201. See Women of Color For Equal Justice Plaintiffs v. City of N.Y. Defendants, 2022 U.S. Dist. LEXIS 207164 (E.D.N.Y. 2022); see also Women of Color For Equal Just. v. City of N.Y., 2022 U.S. Dist. LEXIS 209651, at *5, 9-10 (E.D.N.Y. 2022); Rather, Plaintiffs merely repeat their earlier contentions without so much as addressing the Court's prior rulings. The Court's denial of Plaintiffs' attempt to bring a cause of action under the Federal Declaratory Judgement Act remains the law of the case. See Musacchio v. United States, 577 U.S. 237, 244-45 (2016). Thus, the Fourth Amended Complaint should be dismissed.

### 4. OSHA Does Not Preempt Any of Defendants' Arguments

Plaintiffs' argue that OSHA renders the Vaccine Mandates "illegal" and thus none of Defendants' arguments apply. See Pl. Opp. at 4. As evidenced by the lack of any supporting

- 3 -

legal citations, such an argument is nonsensical. Furthermore, despite Plaintiffs' contentions to the contrary (see Pl. Opp. at 4), Jacobson remains good law. See, e.g., Goe v. Zucker, 43 F.4th 19 (2d Cir. 2022); Does v. Hochul, 2022 U.S. Dist. LEXIS 180025 (E.D.N.Y. 2022).

5. **Strict Scrutiny Does Not Apply**

Plaintiffs' assertion, that the "strict scrutiny standard" applies to their claims, is incorrect. See Pl. Opp. at 2. This Circuit has already held that challenges to the Vaccine Mandates do not get strict scrutiny review but rather rational basis review. See, e.g., Goe, 43 F.4th at 31-32 ("no court appears ever to have held that Jacobson requires that strict scrutiny be applied to immunization mandates. To be sure, courts have consistently rejected substantive due process challenges to vaccination requirements without applying strict scrutiny") (internal quotation and citations omitted); Kane, 623 F. Supp. 3d 339, 354-358 (S.D.N.Y. 2022). Similarly, the Supreme Court and the Second Circuit have held that strict scrutiny does not apply to Title VII claims. See Kane, 623 F. Supp. 3d 339 at n.16 (citing cases).

                                        Respectfully submitted,

                                        /s/ Elisheva L. Rosen_____
                                        Elisheva L. Rosen
                                        Assistant Corporation Counsel

cc:      Women of Color For Equal Justice (by ECF)