UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZABETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, AMOURA BRYAN, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, CHRISTIAN MURILLO, LYNDSAY WANSER, JOSEPH SAVIANO, MARVILYN WALLEN, CHRISTIAN MURILLO, DAWN SCHOL, SUZANNE SCHROETER, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, PATRICIA CATOIRE, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON, RACHELLE GARCIA, JULIE LAWLEY, SUSANNE PHILLIP, MARIA ESTRADA, JENNETTE FRAZER, AND DEBBY HARTZ individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, FORMER MAYOR BILL deBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD, AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION AND DOES 1-20

Defendants

**REQUEST FOR F.R.C.P. RULE 16 PRETRIAL CONFERENCE**

INDEX No.:1:22 CV 02234-EK-LB

Plaintiffs, by and through their counsel of record, hereby requests the Court to set a Pre-trail conference hearing pursuant to F.R.C.P. Rule 16(a)(1)–(4). The original Complaint in this case was filed on April 19, 2022. Pending before the Court is the City of New York's Motion to Dismiss filed 3/8/2023 and resubmitted on February 1, 2024 for which response and replies were filed February 11, 2024 and March 4, 2024 respectively. On February 23, 2024, this Court accepted Plaintiffs Fourth Amended Complaint.

Since the filing of the resubmitted Motion to Dismission and this Court's acceptance of Plaintiffs Fourth Amended Complaint, two very important decisions have been made by the 9th Circuit Court of Appeals in the case *Health Freedom Def. Fund, Inc. v. Carvalho,* No. 22-55908 (9th Cir. 2024) and by the jury that awarded a judgment to plaintiff in the case *Tanja Benton v. BlueCross BlueShield of Tennessee, Inc.,* (1:22-cv-00118), Tennessee Eastern District Court. These cases are material to this case and warrant a pre-trial conference hearing to address the schedule for the rulings and/or oral arguments for the four (4) remaining pending motions before this court including the most pressing Motion to Dismiss.

The Health Freedom case is material because the 9th Circuit reversed the lower court's dismissal of the Plaintiffs case that involved the refusal of employees from the Los Angeles Unified School Districts to take the Covid-19 vaccine and held, in summary, that the *Jacobson v. Massachusetts* 197 U.S. 11 (1905) was not applicable and/or did not apply to Plaintiffs case because the plaintiffs in that case made the argument that the Covid-19 vaccine does not effectively "prevent the spread" of Covid-19, a claim which Plaintiffs in this case similarly but with the added factual claim that OSHA standards prove that no vaccine can "effectively prevent the spread" of any airborne hazard because vaccines are not an authorized work place safety method to be used to prevent the spread of any airborne hazard. The 9th Circuit reversal and remand for the trial court to apply the correct legal standard is material to this case as its decision at least in part supports a denial of the New York City's Motion to Dismiss in this

case, based on the appropriate pre-emption standard. See the *Health Freedom* decision attached as **Exhibit A**

Moreover, the *Benton* post jury trial judgment is also material because the jury in that case found, in summary, that the employer - a healthcare insurance company -failed to prove by a preponderance of the evidence that it could not reasonably accommodate Ms. Benton's request for religious exemption from submitting to taking the Covid-19 vaccine without an "undue hardship." See *Benton* judgment attached as Exhibit B.

Plaintiffs in this case have provided clear and convincing evidence that no employer will ever experience an "undue hardship" for providing an automatic exemption from any employer required vaccine because the OSH Act bans all vaccine mandates by all employers and the OSH Act mandates all employers to automatically provide authorized workplace safety approved methods of "remote work" and/or "N95/PAPR" equipment to all employees when a airborne hazard exists in any workplace.

Consequently, Plaintiffs requests a pre-trial conference scheduling hearing to improve the quality of the trial by assisting in the expediting disposition of this case that does not need a jury trial.

Dated: July 8, 2024

Respectfully submitted,
/s/ *Jo Saint-George*

_____
Jo Saint-George, Esq.
Women of Color for Equal Justice
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org
*Counsel for Plaintiffs*

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*
*Co-Counsel for Plaintiffs*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
TriciaLindsayLaw@gmail.com