22-CV-02234

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WOMEN OF COLOR FOR EQUAL JUSTICE, ET. AL.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMMISSIONER ASHWIN VASAN, M.D. PH.D., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20,

Defendants.

## THE CITY OF NEW YORK AND DEPARTMENT OF EDUCATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

**MURIEL GOODE-TRUFANT**

*Acting Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street, Room 2-316
New York, N.Y. 10007

*Of Counsel:*   Elisheva L. Rosen
*Tel:*  (212) 356-3522

Matter No. 2022-021670

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS**...........................................................................................I

**TABLE OF AUTHORITIES** ................................................................................II

**PRELIMINARY STATEMENT** ...........................................................................1

**STANDARD OF REVIEW** ...................................................................................2

**ARGUMENT** ........................................................................................................3

**POINT I** ...............................................................................................................3

**AMOURA BRYAN'S CLAIMS ARE BARRED DUE TO CLAIM SPLITTING, *RES JUDICATA*, AND COLLATERAL ESTOPPEL** ...............................................3

**POINT II** ..............................................................................................................8

**DEFENDANT CITY CANNOT BE HELD LIABLE FOR THE ACTIONS OF DEFENDANT DOE** ...........................................................................................8

**POINT III** ............................................................................................................8

**AMOURA BRYAN'S CHRL RELIGIOUS DISCRIMINATION CLAIM IS BARRED BY HER FAILURE TO FILE A TIMELY OR SUFFICIENT NOTICE OF CLAIM** .................8

**CONCLUSION** ....................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

A.V. v. N.Y. City Dep't. of Educ.,
  2022 N.Y. Misc. LEXIS 864 (Sup. Ct., Kings Cty. 2022) .......................................................8

Allen v. McCurry,
  449 U.S. 90 (1980) ...............................................................................................................4

Ambase Corp. v. City Inv. Co. Liquidating Trust,
  326 F.3d 63 (2d Cir. 2003)....................................................................................................4

Birkholz v. City of New York,
  2012 U.S. Dist. LEXIS 22445 (E.D.N.Y. 2012) ...................................................................9

Broecker v. N.Y. City Dep't. of Educ.,
  2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. 2023), aff'd 2023 U.S. App. LEXIS
  30076 (2d Cir. 2023) ................................................................................................... passim

Matter of Bryan v. Bd. of Educ. Of the City Sch. Dist. Of the City of N.Y.,
  222 A.D.3d 473 (1st Dep't. 2023)................................................................................2, 3, 6

Cantore v. N.Y. City Law Dept.,
  2020 U.S. Dist. LEXIS 185475 (E.D.N.Y. 2020) .................................................................7

Cummings v. City of N.Y.,
  2021 U.S. Dist. LEXIS 81471 (S.D.N.Y. 2021)....................................................................3

Curtis v. Citibank, N.A.,
  226 F.3d 133 (2d Cir. 2000) .................................................................................................5

Diaz v. Judge Advocate Gen. of the Navy,
  413 Fed. App'x 342 (2d Cir. 2011).......................................................................................4

Hatcher v. N.Y. City Dep't. of Educ.,
  2024 U.S. Dist. LEXIS 176016 (E.D.N.Y. 2024) .............................................................2, 9

Jadallah v. N.Y. City Dep't. of Educ.,
  2024 U.S. Dist. LEXIS 58410 (E.D.N.Y. 2024) ...................................................................9

Kane v. De Blasio,
  623 F. Supp. 3d 339 (S.D.N.Y. 2022)................................................................................ passim

Lafia v. New York City,
  2024 U.S. Dist. LEXIS 15686 (S.D.N.Y. 2024)....................................................................8

**Cases**                                                               **Pages**

Lall v. City of N.Y.,
2021 U.S. Dist. LEXIS 42357 (E.D.N.Y. 2021) ......................................................... 9

Mccaffrey v. Gatekeeper USA, Inc.,
2022 U.S. Dist. LEXIS 80316 (S.D.N.Y. 2022)......................................................... 3

Melian v. Chiluiza,
2023 N.Y. Misc. LEXIS 5662 (Sup. Ct., N.Y. Cty. 2023) ........................................ 8

Miller v. City of N.Y.,
2019 U.S. Dist. LEXIS 82058 (E.D.N.Y. 2019) ....................................................... 6

Monahan v. N.Y.C. Dep't of Corrs.,
214 F.3d 275 (2d Cir. 2000) ................................................................................... 4, 5

RST (2005) Inc. v. Research in Motion Ltd.,
597 F. Supp. 2d 362 (S.D.N.Y. 2009)....................................................................... 3

Santiago v. Newburgh Enlarged City Sch. Dist.,
434 F. Supp. 2d 193 (S.D.N.Y. 2006) ...................................................................... 9

Shrader v. CSX Transp.,
70 F.3d 255 (2d Cir. 1995)........................................................................................ 3

Sotomayor v. City of N.Y.,
862 F. Supp. 2d 226 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013) ............. 8

TechnoMarine SA v. Giftports, Inc.,
758 F3d 493 (2d Cir. 2014) ...................................................................................... 7

Verne v. N.Y. City Dep't. of Educ.,
2022 U.S. Dist. LEXIS 180299 (S.D.N.Y. 2022) .................................................... 9

Wright v. City of N.Y.,
2024 U.S. Dist. LEXIS 154796 (S.D.N.Y. 2024) .................................................... 8

**Statutes**

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e et. seq. ("Title VII")........................ passim

N.Y. Educ. Law § 3813(1).............................................................................................. 9

N.Y.C. Admin. Code § 8-101 et. seq. ("CHRL") .................................................... passim

U.S. Constitution.............................................................................................................. 6

## PRELIMINARY STATEMENT

Defendants City of New York ("City") and Defendant Department of Education ("DOE" and sometimes collectively with City as "Defendants"),[1] respectfully submit this motion for reconsideration solely as it pertains to the Court's denial of Defendants' motion to dismiss directed to Plaintiff Amoura Bryan's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. ("Title VII") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et. seq*. ("CHRL"). See Memo. and Order ("Order"), ECF Dkt. No. 99, dated Sept. 25, 2024, at 2. In its Order, the Court denied Defendants' motion to dismiss Amoura Bryan's Title VII and CHRL failure to accommodate claims because "[her] allegations, while highly general, are sufficient at this stage. And the assessment of whether the City could have reasonably accommodated [Amoura] Bryan without an undue hardship is a fact-intensive assessment that cannot be determined from within the four corners of the complaint." Order at 19-20, 22-23. In reaching this conclusion, however, it appears that the Court may have overlooked several dispositive arguments that require both of these claims to be dismissed.

First, Amoura Bryan's claims are precluded given her participation in prior proceedings. As set forth in Defendants' moving papers, Amoura Bryan was a named plaintiff in several federal and state lawsuits challenging the constitutionality, legality, and/or enforceability of the Vaccine Mandate. Specifically, Amoura Bryan was a named plaintiff in: (1) Broecker v. N.Y. City Dep't. of Educ., 2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. 2023), aff'd 2023 U.S. App. LEXIS 30076 (2d Cir. 2023) ("Broecker"); (2) Kane v. De Blasio, 623 F. Supp. 3d 339 (S.D.N.Y.

---

[1] The Court dismissed all claims against Defendants Mayor Adams, New York City Department of Health and Mental Hygiene ("DOHMH"), and DOHMH Commissioner Dr. Ashwin Vasan. See Order, ECF Dkt. No. 99. These Defendants do not oppose the Court's Order in any respect.

2022) ("Kane/Keil"); and (3) <u>Matter of Bryan v. Bd. of Educ. Of the City Sch. Dist. Of the City of N.Y.</u>, 222 A.D.3d 473 (1st Dep't. 2023). Amoura Bryan's participation in these numerous lawsuits should result in her claims being dismissed on the grounds of claim splitting. <u>See</u> Order at 7. Plaintiff Bryan's Title VII and CHRL discrimination claims are also barred by *res judicata*, and collateral estoppel. <u>See</u> Defs. Memo. of Law ("Defs. Memo."), ECF Dkt. No. 48, filed Mar. 8, 2023, at 7-9.

Second, the City is not a proper party.  In its Order, the Court permitted Amoura Bryan's Title VII and CHRL discrimination claims to proceed against the City. <u>See</u> Order at 24. In making this finding, the Court did not address Defendants' argument that the City, as a matter of law, cannot be held liable for the actions or inactions of the DOE because it is a separate legal entity from the DOE. <u>See</u> Defs. Memo. at 12. Defendants respectfully suggest that the City must be dismissed as a party.

Third, in allowing Amoura Bryan to proceed on her CHRL discrimination claim, the Court did not address Defendants' argument that this claim was subject to dismissal because she did not file a notice of claim. <u>See</u> Defs. Memo. at 13-15. Filing a notice of claim is a condition precedent to maintaining a suit against DOE and the failure to file a notice of claim mandates dismissal. <u>See</u> Defs. Memo. at 13-15; <u>see also</u> <u>Hatcher v. N.Y. City Dep't. of Educ.</u>, 2024 U.S. Dist. LEXIS 176016, at *8-9 (E.D.N.Y. 2024).

Based on the foregoing, and as will amply be set forth below, Defendants respectfully request that the Court reconsider its Order as it pertains to Amoura Bryan's Title VII and CHRL claims.

### **STANDARD OF REVIEW**

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Wastefully repeating arguments that were already briefed, considered, and decided is not appropriate on a motion for reconsideration. See Cummings v. City of N.Y., 2021 U.S. Dist. LEXIS 81471, at *9 (S.D.N.Y. 2021). A motion for reconsideration is also not a vehicle to "advance new facts, issues or arguments not previously presented to the Court." RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009). "[A] a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Mccaffrey v. Gatekeeper USA, Inc., 2022 U.S. Dist. LEXIS 80316, at *2-3 (S.D.N.Y. 2022). (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

**ARGUMENT**

**POINT I**

**AMOURA BRYAN'S CLAIMS ARE BARRED DUE TO CLAIM SPLITTING, *RES JUDICATA*, AND COLLATERAL ESTOPPEL**

In its Order, the Court acknowledged that several, albeit unspecified, Plaintiffs were barred from bringing suit because they were "plaintiffs in other actions regarding the vaccine mandate, giving rise to the specter of claim-splitting." See Order at 6-8. Amoura Bryan is just such a plaintiff because she was a named plaintiff in two federal lawsuits – Broecker and Kane/Keil. See Defs. Memo. at 7. Amoura Bryan did not argue otherwise. See Pls. Opp., ECF Dkt. No. 52, filed Mar. 28, 2023. While this lawsuit was pending, the Eastern District dismissed all of the claims in Broecker, and the Second Circuit affirmed the dismissal. See Broecker, 2023 U.S. App. LEXIS 30076. Similarly, the Southern District dismissed Kane/Keil on the merits. See Kane, 623 F. Supp. 3d 339. Amoura Bryan brought an as-applied challenge in state court via an Article 78, which was dismissed. See Matter of Bryan., 222 A.D.3d 473. As such, Plaintiff's Title VII and CHRL

3

religious discrimination claims, based on a purported failure to accommodate, should be dismissed because of claim splitting, *res judicata*, and collateral estoppel.

Pursuant to the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). To establish the affirmative defense of *res judicata*, "a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiff[ ] or those in privity with [the plaintiff]; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000). Moreover, "[c]laim preclusion 'forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Diaz v. Judge Advocate Gen. of the Navy, 413 Fed. App'x 342, 343 (2d Cir. 2011) (internal citation omitted). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" Id.

In its Order, the Court acknowledged that a plaintiff "cannot avoid the effects of *res judicata* by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits." Order at 7 (quoting Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002)). The prohibition against claim splitting is grounded in the belief that "it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times." Ambase Corp. v. City Inv. Co. Liquidating Trust, 326 F.3d 63, 73 (2d Cir. 2003) (internal quotation omitted).

Amoura Bryan has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). Amoura Bryan was a named plaintiff in Broecker and Kane/Keil. See Broecker Docket, No. 21-CV-06387 (listed as the fourth named plaintiff); Kane Docket, No. 21-CV-7863 (listed as the eighteenth named plaintiff). She did not argue otherwise in her opposition to the motion to dismiss. See Pls. Opp., ECF Dkt. No. 52. It is similarly undisputed that the DOE was a named defendant in Broecker and Kane/Keil. See Broecker Docket, No. 21-CV-06387; see also Keil Docket, No. 21-CV-08773. Additionally, it is undisputed that the City was a named defendant in Kane/Keil. See Keil Docket, No. 21-CV-08773. Thus, the requirement that the parties be the same is met for both claim splitting and *res judicata*. See, e.g., Monahan, 214 F.3d at 285 (*res judicata*); Curtis, 226 F.3d at 139 (claim splitting).

It is also undisputed that all three federal lawsuits – the present lawsuit, Broecker, and Kane/Keil – are predicated on the same transaction or occurrence, namely the enactment and enforcement of the vaccine mandates. It is further undisputed that the Broecker, and Kane/Keil decisions were final determinations on the merits. See Broecker, 2023 U.S. Dist. LEXIS 55541, at *25 ("the Court will incorporate its analysis to find on the merits that Plaintiffs' Amended Complaint fails to state viable claims"); Kane, 623 F. Supp. 3d at 347 ("this Court joins the long list of other courts who have upheld COVID-19 vaccine mandates, and holds that the defendants' motion to dismiss is GRANTED") (emphasis in original).

In Kane/Keil, Amoura Bryan specifically challenged the legitimacy of the vaccine mandates and the DOE's failure to grant her a religious accommodation when implementing it. See Kane, 623 F. Supp. 3d 339. The Kane/Keil court specifically reviewed the allegation that the City and DOE failed to provide religious accommodations to plaintiffs – including Amoura Bryan

– and found that Defendants did not violate Title VII, or the U.S. Constitution, in denying religious accommodation requests because the religious accommodation request "presented an 'undue hardship' because the plaintiff 'is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population'… Plaintiffs' inability to teach their students safely in person presents more than a de minimis cost." Kane, 623 F. Supp 3d at 363.

In splitting her religious failure to accommodate claims, Amoura Bryan has now successfully obtained inconsistent rulings. The Southern District dismissed her failure to accommodate claim because of undue burden. See Kane, 623 F. Supp 3d at 363. This Court has permitted the very same claim to proceed, at least in part, because the Court was unable to conduct an undue burden analysis based on "the four corners of the complaint." Order at 19-20, 22-23. Although Amoura Bryan's appeal of the Kane/Keil dismissal is still pending before the Second Circuit, the Court should not permit Amoura Bryan to proceed on her successive failure to accommodate claim or any other challenge to the vaccine mandates when those challenges were disposed of on the merits in Kane/Keil and the Second Circuit's decision in Broecker.

This Court's decision also contradicts the First Department's decision in Matter of Bryan. The First Department affirmed the dismissal of Amoura Bryan's as-applied challenge to the enactment and enforcement of the vaccine mandates, holding that the DOE engaged in a cooperative dialogue and properly denied her accommodation request to be exempt from vaccination. See Matter of Bryan, 222 A.D.3d at 473. While Amoura Bryan argued that her state court proceeding should not bar her federal claims, (see Pls. Opp. at 9), "[i]t is well-settled that Article 78 proceedings constitute 'an adjudication on the merits' for purposes of a res judicata analysis." Miller v. City of N.Y., 2019 U.S. Dist. LEXIS 82058, at *5 (E.D.N.Y. 2019).

The decisions rendered in Amoura Bryan's two federal and state Article 78 proceeding all arise out of the same transaction or occurrence – the issuance and implementation of the vaccine mandates – and rely on the same facts and evidence – namely Amoura Bryan's request to be exempt from the vaccine mandates and the DOE's denial of her accommodation request. See TechnoMarine SA v. Giftports, Inc., 758 F3d 493, 499 (2d Cir. 2014) (*res judicata* "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first") (internal quotation and citation omitted). Amoura Bryan should not be permitted to circumvent *res judicata* by splitting her claims between, as of now, four different lawsuits. Amoura Bryan's success in obtaining a contradictory ruling in this Court is exactly why courts routinely dismiss actions for claim splitting and *res judicata*. See, e.g., Cantore v. N.Y. City Law Dept., 2020 U.S. Dist. LEXIS 185475, at *17 (E.D.N.Y. 2020) (*res judicata* "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication") (alterations in original) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Based on the Court's citation to Broecker, and Kane/Keil in its Order, it is possible that the Court merely committed a scrivener's error when it allowed Amoura Bryan's claims to proceed. Thus, Defendants respectfully request clarification concerning whether the Court intended to permit Amoura Bryan to assert claims against them. If, however, the Court's ruling was not a scrivener's error, then Defendants respectfully assert that Amoura Bryan's failure to accommodate claims were required to be dismissed on the grounds of claim splitting, *res judicata*, and/or collateral estoppel.

## POINT II

## DEFENDANT CITY CANNOT BE HELD LIABLE FOR THE ACTIONS OF DEFENDANT DOE

In its Order, the Court allowed Amoura Bryan's Title VII and CHRL claims to proceed against the City. See Order at 2. In reaching this conclusion, the Court did not address City's argument that, as a separate legal entity from the DOE, it cannot be held liable for the actions or inactions of the DOE. See Sotomayor v. City of N.Y., 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013); Lafia v. New York City, 2024 U.S. Dist. LEXIS 15686, at *3, n.3 (S.D.N.Y. 2024); Wright v. City of N.Y., 2024 U.S. Dist. LEXIS 154796, at *10 (S.D.N.Y. 2024); Melian v. Chiluiza, 2023 N.Y. Misc. LEXIS 5662, at *2 (Sup. Ct., N.Y. Cty. 2023); A.V. v. N.Y. City Dep't. of Educ., 2022 N.Y. Misc. LEXIS 864, at *4 (Sup. Ct., Kings Cty. 2022). Moreover, Amoura Bryan's failure to accommodate claims are predicated on the DOE's actions, and not the City's. See Compl., ECF Dkt. No. 88, ¶¶ 22, 142 (DOE placed her on leave without pay for failure to comply with vaccination requirement). Therefore, Defendant City respectfully asserts that the case law requires that Amoura Bryan's claims against it to be dismissed.

## POINT III

## AMOURA BRYAN'S CHRL FAILURE TO ACCOMMODATE CLAIM IS BARRED BY HER FAILURE TO FILE A TIMELY OR SUFFICIENT NOTICE OF CLAIM

The Court allowed Amoura Bryan to proceed on her CHRL failure to accommodate claim because "she (a) articulates a bona fide belief…pleads that she told her employers about this

belief…[and] alleges retaliation for refusal to receive vaccination." Order at 23.[2] The Court declined to consider whether Defendants had legitimate, non-discriminatory reasons for denying Amoura Bryan's accommodation request because, at the motion to dismiss stage, "the Court may only consider the facts in the [Complaint],which pleads that plaintiff's religious accommodation was not accommodated." Id. at 23-24.

The Court, however, did not address the DOE's argument that this claim was required to be dismissed because of Amoura Bryan's failure to file a notice of claim.

A notice of claim is a statutory precondition to suit that must be filed within 90 days of the claim's accrual. See N.Y. Educ. Law § 3813(1); Birkholz v. City of New York, 2012 U.S. Dist. LEXIS 22445 at *41 (E.D.N.Y. 2012). The notice of claim requirement applies to discrimination claims brought under the CHRL against the DOE. See Hatcher, 2024 U.S. Dist. LEXIS 176016, at *8-9; Verne v. N.Y. City Dep't. of Educ., 2022 U.S. Dist. LEXIS 180299, at *14-16 (S.D.N.Y. 2022); Lall v. City of N.Y., 2021 U.S. Dist. LEXIS 42357, at *14-15 (E.D.N.Y. 2021). Amoura Bryan did not allege in her Complaint that she complied with the notice of claim requirement. See Defs. Memo at 12-15; see also Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) (plaintiff is required to plead in the complaint that she filed a timely notice of claim, conclusory statements of compliance are insufficient). Moreover, "(f)ederal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." Jadallah v. N.Y. City Dep't. of Educ., 2024

---

[2] While the Order uses the word "retaliation," the Fourth Amended Complaint makes clear that Amoura Bryan's sole cause of action under the CHRL is for "Religious Coercion/Harassment/Discrimination." Compl., ECF Dkt. No. 88 at 62-65 (Fourth Cause of Action).

U.S. Dist. LEXIS 58410, at *31-32 (E.D.N.Y. 2024), adopted 2024 U.S. Dist. LEXIS 120439 (E.D.N.Y. 2024) (quoting Dingle v. City of New York, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010)). Thus, Defendant DOE respectfully asserts that Amoura Bryan's CHRL claim should be dismissed due to her failure to file a timely or sufficient notice of claim.

## **CONCLUSION**

Based on the foregoing, Defendants City and DOE respectfully request that the Court grant their motion for reconsideration, dismiss Amoura Bryan's remaining Title VII and CHRL claims with prejudice, enter judgment for Defendants, and grant any such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 9, 2024

> **MURIEL GOODE-TRUFANT**
> Acting Corporation Counsel of the City of
> New York
> Attorney for Defendants
> 100 Church Street, Room 2-316
> New York, New York 10007-2608
> (212) 356-3522
> erosen@law.nyc.gov

By:      _____/s/ Elisheva L. Rosen_____
                Elisheva L. Rosen
                Assistant Corporation Counsel