UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

AMOURA BRYAN

                     Plaintiff,

    v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, FORMER MAYOR BILL DEBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

                     Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

**SUPPLEMENTAL DECLARATION OF JO SAINT-GEORGE IN SUPPORT OF COUNSELS OF RECORD MOTION TO WITHDRAW ON BEHALF OF PLAINT AMOURA BRYAN**

_____

Jo Saint-George, pursuant to 28 U.S.C. §1746, does hereby state under penalty of perjury that the foregoing is true and correct.

1. To clarify my initial Declaration filed with this Court on October 16, 2024, my statement regarding the lack of communication with Plaintiff Amoura Bryan was not for an entire year; but, rather that communication stopped for a substantive period of time wherein I as Counsel have been unable to effectively provide counsel to Ms. Bryan which has given rise to a real conflict of interest, which potential conflict of interest was explained to Ms. Bryan before the filing of my first declaration for which I had not received a response.

2. Pursuant to New York State Rules of Professional Conduct Rule 1.7 regarding "Conflict of Interest" states: "a lawyer shall not represent a client if a reasonable lawyer would conclude that …. (1) the representation will involve the lawyer in representing differing interest."

3. I hereby declare that representation of Ms. Amoura Bryan involves representing differing interests that would result in a violation of the Rules of Professional Conduct Rule 1.7.

4. Therefore, all counsel of record, myself, Ms. Linsey and Ms. Este-Green hereby requests withdrawal on grounds of conflict of interest wherein we are unable to represent Ms. Bryan without a potential violation of Rule 1.7.

5. Ms. Bryan has been notified of the conflict, and I have provided Ms. Bryan with several options on how to move forward and finally the direct responsive message I received yesterday, without disclosing client confidence, is that she agrees that the attorney-client relationship should terminate based on the conflict of interest.

6. I also made clear to Ms. Bryan that due to the conflict of interest, I am unable to respond to the City's Motion to Reconsider on her behalf.

7. Because Ms. Bryan has not disclosed whether she has another lawyer, I again request that the Court please grant her a continuation of at least 90-days so she can procure new counsel and that new counsel will have time to adequately review her case and timely respond to the Motion to Reconsider by the City of New York.

8. The 90-day continuance does not place any undue burden or prejudice on the City of New York other than more time that all the parties to this litigation has had to experience during the pendency and resolution of this case.

9. In conclusion, I hereby again request approval of the request to withdraw as counsel of record for Ms. Bryan and that the Court grant Ms. Bryan at least a 90-day continuance to respond to the City's Motion to Reconsider so that no manifest injustice occurs during the transition of her case.

10. I will be providing Ms. Bryan with her file shortly and/or within the reasonable time instructed by the Rules of Professional Conduct.

Dated: October 21, 2024

/s/ *Jo Saint - George*
Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 602-326-8663