UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

SARA COOMBS, et al.

                    Plaintiffs,

            v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS,
FORMER MAYOR BILL DEBLASIO,
COMISSIONER ASHWIN VASAN, MD, PHD
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
DEPARTMENT OF EDUCATION, AND DOES 1-20

                    Defendants.

_____

10-13-2024 – at 9:22pm

INDEX No.: 1:22 CV 02234-EK-LB

**PLAINTIFF'S MOTION FOR JUDICIAL
DISQUALIFICATION & RECUSAL**

**EXPEDITED RULING REQUESTED**

Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 301-447-3600

Donna Este-Green, Esq. Bar#2517688
*25 Fairway Dr.*
*Hempstead, NY 11550*

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552

*Attorneys for Women of Color for Equal
Justice Plaintiffs*

All Plaintiffs of record, excluding Plaintiff Amoura Bryan, submit this instant memorandum in support of their motion to request that Your Honor recuse himself from hearing Plaintiffs simultaneously filed Motion to Vacate this Courts September 25, 2025 Order pursuant FRCP Rule 60(b)(6) which permits disqualification of Your Honor pursuant to 28 U.S.C. §455(a) and §455(b)(4).

## I.    PRELIMINARY STATEMENT

"A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. See Cannon 2, Code of Conduct for U.S. Judges   Regretfully, Your Honor has utterly failed to comply with the disqualification law under FRCP §455(a) and (b)(4) and Your Honor has willfully and persistently refused over the last two years during the pendency of this case to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.  Your Honor blatantly refused to disclose to the public at large and to Plaintiffs when this case was first assigned to you two years ago  your extrajudicial involvement in the commercialization and $500 Million joint venture investment in the Moderna Technology mRNA vaccine ("Moderna"), which is the subject matter of Plaintiffs case and the outcome of which Your Honor as a financial investment. Your Honor also failed to disclose to the public and to Plaintiffs your financial equity ownership in Moderna through your ownership of Viking Equities the value of which could be effected if Plaintiffs were to win their claims in this case and which you were in conflict with. This willful disclosure failure along with your refusal to investigate the New York City's ("City") fraud on the Court a year ago amounts to the most egregious malfeasance that has impaired Your Honors ability to perform your duties of the office during the pendency of this case. These disqualifications have resulted in the wrongful dismissal of Plaintiffs constitutional and federal protected right to refuse to take the City's mandated Moderna mRNA vaccine along with other vaccines based on religious and non-religious grounds.

1

What makes Your Honor's disqualification and wrongful dismissal of Plaintiffs' case one of the greatest scandals that brings shame to the judicial system is that fact your September 25, 2024 dismissal came two days after the City's ex-COVID-10 czar Dr. Jay Varma was fired from his job at a pharmaceutical firm on September 23, 2024 -  which was a week after he was caught on video tape bragging about hosting sex parties and attending an underground rave at the height of the Covid-pandemic. As Your Honor is aware, Dr. Jay Varma served as a senior health adviser to then City Mayor Bill de Blasio - also named in this case -  who conspired with the City's Health Department Commissioner to issue the Covid-19 Moderna and other vaccine Mandates during COVID-19 Pandemic. Dr. Varma's scandalous activities is supportive evidence that the City's Mandates were not "necessary" and did not require City employees to lose their jobs.

Moreover, Your Honor's dismissal Order was also issued one day after the criminal bribery indictment of the City's Mayor Adams who is also individually named in this case for fraudulently representing to City employees and residents that the Moderna and other vaccine Mandates were "necessary" to prevent the airborne transmission of Covid-19.  Your dismissal of Plaintiffs' individual fraud claims against Mayor Adams after his indictment looks like a cover-up and appears that your may have been bribed to dismiss Plaintiffs case against Mayor Adams to also cover up your own self-dealing in this case because Plaintiffs provided this Court with the expert affidavit of Dr. Baxter Montgomery who provided medical expert testimony that the Moderna Covid-19 vaccine along with other vaccines are incapable of preventing the transmission of Covid-19 airborne virus.

Your Honors disclosure failures, along with your failure to investigate the City Lawyers fraud on the court and recent dismissal of Plaintiffs' claims around same the time as these other scandals with the City's mayors and health advisors appears as a blatant cover up of not only Your

2

Honor's own inappropriate financial dealings but also a cover of the City's criminal fraud to deprive City employees of their constitutional rights which is an afront to the millions of U.S. citizens who have demanded that their right to refuse government and private industry mandates to inject the Moderna vaccine or any other vaccine into their bodies to be protected by the judicial system. Your Honor's calculated efforts to deprive Plaintiffs of their constitutional and federally protected fundamental rights have destroyed the public's confidence in the courts system and this courts' ability to protect litigants' access to fair, efficient and unbiased adjudication.

Therefore, Your Honor must recusal yourself from hearing Plaintiffs simultaneously filed Motion to Vacate the September 25, 2024 Order. Plaintiffs have lost all respect and trust in Your Honor's ability to provide unbiased rulings in this case and your failure to disqualify yourself and cause substantial delays while refusing Plaintiffs their basic right to be heard and the law property discussed and evaluated by all parties and this Court has brought shame on America's entire judiciary and your recusal is the only path to healing the pain. See *U.S. v. Delacruz-Soto*, 414 F.3d 1158 (10th Cir. 2005) Particularly, Your honors failure to at minimum hold oral arguments and with discussion on any of the motions pending before this Court to address serious issues of law of first impression that affected Plaintiffs constitutional rights was a "'flagrant abuse which seriously affects the fairness, integrity, or public reputation of judicial proceedings, and cause[d] substantial prejudice…" to Plaintiffs. See *United States v. Williams,* 690 F.3d 70, 75 (2d Cir. 2012)..." *United States v. Munshani*, 23-6520-cr (2nd Cir. Oct 09, 2024)

## II.    STATEMENT OF FACTS

According to the Public Questionnaire for Judicial Nominees submitted by Your Honor to the United States Senate Committee on the Judiciary ("Questionnaire"), Your Honor reported that from 2008 until June 30, 2018, you served as the first General Counsel for Viking Global Investors,

LP (Viking), which is a private equity hedge fund that in 2018 had approximately $30 Billion in assets under management in roughly 100 companies. See <u>Exhibit 1</u>, attached and incorporated by this reference the Public Questionnaire for Judicial Nominees" ("Questionnaire")

According to a public press release dated February 1, 2018, it was reported that Viking participated in a joint venture investment of $500 million into Moderna Therapeutics ("Moderna")– the manufacture of the Covid-19 mRNA vaccine and that Viking had made a previous investment into Moderna in 2016. See <u>Exhibit 2</u>, Moderna Investment Press Release– attached hereto and incorporated by this reference

Based on your Judicial Questionnaire, Your Honor was responsible for the regulatory evaluation and equity financing of Vikings joint venture investment of the $500 Million into Moderna Technology that included the Moderna's mRNA vaccine technology.

As a result of Your Honors management of Vikings private equity investment into Moderna, Your Honor was provided confidential information, as part of your due diligence as general counsel for Viking into the investment of the Modern, regarding Moderna's mRNA technology used in the development of Moderna's Covid-19 vaccine. This confidential Moderna mRNA information included, but was not limited to, clinical trials information, safety information, regulatory approvals for the mRNA technology and information as to whether the Moderna nRNA vaccine technology complied with the FDA guidelines regarding DNA vaccines and whether Moderna mRNA/vaccines contained nucleic acid contaminants in the present of lipid nanoparticle complexes, as reported by Florida's State Surgeon General Joseph A. Ladapo, MD, PhD  in his letters of May and December 2023. See <u>Exhibit 3</u> Letters by Dr. Ladapo indicating concern that Moderna mRNA vaccines did not meet FDA guidelines for DNA vaccines.

According to public reports, the United States purchased over 300 million doses of Moderna mRNA vaccines by July 2021 with approximately 13 Million New York City residents

vaccinated by November 2021 according to the NYC Health Vaccine Data report that shows the New York City residents also received the Moderna mRNA developed Covid-19 vaccine. See Exhibit 4 US. Purchase Report and See Exhibit 5, NYC Covid-19 Vaccine Data incorporated herein by this reference.

According to your Judicial Questionnaire, a short time after your general counsel management of the investment into Moderna on or before the press release dated February 1, 2018, Your Honor completed the public Judicial Questionnaire to be considered as a candidate to fill a judge vacancy at the U.S. State Federal Court for Eastern District of New York. See Exhibit 1

In your Judicial Questionnaire, Your Honor blatantly failed to disclose as a "significant legal activity" Your Honors most recent significant activity as General Counsel for Viking wherein you managed the regulatory evaluation and documentation of Vikings joint investment of the $500 Million into Modern, which failure is reflected in your response to the following question #18 in the Questionnaire. See Exhibit 1

18. **Legal Activities**: Describe the most significant legal activities you have pursued, including significant litigation which did not progress to trial or legal matters that did not involve litigation. Describe fully the nature of your participation in these activities. List any client(s) or organization(s) for whom you performed lobbying activities and describe the lobbying activities you performed on behalf of such client(s) or organizations(s).

As the first general counsel at Viking Global Investors, I built a department responsible for all legal, regulatory and compliance matters on behalf of an investment advisor managing tens of billions of dollars in assets in jurisdictions around the world. I led the development of Viking's compliance policies, built a training regimen for employees in the firm's U.S. and non-U.S. offices, and developed a comprehensive compliance-testing process. I supervised the legal aspects of Viking's counterparty-risk management effort – the effort to ensure that Viking's clients receive maximum protection in the event of a failure of a trading counterparty or custodian of our funds' assets. I also supervised the negotiation and legal drafting for complex corporate and securities transactions in jurisdictions around the world. As discussed below, I also instituted a *pro bono* program and did *pro bono* work myself while at Viking.

According to your Judicial Questionnaire, on May 15, 2018, President Donald J. Trump submitted Your Honor's nomination to the U.S. Senate to fill the vacancy at United States District Court for the Eastern District of New York after the White House Counsel's Office reached out to

5

you March 7, 2017 about including your name as a potential nominee for a judicial vacancy and your interview with Senator Schumers office.  See <u>Exhibit 1</u>, Page 28 Questionnaire

On December 5, 2019, Your Honor was commissioned to serve as a federal district court judge in the Eastern District of New York. See <u>Exhibit 6</u> – Press Article and Judicial Bio and commission

At no time before Your Honor was commissioned did you disclose to the public in an updated Judicial Questionnaire or by any other method that you managed Vikings' due diligence and joint investment of $500 Million into Moderna.

On April 12, 2022, Plaintiffs, a proposed class of City of New York workers, filed their Complaint in the New York Eastern District Court seeking compensatory and punitive damages along with injunctive and declaratory relief from the City of New York (NYC) Covid-19 vaccine mandate which required all NYC employees and private sector employees to take a Covid-19 vaccine to keep their jobs, which included the Moderna mRNA vaccine that was being administered in New York City. Plaintiffs' request for relief was based on their constitutional First Amendment Free Exercise right to refuse vaccines and their federal statutory right contained in the OSH Act at 29 USC 669 Section 25(a)(5), which expressly bans vaccine/immunization, medical treatment and testing mandates by employers.  Plaintiffs' case was assigned to Your Honor on April 20, 2022 to preside over and fairly adjudicate. Plaintiffs specifically sought a declaration from Your Honor based on existing law that Plaintiffs and all citizens in the United States have the fundamental right to refuse the Moderna mRNA vaccine along with any other vaccine or medical treatment on religious grounds that is as a matter of law protected by the First Amendment Free Exercise Clause of the constitution and the OSH Act.

At no time after Plaintiffs case was assigned to Your Honor did Your Honor disclose to Plaintiffs your extrajudicial involvement as general counsel in the management of the due

diligence and Viking joint venture equity investment of $500 Million into Moderna Technology (Moderna) and the mRNA vaccine. Neither did Your Honor disclose your financial ownership of Modern equity interest through your ownership of Viking Equities.

Shortly after Your Honor was assigned to Plaintiffs case, Plaintiffs' counsel researched Your Honor's background and was not able to identify any potential disqualifying conflicts based on a review of Your Honors Judicial Questionnaire that did not disclose Your Honors confidential management of Viking's investment into Moderna Technology. Also, because Your Honor had not filed any Federal Judicial Financial Reports in the Federal Court data base located at https://pub.jefs.uscourts.gov/ prior to or immediately after Your Honors assignment to Plaintiffs case, Your Honors financial investment into Moderna was not discoverable, particularly since there was no expressed disclosure of Your Honor's financial interest in Moderna Technologies through your Viking Equities ownership. See Exhibit 7 – Judicial Financial Reporting Databased Screen Shot.

It was not until May 10, 2022, approximately one month after Plaintiffs filed their complaint and over 2 ½ years after Your Honor was commissioned to serve as a district court judge, that Your Honor for the first time filed your Federal Financial Disclosure Report for the Period of 1/01/2021 – 12/31/2021 disclosing that you served as a Director for the Viking Global Foundation, Inc. (a charitable nonprofit) and that you owned dividend investments in Viking Global Equities, LP and Global Opportunities, but nowhere in that report is there an expressed disclosure that your Viking investments included investments in the vaccine manufacturer Moderna. See Exhibit 8, Judicial Financial Disclosure Reports attached and incorporated herein.

Again on July 7, 2023, Your Honor filed your 2022 Federal Financial Disclosure Report for the Period of 1/01/2022 – 12/31/2022 disclosing that you served as a Director for the Viking Global Foundation, Inc. and that you owned dividend investments in Viking Global Equities, LP

and Global Opportunities; but, nowhere in that report did you expressly disclose that your Viking financial dividends included private equity ownership of Moderna shares or a Moderna financial interest. See Exhibit 9, Judicial Financial Disclosure Report attached and incorporated herein.

Due to Your Honors failure to expressly disclose in both your Federal Financial Reports that your equity ownership in Viking Global Equities included an ownership interest in Moderna, there was no way for Plaintiffs or any litigant to learn of your possible disqualifying financial interest in the Moderna Covid-19 vaccine.

On July 10, 2023, a little over a year after Plaintiffs filed their complaint and motions to enjoin the City's Covid-19 vaccine mandates, Plaintiffs filed a Rule 11 Motion for Sanctions[1] because Plaintiffs discovered that the City of New York legal department counsel of record, the Honorable Sylvia O. Hinds-Radix and Of Counsel Attorney Elisheva Rosen (NYC Lawyers) made false statements of law to Your Honor in their Motion To Dismiss Plaintiffs complaint for declaratory and injunctive Relief as well as punitive damages. See ECF #47.  Specifically, the NYC Lawyers made the false legal contention that as a matter of law, Plaintiffs do not have a private right of action pursuant to the OSH Act 29 USC 660 Section 11(c), which legal contention was objectively baseless at the time it was made, "legally indefensible," and "groundless in law" based on the 200 cases provided by Plaintiffs to Your Honor that provided clear and convincing evidence that Plaintiffs could maintain a non-regulatory private right of action for violations of their statutory rights under the OSH Act at 29 USC 669 Section 25(a)(5). See *Brubaker v. City of Richmond*, 943 F.2d 1363, 1385 (4th Cir. 1991). (herein after the Fraud on the Court")

On August 24, 2023, Plaintiffs also filed a Rule 60(b)3 Motion to Vacate Your Honors November 15, 2022 Order at ECF #37 denying Plaintiffs emergency Motion Temporary and

[1] Plaintiffs served their Rule 11 Sanction Motion after the 60 day "safe harbor" term passed for the City to recant their false statements of law to the Court in their opposition to Plaintiffs' Motion for Temporary and Preliminary Injunction, that never received a hearing and was denied without any oral argument.

8

Preliminary Injunctions against NYC's vaccine mandates because the NYC Lawyers again made the same Fraud on the Court contention to this Court in their Opposition to the emergency motion that this Court relied on to deny Plaintiffs requested injunction. Plaintiffs Motion to Vacate specifically requested that Your Honor hold expedited oral arguments regarding the validity of the two Fraud on the Court Motions before Your Honor ruled on NYC's dispositive Motion to Dismiss Plaintiffs, so that Plaintiffs would be afforded the "full right to be heard" as directed by Judicial Canon 3A(2) and so that Your Honor could meet its obligation to fully investigate why the NYC Lawyers made the alleged false legal contention despite the fact that Plaintiffs provided Your Honor with over 200 cases that clearly established that the false legal contention did not apply to the statutory rights of Plaintiffs under the OSH Act 29 USC 669 Section 20(a). (hereinafter the Rule 11 and Rule 60(b)3 motion will be referred to as the "Fraud on the Court Motions")

After Plaintiffs many requests for hearings, status conferences and bifurcated oral argument hearings on the two Fraud on the Court motions and Plaintiffs patiently waited over 60 months for Your Honor to review the 200 cases provided in support of Plaintiffs Fraud on the Court Motions, and Your Honor continued to refuse all of Plaintiffs' request for a hearing on all pending motions, including Plaintiffs pending motion for summary judgment and refused to investigate the Fraud on the Court Motions. During the 2-year pendency of Plaintiffs lawsuit, Your Honor never allowed Plaintiffs any opportunity to be heard on any motion filed and Your Honor failed to provide any oral argument on any of the motions filed by Plaintiffs or by NYC during the entire pendency of the case.

Instead on September 25, 2024 Your Honor, without any oral argument, dismissed Plaintiffs claims without any reference to the 200 cases that provided clear and convincing evidence that the NYC Lawyers committed fraud on the court. Your Honor's dismissal was an abdication of Your Honors duty under Judicial Canon 3B(6) which admonishes that a "judge

<u>should take appropriate action</u> upon receipt of reliable information indicating the likelihood ……that a lawyer violated applicable rules of professional conduct." See *Coulter v. Bissoon*, Civil Action No. 16-1881-RGA (W.D. Pa. Jul 05, 2017); *Cobell v. Norton* CV 96-1285 (D. D.C. 2006) see also *Bradley v. Sunbeam Corporation*, Civil Action No. 5:99CV144 (N.D. W.Va. 2003)  - See EFC #100 – Order  The 200 cases provided by Plaintiffs was more than "reliable information" the proved that the NYC Lawyers legal content was baseless.

   Blindsided by the Court's refusal to first hear the two fraud on the court motions and failure to even provide oral argument on NYC's Motion to Dismiss that was primarily based on the fraudulent legal claims, Plaintiffs did more research into Your Honors prior employment, and just recently discovered Your Honors prior hidden general counsel management of Vikings investment into the Moderna Technology and mRNA vaccine, and Your Honors personal financial equity ownership of Moderna shares through your ownership of Viking Global Equities and Opportunities shares which was not clearly revealed in your Federal Financial Disclosure Reports filed after Plaintiffs case was assigned to Your Honor.


**II      STANDARD OF REVIEW FOR RECUSAL**


   Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Also, a judge is shall recuse himself under 28 U.S.C. § 455(b)(1) & (4):

   (1)  Where he has …….personal knowledge of disputed evidentiary facts concerning the proceeding; and/or

   (4) He knows that he, individually ………has a financial interest in the subject matter in controversy or……., or any other interest that could be substantially affected by the outcome of the proceeding;

The Second Circuit Court of Appeals has interpreted 28 U.S.C. §455(a) as asking whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal," or alternatively, whether "a reasonable person, knowing all the facts," would question the judge's impartiality. *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992)

The Second Circuit Court of Appeals evaluates "partiality under § 455(a) on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994) ("The goal of section 455(a) is to avoid even the appearance of partiality.") In making that objective analysis, the Court considers "whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996); see also Code of Conduct for United States Judges, Canon 2(A) ("An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired."). "'[I]f the question of whether 455(a) requires disqualification is a close one, the balance tips in favor of recusal." Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995..." In Re Boston's Children, 244 F.3d 164 (1st Cir. 2001)

The U.S. Supreme Court also held that "the goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists. *Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847, (1987)

Essentially, under Section 455(a) a judge has no discretion to not disqualify himself particularly when it is obvious that a judges extrajudicial activity creates a real "appearance" of

bias. In other words, if it looks bad, then it is bad and disqualification is mandatory. At minimum, a judges failure to investigate a valid claim of fraud on the court as required under Code of Conduct for United States Judges Canon 3B(6), which admonishes that a "judge should take appropriate action upon receipt of reliable information indicating the likelihood ……that a lawyer violated applicable rules of professional conduct, is a serious indicator that a judge should acknowledge there is an actual "bias" and not just an appearance of bias that disqualifies a judge.

Section 455(b) operates differently, requiring "actual knowledge . . . regarding disqualifying circumstances and provid[ing] a bright line as to disqualification based on a known financial interest……" See *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). A "known financial interest in a party, no matter how small, is a disqualifying conflict of interest and one that cannot even be waived by the parties." Id. at 128, which includes for purposes of Section 455(b)(4) a financial interest in the "subject matter in controversy"…… that could be substantially affected by the outcome of the proceeding."

In the *Chase c*ase, the Second Circuit specifically held that:

> "recusal was required under § 455 because a reasonable person could find a violation of § 455(b), despite the judgment for Chase Manhattan Bank being so small relative to the firm's size that it would not cause a "discernable" increase in the share values owned by the district judge, which were themselves not even 1% of the judge's personal assets.

Furthermore, the U.S. Supreme Court made clear in *Liljeberg v. Health Servs. Acquisition Cor*p., 486 U.S. 847, 871 (1988) that "Congress intended the provisions of § 455(b) to remove any doubt about recusal in cases where "a judge's interest is too closely connected with the litigation to allow his participation," as was found by the Second Circuit in the *Chase* case. (Emphasis added)

12

In addition, the U.S. Supreme Court also held in *Liljeberg* at 869 [2] that judges have a **duty** to "more carefully search for and disclose disqualification grounds" and that any "delay" to recuse oneself is an "inexcusable failure" that is attributable to the judge and would not foreclose relief to a litigant seeking to vacate a judgment based on a violation of §455(a).

Last, but not least, the Judicial Canon 2A requires that a "judge <u>should</u> respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." The Commentary to Judicial Canon 2A specifically states that [a] judge must avoid all impropriety and appearance of impropriety." Finally, Judicial Canon 3(a)(2) admonishes that a judge "<u>should</u> hear and decide matters assigned, unless disqualified, and Canon 3A(4) specifically states that "[a] judge <u>should</u> accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard."

The only Circuit Court of Appeals to interpret the meaning of the individual words used in the Judicial Canons, the 7th Circuit Court of Appeals has defined the word "should" as used in Judicial Canons as "the past tense of shall," (Webster's New World Dictionary at 1349 (1962)) and as listed in Roget's Thesaurus should means "be obliged, must ... have to." See *U.S. v. Anderson*, 798 F.2d 919, 924 (7th Cir. 1986)  Also state courts have interpret the word "should" in state judicial canons as "shall" and "impose a mandatory rule of conduct upon a judge." See also *Galloway v. Campbell*, 142 Ind. 288, 41 N.E. 597 (1895)

Based on these interpretations of the word "should" in the Canons, judges are mandated to comply those "should" Canons and violation of those mandatory Canons should result in discipline under the Judicial Conduct and Disability Act of 1980 at 28 USC §352. Under the Act, a judge

---

[2] *Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847, 869 (1987) (Held in summary that a 10-month delay after affirmance by the Court of Appeals of a judgment was not foreclosed when the judge's "inexcusable failure" to disqualify himself contributed to the plaintiffs delay in filing the motion to recuse.)

who engages in misconduct may be publicly or privately reprimanded, temporarily barred from hearing new cases, disqualified from an existing case, or referred for possible impeachment.

The "denial of a recusal motion is judged for an abuse of discretion." see *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987).

## III    ARGUMENT

### A.  Breach of §455(a) -Disqualification For The Appearance of Impropriety

Applying the law to the facts in this case, it is without question that when Your Honor was assigned to Plaintiffs case - the goal of which was to declare the rights of millions of American to refuse to take the Covid-19 vaccine - which included specifically the Moderna mRNA vaccine – Your Honor had a duty to first disclose you in the Judicial Questionnaire that you had extrajudicial management of the private equity financing of the joint venture investment of $500 Millon into Moderna Technology from which you had acquired confidential non-public information about whether the Moderna mRNA technology had met regulatory guidelines under the FDA and met OSHA standards for preventing the spread of the airborne Covid-19 hazard. Second, you had a duty to disclose immediately after you were commission in December 2019, since you had not filed your Federal Financial Reports, that you owned private equity shares in Moderna through your ownership of Viking Global Equities LP both of which was information not publicly available nor disclosed by you in your Senate Questionnaire nor Judicial Financial Reports.

Because Your Honor failed to make those initial disclosures to the public before Your Honor was commissioned to become a judge, and Your Honor failed to disclose those facts to Plaintiffs after their case was assigned to you,  any reasonable person knowing these disclosure failures and the facts regarding Your Honors "close connection" and intimacy with the financial

14

and regulatory status of the Moderna mRNA technology immediately before the Modern mRNA vaccine was sold to the U.S. for distribution and mandated by the City of New York would conclude without doubt that Your Honor's honesty, integrity, impartiality, temperament, or fitness to serve as a judge would be impaired. Your Honors extrajudicial "close connection" with the financing of the Moderna mRNA technology alone gave the appearance of bias and impartiality in favor of the NYC mandate. There is no way in Your Honors right mind that you could have believed that the Plaintiffs in this case would not have requested your impartially in case had you fully disclosed your extrajudicial participating in the Moderna vaccine financing. Instead, Your Honor willfully withheld that information and to date have never disclosed those facts to Plaintiffs or the public.

### B.  Breach of §455(b) – Disqualification Based on

What makes Your Honor's willful failure to disclose your prior extrajudicial conduct most egregious is the fact that you also withheld filing your first Federal Financial Report until almost a month after Plaintiffs filed their complaint. That failure to report your equity ownership in Moderna through Viking Equities, not only "appears" prejudicial but it is evidence of a calculated choice by you to withhold the information so that it would be hidden until after the time Plaintiffs could discover the information and move recure Your Honor at the beginning of the case.

Because the "subject matter" of Plaintiffs complaint is focused on obtaining for all U.S. citizens the fundamental right to refuse the Moderna vaccine and any other vaccine for religious and non-religious reasons, Your Honor knew that if Plaintiffs would have their right to refuse the Moderna vaccine along with all vaccines protected by the First Amendment and the OSH Act by court order, then all U.S. Citizens would have the right to refuse all vaccines, which would have a direct effect on the revenues of Moderna Technologies which Your Honor owns a financial interest through ownership of Viking Global Equities. This knowledge of your interest in the outcome of

15

the case and failure to recuse yourself when the case was assigned to you violated §455(b)(4). Also, Your Honor served as Executive Director for the Viking Foundation, which keeps you in close proximity with the affairs of Viking investments and its investments in Moderna.

28 U.S.C. §455(b)(4) requires recusal when Your Honor may only own a "small" financial interest that could be affected by the outcome of the proceeding. See *Chase* at 127. The Federal Financial Report indicates that your first financial report was disclosed over a month after Plaintiffs' complaint was filed and assigned to Your Honor and Your Honor never disclosed that information to Plaintiffs. Your Honor again, knew that the outcomes of Plaintiffs claims could forever impact the number of Moderna vaccines purchased by the U.S. because millions of Americans would have the right to refuse all vaccines, thereby impacting directly Your Honors ownership interest in Modern through your ownership of Viking Global Equities.

Furthermore, Your Honors extrajudicial knowledge regarding whether the Moderna mRNA vaccine technology complied with FDA guidelines for DNA vaccines and whether the Moderna mRNA could meet OSHA regulatory standards to prevent the transmission of the Covid-19 as an airborne hazards also automatically disqualified Your Honor because Your Honor possessed extrajudicial knowledge of facts as to whether the Moderna vaccine was "necessary" based on the possible lack of FDA compliance as was outlined by the Florida surgeon general Dr. Ladop and lack of OSHA regulatory compliance. This "actual inside knowledge" most certainly would give the "appearance" of prejudice in favor of the NYC mandate to cover up the fact that the Moderna mRNA vaccine may not have met FDA regulatory guidelines and did not meet the OSHA standards to prevent employee and public exposure to the Covid-19 airborne hazard as established in the affidavit by Dr. Baxter Montgomery that supported Plaintiffs complaint.

**C.  Breach of A Judicial Canon Results In Mandatory Disqualification**

16

Finally, the most egregious act of partiality displayed by Your Honor was your failure to abide by the Judicial Canon 3B6 of the Code of Conduct for United States Judges which directs Your Honor to "initiate appropriate action when a judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a lawyer." See *Cobell v. Norton*, 212 F.R.D. 14, 23 (D.D.C. 2002) "In the face of such misconduct, it would be an act of negligence for this Court to stand idly by." Id. at 24 While Plaintiffs waited patiently for a year for Your Honor to read the 200 cases provided to the Court that proved by clear and convincing evidence that the NYC Lawyers legal contention that Plaintiffs have no private right of action pursuant to OSH Act at 29 USC §660 Section 11(c) was objectively baseless and legally indefensible and groundless in law, this Court's refusal to initiate appropriate action including refusal to grant a hearing to investigate why the NYC Lawyers made such a baseless legal claim clearly demonstrates Your Honors bias in favor of the City and the City Moderna and other vaccine mandate; but, which bias was only revealed when Your Honor also dismissed all of Plaintiffs claims in reliance on the fraudulent legal contention.

These massive delays in the disclosure of extremely important information about Your Honors bias in favor of mandating vaccines due to your prior extrajudicial knowledge about the Moderna mRNA vaccines, financial interest in the Moderna vaccines and refusal to investigate the NYC Lawyers fraud on the court, not only disqualified Your Honor to hear Plaintiffs case when the case was assigned but also disqualifies Your Honor to hear Plaintiffs Motion to Vacate Your Honors September 25, 2024 Order for violating the judicial disqualification rules under Section 455(a) and (b)(4) filed simultaneous with this Motion to Recuse.

Last, but not least, the Judicial Canon 3(a)(1) & (4) admonishes judges to provide the right for litigants to be heard - including orally - to "avoid the appearance of impropriety." Your Honor has weaponize the rules of civil procedure and rules of court to delay fair and impartial rulings on

pending of Plaintiffs motions for 2 years without grants one full hearing on any motion, despite multiple requests for expedited hearing, particularly to address Plaintiffs request for Declaratory Judgement which is to be placed on an expedited calendar. Canon 3A(2) states: A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings. Judicial Canon 2A(4) also states that "[a] judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard…

Not only did you refused full a blown hearing on substantive legal issues in this case,  but you delayed all responses to simple requests made by Plaintiffs, like the request to Amend their complaint. After over a six (6) months delay, and Your Honor finally granted Plaintiffs counsel the right to file an Amended complaint but only gave counsel three (3) days to file an Amended Complaint and the date fell on the Federal Holiday of Martin Luther King, Jr. when the Court was closed. Your Honor new full well that counsel of record for the Women of Color for Equal Justice would be involved in volunteer service on that national holiday, yet Your Honor set the deadline on the Holiday.

## IV    CONCLUSION AND PROPOSED DISCIPLINE

Based on Judge Komitee's deceptive practices starting with his conscious disregard for the mandated disclosures called for in the Senate Judicial Questionnaire and his blatant refusal to file Federal Financial Reports for two years after he had been commissioned in December 2019 and then his ruthless decision to refuse to disclose his extrajudicial significant legal activity and financial investments in Modern, which he still owns now, to Plaintiffs and the pubic, requires that that Judge Komitee is impeached and removed from his office.

This level of judicial deception is evidence of a deep corruption that cannot be rehabilitated with a simple slap on the hand. Judge Komitee must be impeached in order to repair the fairness, integrity, or public reputation of the judicial process, which has now been. Judge Komitee's subversive deception calls into question whether there are more cases from which Judge Komitee should have been disqualified from and whether he a capable of ever providing unbiased rulings in any case, but in particular any case involving Moderna and any vaccine case that comes before him. With millions of Americans affected by these Moderna and other vaccine mandates by private and public sector employers, Judge Komitee owes an apology to all Americans and the only way that those affected, including Plaintiffs can begin their healing journey from the affects of those illegal mandates and Judges Komitee's cover up, is to impeach Judge Komitee. It would not be the end of the world if he is removed. Media stories about him during his candidacy reveals that Judge Komitee's net worth is well over $10 Million. Millions of Americans making under $100,000 lost their jobs for standing for their faith. At minimum Judge Komitee should lose his job for his judicial deception and conspiracy to deprive Americans of their Constitutional rights.

Anything short of this discipline will call into question the entire judicial disciplinary system and would be an apocalyptic event that for many would signal the end of this world.

refuse to provide made before he was appointed to the bench and after his appointment to his current judicial role,

should at least be publicly reprimanded due to his failure to fully disclose his "substantial legal activity" at Viking in his Senate Candidate which is used by the public to identify issues in the background of judicial candidate. Judge Komitee's pre-meditated refusal to disclose his substantial leadership in the joint commercialization and financial investment of $500 Million Modern Technologies including the mRNA vaccine sold to the U.S. Government must be disclosed to correct his wrong on the public. His involvement in the due diligence of that significan

transaction wherein he received as general counsel for Viking – top secrete confidential product information and information about Modern's regulatory compliance with the FDA DNA guidelines was definite significant legal activity that the pubic should have been made aware. Also, Judge Komitee's disclosure to the Senate of his management of that substantial legal activity involving Moderna Technologies would not have been prohibit because one of Moderna's outside counsel published a press release disclosing its participation in the transaction, which Judge Komitee could have done in his Senate Candidate Disclosure. See Exhibit _____, Press Release

In summary, Plaintiffs respectfully requests Your Honor to recuse yourself from ruling on Plaintiffs simultaneous filed FRCP Rule 60(b)(6) Motion to Vacate your September 25, 2024 Order based on your honors disqualifications as outlined herein and other reasons explained in this motion. Your Honors blatant disclosure failures to the public and to Plaintiffs along with your Honors refusal to investigate the NYC Lawyers fraud on the court despite the mountain of evidence has resulted an egregious injustice to Plaintiffs through your dismissal of their claims with prejudice, which decision will produce injustices in other cases depriving all citizens of their human rights under the constitution and OSHA and which has undermined the public confidence in the judicial process.

Dated: October 18, 2024                              Respectfully submitted,

/s/ Jo Saint-George
_____
Jo Saint-George, Esq.
14216 Dunwood Valley Dr
Bowie MD 20721-1246
Email: jo@woc4equaljustice.org
Counsel for Plaintiffs