UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA. HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MOORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, SARAH WIESEL SUZANNE SCHROETER, DAWN SCHOL, LYNDSAY WANSER, CHRISTIAN MURILLO, MONIQUE MORE, NATALYA HOGAN, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, TINA LUNCH, PATRICIA CATOIRE, MARK WHITSETT, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON  individually and on behalf of similarly situated individuals,

          Plaintiffs,
v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD, FORMER MAYOR BILL deBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD,  AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

          Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

**NOTICE OF APPEAL**

Notice is hereby given that the following parties:

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA. HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MOORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, SARAH WIESEL SUZANNE SCHROETER, DAWN SCHOL, LYNDSAY WANSER, CHRISTIAN MURILLO, MONIQUE MORE, NATALYA HOGAN, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, TINA LUNCH, PATRICIA CATOIRE, MARK WHITSETT, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON

in the above-named case appeal to the United States Court of Appeals for the Second Circuit from the order entered on <u>September 25, 2024</u> and Plaintiffs hereby requests the Second Circuit to answer the following pure questions of law:

1. Does the OSH Act under 29 U.S.C. §660 Section 11(c)(1) & (2) provide a private right to any employee who is wrongfully discharged by any public or private employer for exercising their First Amendment Free Exercise religious practice of refusing immunization/vaccines, medical treatment or medical testing, which religious practice is protected by the statutory provision of the OSH Act under 29 U.S.C. §669 Section 20(a)(5);

2. Does Section 1983 provide a private right of action for monetary and injunctive relief for the enforcement of a New York City vaccine mandate municipal law that:

   a. violated the First Amendment Free Exercise Clause under both the strict scrutiny and rational basis tests; and

   b. violated the federal OSH Act Preemption Clause under 29 USC §667 Sec. 18(a) Preemption clause and the OSH Act anti-discrimination clause under 29 U.S.C.

§660 Section 11(c)(1) and the anti-vaccine mandate clause under 29 U.S.C. §669 Section 20(a)(5);

3. Should expert affidavits and plaintiffs affidavits attached to a complaint containing evidence to prove an essential element of a Plaintiffs claim and relied upon in a complaint through an incorporation by reference be considered a "written instrument" under FRCP Rule 10(a) and reviewed and considered as part of a complaint on a motion to dismiss; and

4. Does Judicial Canon 3B6 of the Code of Conduct for the United States Judges require a district court judge to at least hold a hearing to investigate and interrogate through questioning of a lawyer on the record who has been charged by an opposing lawyer through a FRCP Rule 11 Sanction Motion and Rule 60(b)(3) of having committed fraud on the court for making a legal contention that was legally indefensible and groundless in law for which s judge is provided copies of over 200 cases as evidence indicating the likelihood of unprofessional conduct by the offending lawyer.

5. Is it a breach of Judicial Canon 3A(2) for a federal district court judge to deny a litigant the right to a hearing with oral argument  dismiss all claims of a litigant after deny all requests from a litigant

6. Does the discovery of federal district judge's disqualification  and subject to discipline under

October 24, 2024

Respectfully submitted,

/s/ *Jo Saint-George*

_____
Jo Saint-George, Esq. (Pro Hoc)
Women of Color for Equal Justice
Co-Counsel for Class Plaintiffs
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org

Donna Este-Green, Esq. Bar#2517688
*Attorney for Class Plaintiffs*
*25 Fairway Dr.*
*Hempstead, NY 11550*
Women of Color for Equal Justice

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
ph:  860-783-8877
fax:  914-840-1196
email: TriciaLindsayLaw@gmail.com