UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA. HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MOORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, SARAH WIESEL SUZANNE SCHROETER, DAWN SCHOL, LYNDSAY WANSER, CHRISTIAN MURILLO, MONIQUE MORE, NATALYA HOGAN, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, TINA LUNCH, PATRICIA CATOIRE, MARK WHITSETT, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON  individually and on behalf of similarly situated individuals, <br><br>                          Plaintiffs, <br>                v. <br><br>THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD, FORMER MAYOR BILL deBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD,  AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20 <br><br>                          Defendants. | INDEX No.: 1:22 CV 02234-EK-LB <br><br> **CORRECTED NOTICE OF INTERLOCUTORY APPEAL** |

Notice is hereby given that the following parties:

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZBETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA. HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, AND CURTIS BOYCE, JOSESPH SAVIANO, MONIQUE MOORE, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, SARAH WIESEL SUZANNE SCHROETER, DAWN SCHOL, LYNDSAY WANSER, CHRISTIAN MURILLO, MONIQUE MORE, NATALYA HOGAN, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, RASHEEN ODOM, SARAH WIESEL, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, TINA LUNCH, PATRICIA CATOIRE, MARK WHITSETT, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M. PRESTON

in the above-named case file this "corrected" notice of appeal to correct clerical typographical errors in the previously filed notice of appeal on October 25, 2024 to the United States Court of Appeals for the Second Circuit from the order entered on <u>September 25, 2024</u> and Plaintiffs hereby requests the Second Circuit to answer the following pure questions of law:

1. Does the OSH Act under 29 U.S.C. §660 Section 11(c)(1) & (2) provide a private right of action to any employee who is wrongfully discharged by any public or private employer for exercising their First Amendment Free Exercise religious practice of refusing immunization/vaccines, medical treatment or medical testing, which religious practice is protected by the statutory provision of the OSH Act under 29 U.S.C. §669 Section 20(a)(5);

2. Does Section 1983 provide a private right of action for monetary and injunctive relief against the enforcement of a New York City vaccine mandate municipal law that:

    a. violates the First Amendment Free Exercise Clause under both the strict scrutiny and rational basis tests; and

    b. violates the federal OSH Act Preemption Clause under 29 USC §667 Sec. 18(a) and the OSH Act anti-discrimination clause under 29 U.S.C. §660 Section 11(c)(1) and the anti-vaccine mandate clause under 29 U.S.C. §669 Section 20(a)(5);

3. Should expert affidavits and plaintiffs affidavits attached to a complaint containing evidence to prove an essential element of a Plaintiffs claim and relied upon in a complaint through an incorporation by reference be considered a "written instrument" under FRCP Rule 10(a) and reviewed and considered as part of a complaint on a motion to dismiss; and

4. Does Judicial Canon 3B6 of the Code of Conduct for United States Judges require a district court judge to at least hold a hearing to investigate and interrogate through questioning of a lawyer on the record who has been charged by an opposing lawyer for committing fraud on the court under FRCP Rule 11 and Rule 60(b)(3) for making a legal contention that was legally indefensible and groundless in law for which s judge is provided evidence indicating the likelihood of unprofessional conduct by the offending lawyer; and

5. Is it a breach of Judicial Canon 3A(2) for a federal district court judge to dismiss a case for failure to state a claim without ever providing the Plaintiff the right to be heard during the entire 2 and ½ year pendency of the case on all prior pending motions?

October 27, 2024                                         Respectfully submitted,

/s/ *Jo Saint-George*

_____
Jo Saint-George, Esq. (Pro Hoc)
Women of Color for Equal Justice
Co-Counsel for Class Plaintiffs
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org

Donna Este-Green, Esq. Bar#2517688
*Attorney for Class Plaintiffs*
*25 Fairway Dr.*
*Hempstead, NY 11550*
Women of Color for Equal Justice

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
ph:  860-783-8877
fax:  914-840-1196
email: TriciaLindsayLaw@gmail.com