

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

November 6, 2024

**Via ECF**
Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: <u>Women of Color for Equal Justice et. al. v. City of New York, et. al.</u>
> Civil Action No.: 22-CV-02234
> LM No.: 2022-021670

Dear Judge Komitee:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. Defendants write in opposition to Plaintiffs' third motion to vacate. <u>See</u> Memorandum of Law In Support of Plaintiffs Motion to Vacate under Rule 60(b)(2)(3)(6) ("Pl. Mot."), ECF Dkt. No. 109, filed October 25, 2024. For the reasons set forth below, Plaintiffs' motion should be denied and stricken from the record.

### A. Plaintiff's Motion to Vacate is Frivolous

As a preliminary matter, Plaintiffs' motion to vacate is patently frivolous. The motion, which is fifty-one pages long excluding exhibits, and 281 pages including exhibits, is nothing more than a baseless accusation of "bias and intentional prejudice" levied against the Court. <u>See</u> Pl. Mot. at 2. The Court previously warned Plaintiffs against frivolous motion practice. <u>See</u> Memorandum & Order, filed November 18, 2022, ECF Dkt. No. 39 at 10 (warning Plaintiffs that vexatious litigation would "expose them to sanctions"). As evidenced by the docket history, Plaintiffs have failed to heed the Court's warning.[1]

---

[1] A non-exhaustive list of motions that Plaintiffs have filed, often without consideration of the Court's rules, include: two temporary restraining orders (ECF Dkt. Nos. 17, 33), preliminary injunction (ECF Dkt. No. 19), summary judgment (ECF Dkt. Nos. 14, 57-58, 60), class certification (ECF Dkt. No. 52), hearings (ECF Dkt. Nos. 55, 80, 97-98), sanctions (ECF Dkt. No. 64), vacate (ECF Dkt. Nos. 74, 92, 109), and recusal (ECF Dkt. No. 110).

### B. Plaintiffs' Motion to Vacate Should be Stricken from the Record

Plaintiffs' motion should be stricken for failure to comply with Court rules. Rule II(D)(1) of Your Honor's rules expressly states, "Unless prior permission is granted, memoranda in support of and in opposition to motions are limited to twenty-five pages (excluding tables of contents, tables of authorities, exhibits, appendices, or attachments)." However, in addition to Plaintiffs' failure to include a Notice of Motion, Plaintiffs' motion is 51 pages in length. See ECF Dkt. No. 109. Thus, Defendants respectfully request that the Court strike Plaintiffs' motion or, in the alternative, consider only the first twenty-five pages. See Guity v. Uniondale Union Free Sch. Dist., 2017 U.S. Dist. LEXIS 27542, at *15-17 (E.D.N.Y. 2017) ("A district court has discretion in deciding whether to strike a submission not in compliance with a local rule"); Clark v. City of New York, 2015 U.S. Dist. LEXIS 131645 (E.D.N.Y. 2015) (disregarding the pages of a party's brief that exceeded the page limit under Court rules without the Court's prior approval).

### C. Plaintiffs' Motion to Vacate is Actually an Untimely Motion to Reconsider

While Plaintiffs claim that "[t]his motion has not been filed because Plaintiffs are just unhappy with the outcome," Plaintiffs' dissatisfaction with the dismissal of their claims is exactly why they have brough their baseless accusations against the Court. See Pl. Mot. at 4. Plaintiffs' motion to vacate repeats and realleges the arguments Plaintiffs have raised in each prior motion paper before this Court – namely, that Jacobson is no longer good law,[2] that OSHA governs,[3] that there is a private right of action under OSHA,[4] OSHA preemption,[5] and Section 1983 and First Amended claims.[6] Additionally, Plaintiffs attempt to relitigate their prior motion for sanctions (ECF Dkt. No. 64) and their prior motion to vacate pursuant to Rule 60(b)(3) (ECF Dkt. No. 74). See Pl. Mot. at 24 ("Plaintiffs also incorporate their prior Rule 11 Sanction Motions at ECF #64 & #70 and Plaintiff's Rule 60(b)(3) Fraud on the Court Motions at ECF#74 + #79, which motions are also hereby attached incorporated herein by this reference. Rather than restate the content of those motions, Plaintiffs request that those motions are read prior to reading this motion for the sake of keeping this motion on [sic] focused on the facts that permit a vacatur of the September 25, 2024 dismissal order"). Thus, Plaintiff's motion to vacate is, in actuality, an untimely motion to reconsider. However, a motion for reconsideration must be filed within fourteen days of a decision. See FRCP 54(b); Local Rule 6.3; Sussman v. Newspaper & Mail Deliverers' Union of NY & Vic., 2020 U.S. Dist. LEXIS 132615, at *3 (S.D.N.Y. 2020). As the Court issued its decision on Defendants' motion to dismiss on September 25, 2024, Plaintiffs had fourteen days, or until October 9, 2024, to file a motion for reconsideration. However, they failed to do so. Plaintiffs did not file their motion until October 25, 2024, well past the fourteen-day deadline. Thus, Plaintiffs' motion must be denied as untimely.

---

[2] See Pl. Mot. at 5-19 compare ECF Dkt. No. 50 at 3, ECF Dkt. No. 52 at 12-15, ECF Dkt. No. 57 at 7-19, ECF Dkt. No. 58 at 1, ECF Dkt. No. 70 at 7, ECF Dkt. No. 98 at 2.

[3] See Pl. Mot. at 17-20, compare ECF Dkt. No. 88 at 1, ECF Dkt. No. 57 at 16-23, ECF Dkt. No. 52 at 12-15.

[4] See Pl. Mot. at 26, 30-40 compare ECF Dkt. No. 88 at 1, ECF Dkt. No. 57 at 34, ECF Dkt. No. 52 at 16-17, ECF Dkt. No. 50 at 2-3, ECF Dkt. No. 64-1 at 8-10, 12-17, ECF Dkt. No. 70 at 2-3.

[5] See Pl. Mot. at 40-44, compare ECF Dkt. No. 88 at 1, ECF Dkt. No. 57 at 23-29, ECF Dkt. No. 52 at 15-16, ECF Dkt. No. 70 at 6-7, ECF Dkt. No. 36 at 6, Dkt. No. 27 at 1-2, ECF Dkt. No. 17-1 at 16-20.

[6] See Pl. Mot. at 45-46, compare ECF Dkt. No. 88 at 2, ECF Dkt. No. 57 at 29-30, ECF Dkt. No. 36 at 6, ECF Dkt. No. 27 at 3-6.

Moreover, wastefully repeating arguments that were already briefed, considered, and decided is not appropriate on a motion for reconsideration. See Cummings v. City of N.Y., 2021 U.S. Dist. LEXIS 81471, at *9 (S.D.N.Y. 2021). A motion for reconsideration is also not a vehicle to "advance new facts, issues or arguments not previously presented to the Court." RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009). "[A] a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Mccaffrey v. Gatekeeper USA, Inc., 2022 U.S. Dist. LEXIS 80316, at *2-3 (S.D.N.Y. 2022). (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Plaintiffs have not met the exacting standard for a motion to reconsider – they have not shown that the Court overlooked controlling law or fact, shown clear error, or prevent manifest injustice. Thus, Plaintiffs' motion to reconsider should be denied.

### D. Plaintiffs Fail to State a Claim under FRCP 60(b)

Federal Rule of Civil Procedure 60(b) provides a Court with "discretion to relieve a party from a final judgment if (1) the circumstances of the case present grounds justifying relief, and, (2) the movant possesses a meritorious claim in the first instance." Nash v. Bd. of Educ., 2018 U.S. Dist. LEXIS 79294, at *6 (S.D.N.Y. 2018) (internal quotation and citation omitted). "Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." U.S. Bank N.A. v Pinnock (In re Pinnock), 833 F App'x 498, 501 (2d Cir. 2020) (citation omitted). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." Pastor v. P'ship for Children's Rts., 856 F. App'x 343, 345 (2d Cir. 2021). Plaintiffs wholly fail to show any circumstances, let alone any of the required exceptionality, to necessitate the Court invoking FRCP 60(b).

#### a. FRCP 60(b)(2)

Other than a few scant references to FRCP 60(b)(2), Plaintiffs wholly fail to address the standard for vacatur under this provision. See Pl. Mot. at 1, 23, 46-48. FRCP 60(b)(2) permits vacatur when "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." As an initial matter, Plaintiffs' claims were dismissed at the motion to dismiss stage and not at the trial stage. Thus, FRCP 60(b)(2) is inapplicable here. See, e.g., Izmirligil v. Whelan, 2015 U.S. Dist. LEXIS 112562, at *5-6 (E.D.N.Y. 2015) (denying motion to reconsider under FRCP 60(b)(2) because lawsuit was dismissed on procedural grounds). The purported "new evidence" that Plaintiffs seek to introduce is the additional expert testimony of Dr. Peter McCullough. See Pl. Mot. at 46-48. However, expert testimony is not the type of "new evidence" contemplated by FRCP 60(b)(2). See, e.g., Snyder v. Vil. of Luckey, 2024 U.S. Dist. LEXIS 101338, at *6 (N.D. Ohio 2024) ("Plaintiffs have failed to demonstrate or explain how such evidence (even if they could demonstrate it was 'newly discovered') is *material* relative to a determination on a motion to dismiss, a motion that is confined to the pleadings") (emphasis in original) (denying FRCP 60(b)(2) challenge to motion to dismiss decision). It is well established in the Second Circuit, and indeed throughout the federal court system, that a motion to dismiss is limited to the four corners of the complaint. See Memo. & Order, ECF Dkt. No. 99 at 2. Moreover, Plaintiffs previously submitted affidavits from several purported experts along with the Fourth Amended Complaint. See ECF Dkt. No. 88. The Court granted Defendants' motion to dismiss based on the well-established legal precedent in this Circuit

that the City's vaccine mandates were lawful and enforceable and not based on Plaintiffs' hundreds of pages of exhibits. Thus, Plaintiffs' motion should be denied.

**b. FRCP 60(b)(3)**

Other than a few scant references to FRCP 60(b)(3), Plaintiffs wholly fail to address the standard for vacatur under this provision. See Pl. Mot. at 1-2, 21, 24. Rule 60(b)(3) permits relief from a final judgment based on fraud, misrepresentation, or misconduct by the opposing party. See FRCP 60(b)(3). In order to move pursuant to Rule 60(b)(3), the "movant must show that the conduct complained of prevented the moving party from fully and fairly presenting [their] case." Genger v. Genger, 663 Fed. Appx. 44, 50 (2d Cir. 2016 )(internal quotation omitted); see also Windward Bora LLC v. Rampersad, 2023 U.S. Dist. LEXIS 151503, at *20-21 (E.D.N.Y. 2023). Furthermore, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." Bell v. Carlson, 2021 U.S. App. LEXIS 26647, at *1 (2d Cir. 2021) (internal quotation and citation omitted). The same is true when the movant seeks to set aside a judgment based on alleged fraud of the Court. See Windward, 2023 U.S. Dist. LEXIS 151503, at *20-21. When moving pursuant to Rule 60(b)(3) on an accusation of "fraud on the court," such a claim "is limited to fraud which seriously affects the integrity of the normal process of adjudication." Id. quoting King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002). Plaintiffs fail to meet the aforementioned standard. Plaintiffs' motion amounts to nothing more than their subjective dissatisfaction with the Court's handling of their prior motion for sanctions and motion to vacate. See Pl. Mot. at 26 ("Judge Komittee's [sic]…refusal to investigate the City's legal fraud on the court outlined in Plaintiffs' Rule 11 and Rule 60(b)(3) motions"). Thus, Plaintiffs' motion fails.

**c. FRCP 60(b)(6)**

Plaintiffs argue that the Court is disqualified from overseeing the present lawsuit under FRCP 60(b)(6). See Pl. Mot. at 20-23; see also Motion for Recusal, ECF Dkt. No. 110. However, Plaintiffs' baseless accusations amount to nothing more than conspiracy theories. See Pl. Mot. at 24-28. As such, Defendants will not respond further to such baseless accusations of judicial misconduct and fraud.

For these reasons, Defendants respectfully request that the Court strike Plaintiffs' motion from the record or otherwise deny Plaintiffs' motion. Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen_____
Elisheva L. Rosen
Assistant Corporation Counsel

cc:     **Jo Saint-George** (by ECF)
        Women of Color For Equal Justice
        Attorney for Plaintiffs
        Maryland 350 E. Diamond Ave.
        Suite 4077 Ste Unit 4205
        Gaithersburg, MD 20877
        602-326-8663
        jo@woc4equaljustice.org

        **Honorable Lois Bloom** (by ECF)
        United States Magistrate Judge