UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SARA COOMBS-MORENO, REMO DELLO IOIO, ELIZABETH LOIACONO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA HARDING, CHRISTINE O'REILLY, AYSE P. USTARES, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY-ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, MARK MAYNE, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, CURTIS BOYCE, JOSEPH SAVIANO, NATALYA HOGAN, JESSICA CSEPKU, ROSEANNE MUSTACCHIA, YULONDA SMITH, MARIA FIGARO, FRANKIE TROTMAN, EDWARD WEBER, MERVILYN WALLEN, PAULA SMITH, SARAH WIESEL, SUZANNE SCHROETER, DAWN SCHOL, LYNDSAY WANSER, CHRISTIAN MURILLO, MONIQUE MOORE, RASHEEN ODOM, MONICA MARTIN, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, TINA LYNCH, PATRICIA CATOIRE, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN STELLA M. PRESTON RACHELLE GARCIA, JULIE LAWLEY, SUSANNE PHILLIP, MARIA ESTRADA, JENNETTE FRAZER, DEBBY HARTZ AND DIANNE BAKER-PACIUS individually and on behalf of similarly situated individuals,

                Plaintiff,
v.

THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, FORMER MAYOR BILL DEBLASIO, COMISSIONER ASHWIN VASAN, MD, PHD DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20

                Defendants.

INDEX No.: 1:22 CV 02234-EK-LB

**DECLARATION OF JO SAINT-GEORGE COUNSEL OF RECORD REGARDING INCORRECTLY NAMED PLAINTIFFS**

_____

Jo Saint-George, pursuant to 28 U.S.C. §1746, does hereby declare under penalty of

perjury for the State of New York and the laws of the United States of America that the foregoing is true and correct.

1. I am one of the counsels of record in the above reference case appearing Pro Hoc Vice.

2. The case was filed April 12, 2022.

3. At that time, I was contacted by various New York City employees seeking representation along with employees from hospitals and private sector employees.

4. According to my client intake computer application, on May 11, 2023, Mr. Whitsett completed our client "intake" information form seeking representation regarding his claims against the City of New York regarding forced vaccination.

5. Mr. Whitsett supplied supporting documentation regarding his claim.

6. Sometime thereafter Mr. Whitsett had a few conference calls with me and or my team regarding representation.

7. On May 26, 2023, the attached letter of representation was sent to Mr. Whitsett regarding retention. See <u>Exhibit 1</u> – Redacted Proposed Retainer Agreement

8. I recall there was another call regarding his claims.

9. At that time around or after May 26, 2023, my administrative person who is no longer working with me, was managing the distribution and receipt of the retainer agreements and responsible for adding names to the complaint filed under case 22-CV-02234.

10. Mr. Whitsett's name was added to the complaint as a plaintiff.

11. It was my belief that I and/or my administration person received Mr. Whitsett's retention letter confirming his joining the case.

12. If he did not return the retention letter for whatever reason, I do not now recall, his addition to the complaint was an oversight.

13. There was no intent on my part or any of counsel of record to make any material misrepresentation to the Court regarding his representation.

14. At best, Mr. Whitsett's inclusion was an administrative oversight due to the influx of inquiries and requests from hundreds of NYC workers wrongly discharged by the City illegal vaccine mandate.

15. I and/or my administration person had sent out many letters to many NYC employees in the same situation.

16. Since May 2023, however, Mr. Whitsett has been participating in many of the monthly or quarterly meetings with the group of plaintiffs named in the case.

17. The most recent meeting Mr. Whitsett attended was in August 2024.

18. He participated many times in meeting and shared his experiences regarding the City's vaccine mandate and express his support of the group and the lawsuit.

19. Because of his continued participation with the various meetings, I had no reason to suspect that there was any administrative error on our part regarding his participation in the lawsuit, except for the oversight that he did not return his retention letter.

20. Based on the forgoing sworn facts, there is no reason for any sanctions to be issued due to this administrative mistake that was inadvertently overlooked and could have been resolved if Mr. Whitsett had first contacted me.

21. As of November 11, 2024, the Notice of Appeal in this case at ECF #115 has been corrected and Mr. Whitsett's name has been removed based on this administrative error as indicated in the Notice and that notice requested that this court remove his name from the ECF docket.

22. The Notice of Appeal also requests that a few other names be removed from the docket because they were incorrectly listed based on the same set of circumstances as I have explained herein.

23. The docket included healthcare workers and private sector workers incorrectly; again due to clerical mistake.

24. Due to this incident, I have started a comprehensive investigation of the plaintiffs remaining in this case and have requested signed "consent" form from those who seek to remain in the case to confirm their participation.

25. The Court's Order of November 13, 2024 I believe impermissibly demands possible client- confidential information, and/or attorney confidential work product

26. Nevertheless, once I complete the task of seeking consent forms from each party and contacting all the names of those listed in the case in the docket and in our client intake system, I will supply the court with a report confirming the status of each party and make the appropriate corrections.

27. Because not a few of the parties have moved out of state due to the wrongful discharge that happened almost three-years ago now, I have retained a person to make phone calls to each person based on the information we have to confirm their participation and seek the written consent.

28. It is a process, and I ask the court that there is not a hard deadline to complete this task. It is a priority, but we need time, especially due to the holidays.

29. Nevertheless, I have asked Counsel Ms. Rosen for the City of New York, to provide a list of party names that she has reservations about being party of the lawsuit since the City

knows the names of each and every employee ever to be employed with the City so that we could compare lists etc. and she refused.

30. Ms. Rosen has wrongly suggested to me in an email that I have made a misrepresentation to the court regarding our representation, and I gave her the opportunity to make any claims of false representation of specific parties if she can make them based on her employee list.

31. Also, I asked if she could provide a list of individuals that she claims have been represented in other cases that I am not aware of so that I can address the issues she raises about re judicata from the ruling in other cases.

32. She has refused to supply any names regarding person named in other cases and regarding names of individuals she claims we are misrepresenting we represent.

33. In any event, I am making every effort to make all party name corrections in the docket.

Dated: November 20, 2024

/s/ *Jo Saint - George*
Jo Saint-George, Esq.
14216 Dunwood Valley Dr.
Bowie MD 20721-1246
jo@woc4equaljustice.org
Phone: 602-326-8663