

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **ELISHEVA L. ROSEN** |
| *Acting Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | Phone:(212) 356-3522<br>Fax:(212) 356-2089<br>E-mail: erosen@law.nyc.gov |

November 26, 2024

**Via ECF**
Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Women of Color for Equal Justice et. al. v. City of New York, et. al.
           Civil Action No.: 22-CV-02234
           LM No.: 2022-021670

Dear Judge Komitee:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. Defendants write in response to the Court's November 13, 2024, Order and Plaintiff's subsequent letter responses at ECF Dkt. Nos. 116-117.

      Firstly, Defendants are alarmed that individuals who have not consented to participate in the lawsuit have been named as Plaintiffs. There are at minimum, two individuals – Mark Whitsett and Georgiann Gratsley – who were added as named Plaintiffs without their consent and without leave of the Court. See ECF Dkt. No. 117 at 1. Plaintiffs' counsel admits that she does not have and apparently never received a signed retainer agreement from Mr. Whitsett. See ECF Dkt. No. 116-1 at ¶¶ 9-12. Instead, Plaintiffs' counsel assumed that Mr. Whitsett agreed to be represented because she or someone from her firm spoke to him on a few occasions, she sent him a retainer agreement, and he has been "participating in many of the monthly or quarterly meetings with the group of plaintiffs named in the case," the most recent of which was in August. Id. at ¶¶ 4-8, 16-17. Plaintiffs' counsel also goes so far as to blame Mr. Whitsett for not informing her that he did not agree to be represented. See id. at ¶ 20.

      Plaintiffs' counsel also stated that "[t]he Notice of Appeal also requires that a few other names be removed from the docket because they were incorrectly listed based on the same set of circumstances[.]" Id. at ¶ 22. These individuals are not identified, leaving Defendants and the Court to guess how many other individuals have been improperly named without their consent.

On November 1, 2024, the undersigned requested Plaintiffs' counsel provide signed consent forms for all of the individuals she purports to represent in this litigation. Although Plaintiffs' counsel originally agreed to provide the consent forms at the end of the following week, she subsequently refused to do so after the undersigned contacted Plaintiffs' counsel, on November 19, 2024, to ask when the consent forms would be produced. Contrary to Plaintiffs' counsel suggestion, it is not the undersigned's responsibility to identify individuals who may have been inappropriately named as Plaintiffs. Id. at ¶ 29. In fact, the undersigned cannot do so because Plaintiffs' counsel is in sole possession of the pertinent information to determine whether she and her firm have been retained to represent any of the named Plaintiffs. Moreover, it is concerning that Plaintiffs' counsel either cannot or is unwilling to immediately provide signed representation agreements for every named plaintiff who has retained her firm in this action, information that should be readily available. It is also concerning that Plaintiffs' counsel only now has "started a comprehensive investigation of the plaintiffs remaining in this case and have requested signed 'consent' form[s] from those who seek to remain in the case[.]" Id. at ¶ 24. Counsel should know whom they are representing before initiating a lawsuit in their name and noticing an appearance on their behalf.

Additionally, throughout the litigation process, Plaintiffs' counsel has repeatedly unilaterally amended the caption to add additional plaintiffs without leave of the Court. This is procedurally improper. See, e.g., FRCP 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); FRCP 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave"); Roe v. City of N.Y., 151 F. Supp. 2d 495, 508 (S.D.N.Y. 2001) (motions to add plaintiffs must comply with FRCP 20). This lawsuit was initiated on April 19, 2022. See Complaint, ECF Dkt. No. 1. Yet, the ECF docket's parties tab shows that various groups of plaintiffs were unilaterally added without Defendants' consent and without leave of the Court on April 20, 2022, June 10, 2022, September 15, 2022, October 26, 2022, November 16, 2022, January 12, 2024, January 17, 2024, January 20, 2024. It appears that Plaintiff adds additional purported plaintiffs with each successive filing. Given Plaintiffs' counsel inability to readily determine who she represents, adding purported Plaintiffs without leave of the Court, and without concrete proof of their consent to representation, risks harming these individuals' legal rights and remedies.

Most recently, opposing counsel unilaterally added several individuals to the case caption on the Notice of Appeal. See Not. of Appeal, ECF Dkt. Nos. 111-112. Many of these individuals are not listed on the ECF Docket. It is procedurally improper to add prospective litigations to a lawsuit on appeal. The Second Circuit only has jurisdiction to hear claims that were presented to the District Court. The additional plaintiffs that were added never presented their claims to the District Court and Defendants were not given the opportunity to oppose them.

Defendants cannot reasonably defend against a lawsuit when the named plaintiffs change without warning or notice. While preparing the present letter, the undersigned discovered that Plaintiffs' counsel added several individuals as pro se plaintiffs in January 2024, but never requested leave of Court or otherwise informed Defendants. This is particularly concerning because the undersigned has an obligation to send these pro se litigants copies of relevant legal filings. See Parties Docket Entry for Monica Martin, Mark Mayne. Not only was the undersigned not given notice of these additional pro se plaintiffs, but their contact information is not listed on the Court docket, making it impossible for the undersigned to fulfill her legal obligations..

Plaintiffs' counsel's actions in this case have not only prejudiced Defendants but, quite possibly, the legal rights of the very persons Plaintiff's counsel purports to represent. These actions should not be tolerated. Defendants thank the Court for its consideration of this matter.

                        Respectfully submitted,

                        /s/ Elisheva L. Rosen\
                        Elisheva L. Rosen\
                        Assistant Corporation Counsel

cc: **Jo Saint-George** (by ECF)\
Women of Color For Equal Justice\
Attorney for Plaintiffs\
Maryland 350 E. Diamond Ave.\
Suite 4077 Ste Unit 4205\
Gaithersburg, MD 20877\
602-326-8663\
jo@woc4equaljustice.org

**Honorable Lois Bloom** (by ECF)\
United States Magistrate Judge