| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>―――――――――――――――――――――――――<br>SARA COOMBS-MORENO, et al individually and on behalf of similarly situated individuals,<br><br>        Plaintiffs,<br>   v.<br><br>THE CITY OF NEW YORK, MAYOR ERIC L. ADAMS, COMISSIONER ASHWIN VASAN, MD, PHD, FORMER MAYOR BILL de BLASIO, COMISSIONER ASHWIN VASAN, MD, PHD, AND FORMER COMMISSIONER DAVE A. CHOKSHI, M.D., MSC., DEPARTMENT OF HEALTH AND MENTAL HYGIENE, DEPARTMENT OF EDUCATION, AND DOES 1-20<br><br>        Defendants. | INDEX No.: 1:22 CV 02234-EK-LB<br><br>**MOTION RE MISJOINDER OF PARTIES AND ADDITION OF A PARTY**<br>**FED R. CIV. P. RULE 21** |

Plaintiffs, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 21, hereby moves this Honorable Court to remove the names of certain parties misjoined in this case due to clerical or, technical error and certain parties need to be added pursuant to the Fourth Amended Complaint and name misspellings need to be made in the docket.

**I  SUMMARY OF THE FACTS**

  During the Covid-19 Pandemic between August and December 2021, approximately 6,000 New York City workers, along with additional private sector and healthcare workers were abruptly and in an unprecedented way locked out of their workplaces in buildings in New York City (City) and discharged from their jobs due to several Orders by the New York City Department of Health and & Hygiene mandating employees within the City of New York to submit to the Covid-19 vaccine, which also applied to workers with the New York City Department of Education. As a result, thousands of private and City employees sought legal redress for what the workers perceived to be wrongful discharges.

On April 19, 2022, a class of City Employees came together to file a Complaint under case number 22-cv-02234 that was amended on June 10, 2022 to add additional named Plaintiffs and amended again July 11, 2022 to add a claim for class certification, among other things and amended finally on January 22, 2024 to clarify claims and to add additional parties as part of the proposed class.

Due to this large demand for legal services by discharged workers, counsel for Plaintiffs during their intake processing of requests for representation and requests regarding claims, certain clerical mistakes along with certain technology errors occurred that caused certain parties to be "misjoined" and named as parties incorrectly in this case as outlined in the declaration by Plaintiffs counsel of record Jo Saint-George filed on November 20, 2024 in the ECF# 116. Since discovering the errors recognized only recently by a letter from an incorrectly named party Mark Whitsett, Counsel Saint-George has performed an audit of the in-take process and have obtained Consents from each party that has been properly retained and named in this case. See <u>Exhibit 1</u> – Saint-George Declaration and <u>Exhibit 2</u> - Party Consents

Also, like Mr. Whitsett, two other misjoined parties, Ms. Natalya Hogan and Ms. Suzanne Deegan have since provided Declarations that they have asked to be filed in support of this motion for removal of misjoined parties. See <u>Exhibits 3</u> – Declaration of Ms. Hogan and <u>Exhibit 4</u> – Declaration of Ms. Deegan

Furthermore, on January 22, 2024, Plaintiffs filed a Fourth Amended Complaint at ECF #88 that this Court approved and accepted on February 23, 2024 and the party Debby Hartz was added to the Complaint as a similarly situated party exerting all claims named in the Fourth Amended Complaint. However, Plaintiff Debby Hartz was not added to the docket as a named Plaintiff when she should have been based on her being named as a similarly situated Plaintiff who also exercised

her OSHA protected First Amendment right to refuse to submit to the New York City Covid-19 vaccine mandate on religious grounds.

Lastly, Plaintiff Monica Martin was also added to the Complaint via the Fourth Amended Complaint as a similarly situated Plaintiff but is listed in the docket as a "Pro Se" litigant incorrectly. Ms. Martin has retained the Women of Color For Equal Justice counsel of record for Plaintiffs and has provided her consent to remain in this case for appeal purposes. See <u>Exhibit 2</u>  The docket needs to be corrected to reflect Jo Saint-George as attorney of record.

Based on the forgoing, the purpose of this Rule 21 Motion is request this Court to remove additional misjoined parties from this case, correct the spelling of parties properly named and to add the party name of Debby Hartz properly named in the Fourth Amended Complaint to correct the record.

## II  LEGAL STANDARD

Fed. R. Civ. P. 21 grants this Court discretionary authority to add or drop parties, or sever "any claims against a party" and to proceed separately on those claims "at any stage of the action and on such terms as are just." *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004). Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action "on such terms as are just." Fed. R. Civ. P. 21. Disparte, 223 F.R.D. at 12.

It is important to also note that despite its title, "Misjoinder and Nonjoinder of Parties," the federal courts also agree that Rule 21 may even apply in the absence of misjoinder or nonjoinder 4-21 Moore's Federal Practice - Civil § 21.05 (2017), wherein Rule 21 of the Fed. R. Civ. P. ("Rule 21") also states, in pertinent part, that "any claim against a party may be severed and proceeded with separately." *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999). Rule 21 allows a court to sever claims that are "logically distinct" as these two claims are. *Aiello*

*v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). Severance under Rule 21 relates back to the date of the complaint. *In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs., Inc.*, 394 U.S. App. D.C. 108, 113, 631 F.3d 537, 542 (2011). This fact is raised only if for some odd reason certain parties are not dropped by this Court.

**III    CONCLUSION**

Based on the foregoing facts, supporting declarations and terms of Rule 21 and case law, Plaintiffs hereby requests that the Court grant the proposed Order filed concurrently with this motion to permit the following parties to either be: 1) removed, 2) added, 3) or misspelled party names be corrected in the caption of this case as outlined below.

**Party Name Removal:**
   a. Georgiann Gratsley
   b. Rachelle Garcia
   c. Susanne Phillip
   d. Suzanne Deegan
   e. Natalya Hogan
   f. Julie Lawley
   g. Monique Moreno
   h. Duplicate name of Mark Mayne as "pro se"
   i. Duplicate name of Sarah Wiesel

**Name Corrections:**
   h. Correct Monique More or Monique Moreno to reflect Monique Moore
   i. Correct Elizbeth Loiacono to Elizabeth Loiacono
   j. Correct Mark Ayne to reflect Mark Mayne
   k. Correct Yolanda Smith to Yolonda Smith
   l. Correct Marvilyn Wallen to Mervilyn Wallen
   m. Correct Monica Martin "Pro Se" to reflect Jo Saint-George attorney of record

**Party Name Addition:**

    n.  Debby Hartz

December 18, 2024

Respectfully submitted,

/s/ *Jo Saint-George*
_____
Jo Saint-George, Esq. (Pro Hoc)
Women of Color for Equal Justice
Co-Counsel for Class Plaintiffs
14216 Dunwood Valley Dr
Bowie MD 20721-1246
jo@woc4equaljustice.org

Donna Este-Green, Esq. Bar#2517688
*Attorney for Class Plaintiffs*
*25 Fairway Dr.*
*Hempstead, NY 11550*
Women of Color for Equal Justice

Tricia S. Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552
ph: 860-783-8877
fax: 914-840-1196
email: TriciaLindsayLaw@gmail.com