January 27, 2025

Hon. Eric R. Komitee, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Coombs-Moreno, et al., v. The City of New York, et al., 22-cv-02234(EK)(LB)</u> 1

Dear Judge Komitee:

      I am the pro se Plaintiff in the above-captioned case. I respectfully submit this letter in response to the City's motion for reconsideration and to reaffirm my religious discrimination claims under Title VII and the New York City Human Rights Law (NYCHRL). This case revolves around the wrongful termination of my employment as a remote Special Education teacher within the Home Instruction Schools program with sincerely held religious beliefs. Despite clear evidence that my position was fully remote and accommodations would not have posed an undue hardship, the City denied my request for religious accommodation and placed me on unpaid leave, which has caused significant financial and emotional harm.

**Background and Experience**
I am a tenured and effective rated dedicated educator with over 15 years of experience in the New York City Department of Education (DOE). My role in the Home Instruction Schools program was fully remote, where I provided instruction to medically fragile students via virtual platforms such as Zoom, Google Meet, and Webex. My duties included assigning work through Google Classroom, conducting daily virtual lessons, and maintaining consistent communication with families and administrators. I was never required to perform in-person instruction or report to a school building.

In 2021, I submitted a request for a religious exemption to the COVID-19 vaccination mandate, citing my sincerely held religious beliefs. Despite the remote nature of my role, my request was denied, and I was placed on unpaid leave. This decision has caused me severe financial hardship, emotional distress, and professional setbacks, all while violating my fundamental rights under Title VII and NYCHRL.

**Addressing the City's Motion for Reconsideration and Denial of Religious Accommodation**

1.     **Flawed Standards Used to Deny Religious Exemptions**
The City's motion for reconsideration seeks to maintain the flawed standards used to deny religious accommodation requests, which the Second Circuit Court of Appeals has already ruled unconstitutional in *Kane v. de Blasio* (21-2678) and *Keil v. City of New York* (21-2711). These rulings struck down the exemption review process for failing to meet constitutional requirements, yet the City continued to apply these same flawed standards when denying my exemption request. This renders the City's denial of my exemption invalid and the motion for reconsideration unjustified.

2.     **Misrepresentation of Essential Job Functions**
The DOE has falsely claimed that I could not perform the essential functions of my position unvaccinated. However, my role as a remote teacher for the Home Instruction Schools required no in-person interaction, and I was able to teach students with special needs effectively through remote platforms.

Specifically, as shown in my affidavit, on September 12, 2021, I submitted a religious exemption request via the DOE's SOLAS online system. In this request, I explicitly selected the option confirming I did not work in a DOE building. However, my exemption was denied on September 17, 2021, with a response stating:

"Due to the configuration for the 2021–2022 school year, which includes no remote class work, we cannot offer another worksite as an accommodation, as that would impose an undue hardship on the DOE and its operations."

This reasoning was blatantly inaccurate, as my Remote Special Education Teacher role did not involve any in-person instruction or work within a DOE school building. This was confirmed by a letter from my former Assistant Principal, James Maresca, who stated:

"Miss Bryan's instruction is primarily with elementary students with various disabilities, requiring her to instruct these students via Zoom on a daily basis, covering all aspects of the curriculum for each student. In addition, Miss Bryan is required to set up and maintain a Google Classroom for each student as evidence of work completed. As a remote teacher, she does not pose a risk to the health and safety of the children because she does not work from a school building. There is no discernible reason Miss Bryan would need to be vaccinated to perform her duties, as she is in no direct contact with students or staff members."

On September 20, 2021, via email, Michael Sill, the United Federation of Teachers ("UFT") Director of Personnel, stated that he would reach out to DOE about my situation of having the working conditions that will be given to exempted and accommodated individuals. However, he did not follow through on his advocacy. Please see my affidavit for more details.

Despite all of this clear evidence supporting my religious exemption and remote work status, the DOE denied my request based on arbitrary reasoning, as Judge Arlene Bluth found in *Loiacono v. The Board of Education of the City of New York* (Index No. 154875/2022). Instead of addressing its error, the DOE relied on automated systems like SOLAS, causing procedural missteps, contradictory directives, and baseless denials, resulting in me having severe emotional distress and financial hardship.

3.  **Lack of Objective Evidence Supporting Undue Hardship**
The City's motion for reconsideration fails to present any objective evidence of undue hardship. In the *New Yorkers for Religious Liberty v. The City of New York* (22-1801), according to Eric Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation, the Citywide Appeals Panel did not rely on financial or scientific data to support its decisions. Instead, the Panel's rejections were based on vague and arbitrary claims of "de minimis" burden, which failed to meet the heightened standard required under NYCHRL and Title VII. Given my remote role, the DOE's claim of undue hardship lacks merit and should be dismissed outright.

4.  **Legal Precedent Supporting My Claims**
The City's position is also undermined by recent legal precedents. In *Loiacono v. The Board of Education of the City of New York* (Index No. 154875/2022), Judge Arlene Bluth ruled that the

DOE's denial of a religious exemption for a remote Home Instruction Schools teacher was "arbitrary and capricious." Judge Bluth found the DOE's reasoning to be vague, conclusory, and unsupported by evidence of actual hardship. The parallels between *Loiacono* and my case are striking. Like the petitioner in *Loiacono*, I worked remotely, expressed sincerely held religious beliefs, and was denied my exemption without any substantiated basis.

5.   **Violation of My Rights and Undue Hardship**
Under Title VII, employers must accommodate employees' sincerely held religious beliefs unless doing so would impose an undue hardship. NYCHRL imposes an even stricter standard, requiring a showing of significant difficulty or expense. The City has failed to demonstrate either standard. My remote work arrangement was already in place, required no modification, and did not interfere with the DOE's operations.

The Court's recognition in *Kane v. de Blasio* that the City's vaccine mandate violated employees' religious rights further supports my case. The decision in *Loiacono* explicitly held that the DOE's denial of religious exemptions for remote educators was unlawful. My situation aligns squarely with these precedents. My termination was based on the mischaracterization of my role and a blatant disregard for my sincerely held religious beliefs, both of which resulted in undue financial and emotional harm.

**Addressing Claim Splitting, Res Judicata, and Collateral Estoppel**
Defendants argue that my claims are barred by claim splitting, res judicata, and collateral estoppel, citing prior lawsuits in which I was a named plaintiff, including *Broecker*, *Kane/Keil*, and an Article 78 proceeding. However, the Court has already correctly recognized that my allegations are sufficiently distinct to warrant proceeding, particularly given the fact-specific nature of Title VII and CHRL claims related to religious accommodations.

The legal doctrines of res judicata and collateral estoppel require the identity of claims or issues. My claims here are not mere duplicates of those in prior cases. Specifically:

1.   **Distinct Legal Framework**: The current action focuses on my sincere religious beliefs and whether the City and DOE failed to accommodate these beliefs without undue hardship. This fact-intensive inquiry was not fully litigated in prior cases.

2.   **Fact-Specific Claims**: The Court's acknowledgment that an undue hardship analysis cannot be conducted based solely on the four corners of the complaint underscores the need for discovery to address the specifics of my case.

3.   **No Final Adjudication on All Issues**: While Defendants cite dismissals in prior cases, those decisions do not preclude this action. For instance, the *Kane/Keil* court's finding of "undue hardship" does not preclude this Court from conducting its own analysis based on the unique circumstances of my employment as a remote educator.

**The City as a Proper Defendant**
Defendants' contention that the City is not a proper party because the DOE is a separate legal entity is also unpersuasive. The City is integrally involved in administering and enforcing the vaccine mandates and related employment policies. The CHRL explicitly permits claims against the City, and the Court correctly permitted my claims to proceed against both the City and DOE.

**Notice of Claim Argument**
Defendants' argument regarding the lack of a notice of claim is misplaced. Claims under Title VII and CHRL do not uniformly require such notice. However, if required, I confirm that a notice of claim was submitted and I am prepared to provide it upon request.

**Importance of Upholding This Court's Prior Decision**
The Court's original decision properly recognized that my allegations warrant further examination. Dismissing my claims at this stage would effectively deny me the opportunity to prove my case, undermining the strong protections afforded under Title VII and CHRL. Allowing discovery will ensure a fair resolution based on a full and factual record.

**Request for Relief**
In light of the above, I respectfully request that the Court deny Defendants' motion for reconsideration and grant my reinstatement as a remote teacher with backpay, tenure, seniority, restored pension monies, and damages. This remedy aligns with the Court's commitment to ensuring that religious accommodations are assessed fairly and in compliance with federal and local laws. Furthermore, recent developments—such as the reinstatement of military personnel discharged under similar mandates—demonstrate the feasibility and fairness of reinstatement in cases like mine.

Furthermore, I am prepared to provide all exhibits referenced herein, including my affidavit, my religious exemption submission to the DOE, the letter from Assistant Principal James Maresca, the religious exemption denial from SOLAS, and the court ruling in *Loiacono v. The Board of Education of the City of New York*. However, I wish to respect Your Honor's advisement to keep this response to four pages.

Thank you for your attention to this matter.

Respectfully submitted,

s/Amoura Bryan
Pro se Plaintiff
5 Boston Court,
Newark, NJ 07103
929-216-9100
amourabryan@gmail.com

Cc:   Elisheva L. Rosen, Esq.
      erosen@law.nyc.gov