

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISHEVA L. ROSEN**
Phone:(212) 356-3522
Fax:(212) 356-2089
E-mail: erosen@law.nyc.gov

January 29, 2025

**Via ECF**
Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Women of Color for Equal Justice et. al. v. City of New York, et. al.
                Civil Action No.: 22-CV-02234

Dear Judge Komitee:

        I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced matter. Defendants write in further support of their motion for reconsideration (ECF Dkt. No. 101) and in response to Plaintiff Amoura Bryan's opposition (ECF Dkt. No. 121, "Bryan Opp."). For the reasons set forth in Defendants' moving papers, and for the reasons discussed below, the Court should amend its September 25, 2024 decision and order (ECF Dkt. No. 99, the "Order") and dismiss Plaintiff Bryan's Title VII and New York City Human Rights Law ("CHRL") failure to accommodate claims.

        As an initial matter, in the time since Defendants filed their motion for reconsideration, the Second Circuit, on November 13, 2024, issued an additional decision that bears directly on the present lawsuit – New Yorkers for Religious Liberty, Inc. v. City of N.Y., 2024 U.S. App. LEXIS 33266 (2d Cir. 2024). The Second Circuit's November 13, 2024 decision addressed appeals from two separate lawsuits – (1) New Yorkers For Religious Liberty, et. al. v. City of New York, et. al. (22-CV-752, E.D.N.Y.), and (2) Kane et. al. v. de Blasio et. al. (21-CV-7863, S.D.N.Y.). Of note, Plaintiff Bryan is a named party in Kane, and thus the Second Circuit's recent decision applies to her.

        Specifically, the Second Circuit built on its earlier decisions, and in reiterating its earlier holding that "the Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable," affirmed the dismissal of the Kane plaintiffs' individual as-applied challenges under the First Amendment and Title VII. See New Yorkers for Religious Liberty, 2024 U.S. App. LEXIS 33266, at *4-5, *22-*23 (alterations in original). The Second Circuit also held that the Citywide Panel, which reviewed City and DOE employee religious accommodation requests,

complied with constitutional requirements. Id. at *17-*22. Thus, Plaintiff Bryan's contention that the Second Circuit found the City's conduct to be "unconstitutional" is without merit. See Bryan Opp. at 1.

Next, Plaintiff wholly fails to substantively address Defendants' legal arguments. Plaintiff fails to reference any caselaw to counter Defendants' arguments. Instead, Plaintiff purports to plead new facts not raised in the Fourth Amended Complaint. It is well settled that Plaintiff cannot raise new facts in an opposition to Defendants' motion. See Pugh v. Casimir, 2021 U.S. Dist. LEXIS 187218, at *19 (E.D.N.Y. 2021) (summary judgment); Uddoh v. United Healthcare, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (motion to dismiss).

Nevertheless, even were the Court to consider Plaintiff's newly-asserted facts, her claims should still be dismissed on procedural grounds. The Second Circuit has unequivocally affirmed both the dismissal Plaintiff Bryan's as-applied challenges to the vaccine mandate and the denial of her religious accommodation request. See New Yorkers for Religious Liberty, 2024 U.S. App. LEXIS 33266, at *22-*23. The Second Circuit also affirmed the dismissal of claims brought by Plaintiff Bryan as a named plaintiff in Broecker. See Broecker v. N.Y. City Dep't. of Educ., 2023 U.S. App. LEXIS 30076 (2d Cir. 2023). Indeed, this Court is bound by multiple Second Circuit decisions to dismiss Plaintiff Bryan's claims. Thus, for the reasons more fully explained in Defendants' moving papers, Plaintiff Bryan's Title VII and CHRL as-applied failure to accommodate claims are barred by claim splitting, res judicata, and collateral estoppel. See ECF Dkt. No. 101 at 3-7.

Furthermore, while Plaintiff insists that the City is a proper party, Plaintiff fails to cite to any caselaw to support her position. See Bryan Opp. at 3. To the contrary, it is well settled in the Second Circuit that the City and the DOE are separate legal entities, and the City cannot be held liable for the actions or inactions of the DOE. See Sotomayor v. City of N.Y., 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013). Plaintiff Bryan's as-applied challenge to the denial of her reasonable accommodation request rests on the DOE's decision to not grant her accommodation request, and not on the City's creation of a now-amended vaccination policy.

Moreover, Plaintiff Bryan's CHRL claims are time-barred by her failure to file a timely or sufficient notice of claim. See ECF Dkt. No. 101 at 8-10. Courts in this Circuit have routinely held that a notice of claim is required for CHRL claims against the DOE. See, e.g., Hatcher v. N.Y. City Dep't. of Educ., 2024 U.S. Dist. LEXIS 176016, at *8-9 (E.D.N.Y. 2024); Verne v. N.Y. City Dep't. of Educ., 2022 U.S. Dist. LEXIS 180299, at *14-16 (S.D.N.Y. 2022); Lall v. City of N.Y., 2021 U.S. Dist. LEXIS 42357, at *14-15 (E.D.N.Y. 2021). Plaintiff Bryan's purported assurance that she can "confirm that a notice of claim was submitted" and that she is "prepared to provide it upon request" is not sufficient. See Bryan Opp. at 4. Plaintiff Bryan was required to plead in her complaint that she filed a timely and sufficient notice of claim. See N.Y. Educ. Law § 3813(1) ("No action … shall be prosecuted or maintained…unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim"); see also Gehlaut v. N.Y. City Dep't. of Educ., 2024 U.S. Dist. LEXIS 20751, at *16 (E.D.N.Y. 2024); Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006).

Finally, Plaintiff's reference to the unpublished article 78 decisions in <u>Lociacono v. Board of Education et. al.</u> is misplaced. <u>See</u> Bryan Opp. at 2-3. First, <u>Lociacono v. Board of Education, et. al.</u>, Index No. 154875/2022, was an Article 78 proceeding in New York State Supreme Court which has a different standard of review from a Title VII or CHRL discrimination or failure to accommodate analysis. An Article 78 reviews whether an agency decision was arbitrary or capricious; it does not evaluate whether the decision was discriminatory or otherwise violate the law. Thus, the unpublished decision in a state court Article 78 proceeding has no bearing on Plaintiff Bryan's unrelated federal discrimination lawsuit.

Defendants therefore respectfully request that the Court grant the motion for reconsideration and dismiss Plaintiff Bryan's remaining claims. Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen
Elisheva L. Rosen
Assistant Corporation Counsel

cc: **Jo Saint-George** (by ECF)
Women of Color For Equal Justice
Attorney for Plaintiffs
Maryland 350 E. Diamond Ave.
Suite 4077 Ste Unit 4205
Gaithersburg, MD 20877
602-326-8663
jo@woc4equaljustice.org

**Honorable Lois Bloom** (by ECF)
United States Magistrate Judge