```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

Amoura Bryan,

              Plaintiff,         **MEMORANDUM & ORDER**
                                               22-cv-2234(EK)(LB)

      -against-

City of New York et al.,

              Defendants.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        This case was initially filed as a putative class action challenging several New York City orders requiring City employees to receive COVID-19 vaccinations.  *See* Fourth Am. Compl., ECF No. 88; Orders, ECF Nos. 17-19 to 17-27.  On September 25, 2024, this Court granted Defendants' motion to dismiss all claims except for Plaintiff Amoura Bryan's Title VII and New York City Human Rights Law claims.  *See* Mem. & Order, ECF No. 99.  Bryan alleged that Defendants failed to accommodate her religious objection to receiving the COVID-19 vaccination, which was mandatory for New York City employees.  *Id.* at 19-20, 22-23.[1]

        Following the decision on the motion to dismiss, class counsel sought to withdraw from representing Ms. Bryan.  *See*

---

[1] As Ms. Bryan is the only remaining plaintiff, the Clerk of Court is respectfully directed to amend the case caption as indicated above.

Mot. to Withdraw, ECF No. 102; Saint-George Decl., ECF No. 106. After Ms. Bryan indicated that she did not wish to be represented by that counsel, the Court permitted counsel's withdrawal.  *See* Let., ECF No. 107; Oct. 30, 2024 Order.  Class counsel has continued to represent all other (now dismissed) plaintiffs.  *See, e.g.*, Mot. for Misjoinder, ECF No. 120.

Class counsel has filed a motion seeking the Court's disqualification under 28 U.S.C. § 455.  *See* Mot. for Recusal, ECF No. 110.  Defendants have also sought reconsideration of the Court's ruling on Ms. Bryan's claims.  *See* Mot. for Reconsider., ECF No. 100.  Ms. Bryan has responded, now representing herself.  *See* ECF No. 121.  For the following reasons, the motion for disqualification is denied, and the motion for reconsideration is granted.  This case will be dismissed.

## I.  Disqualification is Denied

The precise basis for the motion for recusal is difficult to discern, but it cites my supposed "extrajudicial involvement in the commercialization" of "the Moderna Technology mRNA vaccine."  Mot. for Recusal 2.  The motion also invokes my "financial equity ownership in Moderna" through a fund managed by my former employer.  *Id.*[2]  The motion is denied.

---

[2] The motion also alleges that the Court's "dismissal of Plaintiffs' individual fraud claims against Mayor Adams after his indictment looks like a cover-up and appears that your may [sic] have been bribed to dismiss Plaintiffs [sic] case against Mayor Adams to also cover up your own self-

2

Case 1:22-cv-02234-EK-LB    Document 125    Filed 03/25/25    Page 3 of 9 PageID #: 7126

First, Section 455(d)(4) provides a safe harbor for securities held through a "mutual or common investment fund," and that provision applies here. Plaintiffs do not point to any direct investment in Moderna (and I have made none). Instead, the motion speaks to my "equity ownership in Moderna through [my] ownership of Viking [Global] Equities," which is a diversified investment fund. *See generally United States v. Watson,* No. 23-CR-82, 2024 WL 4827734, at *8-11 (E.D.N.Y. Nov. 19, 2024).

The disqualification motion points to a press release indicating that one or more funds managed by my former employer invested in Moderna in early 2018, when it was still a private company. Moderna went public in December 2018, well before the pandemic. Thus, by the time of a COVID vaccine's development, any interest I *might have had* in Moderna would have been indirect: an investment in a common investment fund that, in turn, held shares in a publicly traded company. This is no different than mutual fund ownership, and it is well settled that no recusal obligation arises in these circumstances.

In any event, the motion does not describe how this litigation, which began in 2022, might even theoretically have affected the value of Moderna's stock. Moderna is not a party

---

dealing in this case because [etc.]." Mot. for Recusal 3. This assertion does not warrant a response.

3

here.  Nor is it alleged to be a victim.  And the vaccine mandates that the complaint challenged have long since expired. *See* Order of the Board of Health to Amend the Requirement for COVID-19 Vaccination for City Employees and Employees of Certain City Contractors (repealing vaccination requirements on Feb. 9, 2023); Order of the Board of Health Amending COVID-19 Vaccination Requirements for Department of Education Employees, Contractors, Visitors and Others (same).

The motion also nods in the direction of Section 455(a)'s general provision regarding the appearance of partiality.  But it is settled that, when the safe harbor of Section 455(d) applies, Section 455(a) cannot be used to circumvent it in respect of an investment in a common investment fund.  *See Liteky v. United States,* 510 U.S. 540, 552 (1994)*; New York City Dev. Corp. v. Hart,* 796 F.2d 976, 980 (7th Cir. 1986).[3]

Thus, the motion for recusal is denied.  Plaintiffs also filed a motion to vacate the Order adjudicating the motion to dismiss, contingent on the Court granting the motion for

---

[3] Finally, Plaintiffs allege that I should recuse because I did not investigate and sanction defense counsel for "fraud on the Court." Mot. for Recusal 18. But defense counsel did no such thing. Plaintiffs merely disagree with the Defendants' position that the Occupational Safety and Health Act lacks a private right of action. *See id*. In the Order on the motion to dismiss, I agreed with Defendants. Mem. & Order 10, ECF No. 99. And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

4

recusal. *See* Mot. to Vacate 30, ECF No. 109. As the latter is denied, the former is as well.

## II. Reconsideration is Granted

The standard for granting a motion for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).[4]

Defendants do indeed point to such data. They assert that Ms. Bryan's remaining Title VII and New York City Human Rights Law ("NYCHRL") claims are barred by the doctrine of *res judicata* because of a previously adjudicated case in which she was a plaintiff. Under that doctrine, a plaintiff is precluded from relitigating claims where "(1) the previous action involved an adjudication of the merits; (2) the previous action involved the same plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

The case the Defendants cite satisfies these conditions. Amidst the hundreds of pages comprising multiple complaints, exhibits, and briefs, Defendants had referenced Ms. Bryan's participation in *Kane v. De Blasio*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022), *aff'd in part, vacated in part, remanded sub nom. New Yorkers For Religious Liberty, Inc. v. City of New York*, 121 F.4th 448 (2d Cir. 2024), and *aff'd in part, vacated in part, remanded sub nom. New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319 (2d Cir. 2024).[5]

Ms. Bryan acknowledges that she was a plaintiff in *Kane*. *See* Opp'n 3; *see also* Consolidated Am. Compl. ¶ 38, *Kane*, 623 F. Supp. 3d 339 (No. 21-cv-7863), ECF No. 102 (showing Ms. Bryan as a named plaintiff); *New Yorkers for Religious Liberty*, 125 F.4th at 325 n.1 (identifying Ms. Bryan as a plaintiff).

*Kane* adjudicated all federal claims on the merits: they were dismissed with prejudice. *See Kane*, 623 F. Supp. 3d at 364. "A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars

---

[5] *Kane* was consolidated with *Keil v. City of New York,* No. 21-cv-8773 (S.D.N.Y.) on December 14, 2021. *See* Order, Dec. 14, 2021, ECF No. 90. Additionally, the vacated sections of the *Kane* district court opinion are not applicable to Ms. Bryan. *See New Yorkers for Religious Liberty,* 125 F.4th at 334-35 (reversing denial of two plaintiffs' as-applied challenges to the vaccine mandates).
  Ms. Bryan was also a plaintiff in *Broecker v. N.Y. City Dep't. of Educ.*, No. 21-CV-6387, 2023 WL 2710245 (E.D.N.Y. 2023), *aff'd* 2023 WL 8888588 (2d Cir. 2023); and *Matter of Bryan v. Board of Education of the City School District of the City of N.Y.,* 222 A.D.3d 473 (N.Y. App. Div. 1st Dep't 2023). However, the Court need not analyze all three cases for *res judicata* — one is sufficient.

6

future suits brought by plaintiff upon the same cause of action." *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991).  Plaintiffs also brought a NYCHRL claim in *Kane*. *See* Consolidated Am. Compl. ¶¶ 929-42.  However, the Court declined to exercise supplemental jurisdiction over state law claims, which is a dismissal without prejudice. *See Kane*, 623 F. Supp. 3d at 364; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988).

Ms. Bryan had brought a Title VII claim in *Kane*.  The *Kane* consolidated amended complaint did not include an explicit claim for relief under Title VII.  However, it contained a cause of action for "Violation of Amoura Bryan's Constitutional and Statutory Rights," and discussed Title VII at length. *See* Consolidated Am. Compl. ¶¶ 894-95 (Bryan claim); *id.* ¶¶ 101, 132, 139, 155, 202, 803, 817, 936, 939-40, 949, 952 (Title VII). In turn, the *Kane* court adjudicated Ms. Bryan's claim pursuant to Title VII. *See Kane*, 623 F. Supp. 3d at 362-63.

Plaintiff's Title VII claim here is virtually identical to that in *Kane.*  In both cases, she alleged that a) compulsory COVID-19 vaccination conflicted with her sincerely held religious beliefs; and b) she was denied reasonable accommodations from the City's vaccine mandates. *See* Mem. & Order 19-20; Consolidated Am. Compl. ¶¶ 690-731.  *Kane* also addresses one of the same City mandate orders as discussed in

7

the case here.  *See* Mem. & Order 3; *Kane*, 623 F. Supp. 3d at 347.

Moreover, though *Kane* was not an adjudication of Ms. Bryan's NYCHRL claim on the merits, her NYCHRL claim in this action is still barred by *res judicata*.  "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first."  *Monahan,* 214 F.3d at 28.  Ms. Bryan's *Kane* Title VII claim arises from the identical transaction as her NYCHRL claim does here: her religious objection to COVID-19 vaccination and denial of accommodations from the mandates.  Indeed, in *Kane,* Bryan alleged a more detailed version of the facts than emerged here; the essential facts were present in the earlier action, and she has made the same NYCHRL claim twice in federal court.  *See* Mem. & Order 22-23; Consolidated Am. Compl. ¶¶ 690-731; *see also Twersky v. Yeshiva Univ.,* 112 F. Supp. 3d 173, 179-80 (S.D.N.Y. 2015), *aff'd sub nom. Gutman v. Yeshiva Univ.*, 637 F. App'x 48 (2d Cir. 2016) (finding that plaintiffs' NYCHRL and N.Y. Social Services Law claims were barred by their Title IX claim in a prior action).

Therefore, Ms. Bryan's Title VII and NYCHRL claims are barred by *res judicata*.  The Court need not reach Defendants'

8

other arguments for reconsideration, as all claims against Defendants are dismissed.  The Clerk of Court is respectfully directed to close this case.

    SO ORDERED.

                                                                     /s/ Eric Komitee
                                                                    ERIC KOMITEE
                                                                    United States District Judge

    Dated:    March 25, 2025
                 Brooklyn, New York